TINA WOLFSON, SBN 174806
twolfson@ahdootwolfson.com
ROBERT AHDOOT, SBN 172098
rahdoot@ahdootwolfson.com
**AHDOOT & WOLFSON, P.C.**
10850 Wilshire Boulevard, Suite 370
Los Angeles, California 90024
Tel: 310-474-9111; Fax: 310-474-8585

*Attorneys for Plaintiff, Natalie Pappas*

CHRISTOPHER RIDOUT, SBN 143931
c.ridout@ridoutlyonlaw.com
DEVON LYON, SBN 218293
d.lyon@ridoutlyonlaw.com
**RIDOUT & LYON, LLP**
555 E. Ocean Blvd., Ste. 500
Long Beach, California  90802
Tel: 562-216-7380; Fax: 562-216-7385

*Attorneys for Plaintiff, Christopher Evans*

*Proposed Interim Class Counsel*

ROSEMARY RIVAS, SBN 209147
rrivas@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
100 Bush Street, Suite 1450
San Francisco, CA 94104
Tel: 415-398-8700; Fax:  415-398-8704

*Attorneys for Plaintiff, Russell Marchewka*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIE PAPPAS,<br><br><br><br>Plaintiff,<br><br>v.<br><br><br>NAKED JUICE CO. OF GLENDORA, INC., *et al.*<br><br><br><br>Defendants. | CASE NO.  LA CV-11-08276 JAK (PLAx)<br><br>**NOTICE OF JOINT MOTION AND JOINT MOTION FOR AN ORDER (1) CONSOLIDATING CASES, AND (2) APPOINTING INTERIM CO-LEAD CLASS COUNSEL; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: December 19, 2011<br>Time: 8:30 a.m.<br>Courtroom: 750 (7th Floor)<br><br>The Honorable John A. Kronstadt<br>Action Filed:  October 5, 2011 |

**[Declarations of Tina Wolfson, Christopher Ridout, and Rosemary Rivas filed concurrently herewith; [Proposed] Order lodged concurrently herewith]**

*This document also relates to the following related action:*

SARA SANDYS,

                Plaintiff,

     v.

NAKED JUICE COMPANY [sic], *et al.*

                Defendants.

CASE NO. LA CV11-08007-JAK (PLAx)

The Honorable John A. Kronstadt
Action Filed: September 27, 2011

*This document also relates to the following related action:*

RUSSELL MARCHEWKA,

                Plaintiff,

     v.

NAKED JUICE CO. OF GLENDORA, INC., *et al.*

                Defendants.

CASE NO. SA CV-11-01701 JAK (RNPx)

The Honorable John A. Kronstadt
Action Filed: November 7, 2011

*This document also relates to the following related action:*

CHRISTOPHER EVANS,

                Plaintiff,

     v.

NAKED JUICE CO. OF GLENDORA, INC., *et al.*

                Defendants.

CASE NO. LA CV-11-9412-GW (PJWx)

The Honorable George Wu
Action Filed: November 7, 2011

**JOINT MTN. RE: CONSOLIDATING CASES AND APPOINTING INTERIM CO-LEAD CLASS COUNSEL
CASE NO. LA CV-11-08276 JAK (PLAx)**

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on December 19, 2011 at 8:30 a.m., or at such other date and time as the Court may provide, Plaintiffs Natalie Pappas, Russell Marchewka, and Christopher Evans – the plaintiffs in three of four of the above captioned class actions - will and hereby do move the Court for an Order granting the following relief:

(1)   Consolidating, for all purposes, the following four related class action lawsuits (the "Actions"):

    (a)   *Sandys v. Naked Juice Company [sic], et al.*, No. LA CV11-0800-JAK (PLAx) (filed Sept. 27, 2011),

    (b)   *Pappas v. Naked Juice Co. of Glendora, Inc. et al.*, No. LA CV-11-08276 JAK (PLAx) (filed Oct. 5, 2011),

    (c)   *Marchewka v. Naked Juice Co. of Glendora, Inc., et al.* No. SA SV-11-01701 JAK (RNPx) (filed Nov. 7, 2011), and

    (d)   *Evans v. Naked Juice Co. of Glendora, Inc., et al.,* No. LZ-CV-11-9412-GW (PJWx) (filed Nov. 10, 2011); and

(2)   Appointing the law firms of Ahdoot & Wolfson, P.C. ("AW"), Finkelstein Thompson, LLP ("FT"), and Ridout & Lyon, LLP ("RL"), as interim co-lead class counsel pursuant to Federal Rule of Civil Procedure 23(g).

(3)   Ordering that interim co-lead class counsel jointly file a master consolidated complaint, captioned *In Re Naked Juice Products Litigation*, Case No. 2:11-cv-08726-JAK-PLAx, which will serve as the operative complaint for the consolidated action.

This Motion is made pursuant to Federal Rules of Civil Procedure 42 and 23(g), and is based upon this Notice; the concurrently filed Memorandum of Points and Authorities; the concurrently filed Declarations in support thereof; and such evidence and argument as the Court may consider appropriate or as may be presented at or before any hearing on this motion.

