TINA WOLFSON, SBN 174806
twolfson@ahdootwolfson.com
ROBERT AHDOOT, SBN 172098
rahdoot@ahdootwolfson.com
**AHDOOT & WOLFSON, P.C.**
10850 Wilshire Boulevard, Suite 370
Los Angeles, California 90024
Tel: 310-474-9111; Fax: 310-474-8585

*Attorneys for Plaintiff, Natalie Pappas*

CHRISTOPHER RIDOUT, SBN  143931
c.ridout@ridoutlyonlaw.com
DEVON LYON, SBN 218293
d.lyon@ridoutlyonlaw.com
**RIDOUT & LYON, LLP**
555 E. Ocean Blvd., Ste. 500
Long Beach, California  90802
Tel: 562-216-7380; Fax: 562-216-7385

ROSEMARY RIVAS, SBN 209147
rrivas@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
100 Bush Street, Suite 1450
San Francisco, CA 94104
Tel: 415-398-8700; Fax:  415-398-8704

*Attorneys for Plaintiff, Christopher Evans*

*Attorneys for Plaintiff, Russell Marchewka*

*Proposed Interim Class Counsel*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIE PAPPAS,<br><br>                    Plaintiff,<br><br>    v.<br><br>NAKED JUICE CO. OF GLENDORA, INC., *et al.*<br><br><br>                    Defendants. | CASE NO.  LA CV-11-08276 JAK (PLAx)<br><br>**DECLARATION OF CHRISTOPHER P. RIDOUT IN SUPPORT OF PLAINTIFFS' JOINT MOTION FOR AN ORDER (1) CONSOLIDATING CASES, AND (2) APPOINTING INTERIM CO-LEAD CLASS COUNSEL**<br><br>Date: December 19, 2011<br>Time: 8:30 a.m.<br>Courtroom: 750 (7th Floor)<br><br>The Honorable John A. Kronstadt<br>Action Filed:  October 5, 2011 |

| | | |
|---|---|---|
| 1 | *This document also relates to the following related action:* | CASE NO. LA CV11-08007-JAK (PLAx) |
| 2 | SARA SANDYS, | |
| 3 | Plaintiff, | |
| 4 | v. | |
| 5 | | The Honorable John A. Kronstadt Action Filed: September 27, 2011 |
| 6 | NAKED JUICE COMPANY [sic], *et al.* | |
| 7 | Defendants. | |
| 8 | | |

| | | |
|---|---|---|
| 9 | *This document also relates to the following related action:* | CASE NO. SA CV-11-01701 JAK (RNPx) |
| 10 | RUSSELL MARCHEWKA, | |
| 11 | | The Honorable John A. Kronstadt Action Filed: November 7, 2011 |
| 12 | Plaintiff, | |
| 13 | v. | |
| 14 | NAKED JUICE CO. OF GLENDORA, INC., *et al.* | |
| 15 | | |
| 16 | Defendants. | |

| | | |
|---|---|---|
| 17 | *This document also relates to the following related action:* | CASE NO. LA CV-11-9412-GW (PJWx) |
| 18 | | |
| 19 | CHRISTOPHER EVANS, | |
| 20 | Plaintiff, | The Honorable George Wu Action Filed: November 7, 2011 |
| 21 | v. | |
| 22 | NAKED JUICE CO. OF GLENDORA, INC., *et al.* | |
| 23 | | |
| 24 | Defendants. | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

## DECLARATION OF CHRISTOPHER P. RIDOUT

I, Christopher P. Ridout, declare as follows:

1.    I am an attorney at law duly licensed to practice law before this Court and am one of the counsel of record representing Plaintiff in this matter.  The following facts are within my personal knowledge, and if called as a witness, I could and would competently testify thereto.

2.    This Declaration is submitted in support of the Court's consideration of Plaintiffs' Motion for Consolidation and Appointment of Interim Class Counsel.

3.    I am a partner at Ridout & Lyon, LLP in Long Beach, California, which I founded in 2007.  Prior to forming Ridout & Lyon, I practiced substantially similar areas of law at Rose, Klein & Marias, LLP in Los Angeles, California.  I am a graduate of Harvard College and the University of the Pacific, McGeorge School of Law.  I have been a member in good standing of the State Bar of California since 1989.  I am also admitted to practice before the following courts: United States District Court for the Southern, Central, and Northern Districts of California; United States District Court for the District of Colorado; United States District Court for the District of Minnesota; United States District Court for the Northern District of Ohio; and United States Court of Appeals for the Ninth Circuit.

4.    I have never faced any discipline or received any sanction from a state bar association for misconduct or an ethical violation.

