TINA WOLFSON, SBN 174806
twolfson@ahdootwolfson.com
ROBERT AHDOOT, SBN 172098
rahdoot@ahdootwolfson.com
**AHDOOT & WOLFSON, P.C.**
10850 Wilshire Boulevard, Suite 370
Los Angeles, California 90024
Tel: 310-474-9111; Fax: 310-474-8585

*Attorneys for Plaintiff, Natalie Pappas*

CHRISTOPHER RIDOUT, SBN 143931
c.ridout@ridoutlyonlaw.com
DEVON LYON, SBN 218293
d.lyon@ridoutlyonlaw.com
**RIDOUT & LYON, LLP**
555 E. Ocean Blvd., Ste. 500
Long Beach, California 90802
Tel: 562-216-7380; Fax: 562-216-7385

*Attorneys for Plaintiff, Christopher Evans*

ROSEMARY RIVAS, SBN 209147
rrivas@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
100 Bush Street, Suite 1450
San Francisco, CA 94104
Tel: 415-398-8700; Fax: 415-398-8704

*Attorneys for Plaintiff, Russell Marchewka*

*Proposed Interim Class Counsel*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIE PAPPAS,<br><br>Plaintiff,<br><br>v.<br><br>NAKED JUICE CO. OF GLENDORA, INC., *et al.*<br><br>Defendants. | CASE NO. LA CV-11-08276 JAK (PLAx)<br><br>**DECLARATION OF ROSEMARY M. RIVAS IN SUPPORT OF PLAINTIFFS' JOINT MOTION FOR AN ORDER (1) CONSOLIDATING CASES, AND (2) APPOINTING INTERIM CO-LEAD CLASS COUNSEL**<br><br>Date: November 29, 2011<br>Time: 8:30 a.m.<br>Courtroom: 750 (7th Floor)<br><br>The Honorable John A. Kronstadt<br>Action Filed: October 5, 2011 |

---

1
**DECL. OF R. RIVAS ISO JOINT MTN. FOR CONSOLIDATION & INTRM. CO-LEAD CLASS COUNSEL
CASE NO. LA CV-11-08276 JAK (PLAx)**

| | |
|---|---|
| *This document also relates to the following related action:*<br><br>SARA SANDYS,<br><br>     Plaintiff,<br><br> v.<br><br><br>NAKED JUICE COMPANY [sic], *et al.*<br><br>     Defendants. | CASE NO. LA CV11-08007-JAK (PLAx)<br><br><br><br>The Honorable John A. Kronstadt<br>Action Filed: September 27, 2011 |
| *This document also relates to the following related action:*<br><br>RUSSELL MARCHEWKA,<br><br><br>     Plaintiff,<br> v.<br><br><br>NAKED JUICE CO. OF GLENDORA, INC., *et al.*<br><br>     Defendants. | CASE NO. SA CV-11-01701 DOC (RNPx)<br><br><br>The Honorable David Carter<br>Action Filed: November 7, 2011 |
| *This document also relates to the following related action:*<br><br>CHRISTOPHER EVANS,<br><br><br>     Plaintiff,<br> v.<br><br><br>NAKED JUICE CO. OF GLENDORA, INC., *et al.*<br><br>     Defendants. | CASE NO. LA CV-11-9412-GW (PJWx)<br><br><br>The Honorable George Wu<br>Action Filed: November 7, 2011 |

**DECL. OF R. RIVAS ISO JOINT MTN. FOR CONSOLIDATION & INTRM. CO-LEAD CLASS COUNSEL**
**CASE NO. LA CV-11-08276 JAK (PLAx)**

## DECLARATION OF ROSEMARY M. RIVAS

I, Rosemary M. Rivas, declare as follows:

1.  I am a partner with Finkelstein Thompson LLP ("FT"), counsel of record for Mr. Russell Marchewka, the named plaintiff in the action titled, *Marchewka v. Naked Juice Co. of Glendora, Inc.,* Case No. SA CV 11-01701, filed on November 7, 2011. I submit this declaration in support of Plaintiffs' Motion to: (1) Consolidate Cases; and (2) Appoint Interim Class Counsel. The following factual statements are based on my firm's records and also my personal knowledge and, if called to do so, I could and would testify competently thereto. I discuss, in the following order: (1) the work FT has done in identifying and investigating the claims in this action; (2) FT's knowledge and experience in handling class actions, other complex litigation, and the types of claims asserted in this action; (3) the resources that FT will commit to this action; and (4) other factors supporting FT's appointment as Interim Counsel.

