TINA WOLFSON, SBN 174806
twolfson@ahdootwolfson.com
ROBERT AHDOOT, SBN 172098
rahdoot@ahdootwolfson.com
**AHDOOT & WOLFSON, P.C.**
10850 Wilshire Boulevard, Suite 370
Los Angeles, California 90024
Tel: 310-474-9111; Fax: 310-474-8585

*Attorneys for Plaintiff Natalie Pappas*

CHRISTOPHER RIDOUT, SBN 143931
c.ridout@ridoutlyonlaw.com
DEVON LYON, SBN 218293
d.lyon@ridoutlyonlaw.com
**RIDOUT & LYON, LLP**
555 E. Ocean Blvd., Ste. 500
Long Beach, California 90802
Tel: 562-216-7380; Fax: 562-216-7385

*Attorneys for Plaintiff Christopher Evans*

ROSEMARY RIVAS, SBN 209147
rrivas@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
100 Bush Street, Suite 1450
San Francisco, CA 94104
Tel: 415-398-8700; Fax: 415-398-8704

*Attorneys for Plaintiff Russell Marchewka*

*Proposed Interim Co-Lead Class Counsel*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA SANDYS and all others similarly situated,<br><br><br><br>Plaintiff,<br><br>v.<br><br><br>NAKED JUICE COMPANY [sic], *et al.*<br><br>Defendants. | CASE NO. LA CV11-08007-JAK (PLAx)<br><br>**PAPPAS GROUP'S OPPOSITION TO SANDYS' MOTION FOR ORDER APPOINTING INTERIM LEAD CLASS COUNSEL; DECLARATION OF TINA WOLFSON**<br><br>Date: February 6, 2012<br>Time: 8:30 a.m.<br>Courtroom: 750 (7th Floor)<br><br>The Honorable John A. Kronstadt<br>Action Filed: September 27, 2011 |

| | |
|---|---|
| *This document also relates to the following related action:* | CASE NO.  LA CV-11-08276 JAK (PLAx) |
| NATALIE PAPPAS, | |
| Plaintiff, | |
| v. | |
| NAKED JUICE CO. OF GLENDORA, INC., *et al.* | The Honorable John A. Kronstadt Action Filed: October 5, 2011 |
| Defendants. | |

| | |
|---|---|
| *This document also relates to the following related action:* | CASE NO. SA CV-11-01701 JAK (RNPx) |
| RUSSELL MARCHEWKA, | |
| Plaintiff, | The Honorable John A. Kronstadt Action Filed: November 7, 2011 |
| v. | |
| NAKED JUICE CO. OF GLENDORA, INC., | |
| Defendant. | |

| | |
|---|---|
| *This document also relates to the following related action:* | CASE NO. LA CV-11-9412-GW (PJWx) |
| CHRISTOPHER EVANS, | |
| Plaintiff, | The Honorable John A. Kronstadt Action Filed: November 10, 2011 |
| v. | |
| NAKED JUICE CO., INC., *et al.* | |
| Defendants. | |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*This document also relates to the
following related action:*

GINA PARK,

                              Plaintiff,

        v.

NAKED JUICE CO. OF GLENDORA,
INC., *et al.*

                              Defendants.

CASE NO. LA CV-11-9677-JAK
(PLAx)


The Honorable John A. Kronstadt
Action Filed: November 21, 2011

OPPOSITION TO SANDYS' MOTION FOR INTERIM LEAD CLASS COUNSEL

**INTRODUCTION**

Counsel for Sara Sandys (the "B&A Group"), while perhaps knowledgeable in their areas of practice in Houston, Texas, do not meet Rule 23(g)'s requirements for appointment as Interim Lead Class Counsel as set forth below.  They have illustrated by the very nature of their actions to date in this case, including failing to comply with this Court's Local Rules and Standing Order and other significant errors, that they cannot adequately protect the Class as a whole as Interim Class Counsel must.