This Motion is made following the conference of Plaintiffs' counsel in the *Sandys* Action, pursuant to L.R. 7-3, which took place on November 11, 2011, with a follow up on November 14, 2011, and the conference with defense counsel, which took on place on November 15, 2011, with the following results:  Defendants do not oppose either motion. Counsel in the *Sandys* Action oppose both motions.

Dated:        November 21, 2011        **AHDOOT & WOLFSON, APC**

/s/ Tina Wolfson
Tina Wolfson, Esq.
10850 Wilshire Blvd., Suite 370
Los Angeles, California 90024
Tel: 310-474-9111; Fax: 310-474-8585

*Attorneys for Plaintiff, Natalie Pappas*

Dated:        November 21, 2011        **RIDOUT & LYON, LLP**

/s/ Christopher P. Ridout
Christopher P. Ridout, Esq.
555 E. Ocean Blvd., Ste. 500
Long Beach, California  90802
Tel: 562-216-7380; Fax: 562-216-7385

*Attorneys for Plaintiff, Christopher Evans*

1

Dated:        November 21, 2011            **FINKELSTEIN THOMPSON LLP**

2

/s/ Rosemary M. Rivas

3            Rosemary M. Rivas, Esq.
            100 Bush Street, Suite 1450

4            San Francisco, CA 94104

5            Tel: 415-398-8700; Fax:  415-398-8704
            *Attorneys for Plaintiff, Russell*

6            *Marchewka*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT MTN. RE: CONSOLIDATING CASES AND APPOINTING INTERIM CO-LEAD CLASS COUNSEL**
**CASE NO. LA CV-11-08276 JAK (PLAx)**

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ……………………………1

INTRODUCTION…………………………………………………………………...1

ARGUMENT…………………………………………………………………...3

I.     The Court Should Consolidate All Related Cases…………………………3

       A.     The Related Actions Involve Substantially The Same Fact And Law……4

II.    Appointment Of Interim Class Counsel Is Necessary To The Management
       And Success Of Complex Litigation……………………………………5

       A.     The Pappas Group Proposes The Law Firms Of Ahdoot & Wolfson,
              P.C., Finkelstein Thompson, LLP, And Ridout & Lyon, LLP
              As Interim Lead Counsel…………………………………………6

              1.     Proposed Co-Lead Interim Class Counsel's Identification And
                     Investigation Of The Claims………………………………7

              2.     Proposed Co-Lead Interim Class Counsel's Experience In
                     Handling Class Actions And Other Complex Litigation…………9

              a.     Ahdoot & Wolfson, P.C……………………………………...9

              b.     Ridout & Lyon, LLP…………………………………..……12

              c.     Finkelstein Thompson, LLP……………………………..…12

       3.     Proposed Counsel's Knowledge Of The Applicable Law………………14

       4.     Resources That Proposed Counsel Will Commit To Representing The
              Class…………………………………………………………..16

CONCLUSION……………………………………………………………17

# TABLE OF AUTHORITIES

## CASES

*Coopersmith v. Lehman Bros., Inc.*, 344 F. Supp.2d 783 (D. Mass. 2004)....................7

*Hacker v. Peterschmidt*, No. 06-3468, 2006 WL 2925683 (N.D. Cal. Oct. 12, 2006) ...4

*In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56 (E.D.N.Y. 2006) .........7

*In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp 161 (C.D. Cal. 1976).........4

*In Re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 644 (E.D. Penn. 2003) ....................6

*In re Recticel Foam Corp.*, 859 F.2d 1000 (1st Cir. 1988) .............................................6

*Investors Research Co. v. U.S. District Court for Cent. Dist.*, 877 F.2d 777 (9th Cir. 1989) ..............................................................................................................................3

*Parkinson v. Hyundai Motor Am.*, 2006 WL2289801 (C.D. Cal. Aug. 7, 2006)............6

*Perez-Funez v. Dist. Director, Immigration & Naturalization Serv.*, 611 F. Supp. 990 (C.D. Cal. 1984)................................................................................................................3

*Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 773 (9th Cir. 1977)............................4

## STATUTES

7 CFR §205.605(b) ...........................................................................................................7

Federal Rule of Civil Procedure 23(g)(3)........................................................................5

Federal Rule of Civil Procedure Rule 42(a) ...................................................................3

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

This case is one of four class actions filed in the Central District that challenge the labeling of certain "Naked Juice" products pursuant to California Law.  All of the cases involve virtually the same facts and claims, seek nationwide certification, and are against the same defendants.