5.    On May 10, 2011, Ridout & Lyon, LLP filed in the Superior Court of California a statewide class action lawsuit against NAKED JUICE CO. OF GLENDORA, INC. and PEPSICO, INC.  ("Defendants") alleging that Defendant engaged in the alleged false advertising of Defendants' products known as "Naked Juice," and allege, *inter alia*, that use of terms such as "All Natural" and "100% Juice" on certain Naked Juice products violate California's consumer protection and

false advertising laws, including Business and Professions Code Sections 17200 and 17500 *et seq.*

6.      I have extensive experience in the prosecution and settlement administration of mass tort actions and class actions.  A significant portion of my practice since 1989 has been devoted to representing individuals who contest allegedly unlawful practices regarding various areas including, but not limited to, toxic exposure, consumer rights and unfair competition law.

7.      In addition, I have recently served or presently serve as either lead liaison counsel, class counsel and/or served on the plaintiffs' steering committee in the following actions:

     a. *In Re: RBC DAIN Rauscher Overtime Litigation*, United States District Court, District of Minnesota, Case No. 06-03093 JRT-FLN;

     b. *Mahoney vs. Fidelity National Title Company*, United States District Court, Central District of California, Case No.  SACV 08-0561 AG (CWx);

     c. *DiSimone vs. DS Waters*, United States District Court, Central District of California (CV-08-02957 MMM (Ex);

     d. *Coordination Proceeding Special Title (Rule 1550(B), Pharmacy Benefits Managers Cases*, Superior Court of California, Judicial Counsel Coordination Proceeding No. 4307;

     e. *Coordination Proceeding Special Title (Rule 1550(B), In Re Groundwater Cases*, Superior Court of California, Judicial Counsel Proceeding No. 4135;

     f. *North Peninsula Surgical Center, L.P. vs. Aetna Life Insurance et al*, United States District Court, District of New Jersey, MDL 2020; 2:09-cv-03972-FSH-PS;

g. *North Peninsula Surgical Center, L.P. vs. Wellpoint, Inc. et al,* United States District Court, Central District of California, Case No. 2:09-ML-02074 PSG (CTx);

h. *Ruiz vs. Wimatex, Inc. et al*, Los Angeles Superior Court, Case No. BC439106;

i. *Elliott vs. Workforce Outsourcing, Inc.,* San Bernardino Superior Court, Case No. CIVRS1000073;

j. *Patterson vs. 68-444 Perez, Inc. et al*, United States District Court, Central District of California, Case No. EDCV09-2296;

k. *Trauth vs. Déjà vu Consulting, Inc. et al*, United States District Court, Central District of California, Case No. CV10 2826 JFW (CWx);

l. *Montreuil vs. The Ensign Group, Inc. et al,* Los Angeles Superior Court, Case No. BC449162 (Complex);

m. *Eoff vs. Sprint Nextel, et al*, United States District Court, Central District of New Jersey, Case No. CV 01190 SDW (MCA);

n. *Feltheimer vs. National Association of Music Merchants, Inc. et al,* United States District Court, Southern District of California, Case No. 10 CV 0075 IEG (WVG);

o. *Davidson v. United Yellow Pages*, Orange County Superior Court, Case No. 30-2010-00408946-CE-OE-CXC;

p. *Ruiz v. Real Mex*, Los Angeles County Superior Court, Case No. BC455946;

q. *Saenz v. Bed, Bath & Beyond*, United States District Court, Central District of California, Case No. 2:11-cv-02437-SVW (SSx);

r. *Saenz v. Big 5*, Los Angeles County Superior Court, Case No. BC455049;

1        s.  *Rubinstein v. Michael's Store*, Los Angeles County Superior Court,

2             Case No. BC455047;

3        t.  *DiSimone v. Children's Place*, United States District Court, Northern

4             District of California, Case No. c-11-02223-CW;

5        u.  *Contreras v. Westech College*, Orange County Superior Court, Case No.

6             30-20111-00451889-CU-BT-CXC;

7        v.  *Chapman v. Sport Chalet*, Los Angeles County Superior Court, Case

8             No. BC455575;

9        w. *Beauchemin v. Club 215 et al.*, United States District Court, Central

10           District of California, Case No. cv-11-02641-GW (FMOx);

11        x.  *Beauchemin v. Tom Theaters*, United States District Court, Central

12           District of California, Case No. 11-CV-00394-DOC-RNB;

13        y.  *Rothman v. The Body Shop*, Los Angeles Superior Court, Case No.

14           BC457473;

15        z.  *Rothman v. Bath & Body Works*, United States District Court, Central

16           District of California, Case No. 2:11-cv-03516-DDP-PJW;

17       aa. *Rothman v. Justice Retail Stores*, United States District Court, Central

18           District of California, Case No. 2:11-cv-03630-R-PLA;

19       bb. *Mitchell v. Sony Entertainment*, United States District Court, Central

20           District of California, Case No. 2:11-cv-03601-JHN-SS; and

21       cc. *Cupp v. Sony Entertainment*, United States District Court, Central

22           District of California, Case No. 2:11-cv-03627-JHN-SS.

23       dd. *Mehrens v. Redbox*, United States District Court, Central District of

24           California, Case No. CV-11-2936-JHN-(Ex).

25       8.    Plaintiff has retained counsel with substantial experience, particularly in

26  consumer cases involving unfair competition, and with a proven success in the area

27  of complex class action litigation.  Ridout & Lyon, LLP attorneys are well-qualified

28

1  to represent the class and will dedicate all necessary resources to pursue these claims

2  on behalf of Plaintiffs and the Class through trial.