## FT'S INVESTIGATION TO DATE

2.  FT has actively investigated and prosecuted false advertising claims against food manufacturers on behalf of consumers since 1996. With regard to this action against Defendant, FT has performed an extensive factual investigation and legal analysis for a number of months. As part of its factual investigation, FT analyzed the non-natural and non-juice ingredients in Naked Juice, their chemical composition, the processes by which they are manufactured, and the amounts included in the Naked Juice products. FT also analyzed the representations made on the various Naked Juice product labels from publicly available sources, such as the products themselves and the Defendant's website. FT further researched published scientific papers and books, federal government publications, research papers by advocacy groups, and chemistry reference websites.

3
DECL. OF R. RIVAS ISO JOINT MTN. FOR CONSOLIDATION & INTRM. CO-LEAD CLASS COUNSEL
CASE NO. LA CV-11-08276 JAK (PLAx)

3. As part of its legal analysis, FT analyzed, among other things, applicable decisional law regarding "all natural" claims and regulations promulgated by the Food and Drug Administration ("FDA") regarding juices and sugar labeling and claims.

4. FT has also extensively communicated with Mr. Russell Marchewka to gather all pertinent facts and to ensure that he would serve as an adequate representative of the proposed Class. FT has also interviewed other potential members of the proposed Class.

## FT'S KNOWLEDGE AND EXPERIENCE IN HANDLING CLASS ACTIONS, COMPLEX LITIGATION AND THE TYPES OF CLAIMS INVOLVED IN THIS CASE

5. FT has significant knowledge and experience handling class actions, complex litigation and the types of claims involved in this case. In fact, FT's practice primarily focuses on class actions and other complex litigation in the areas of consumer fraud, antitrust and securities violations in state and federal courts all around the country. Attached hereto as Exhibit A is a true and correct copy of FT's current firm resume, reflecting the firm's experience in class action litigation.

6. A number of courts have commended FT for its work on behalf of consumers in class actions. In affirming a class settlement of $49 million in the bar review market achieved by FT and its co-counsel, the Ninth Circuit stated that there was no dispute "that counsel had considerable experience in litigating antitrust matters, class actions, and other complex litigation." *Rodriguez v. West,* 563 F.3d 948, 967 (9th Cir. 2009). In *Freeland v. Iridium World Communications,* Case No. CR 99-1002 (D.D.C.), the Honorable Nanette K. Laughrey commended FT and its co-counsel for their work in achieving a $43.1 million settlement, stating, "[a]ll of the attorneys in this case have done an outstanding job, and I really appreciate the quality of work we had in our chambers as a result of this case." Similarly, in *In re Interbank Funding Corp.*

*Sec. Litig.,* Case No. 02-1490 (D.D.C.), Judge Bates of the District Court for the District of Columbia observed that FT had "skillfully, efficiently, and zealously represented the class, and . . . worked relentlessly throughout the course of the case."

      7.      Representative settled class actions by FT include:

- *Schulte v. Fifth Third Bank,* No. 09-cv-06655 (N.D. Ill.): FT served as one of four co-lead counsel in this consumer class action alleging re-sequencing of consumer banking transactions in highest to lowest order with intention of maximizing overdraft fee revenue.  FT, along with its co-counsel, negotiated a nationwide settlement resulting in a monetary fund of $9.5 million and injunctive relief valued at over $100 million.  This is the first re-sequencing/overdraft fee settlement in the nation where the defendant agreed to terminate high to low re-sequencing as part of the relief to the class.

- *National Metals, Inc. v. Sumitomo Corp.*, Case No. 734001 (Cal. Super. – San Diego):  As co-lead counsel in class action for antitrust violations, FT achieved settlements with several defendants for $81 million.

- *In re Reformulated Gasoline (RFG) Antitrust and Patent Litigation,* Case No. 05cv1671 (C.D. Cal.):  As co-lead class counsel in class action for antitrust violations, FT achieved settlement in the amount of $48 million.

- *Rodriguez v. West,* Case No. CV053222 R (MCx) (C.D. Cal.) – As one of three law firms appointed class counsel in case alleging antitrust violations in the bar review market, FT achieved settlement in the amount of $49 million which was affirmed by the Ninth Circuit.

- *In re Natural Gas Commodity Litigation*, Case No. 03cv6186 (S.D.N.Y.):  As co-lead class counsel, FT achieved over $100 million in settlements.