The attorneys representing Plaintiffs *Pappas*, *Marchewka*, *Evans,* and *Park*[1] (the "Pappas Plaintiffs"), Ahdoot & Wolfson P.C., Finkelstein Thompson LLP, and Ridout & Lyon LLP, (the "Pappas Group") are the attorneys best qualified to represent the proposed Class, considering the factors under Federal Rule of Civil Procedure 23(g).  Contrary to Plaintiff Sandys' assertions, the "first on file" is not given any consideration and is not even a factor under Rule 23(g).  Accordingly, the Pappas Plaintiffs respectfully request that the Court deny *Sandys'* Motion for Order Appointing Interim Lead Class Counsel ("Sandys' Motion for Interim Lead").

**ARGUMENT**

**I.    The Factors Courts Consider in Appointing Interim Counsel Weigh in Favor of Appointing the Pappas Group**

Courts consider the following factors in appointing interim class counsel: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of

---

[1]    Plaintiffs *Pappas, Marchewka, Evans* and *Park* are the named Plaintiffs who filed the following related actions: *Pappas v. Naked Juice Co. of Glendora, Inc. et al.*, cv-11-08276 JAK (PLAx) (C.D. Cal. Sept. 5, 2011); *Marchewka v. Naked Juice Co. of Glendora, Inc.*, cv-11-01701 JAK (PLAx) (C.D. Cal. Nov. 7, 2011); *Evans v. Naked Juice Co. of Glendora, Inc., et al*, cv-11-9412 JAK (PLAx) (C.D. Cal. Nov. 10, 2011); *Park v. Naked Juice Co. of Glendora, Inc., et al.*, cv-11-09677 JAK (PLAx) (C.D. Cal. Nov. 21, 2011).  All of these cases are the subject to a motion for consolidation set for hearing on February 6, 2012.  Pappas Action, Docket No. 18.

1    claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv)

2    the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g);

3    *see also In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y.

4    2006) ("[T]he considerations set out in Rule 23(g)(1)(C), which governs appointment of

5    class counsel once a class is certified, apply equally to the designation of interim class

6    counsel before certification."). The Court may also consider "any other matter pertinent

7    to counsel's ability to fairly and adequately represent the interests of the class." *Id.*

8         In complex matters such as this, appointment of Interim Class Counsel is one of

9    the key organizational tools the district court possesses pursuant to Rule 23(g). *See*

10   MANUAL FOR COMPLEX LITIGATION (FOURTH) (hereinafter, "MANUAL") § 21.11 ("[A]

11   number of lawyers may compete for class counsel appointment. In such cases,

12   designation of interim counsel clarifies responsibility for protecting the interests of the

13   class during precertification activities, such as making and responding to motions,

14   conducting any necessary discovery, moving for class certification, and negotiating

15   settlement."); s*ee also In Re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 644, 653 (E.D.

16   Penn. 2003) ("'[A] multiplicity of suits requires that the district court be allowed to

17   combine procedures, appoint lead counsel, recognize steering committees of lawyers,

18   limit and manage discovery, etc. to minimize expense to all litigants and to provide

19   judicial efficiency.'") (citation omitted).

20        For the reasons outlined below, the appointment of a highly competent, locally

21   based, team of Interim Co-Lead Class Counsel will best serve the interests of the

22   proposed Class. As indicated in the Pappas Plaintiffs' Motion for Consolidation and

23   Appointment of Interim Co-Lead Class Counsel,[2] the Pappas Plaintiffs propose that this

24   Court appoint the Los Angeles area law firms of Ahdoot & Wolfson, P.C. and Ridout &

25   Lyon, LLP, and the San Francisco based firm of Finkelstein Thompson LLP as Interim

26   Co-Lead Class Counsel, and the Los Angeles law firm of Glancy Binkow & Goldberg

27   _____

28   [2]   Pappas Action, Docket No. 18 at pp. 7-16.

1  LLP to the Executive Committee pursuant to Rule 23(g).  Through years of specialized

2  practice, these firms have specific expertise in class action litigation, especially under

3  California's consumer protection statutes.  The Pappas Group have expertise and

4  substantial litigation experience prosecuting California's consumer protection laws

5  including, but not limited to, Business and Professions Code § 17200 *et seq.* (the

6  "UCL"), Business and Professions Code § 17500 *et seq.* (the "FAL") and the

7  Consumers Legal Remedies Act, California Civil Code § 1750 *et seq.* (the "CLRA"),

8  especially cases involving class action allegations.