Plaintiffs in three of the four actions, namely Natalie Pappas, Russell Marchewka, and Christopher Evans (the "Pappas Group"), collectively move this Court for an order:

(1)     Consolidating, for all purposes, the following four related class action lawsuits (the "Actions"):

        (a)     *Sandys v. Naked Juice Company [sic], et al.*, No. LA CV11-0800-JAK (PLAx) (filed Sept. 27, 2011),

        (b)     *Pappas v. Naked Juice Co. of Glendora, Inc. et al.*, No. LA CV-11-08726 JAK (PLAx) (filed Oct. 5, 2011),

        (c)     *Marchewka v. Naked Juice Co. of Glendora, Inc., et al.* No. SA SV-11-01701 JAK (RNPx) (filed Nov. 7, 2011), and

        (d)     *Evans v. Naked Juice Co. of Glendora, Inc., et al.,* No. LZ-CV-11-9412-GW (PJWx) (filed Nov. 10, 2011); and

(2)     Appointing the law firms of Ahdoot & Wolfson, P.C. ("AW"), Finkelstein Thompson, LLP ("FT"), and Ridout & Lyon, LLP ("RL"), as interim class counsel pursuant to Federal Rule of Civil Procedure 23(g).

The *Sandys, Pappas,* and *Marchewka* cases are pending before this Court, while *Evans* is pending before Judge George Wu.  Defendants filed a Local Rule 83-1.3 notice of related action in *Evans* on November 17, 2011. (*Evans*, ECF Dkt. No. 4.)

The Actions arise from alleged false advertising of Defendants' products known as "Naked Juice," and allege, *inter alia*, that use of terms such as "All Natural" and "100% Juice" on certain Naked Juice products violate California's consumer

1

**JOINT MTN. RE: CONSOLIDATING CASES AND APPOINTING INTERIM CO-LEAD CLASS COUNSEL**
**CASE NO. LA CV-11-08276 JAK (PLAx)**

protection and false advertising laws, including Business and Professions Code Sections 17200 and 17500 *et seq*.  All four cases seek nationwide class certification against the same defendants:  Naked Juice of Glendora, Inc.[1] and Pepsico, Inc. The moving parties here, the Pappas Group, includes plaintiffs represented in the *Pappas*, *Marchewka*, and *Evans* cases.  Given the number of related cases pending in this District, and the fact that the Actions have common questions of law and fact and allege the same or similar claims on behalf of the same putative class, it is appropriate for the Court to consolidate the Actions and create an organizational structure of plaintiffs' counsel so that the cases may be litigated effectively and efficiently.

The Pappas Group proposes that this Court appoint the Los Angeles law firms of Ahdoot & Wolfson, P.C. and Ridout & Lyon, LLP, and the San Francisco based firm of Finkelstein Thompson, LLP as interim co-lead class counsel, pursuant to Rule 23(g). These firms have expended a significant amount of time and effort investigating and identifying the claims at issue.

All of the Pappas Group firms specialize in and have extensive experience in complex class action litigation, including the types of claims at issue in this matter: class actions and complex actions prosecuting the rights of consumers in general, and class actions alleging false or misleading product advertising in particular.  Through years of specialized practice, these firms have specific expertise in class action litigation, especially under California law where they are located.  They have repeatedly represented consumers in class action under California's consumer protection statutes for many years and with repeated success, and have obtained significant recoveries on behalf of such consumers. Moreover, all three firms,

---

[1] Plaintiff in the *Sandys* case named "Naked Juice Company, a California Corporation." According to the California Secretary of State's records, however, the "Naked Juice Co." is a "forfeited" Corporation.  The Pappas Group's investigation revealed that the correct defendant is Naked Juice of Glendora, Inc., along with Pepsico, Inc.

individually, have the resources to prosecute this action and have agreed to collectively commit sufficient resources to this litigation.  Finally, the location of these firms, two of which are a handful of miles from the Court and Naked Juice's headquarters, will bring economies and efficiency to the class representation.  The lawyers in these firms have confidence in and respect for each other and the complementary strengths that each brings to the joint representation.  They will work together and with other plaintiffs' counsel to bring this litigation to a successful resolution.

## ARGUMENT

### I.    The Court Should Consolidate All Related Cases.

Rule 42(a) of the Federal Rules of Civil Procedure provides that if actions before the court involve a common question of law or fact, the court may:

(1)    join for hearing or trial any or all matters at issue in the actions;

(2)    consolidate the actions; or

(3)    issue any other orders to avoid unnecessary cost or delay.

Consolidation of all related actions that involve common questions of law and fact and allege the same or similar claims on behalf of the same or similar putative class is appropriate.  This Court "has broad discretion under this rule to consolidate cases pending in the same district," even when cases are pending before different judges. *Investors Research Co. v. U.S. District Court for Cent. Dist.*, 877 F.2d 777 (9th Cir. 1989); *see also Perez-Funez v. Dist. Director, Immigration & Naturalization Serv.*, 611 F. Supp. 990, 994 (C.D. Cal. 1984) ("A court has broad discretion in deciding whether or not to grant a motion for consolidation, . . . although, typically, consolidation is favored.") (*citations omitted)*; *Hacker v. Peterschmidt*, No. 06-3468, 2006 WL 2925683, *2 (N.D. Cal. Oct. 12, 2006); (district court shall consider consolidation motion even if cases are before different judges and a related case transfer was denied).  Further, the decision to consolidate is left to the sound discretion of the Court and will not be reversed absent clear error.  *See* Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 16:151 (Rutter

Group 2010).