3      9.    I am personally familiar with California consumer protection laws

4  including, but not limited to, Business and Professions Code § 17200 *et seq.* (the

5  "UCL"), the Consumer Legal Remedies Act, California Civil Code § 1750 *et seq.*

6  (the "CLRA"), including cases involving class action allegations.  These cases, listed

7  above, include *Mahoney v. Fidelity* (alleging violation of UCL), *DiSimone v. D.S.*

8  *Waters of America* (alleging false advertising and violation of UCL), *Trauth v Déjà*

9  *Vu Consulting* (alleging unfair business practices), *Patterson v 68-444 Perez*

10 (alleging unfair business practices), *Montreuil v The Ensign Group* (alleging unfair

11 business practices vis-à-vis nursing home understaffing), *Davidson v United Yellow*

12 *Pages* (alleging unfair business practices), *Ruiz v Real Mex* (alleging unfair business

13 practices), *Contreras v Westech College* (alleging deceptive business acts and

14 practices), *Mitchell v Sony Computer Entertainment* (alleging unfair business

15 practices and consumer privacy violations), *Cupp v Sony Computer Entertainment*

16 (same), *In Re Sony PlayStation Network Litigation* (same), *Saenz v. Bed, Bath &*

17 *Beyond* (alleging violation of the Song-Beverly Act); *Saenz v. Big 5* (same),

18 *Rubinstein v. Michael's Store* (same), *DiSimone v. Children's Place* (same); and

19 *Mehrens v. Redbox* (same).

20      10.   In *DiSimone v. D.S. Waters*, I and co-counsel challenged the

21 defendant's advertising and business practices and ultimately obtained class relief

22 valued at more than $6 million.  Notably, this action involved allegation that the

23 plaintiff class purchased fluoridated bottled water produced, marketed and sold by

24 the defendant which it advertised to be sponsored, approved and/or certified by the

25 American Dental Association ("ADA"), the Center for Disease Control ("CDC"),

26 and/or the American Academy of Pediatrics ("AAP"), or other organizations.

27 Plaintiffs alleged that these advertisements were deceptive and violated the Unfair

28

Competition Law, Bus. & Prof. Code §17200 et seq. ("UCL"), and the Consumer
Legal Remedies Act and Civil Code §1750 et seq. ("CLRA").

11.     In *Mahoney v. Fidelity*, Plaintiff challenged defendant's business
practices relating to the disclosure of title insurance commissions to mortgage
borrowers and ultimately obtained class relief valued at more than $4 million. This
action involved defendant's alleged practice of receiving fees for the referral of
consumers' title insurance and other settlement service business to third parties and
failing to account to its clients for the sums received.  The plaintiff class alleged that
the defendant's conduct -- the charge of a 30% kickback for the referral of a
consumer's title insurance -- was prohibited by California Insurance Code §12404,
California Financial Code §50505 and the Real Estate Settlement Procedures Act
("RESPA"), 12 U.S.C. §2607.

11.     On April 4, 2011, the Court in *Trauth, et al. v. Spearmint Rhino
Companies Worldwide, Inc., et al.* appointed me lead class counsel after obtaining
preliminary approval of a nationwide settlement providing over $10 million in
monetary relief, and $127 million in injunctive relief (an economist-calculated
present value of the reclassification of thousands of employees).  The monetary relief
has since been increased to nearly $15 million.

12.     On July 15, 2011, the Court in *Doe v. Cin-Lan, Inc., et al.,* awarded
final approval of nationwide class action settlement providing more than $11.3
million in relief to over 30,000 class members.

13.     As we have done in all previous cases, if this case were to continue,
Caleb Marker and I, along with the other attorneys and support staff at Ridout &
Lyon, LLP are prepared to devote substantial professional time and resources
litigating this case through trial.  Ridout & Lyon, LLP is prepared to advance all
necessary and reasonable costs to the extent permitted by law.

14.     I personally, and other attorneys and staff, at Ridout & Lyon, LLP have already done a great deal of work identifying and investigating the claims of the proposed Class.

15.     In sum, I believe that the foregoing facts establish that Ridout & Lyon, LLP and I have the requisite experience and qualifications to represent the Class in this case.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 21st day of November, 2011, at Long Beach, California.

/s/ Christopher P. Ridout
Christopher P. Ridout, Esq.