- *In re Countrywide Financial Corp. Customer Data Security*, MDL 1998 (W.D. Ky.):  FT served as co-lead counsel in this class action lawsuit alleging violations of common law, the California Business and Professions Code, and the Fair Credit Reporting Act, for data breach involving consumers' personal and financial

information. Co-lead counsel negotiated a settlement resulting in a credit monitoring protection package for the class, the creation of an identity theft reimbursement fund of $5 million, and the creation of an expense reimbursement fund for class members of $1.5 million to compensate class members for actions taken as a result of the data breach.

- *In re Merrill Lynch & Co., Inc. Research Reports Litigation*, MDL Docket No. 1484 (S.D.N.Y.): As an executive committee member (and lead counsel in six of the underlying actions), FT achieved a $125 million settlement.
- *PaineWebber Securities Litigation*, Case No. 94cv8547 (S.D.N.Y.): As an executive committee member, FT achieved $200 million settlement.
- *Prudential Securities Litigation*, MDL Docket No. 1005 (S.D.N.Y.) – As executive committee member & co-chair of settlement committee, FT achieved $150 million settlement.

8. FT also has extensive experience in prosecuting the types of claims at issue in this litigation and extensive knowledge of the applicable law. Attached hereto as Exhibit B is a true and correct copy of a chart listing the class action cases FT has filed since 1996 on behalf of consumers against food and beverage manufactures such as Kellogg's, The Coca-Cola Company, General Mills, Inc., and Nestle, Inc. FT is currently serving or has served as sole lead counsel, co-lead counsel or on the executive committee in these cases. FT has had success in a number of these types of cases, negotiating millions of dollars in cash and other valuable relief.

9. Based on FT's depth of experience in class actions and other complex litigation, FT has also represented The National Consumers League in three separate suits against food manufacturers. FT also represents the State of Montana in asserting its objections to a class action settlement purporting to release its right to bring a regulatory action.

10. The attorneys from FT who will have primarily responsibility for this lawsuit are Tracy Rezvani and I, although we will also draw from the skills and experience of the other attorneys at FT as necessary.

11. Tracy D. Rezvani is a graduate of George Washington University Law School in 1996.  Previously, Ms. Rezvani was a member editor of The George Washington Journal of International Law & Economics and has served as an editor for the Iranian-American Bar Association's IABA Review from 2005 to 2007. She currently serves as the Consumer Chair of the District of Columbia Bar's Antitrust and Consumer Steering Committee.  Ms. Rezvani regularly writes and speaks on issues relevant to pharmaceutical, privacy, and consumer litigation, including an article published by the American Bar Association on class ethics titled Class Counsel: *Conflicts Between Duties To the Class Representative And To The Class*, ABA Antitrust Compliance Bulletin, (Vol. 1, No. 4 November 2007) (available at http://www.finkelsteinthompson.com/trezvani.php).

12. Ms. Rezvani has been appointed by Courts to lead large and complex litigation, including *In Re: Avandia Marketing, Sales Practices And Products Liability Litigation* (MDL 1871, E.D. Pa.) (Plaintiffs' Steering Committee and Co-Chair of Class Action Sub-Committee) and *In Re: Darvocet, Darvon and Propoxyphene Products Liability Litigation* (MDL 2226 E.D. Ky) (Plaintiffs' Steering Committee). Ms. Rezvani has also been involved in a number of the cases listed on Exhibit B.

13. I graduated from the University of California, Hastings College of the Law in May 2000 and was admitted to practice in California in December 2000.  In 2009, 2010, and 2011, I was selected *Rising Star* by Law & Politics Magazine, which recognizes the best lawyers in Northern California 40 years or younger or in practice for 10 years or less.  I have also organized and/or participated in lectures and continuing legal education seminars on topics regarding consumer protection and class actions, including *Class Certification in Consumer Cases* for the Litigation Section of

the Barristers Club of the San Francisco Bar Association. Most recently, I was a speaker at the *Conference on Effective Consumer Privacy Enforcement* at Berkeley Law, University of California, organized by the Samuel Law, Technology, & Public Policy Clinic.

14. For my entire legal career, I have primarily represented consumers in class action cases arising under California's Unfair Competition Law, Bus. & Prof. Code §§ 17200, *et seq.* ("UCL") and California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA"), the types of claims alleged in this litigation. Pursuant to court appointment, I am currently serving as Co-Lead Interim Counsel in the actions titled, *In re Facebook PPC Advertising Litig.,* No. 09-03043 PJH (N.D. Cal.) and *In re Sony PS3 "Other OS" Litig.,* No. 10-1811 RS (N.D. Cal.). I am also serving in leadership capacities in a number of other cases pending in California, including in this District.