9        As indicated by the résumés and declarations of Yvette Golan and David Berg,

10 the B&A Group simply do not have experience litigating UCL, FAL and CLRA class

11 actions, and do not have experience litigating cases in the Central District of California.

12    A.    **The B&A Group's Investigation into Naked Juice's Deceptive**

13          **Advertising Is Not Novel or Extensive**

14       The B&A Group's work and investigation into this case is not as novel or as

15 extensive as the B&A Group would have this Court believe.  First, class action litigation

16 surrounding false and deceptive advertising of products as "all natural," has proceeded

17 for numerous years in various jurisdictions, especially against other beverage

18 manufacturers.[3]  Second, at least since April 2010, bloggers have questioned the

19  _____

20 [3]     *See, e.g., Holk v. Snapple Beverage Corp.*, No. 07-3018 (MLC) (D. N.J. filed June
   29, 2007) (alleging Snapple deceptively advertised its beverages as "all natural" in
21 violation of New Jersey state consumer protection laws); *Von Koenig v. Snapple
   Beverage Corp.*, No. 2:09-cv-00606 FCD EFB (E.D. Cal. filed March 4, 2009) (alleging
22 Defendant deceptively advertised its iced teas as "all natural" in violation of the UCL,
   FAL and CLRA); *Ries v. Hornell Brewing Co., Inc.*, No. 10-1139-JF (PVT) (N.D. Cal.
23 filed Mar. 17, 2010) (alleging Defendants violated the UCL, FAL and CLRA by
   deceptively advertising its iced teas as "all natural"); *Henderson v. Gruma Corp.*, No.
24 10-cv-4173 AHM (AJWx) (C.D. Cal. filed Aug. 26, 2010) (alleging Defendant
   deceptively advertised its bean dip as "all natural" in violation of the CLRA, UCL and
25 FAL); *Astiana v. Ben & Jerry's Homemade, Inc.*, Nos. C 10-4387 PJH (N.D. Cal. filed
   Sept. 29, 2010) and C 10–4937 PJH (N.D. Cal. filed Nov. 1, 2010) (alleging Defendant
26 deceptively advertised its ice cream products as "all natural").

27

28

3

1   authenticity of ingredients in Naked Juice's products despite the "all natural" label.[4]

2   Third, while Plaintiff Sandys describes extensive investigative efforts by "the B&A

3   Group," it is clear that only Ms. Golan, a solo Houston practitioner of The Golan Law

4   Firm, conducted any investigation prior to the filing of the *Sandys* action, well before

5   Berg & Androphy appeared on filings in this case.  (*See* Dkt. No. 17, filed on November

6   15, 2011, the first document on the docket adding Berg & Androphy as Sandys'

7   counsel).

8        Although the B&A Group emphasizes they were first to file the complaint (a mere

9   8 days before Pappas), it is well known that "[t]he first attorney to file is not entitled to

10  special consideration for appointment as lead counsel simply by winning the race to the

11  courthouse."  *Medlock v. Taco Bell Corp.*, No. CV-F-07-1314, 2009 WL 1444343, *6

12  (E.D. Cal. May 19, 2009) (citing 3 William B. Rubenstein, Alba Conte & Herbert B.

13  Newberg, NEWBERG ON CLASS ACTIONS § 9:35 (4th ed. 2009)).  Further, Rule 23(g) fails

14  to mention this as a factor to consider when appointing lead counsel.

15       The Pappas Plaintiffs did not rush to the courthouse but rather conducted a

16  thorough factual and legal investigation before filing, as is reflected in naming the

17  correct defendant (Naked Juice Co. of Glendora, Inc.),[5] among other substantive

---

19   [4]   *See Getting BS'ed by Naked Juice* by blogger sciphile, posted on April 26, 2010

20   *available at* http://www.dailykos.com/story/2010/04/26/861072/-Getting-BSed-by-

      Naked-Juice

22   [5]   As noted in the Pappas Plaintiffs' opening brief in support of consolidation and

23   appointment as Interim Co-Lead Class Counsel, the *Sandys* case named "Naked Juice

      Company, a California Corporation" when, according to the California Secretary of

24   State's records, the "Naked Juice Co." is a forfeited corporation.  The Pappas Plaintiffs'

      investigation revealed that the correct defendant is Naked Juice Co. of Glendora, Inc.