Moreover, class actions are particularly well-suited for consolidation because unification expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of time and money for all parties involved. *See In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp 161, 176 (C.D. Cal. 1976) ("[A]rgument and consideration of class action issues has been made considerably easier by the consolidated complaint, because the court has not had to go through varying and conflicting class allegations that may have been stated in each separate complaint. . . ."); *see also Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 773 (9th Cir. 1977) ("With th[e] advent of complex multiparty litigation have come serious administrative problems, and the federal courts have found it necessary to develop innovative procedures to meet the problems."). Consolidation also reduces the confusion and delay that may result from prosecuting related class actions separately.

### A.   The Related Actions Involve Substantially The Same Fact And Law.

Here, the Actions involve substantially similar factual issues such that consolidation would serve the interests of judicial economy.   All of the Actions challenge the advertising and labeling of the Naked Juice bottled juices, alleging that claims appearing on the label of the bottled beverages (such as "100% Juice" and "All Natural") are false and misleading. Thus, the cases contain the following factual similarities:

- The Actions name the same defendants.
- Plaintiffs are all individuals who purchased the Naked Juice products.
- Each of the plaintiffs alleges that certain Naked Juice claims appearing on the labels of its products are false, misleading, and unsubstantiated.
- Each of the plaintiffs alleges that if she / he had known the truth about the Naked Juice products, she / he would not have purchased the product.

- Plaintiffs in each of the cases allege that they have lost money in the form of the purchase price paid.

- The Actions all seek certification of a nationwide class.

The Actions also share common legal issues. All assert claims based on the Unfair Competition Law, alleging unlawful, unfair, and fraudulent business practices pursuant to Business & Professions Code Section 17200, *et seq.*, and false advertising pursuant to Section 17500 *et seq.* Although one of the Actions, *Sandys*, seeks to certify the additional causes of action for Assault & Battery, Fraud, Conspiracy, and Negligence, based on the same mislabeling set of facts, all of the Actions, at their core, are false advertising cases seeking redress in the form of restitution and injunctive relief.

Accordingly, consolidation of the Actions is appropriate here. Consolidation will simplify discovery, pretrial motions, class certification issues, and other case management issues, especially as all of the cases are at their procedural inception. Consolidation will also reduce the confusion and delay that may result from prosecuting related putative class actions separately.

Consolidation, followed by the appointment of interim class counsel, the filing of a consolidated complaint (as set forth in the Proposed Order filed concurrently herewith), and the streamlining of subsequent pre and post-certification litigation, is the most efficient and expedient way to proceed with the Actions, for the Court, the parties, and the putative class.

## II.  Appointment Of Interim Class Counsel Is Necessary To The Management And Success Of Complex Litigation.

Federal Rule of Civil Procedure 23(g)(3) provides that a "court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Courts that have construed Rule 23(g)(3) have relied on the Advisory Committee Notes accompanying the rule to hold that interim counsel should be appointed when necessary to protect the interests of the putative

class.  *See, e.g.*, *Parkinson v. Hyundai Motor Am.*, 2006 WL2289801 at *2 (C.D. Cal. Aug. 7, 2006) (quoting Fed. R. Civ. P. 23, Advisory Committee Notes (2003)). Further, the Notes contemplate that "[t]ime may be needed to explore designation of class counsel under Rule 23(g)" and recognize "that in many cases the need to progress toward the certification determination may require designation of interim counsel." Fed. R. Civ. P. 23, Advisory Committee Notes (2003).

In order to best coordinate and manage multi-party and multi-case litigation, the district court should act to simplify the matters at hand.  *See In re Recticel Foam Corp.*, 859 F.2d 1000, 1004 (1st Cir. 1988).  In complex matters such as this, one of the key organizational tools the district court has is to appoint interim class counsel pursuant to Rule 23(g).  *See* Manual for Complex Litigation (Fourth) §10.22 (2004) ("Complex litigation often involves numerous parties with common or similar interests but separate counsel. . . . Instituting special procedures for coordination of counsel early in the litigation will help to avoid these problems."); *Id.* § 21.11 ("[A] number of lawyers may compete for class counsel appointment.  In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement."); *see also In Re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 644, 653 (E.D. Penn. 2003) ("'[A] multiplicity of suits requires that the district court be allowed to combine procedures, appoint lead counsel, recognize steering committees of lawyers, limit and manage discovery, etc. to minimize expense to all litigants and to provide judicial efficiency.'") (*citation omitted*).

For the reasons outlined below, the appointment of a highly competent, locally based, team of interim class counsel will best serve the interests of the purported class.

/ / /

/ / /

/ / /

---

6

**JOINT MTN. RE: CONSOLIDATING CASES AND APPOINTING INTERIM CO-LEAD CLASS COUNSEL**
**CASE NO. LA CV-11-08276 JAK (PLAx)**

**A.      The Pappas Group Proposes the Law Firms Of Ahdoot & Wolfson, P.C., Finkelstein Thompson, LLP, And Ridout & Lyon, LLP as Interim Lead Co-Counsel.**

The Federal Rules enumerate the following factors that inform designation of lead counsel: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(l)(A); *see also In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) ("[T]he considerations set out in Rule 23(g)(1)(C), which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification."); *Coopersmith v. Lehman Bros., Inc.*, 344 F. Supp.2d 783, 793 (D. Mass. 2004) (designating law firms as co-lead counsel because "[i]t is clear that these firms have extensive experience in cases such as this and are well situated to pursue this action on behalf of the class").