15. Apart from a number of the cases listed herein, additional representative cases I have worked on involving claims arising under the UCL and the CLRA (which are at issue here) and which reached a successful conclusion include:

• *In re LookSmart Litigation*, Case No. 02-407778 (Cal. Super. Ct. San Francisco): This national class action suit was based on allegations that LookSmart advertised a "one time payment" for unlimited clicks to websites listed in LookSmart's directory, only to later charge additional payments for continued service and involved claims for breach of contract and violation of the UCL and CLRA, among others. A national class action settlement providing cash and benefits valued at approximately $20 million was granted final approval.

• *In re iPod Litigation*, Case No. CIV 436509 (Cal. Super. Ct. San Mateo County): This national class action case was based on allegations that Apple, Inc. made material omissions and misrepresentations regarding the iPod's battery life in violation of the UCL and the CLRA. The parties reached a nationwide class action

settlement providing for warranty extension, battery replacements, cash payments and store credits to class members valued at approximately $15 million.

• *Lehman v. Blue Shield of California*, Case No. CGC-03-419349 (Cal. Super. Ct. San Francisco County): This class action case was based on allegations that Blue Shield breached the implied covenant of good faith and fair dealing and committed unfair business practices when it implemented risk tier changes and premium increases in connection with its Individual and Family Health Plans. Blue Shield vigorously contested liability and class certification before ultimately agreeing to a cash settlement of $6.5 million on behalf of a California class.

• *Mackhouse v. The Good Guys – California, Inc.*, Case No. 2002-049656 (Cal. Super Ct. Alameda County): This national class action suit was filed against The Good Guys and its affiliates alleging violations of the Song-Beverly Warranty Act and other California consumer protection statutes based on allegations that The Good Guys failed to honor its service contracts which were designed and sold to offer customers protection after the expiration of the manufacturer's warranty. A national class settlement providing for cash refunds or services at class members' election was granted final approval.

## FT WILL COMMIT ALL RESOURCES THAT ARE REQUIRED TO PROSECUTE THIS ACTION

16. FT has been in business for 33 years and is nationally recognized as a premier class action firm. FT's attorneys are highly skilled and experience in class action litigation. FT has 16 attorneys and offices on both coasts in San Francisco, California and Washington, D.C.

17. As with all the class actions FT has prosecuted, FT will commit all the necessary resources to this action. Class actions can be litigated for many years, and FT has the resources to fund such long-term litigation, as reflected by the firm's resume. For example, *Freeland v. Iridium World Communications, Ltd., et al.,* No. 99-

1002 (D.D.C.) involved nine years of litigation and led to a $43.1 million settlement, while *In re Natural Gas Commodity Litig.,* No. 03-615 (S.D.N.Y.) involved four years of litigation and yielded over $100 million in settlements.  FT is fully prepared to invest the financial resources necessary here.

## FT WORKS COOPERATIVELY WITH OTHER FIRMS AND EFFECTIVELY MANAGES CASES

18.   FT has a reputation for working cooperatively with other firms.  Indeed, FT's track record in serving as lead or co-lead in some cases, while serving on executive committees in others, proves this point.

19.   Additionally, FT knows how to effectively manage cases to ensure that high quality work is being performed while at the same time ensuring that cases are not overstaffed and that duplicated efforts are avoided.

20.   In the spirit of cooperation and to coordinate the cases so as to achieve the best result on behalf of the Plaintiffs and the proposed Class, on November 11, 2011, I reached out to Mr. Robert Ahdoot and Ms. Tina Wolfson of Ahdoot & Wolfson (counsel for Plaintiff Natalie Pappas) and Ms. Yvette Golan of the Golan Law Firm (counsel for Plaintiff Sara Sandys) to introduce myself and to discuss coordination of the cases and working together for the benefit of the Class.  Ms. Golan was not receptive to my telephone call.  On November 14, 2011, in a conference call coordinated by Ms. Wolfson of Ahdoot & Wolfson, at least one attorney representing each of the Plaintiffs discussed the possibility of coordinating the cases, including whether consolidation of the cases was appropriate and an organizational structure for plaintiffs' counsel.  Counsel for Plaintiff Sandys, Ms. Golan and Mr. David Berg, were on the phone and refused to discuss any coordination or consolidation of the cases, or any proposals for an organizational structure for plaintiffs' counsel.  Ms. Golan and Mr. Berg emphasized that the *Sandys* action was the first on file and that they would seek an order staying or enjoining all of the other cases.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct. Executed this 21st day of November 2011 at San Francisco, California.

/s/ Rosemary M. Rivas
Rosemary M. Rivas