25   Somewhat remarkably, Plaintiff Sandys responds in her motion to appoint her counsel

26   as lead counsel, "every bottle of Naked Juice identifies 'Naked Juice Co.' as the

      product's manufacturers, not 'Naked Juice Co. of Glendora, Inc.'" *Sandys*, Dkt. 23, at

27   fn. 1, 5:23-25.  However, experienced attorneys in California check the California

28   Secretary of State website to determine the appropriate business entity, name and

                                                          [Footnote continued on next page]

OPPOSITION TO SANDYS' MOTION FOR INTERIM LEAD CLASS COUNSEL

1  differences.

2       As discussed in Part C, *infra*, the *Sandys'* Complaint is currently the only case

3  subject to a motion to dismiss the claims alleged by a Texas citizen and resident.  The

4  motion to dismiss raises choice of law issues that the B&A Group should have

5  addressed in their investigation prior to rushing to file their class action complaint, but

6  failed to do.  As further discussed in Part C, *infra*, the *Sandys'* Complaint also alleges

7  dubious claims inappropriate for class treatment, including negligence, negligent

8  misrepresentation, fraudulent misrepresentation, fraudulent concealment, constructive

9  fraud,[6] and assault and battery.

10      In addition to inappropriately alleging claims for class treatment, the *Sandys'*

11  Complaint also makes several erroneous allegations.  For instance, Plaintiff alleges she

12  purchased "Green Monster" and "Blue Monster" Naked Juice beverages.  *See Sandys'*

13  Complaint ¶ 20.  However, these products do not exist and never have existed.

14      The B&A Group's citation to *Carlin v. DairyAmerica, Inc*., No 09-cv-0430 AWI-

15  DLB, 2009 WL 1518058 (E.D. Cal. May 29, 2009) is inapposite because it was

16  undisputed that the two firms moving for lead positions in *Carlin*—Cohen Milstein and

17  Hagens Berman—had "adequate experience in class actions and complex litigation,

18  adequate knowledge of the applicable law and abundant resources." *Id*. at *2.  As

19  discussed *infra*, the B&A Group lacks knowledge of the Court's Local Rules, California

20  substantive law and class action procedure, and should not be appointed Interim Co-

21  Lead Class Counsel.

22  _____

23  [Footnote continued from previous page]
    registered agent for service of process, and do not simply rely on product's package.

24  That a product is marketed under a certain brand is no excuse for failing to name the
    correct Defendant.

25

26  [6]    The tort of constructive fraud is not only inappropriate for class treatment, it is

27  completely inapplicable in this case, because it requires a fiduciary or confidential
    relationship between the parties.  *Younan v. Equifax, Inc*., 111 Cal. App. 3d 498, 517

28  (1980).

**B.** **The B&A Group's Experience in Handling Class Action Litigation and the Types of Claims Asserted in this Case Dwarf in Comparison to the Pappas Group's Experience**

**1.** **The B&A Group Have Not Complied with Basic Local Rules and Have No Prior Experience Litigating CLRA, UCL, and/or FAL Claims or Cases in the Central District of California**

The B&A Group's current conduct in this litigation raises a red flag indicating they are inexperienced to practice law in the Central District of California. The parties are little more than three months into the *Sandys'* litigation, and the B&A Group has already made several inexcusable procedural omissions and errors. Perhaps most alarmingly, and prejudicial to the Class, the B&A Group failed to comply with Local Rule 23–3 requiring a party to file a motion for class certification within 90 days of serving the Defendant. The B&A Group did not even seek an order from the Court modifying the deadline.[7]  When compared with the Pappas Group, who filed a Joint Stipulation with Defendant requesting additional time to file motions for class certification, (Pappas Action Dkt. No. 26) which the Court granted on January 3, 2012 (Pappas Action Dkt. No. 28), the B&A Group are inadequate and lack experience to fairly and adequately represent the interests of the Class pursuant to Rule 23(g)(4).