The considerations set forth below in detail support the designation of Plaintiffs' chosen counsel as interim class counsel.  The proposed team of interim lead counsel will zealously, efficiently and competently litigate this matter in the best interests of the members of the class.

**1.      Proposed Co-lead Interim Class Counsel's Identification and Investigation of the Claims.**

The Ahdoot, Ridout and Finkelstein firms' work to identify and investigate the claims in this case demonstrates that they have and will continue to fairly and adequately represent the class.  The firms have all performed an extensive factual investigation and legal analysis of the case.

As part of their factual investigation, Pappas Group attorneys analyzed the non-natural and non-juice ingredients in Naked Juice (*i.e.* including substances listed under

7 CFR §205.605(b)M. such as ascorbic acid and lecithin), their chemical composition, the processes by which they are manufactured, how these processes result in a classification of the subject substances as "synthetic" ingredients.  They also investigated the representations made on the various Naked Juice product labels from publicly available sources, such as the products themselves and the Defendant's website.  This included a thorough investigation of variety of Naked Juice products available in the marketplace to develop an understanding of the products and their impact on class members. Declaration of Tina Wolfson ("Wolfson Decl.") ¶ 14; Declaration of Rosemary Rivas ("Rivas Decl.") ¶¶ 2-4; Declaration of Christopher Ridout ("Ridout Decl.") ¶ 14.

Attorneys researched published scientific papers and books, federal government publications, research papers by advocacy groups, chemistry reference material, and relevant government websites.  Attorneys also consulted with experts regarding the various scientific issues that are relevant to this case.  Finally, the attorneys legally analyzed the claims and causes of action alleged in the respective complaints and reviewed relevant Food and Drug Administration and Department of Agriculture regulations and related case law. Wolfson Decl. ¶ 14; Rivas Decl. ¶ 2-4; Ridout Decl. ¶ 14.

These investigative and early litigation efforts represent a high standard of professionalism, dedication and thoroughness, which have been marshaled to identify, develop and demonstrate the claims alleged in the Complaint and efficiently litigate the matter.  These measures are precisely the type of work that the Court should consider in appointing Interim Class Counsel under Rule 23 and the Advisory Committee Notes to that Rule.[2]

---

[2]    The Advisory Committee Notes to Rule 23 also contemplate that the appointment of interim class counsel may be necessary to conduct pre-certification discovery prior to a determination concerning certification pursuant to Rule 23(c)(1), inasmuch as "some discovery is often necessary for that determination."  Fed. R. Civ.

[Footnote continued on next page]

JOINT MTN. RE: CONSOLIDATING CASES AND APPOINTING INTERIM CO-LEAD CLASS COUNSEL
CASE NO. LA CV-11-08276 JAK (PLAx)

### 2.   Proposed Co-Lead Interim Class Counsel's Experience in Handling Class Actions and Other Complex Litigation.

The Ahdoot, Finkelstein, and Ridout firms are well experienced in class actions and complex litigation of this nature, and have extensive experience in the prosecution of claims in this case. The firms all focus their practice on class action litigation, and have collectively represented plaintiffs in hundreds of class action lawsuits in state and federal courts throughout the country in a variety of fields, including claims relating to false advertising, consumer, privacy, insurance discrimination, securities, employment, and dietary supplements. All firms are located in California and have extensive experience and substantial expertise in representing consumers in class actions pursuant to California law. *See generally*, Wolfson Decl.; Rivas Decl.; Ridout Decl.

Indeed, as indicated in the Declarations of Tina Wolfson, Rosemary Rivas, and Christopher Ridout filed concurrently herewith, proposed Interim Class Counsel are experienced in class actions in general, and in particular have extensive experience investigating and litigating consumer class and complex representative actions in California.

### a.   Ahdoot & Wolfson, P.C.

Founded in 1998 by Robert Ahdoot and Tina Wolfson, AW specializes in advocating consumer and employee rights, especially under California Law.  Wolfson

---

[Footnote continued from previous page]
P. 23, Advisory Committee Notes (2003).  The Notes further state that "[o]rdinarily such work is handled by the lawyer who filed the action." *Id.*  Here, a significant amount of discovery and related motion practice is expected to take place prior to class certification. *Id.* (noting that interim class counsel may be necessary to "make or respond to motions before certification").  First, the class certification motion has not yet been scheduled and some discovery likely will be required before a class certification motion is filed.  Second, discovery in this matter may be complicated and require negotiations and motions prior to class certification.  The Pappas Group's attorneys' prior thorough investigation into the claims and defendants will enable them to more than adequately handle this discovery and related motion practice.