Additionally, the B&A Group filed the *Sandys'* Motion for Interim Lead on November 28, 2011 (Dkt. No. 23), setting the hearing date for only 21 days later. Attorneys who have practiced in the Central District of California, or have read the Local Rules, know that any opposition to a motion is due 21 days before the hearing date, and any motion must be filed and served 28 days prior to their hearing. *See* Local

---

[7]  Sandys served both Defendants, PepsiCo Inc. and Naked Juice Company [sic] on September 29, 2011 (Dkts. No. 6 and 7). Any motion for class certification or a request for an extension of time to file was therefore due on or before December 28, 2011. However, this deadline came and passed without any such filing, and continues to be outstanding as of the date of this filing.

1  Rules 6–1 and 7–9.  In this case, the B&A Group filed their motion on the date that any

2  opposition was due and violated the Court's Standing Order by failing to familiarize

3  themselves with the Local Rules prior to filing the motion.

4  These glaring errors, when combined with other errors,[8] clearly demonstrate that

5  the B&A Group are inexperienced in practicing in the Central District of California and

6  in following basic procedures.  Moreover, the B&A Group seeks to appoint David Berg

7  and Yvette Golan as Interim Lead Class Counsel.  Although Mr. Berg has been a part of

8  the litigation since at least October 18, 2011, he has not filed an application to appear

9  *pro hac vice* and is not yet admitted to practice in this jurisdiction.

10  Finally, neither Ms. Golan nor Mr. Berg in the declarations they filed on

11  November 28, 2011 (*see* Dkt. Nos. 23–1 and 23–2), show any experience or success in

12  asserting California's consumer protection laws, including, but not limited to the UCL,

13  FAL and/or the CLRA.  Nor do the declarations reveal any experience in litigating cases

14  in the Central District of California.  Ms. Golan, the only member of the B&A Group

15  admitted to practice in California on a *pro hac vice* basis,[9] has only three cumulative

16  years of practice as an attorney, and only four months of practice in California.

---

18  [8]  These include serving discovery prior to the Rule 26(f) meeting of counsel, in
19  violation of Federal Rule of Civil Procedure 26(d)(1); the continued use of 12-point
   font, as opposed to the required 14-point font, (*see* Kronstadt Standing Order and Local
20  Rule 11–3.1.1); Golan's application for *pro hac vice* failing to designate local counsel,
21  (*see* Local Rule 83-2.3.3); and incorrectly naming the Defendant as "Naked Juice
   Company" when the California Secretary of State's website clearly states "Naked Juice
22  Company" has forfeited its status since 2005 and designates the "Naked Juice Co. of
23  Glendora, Inc." as the proper entity, (*see Sandys'* Complaint).

24  [9]  Although Shirish Gupta of Flashpoint Law, Inc. is listed on the *Sandys'*
25  Complaint and is licensed to practice law in California, Plaintiff Sandys only seeks
   appointment of David Berg and the law firm of Berg & Androphy and Yvette Golan of
26  The Golan Firm as Interim Lead Class Counsel.  See *Sandys'* Motion for Order
27  Appointing Interim Lead Class Counsel, Dkt. No. 23 at 1:4-7.  Flashpoint Law has
   nevertheless failed to adequately advise petitioners of the relevant local rules and filing
28  requirements.

7

1
2
3

   **2.**  **The Pappas Group Has More Than 30 Years Combined Experience Litigating CLRA, UCL and/or FAL Claims in the Central District of California**

4    In contrast, counsel for the Pappas Plaintiffs have many years experience

5 prosecuting such cases. *See* Pappas Action, Docket Nos. 18-1, 18-2, and 18-3 (Wolfson

6 Decl. ¶ 7-12; Ridout Decl.  ¶ 9-10, Rivas Decl. ¶ 8-9, 14-15, respectively).  Plaintiff

7 Sandys asserts, however, that the "[t]he B&A Group is in the midst of discovery in

8 *Bates v. Kashi et al.*, a putative national class action." *Sandys,* Dkt. 23, 15:7-11.