Decl. ¶ 5.  AW has been appointed lead counsel in numerous class and representative actions.  *Id.* at ¶¶ 7-13. Tina Wolfson, Robert Ahdoot, Theodore Maya, and Bradley King will be primarily responsible for the litigation of this matter at AW.

Tina Wolfson graduated Harvard Law School *cum laude* in 1994 and began her civil litigation career at the Los Angeles office of Morrison & Foerster, LLP, where she defended major corporations in complex actions and represented indigent individuals in immigration and deportation trials as part of the firm's *pro bono* practice.  She then gained further invaluable litigation and trial experience at the firm of Schonbrun & DeSimone, which specialized in representing plaintiffs on contingency basis in civil rights and employee rights cases. *Id.* at ¶ 2.

Robert Ahdoot graduated from Pepperdine Law School *cum laude* in 1994 where he served as literary editor of the Pepperdine Law Review.  Mr. Ahdoot clerked for the Honorable Paul Flynn at the California Court of Appeals, and then began his career as a civil litigator at the Los Angeles office of Mendes & Mount, LLP, where he defended large insurance syndicates such as Lloyds of London in complex environmental and construction-related litigation as well as a variety of other matters. *Id.* at ¶ 3.

Ms. Wolfson's and Mr. Ahdoot's efforts in this matter will be supported by attorneys Theodore Maya and Bradley King, associates at AW.  Theodore Maya graduated from UCLA Law School in 2002 after serving as Editor-in-Chief of the *UCLA Law Review*.  From July 2003 to August 2004, Mr. Maya served as Law Clerk to the Honorable Gary Allen Feess in the United States District Court, Central District of California.  Mr. Maya was a litigation associate in the Los Angeles offices of Kaye Scholer LLP for approximately eight years where he worked on a large variety of complex commercial litigations from inception to trial.  Mr. Maya was named "Advocate of the Year" for 2007 by the Consumer Law Project of Public Counsel for successful *pro bono* representation of victim of large-scale equity fraud ring. *Id.* at ¶ 4.

Mr. King graduated from Pepperdine University School of Law, where he

served as Associate Editor of the *Pepperdine Law Review*.  He worked as a law clerk for the California Office of the Attorney General, Correctional Law Section in Los Angeles and was a certified law clerk for the Ventura County District Attorney's Office.  Mr. King began his legal career at a boutique civil rights law firm, gaining litigation experience in a wide variety of practice areas, including employment law, police misconduct, municipal contract, criminal defense, and premises liability cases. At AW, Mr. King focuses on consumer and employment class actions.  *Id.* at ¶ 5.

AW has been appointed class counsel in numerous class actions, and, as founding members, Mr. Ahdoot and Ms. Wolfson have extensive experience in prosecuting complex class action and representative lawsuits. *Id.* at ¶¶ 7-13. AW has plaintiffs' counsel / co-counsel or class counsel and litigated numerous class actions or representative actions against large corporate defendants involving varied consumer rights claims.  *See* Wolfson Decl. ¶ 7 (specific list of such actions).

One example of such a case is *Citizens for Responsible Business v. Rite Aid Corporation, et al.* (SFSC Case No. 414831), a matter with similar factual and legal claims to the present case. In *Citizens*, AW prosecuted claims of false and illegal labeling in the herbal supplement industry against 107 retailers and manufacturers, including the Rite Aid Corporation, Wal-Mart Stores, Safeway, The Vons Companies, General Nutrition Corporation, Trader Joe's Company, Wild Oats Markets, Ralphs Grocery Company, The Kroger Company, Sav-On Drugs Stores, Albertson's, Walgreen Company, Stater Bros. Markets, Longs Drug Stores, Bally's Total Fitness Corporation, Whole Foods Market, and Target Corporation. This false advertising practice was common throughout the food supplement industry, resulting in millions of dollars in profit to the offending defendants. AW was successful in eradicating the practice in the United States marketplace.  Wolfson Decl. at ¶ 9.

More recently, AW successfully litigated a false advertising matter based on California Law against Reebok International that resulted in a nationwide settlement. *Id.* at ¶ 8.  AW is also currently litigating another false advertising case against New

Balance Athletic Shoe, Inc., in which AW was designated interim class counsel. *Id.* at ¶¶ 7-8.  Additional relevant experience is set forth in the concurrently filed Declaration of Tina Wolfson.

### b.    Ridout & Lyon, LLP

RL has extensive experience in the prosecution and settlement administration of mass tort actions and class actions.  *See generally*, Ridout Decl.  Christopher P. Ridout will be primarily responsible for the litigation of this matter at RL.

Mr. Ridout is a partner at Ridout & Lyon, LLP in Long Beach, California, which he founded in 2007.  He is a graduate of Harvard College and the University of the Pacific, McGeorge School of Law, and has been a member in good standing of the State Bar of California since 1989.  A significant portion of Mr. Ridout's practice since 1989 has been devoted to representing individuals who contest allegedly unlawful practices regarding various areas including, but not limited to, unfair competition law, false advertising, consumer rights, and toxic exposure.  *Id.* at ¶ 3.