9 Proposed class members in this case deserve class counsel who have fought and won

10 numerous class action discovery issues, as the Pappas Group has, and not a group that

11 may be in the midst of their first round of discovery in a California class action.

12  **C.** **The B&A Group Is Not Knowledgeable of Applicable Substantive**

13    **Law**

14    Sandys' Complaint raises twelve causes of action, including claims for strict

15 product liability and assault and battery. *See Sandys'* Complaint at ¶¶ 214-229.  It is

16 doubtful these claims are appropriate for the case, let alone for class certification.

17 Experienced counsel would not assert these claims on a class-wide basis.

18    Sandys' Opposition to consolidation of these actions also demonstrates a

19 misunderstanding of applicable law.  (Sandys Docket No. 22.)  In that Opposition,

20 Sandys asked the Court to "stay, dismiss, or enjoin all related litigation currently

21 pending under Fed. R. Civ. Proc. 42(a)(3) and the first-to-file doctrine," without citing a

22 single case to support such drastic relief.  Rather, Sandys cited authority concerning the

23 first-to-file rule, which applies to cases filed in different districts, and concerning

24 duplicative complaints filed by the same plaintiff.  (*Id.* at 10.)  Sandys' counsel went so

25 far as to argue "[t]here is no legal authority for consolidating class actions that seek to

26 represent the same class and assert the same claims" (*id.* at 12:11) when her own

27 counsel previously lost a similar attempt to prevent such consolidation, and witnessed it

28

OPPOSITION TO SANDYS' MOTION FOR INTERIM LEAD CLASS COUNSEL

1    in her very own case.  *See Bates v. Kashi Co.*, Case No. 11-cv-1967-H (S.D. Cal.),

2    Docket No. 16 (Order Consolidating Cases).  The Class here deserves better counsel.

   **D.     The Golan Law Firm Does Not Have the Resources to Litigate the Case**

4         Currently, the only member of the B&A Group admitted to practice before this

5    Court is Yvette Golan.  Her declaration mentions nothing of her law firm's ability to

6    commit resources to this litigation, and instead mirrors Mr. Berg's declaration.

7    *Compare* Golan Decl. ¶17 *with* Berg Decl. ¶ 16.  However, as discussed *supra*, neither

8    Mr. Berg, nor any member of his firm, are currently licensed to practice in California

9    and have not even been admitted *pro hac vice* or filed a Notice of Appearance in the

10   case.  Although the B&A Group promise to commit all necessary resources to the

11   litigation, neither firm has an office in California, where Naked Juice Co. of Glendora,

12   Inc. is headquartered.  In direct contrast, three of four Pappas Group law firms are

13   located in Los Angeles County within minutes of Naked Juice Co. of Glendora, Inc.'s

14   headquarters where the alleged claims emanated and depositions may ensue.

   **E.     The Court Should Consider Proposed Lead Counsel's Ability to**
            **Command the Respect of, and Cooperate with, Other Counsel**
            **Involved.**

18        As the Manual for Complex Litigation acknowledges, "Complex litigation often

19   involves numerous parties with common or similar interest but separate counsel. . . .

20   Instituting special procedures for coordination of counsel early in the litigation will help

21   to avoid these problems."  MANUAL § 10.22.  The Manual also sets forth factors judges

22   should consider when making lead counsel designation, including "the attorneys' ability

23   to command the respect of their colleagues and work cooperatively with opposing

24   counsel and the court."  *Id.* at § 10.224, p.27.

25        Published case law further supports the proposition that the Court should consider

26   the ability of counsel seeking lead designation to work with other counsel involved in

27   the actions:

28

1
2
3
4
5

> Interim class counsel will also be acting on behalf of other attorneys and those other attorneys' clients in the role of lead counsel or liaison counsel. Thus, other considerations come into play, including among others the attorneys' ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court. *See* Manual § 10.224 (2004). Ultimately, the court's goal is "achieving efficiency and economy without jeopardizing fairness to the parties." *Id.* at 25.