Mr. Ridout has litigated numerous class actions (either as lead counsel or as a member of an executive committee), most of which are set forth in the long list of cases specific in his declaration.  Detailed descriptions of relevant cases in which Mr. Ridout recently served or presently serves as either lead liaison counsel, class counsel, and/or served on the plaintiffs' steering committee, are set forth in Mr. Ridout's concurrently filed declaration.  *Id.* at ¶¶ 7-12.  Mr. Ridout's extensive experience in litigating class actions that bear the relevance to this case is further detailed below.

### c.    Finkelstein Thompson, LLP

FT has significant knowledge and experience handling class actions, complex litigation and the types of claims involved in this case. *See generally*, Rivas Decl. In fact, FT's practice primarily focuses on class actions and other complex litigation in the areas of consumer fraud, antitrust and securities violations in state and federal courts all around the country.  *See* FT Firm Resume, <u>Exhibit A</u> to Rivas Decl.  The attorneys from FT who will have primary responsibility for this lawsuit are Tracy

Rezvani and Rosemary Rivas, although the skills, experience and manpower of the other attorneys at FT will be available as necessary.

Tracy D. Rezvani graduated George Washington University Law School in 1996. Previously, Ms. Rezvani was a member editor of The George Washington Journal of International Law & Economics and has served as an editor for the Iranian-American Bar Association's IABA Review from 2005 to 2007. She currently serves as the Consumer Chair of the District of Columbia Bar's Antitrust and Consumer Steering Committee. Ms. Rezvani regularly writes and speaks on issues relevant to pharmaceutical, privacy, and consumer litigation, including an article published by the American Bar Association on class ethics titled Class Counsel: *Conflicts Between Duties To the Class Representative And To The Class*, ABA Antitrust Compliance Bulletin, (Vol. 1, No. 4 November 2007). Ms. Rezvani has been appointed by Courts to lead large and complex litigation, including *In Re: Avandia Marketing, Sales Practices & Prods. Liab. Litig.* (MDL 1871, E.D. Pa.) (Plaintiffs' Steering Committee and Co-Chair of Class Action Sub-Committee) and *In Re: Darvocet, Darvon and Propoxyphene Prods. Liab. Litig.* (MDL 2226 E.D. Ky) (Plaintiffs' Steering Committee). *Id.* at ¶¶ 11-12; *See also* Exhibit B, Rivas Decl. for a list of other matters in which Ms. Rezvani been involved.

Rosemary Rivas graduated from the University of California, Hastings College of the Law in May 2000 and was admitted to practice in California in December 2000. Ms. Rivas primarily represents consumers in class action cases arising under California's Unfair Competition Law, Bus. & Prof. Code §§ 17200, *et seq.* ("UCL") and California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA"), the types of claims alleged in this litigation. Pursuant to court appointment, she is currently serving as Co-Lead Interim Counsel in the actions titled, *In re Facebook PPC Advertising Litig.,* No. 09-03043 PJH (N.D. Cal.) and *In re Sony PS3 "Other OS" Litig.,* No. 10-1811 RS (N.D. Cal.). Rivas Decl. ¶¶ 13-14. Apart from these cases, Ms. Rivas has worked on a number of representative actions, which

1  involved claims arising under the UCL and the CLRA (which are at issue here), and

2  which reached a successful conclusion. *Id.* at ¶ 15.

3      FT has been in business for 33 years and is nationally recognized as a premier

4  class action firm, serving as class counsel in many litigations.  Rivas Decl. ¶¶ 5-9 and

5  16-17.  FT's attorneys are highly skilled and experienced in this type of litigation and

6  the above sampling of representative cases shows that FT has knowledge of the

7  applicable law.  *Id.*

8      Thus, the combined experience of the attorneys of these firms and attorneys in

9  handling class actions and complex litigation, and their successes in doing so, will

10  ensure that Plaintiff and those similarly situated are fairly and adequately represented

11  in this action.

12      **3.    Proposed Counsel's Knowledge of the Applicable Law.**

13      Proposed co-lead interim class counsel are knowledgeable about the law

14  applicable to the claims herein.  Not only are they experienced in litigating other multi-

15  state class actions, but all have extensive experience litigating class actions under the

16  claims at issue here.  The Pappas Group firms all have expertise and substantial

17  litigation experience in California's consumer protection laws including, but not

18  limited to, Business and Professions Code § 17200 *et seq*. (the "UCL"), the Consumer

19  Legal Remedies Act, California Civil Code § 1750 *et seq*. (the "CLRA") and the Song-

20  Beverly Credit Card Act of 1971, California Civil Code § 1747 *et seq*., including cases

21  involving class action allegations.  *See generally*, Wolfson Decl.;  Rivas Decl.;  Ridout

22  Decl.  Moreover, they are well familiar with the myriad of recent case law and ever

23  changing legal landscape affecting such claims.  The firms have been involved in the

24  litigation of hundreds of class actions involving California claims, many of which

25  concern consumer protection and false advertising. *Id.*

26      As set forth above, the AW, FT, and RL firms have extensive experience

27  litigating large-scale consumer and complex actions, and are also very familiar with

28  this Court's rules and procedures. *Id.*

Most recently, AW was named interim lead class counsel in an action alleging that New Balance falsely advertised "Toning Shoes" that it marketed with claims that wearing the shoes would result in increased muscle activation and calorie burn, and AW successfully settled similar claims under California law against Reebok for its false advertising of Toning Shoes. In addition, in *Citizens for Responsible Business v. Rite Aid Corporation, et al.* (SFSC Case No. 414831), AW successfully prosecuted claims of false and illegal labeling in the herbal supplement industry in a matter with similar factual and legal claims to the present case.  Wolfson Decl. ¶¶ 7-9.