6   *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57-58 (E.D.N.Y. 2006);

7   *cf.* JPML, *Ten Steps to Better Case Management: A Guide for Multidistrict Litigation*

8   *Transferee Judges* at § III, p.3 (2009) (available at <

9   http://www.jpml.uscourts.gov/TenSteps-MDLGuide-2009-Transferee_Judges.pdf> (last

10   visited Oct. 10, 2011)) (advising judges hearing multidistrict litigation to "[i]dentify and

11   appoint counsel who are vigorous advocates, constructive problem-solvers, and also

12   civil with their adversaries. Particularly in cases where there is related state court

13   litigation, lead counsel must have the self-confidence to include other attorneys in the

14   committee structure and delegate significant responsibilities to them."). The Pappas

15   Group understand that sometimes class actions involve numerous cases, parties and

16   attorneys, which must work together in order to effectively resolve the case.

17        Instead of working in conjunction with the Pappas Group, Sandys' counsel

18   refused to even to discuss a potential structure of plaintiffs' counsel, and attempts by the

19   Pappas Group to work together were immediately rejected. Ironically enough, Sandys'

20   counsel regards all other actions as "duplicative," yet instead of working with

21   California-based counsel with cases already on file, Sandys' counsel aligned herself

22   with a Texas-based firm, the Berg & Androphy firm. Sandys' counsel then took the

23   position that, rather than cooperate, all other Plaintiffs' cases should be dismissed and,

24   ultimately, Sandys' counsel refused to cooperate in any way with the Pappas Group.

25   (Declaration of Tina Wolfson ¶¶ 2-4.)

26   ////

27   ////

28

OPPOSITION TO SANDYS' MOTION FOR INTERIM LEAD CLASS COUNSEL

1  **F.      Other Factors Convey B&A's Inability to Fairly and Adequately**
2  **Represent the Class**

3       Of greatest concern is the responsibility to present substantive and procedural
4  issues to the Court, work with opposing counsel, conduct the principal examination of
5  deponents, and arrange support services. *Id.* at § 10.221.  The B&A Group have already
6  demonstrated an inability to present substantive and procedural issues to the Court, and
7  an inability to work with opposing counsel.

8       Up to this point in the litigation, the B&A Group have only expressed a refusal to
9  cooperate with experienced counsel and defense counsel to consolidate cases and
10  impose a management structure.  Each of the three firms the Pappas Plaintiffs suggest as
11  Interim Co-Lead Class Counsel have very recent and very extensive experience
12  litigating in this District and will strictly adhere to this Court's Local Rules, which
13  Plaintiff Sandys' counsel have already violated.

14       The fact that the Pappas Group took the initiative in meeting & conferring in an
15  attempt to consolidate the claims and pre-class certification responsibilities among
16  plaintiffs' counsel shows that they will most effectively prosecute this action.  The
17  Pappas Group also has coordinated a Rule 26f conference with Defendant, drafted a
18  unified set of document requests and interrogatories, and are working on a consolidated
19  complaint for filing with the Court.

20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

## CONCLUSION

Based on the foregoing, the Pappas Plaintiffs respectfully request that the Court deny the B&A Group's Motion to Appoint them Interim Lead Class Counsel.

Dated:          January 13, 2011          **AHDOOT & WOLFSON, APC**

/s/ Tina Wolfson
Tina Wolfson
10850 Wilshire Blvd., Suite 370
Los Angeles, California 90024
Tel: 310-474-9111; Fax: 310-474-8585

*Attorneys for Plaintiff, Natalie Pappas*

Dated:          January 13, 2012          **RIDOUT & LYON, LLP**

/s/ Christopher P. Ridout
Christopher P. Ridout, Esq.
555 E. Ocean Blvd., Ste. 500
Long Beach, California  90802
Tel: 562-216-7380; Fax: 562-216-7385

*Attorneys for Plaintiff, Christopher Evans*

Dated:          January 13, 2012          **FINKELSTEIN THOMPSON LLP**

/s/ Rosemary M. Rivas
Rosemary M. Rivas, Esq.
100 Bush Street, Suite 1450
San Francisco, CA 94104
Tel: 415-398-8700; Fax:  415-398-8704