Mr. Ridout and the RL firm have litigated a multitude of cases, including class actions, under the California consumer protection laws outlined above and at issue in these actions.  These cases, described in more detail in Mr. Ridout's declaration, include *Mahoney v. Fidelity* (alleging violation of UCL), *DiSimone v. D.S. Waters of Am.* (alleging false advertising and violation of UCL), *Trauth v. Déjà Vu Consulting* (alleging unfair business practices), *Patterson v. 68-444 Perez* (alleging unfair business practices), *Montreuil v. The Ensign Group* (alleging unfair business practices vis-à-vis nursing home understaffing), *Davidson v. United Yellow Pages* (alleging unfair business practices), *Ruiz v. Real Mex* (alleging unfair business practices), *Contreras v. Westech College* (alleging deceptive business acts and practices), *Mitchell v. Sony Computer Entm't* (alleging unfair business practices and consumer privacy violations), *Cupp v. Sony Computer Entertm't* (same), *In Re Sony PlayStation Network Litig.* (same), *Saenz v. Bed, Bath & Beyond* (alleging violation of the Act); *Saenz v. Big 5* (same), *Rubinstein v. Michael's Store* (same), *DiSimone v. Children's Place* (same); and *Rothman v. GNC* (same).  Ridout Decl. ¶¶ 9-12.

Ms. Rivas and the FT firm similarly have extensive experience in prosecuting the types of claims at issue in this litigation and extensive knowledge of the applicable law.  FT has filed a multitude of cases since 1996 on behalf of consumers against food and beverage manufactures such as Kellogg's, The Coca-Cola Company, General Mills, Inc., and Nestle, Inc.  (Rivase Decl. ¶ 8 & Exhibit B.)  FT currently is serving

or has served as sole lead counsel, co-lead counsel or on the executive committee in these cases.  FT has had success in a number of these types of cases, negotiating millions of dollars in cash and other valuable relief.  (*Id.*)

### 4.    Resources that Proposed Counsel will Commit to Representing the Class.

Proposed co-lead interim class counsel have already demonstrated the will and ability to commit the necessary resources to assure a strong and well-supported case on behalf of the class members.  Their firms have thoroughly investigated, developed and gathered evidence of Plaintiffs' claims against Defendants, and the findings of the investigation clearly set forth in the allegations of their Complaints.  Going forward, these firms will continue to staff this case with experienced lawyers to prepare pleadings, write memoranda, conduct discovery and assist in trial preparation.

As interim class counsel, the proposed firms will continue to commit the same resources and effort to this case as they have committed to their other, successful litigations.  These firms' many years of successful litigation, described above and more fully described in the accompanying declarations, demonstrate a proven track record of bringing to the table all resources necessary to litigate claims such as those before the Court in this action effectively.  Combined, these firms will bring more than enough resources to zealously advocate the interests of the putative plaintiff class.  The Pappas Group attorneys have agreed to make this case a major focus of their litigation efforts, and are committed to litigating it successfully on behalf of the putative class, no matter the costs required.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION

Based on the foregoing, the parties herein respectfully request that the Court consolidate the Actions, appoint the law firms of Ahdoot & Wolfson, P.C., Ridout & Lyon, LLP, and Finkelstein Thompson, LLP to be interim class counsel, order that a master consolidated complaint be filed by such counsel, *In Re Naked Juice Products Litigation*, Case No. 2:11-cv-08276-JAK-PLAx.

Dated:      November 21, 2011          **AHDOOT & WOLFSON, APC**

/s/ Tina Wolfson
Tina Wolfson
10850 Wilshire Blvd., Suite 370
Los Angeles, California 90024
Tel: 310-474-9111; Fax: 310-474-8585

*Attorneys for Plaintiff, Natalie Pappas*

Dated:      November 21, 2011          **RIDOUT & LYON, LLP**

/s/ Christopher P. Ridout
Christopher P. Ridout, Esq.
555 E. Ocean Blvd., Ste. 500
Long Beach, California  90802
Tel: 562-216-7380; Fax: 562-216-7385

*Attorneys for Plaintiff, Christopher Evans*

Dated:      November 21, 2011          **FINKELSTEIN THOMPSON LLP**

/s/ Rosemary M. Rivas
Rosemary M. Rivas, Esq.
100 Bush Street, Suite 1450
San Francisco, CA 94104
Tel: 415-398-8700; Fax:  415-398-8704

*Attorneys for Plaintiff, Russell Marchewka*