*Attorneys for Plaintiff, Russell Marchewka*

1

2  Dated:        January 13, 2012        **GLANCY BINKOW & GOLDBERG**

3                                        **LLP**

4                                                /s/ Marc L. Godino
                                         Marc L. Godino
5                                        1925 Century Park East, Suite 2100
                                         Los Angeles, California 90067
6                                        Tel: 310-201-9150; Fax: 310-201-9160

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION TO SANDYS' MOTION FOR INTERIM LEAD CLASS COUNSEL

## <u>DECLARATION OF TINA WOLFSON</u>

I, Tina Wolfson, declare as follows:

1.     I am counsel for Plaintiff Natalie Pappas in these actions.  The matters stated herein are true of my own knowledge or, where indicated, I am informed and believe that they are true.  If called upon as a witness, I could and would competently testify to these facts.

2.     In October 2011, I reached out to Sandys' counsel, Yvette Golan, in an effort to work together and formulate a mutually agreeable structure for proposed lead counsel in these actions.  Ms. Golan refused to cooperate with my firm, and it was only afterward that Ms. Golan announced, via an email dated November 3, 2011, that the firm of Berg & Androphy had joined her as co-counsel.

3.     In November, after Berg & Androphy joined Ms. Golan as Plaintiff Sandys' co-counsel, I attempted once again to negotiate a mutually agreeable leadership structure with them and with counsel for the other Plaintiffs in the related actions. Sandys' counsel, Ms. Golan and David Berg, refused to cooperate and, instead, insisted that all other Plaintiffs' cases should be dismissed.

4.     I once again attempted to negotiate a mutually agreeable leadership structure with Sandys' counsel in December 2011, after successfully negotiating a structure with all other Plaintiffs' counsel.  Again, Sandys' counsel refused to cooperate in any way with other Plaintiffs' counsel.

I declare under penalty of perjury pursuant to the laws of California and the United States that the foregoing is true and correct.  Executed this 13th day of January, 2012.

Tina Wolfson

---

OPPOSITION TO SANDYS' MOTION FOR INTERIM LEAD CLASS COUNSEL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to the within action; my business address is **10850 Wilshire Boulevard, Suite 370, Los Angeles, California 90024.**

On January 13, 2012, I served the foregoing document(s) described as:

**PAPPAS GROUP'S OPPOSITION TO SANDYS' MOTION FOR ORDER APPOINTING INTERIM LEAD CLASS COUNSEL; DECLARATION OF TINA WOLFSON**

on the interested parties in this action by placing the true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

[ ] **(VIA PERSONAL SERVICE)** By causing to be delivered the document(s) listed above to the person(s) at the address(es) set forth above.

[X] **(VIA U.S. MAIL)** In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth below.

[X] **(VIA ELECTRONIC MAIL)** By causing to be delivered the document(s) listed above to the person(s) at the electronic mail address(es) set forth above.

[X] (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 13, 2012, at Los Angeles, California.

/s/ Bradley King

BRADLEY KING

---

1

**<u>SERVICE LIST</u>**

Case No. LA CV-11-08007-JAK (PLAx)


BERG & ANDROPHY
David Berg
Chris Gaudoury
3704 Travis St.
Houston, TX 77002
dberg@bafirm.com
cgaduory@bafirm.com

THE GOLAN LAW FIRM
Yvette Golan
1919 Decatur St.
Houston, TX 77007
ygolan@tgfirm.com

FLASHPOINT LAW, INC.
Shirish Gupta
1900 S. Norfolk St., Ste. 350
San Mateo, CA 94403
sgupta@flashpointlaw.com

*Attorneys for Plaintiff, Sara Sandys*


GIBSON, DUNN & CRUTCHER LLP
Christopher Chorba
333 South Grand Avenue
Los Angeles, CA 90071
cchorba@gibsondunn.com

*Attorneys for Defendants, Naked Juice Co. of Glendora, Inc., and PepsiCo, Inc.*

OPPOSITION TO SANDYS' MOTION FOR INTERIM LEAD CLASS COUNSEL