TINA WOLFSON, SBN 174806
twolfson@ahdootwolfson.com
ROBERT AHDOOT, SBN 172098
rahdoot@ahdootwolfson.com
**AHDOOT & WOLFSON, P.C.**
10850 Wilshire Boulevard, Suite 370
Los Angeles, California 90024
Tel: 310-474-9111; Fax: 310-474-8585

*Attorneys for Plaintiff, Natalie Pappas*

CHRISTOPHER RIDOUT, SBN 143931
c.ridout@ridoutlyonlaw.com
DEVON LYON, SBN 218293
d.lyon@ridoutlyonlaw.com
**RIDOUT & LYON, LLP**
555 E. Ocean Blvd., Ste. 500
Long Beach, California 90802
Tel: 562-216-7380; Fax: 562-216-7385

ROSEMARY RIVAS, SBN 209147
rrivas@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
100 Bush Street, Suite 1450
San Francisco, CA 94104
Tel: 415-398-8700; Fax: 415-398-8704

*Attorneys for Plaintiff, Christopher Evans*   *Attorneys for Plaintiff, Russell Marchewka*

*Proposed Interim Class Counsel*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NATALIE PAPPAS,<br><br>Plaintiff,<br><br>v.<br><br>NAKED JUICE CO. OF GLENDORA, INC., *et al.*<br><br>Defendants. | CASE NO. LA CV-11-08276 JAK (PLAx)<br><br>**PAPPAS PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION FOR AN ORDER (1) CONSOLIDATING ACTIONS, AND (2) APPOINTING INTERIM CO-LEAD COUNSEL; DECLARATION OF ROBERT AHDOOT**<br><br>Date: February 6, 2012<br>Time: 8:30 a.m.<br>Courtroom: 750 (7th Floor)<br><br>The Honorable John A. Kronstadt<br>Action Filed: October 5, 2011 |

| | |
|---|---|
| *This document also relates to the following related action:*<br><br>SARA SANDYS,<br><br>           Plaintiff,<br><br>   v.<br><br>NAKED JUICE COMPANY [sic], *et al.*<br><br>           Defendants. | CASE NO. LA CV11-08007-JAK (PLAx)<br><br><br>The Honorable John A. Kronstadt<br>Action Filed: September 27, 2011 |
| *This document also relates to the following related action:*<br><br>RUSSELL MARCHEWKA,<br><br>           Plaintiff,<br><br>   v.<br><br>NAKED JUICE CO. OF GLENDORA, INC.<br><br>           Defendant. | CASE NO. SA CV-11-01701 JAK (PLAx)<br><br>The Honorable John A. Kronstadt<br>Action Filed: November 7, 2011 |
| *This document also relates to the following related action:*<br><br>CHRISTOPHER EVANS,<br><br>           Plaintiff,<br><br>   v.<br><br>NAKED JUICE CO. OF GLENDORA, INC., *et al.*<br><br>           Defendants. | CASE NO. LA CV-11-9412-JAK (PLAx)<br><br><br>The Honorable John A. Kronstadt<br>Action Filed: November 10, 2011 |
| *This document also relates to the following related action:*<br><br>GINA PARK,<br><br>           Plaintiff,<br><br>   v.<br><br>NAKED JUICE CO. OF GLENDORA, INC., *et al.*<br><br>           Defendants. | CASE NO. LA CV-11-9677-JAK (PLAx)<br><br><br>The Honorable John A. Kronstadt<br>Action Filed: November 21, 2011 |

**REPLY MEMO OF P&A ISO JOINT MOTION FOR AN ORDER (1) CONSOLIDATING ACTIONS, & (2) APPOINTING INTERIM CO-LEAD COUNSEL**

# INTRODUCTION

Plaintiff Sara Sandys ("Sandys") opposes consolidation of five related class actions pending in this District,[1] although consolidation is clearly appropriate under Fed. R. Civ. P. 42(a). Sandys reasons that because her complaint was the first on file (by a mere *eight* days), all other cases should be stayed, enjoined, or dismissed and that her lawyer, Ms. Yvette Golan, a solo practitioner with no consumer rights litigation or class action experience, should be appointed Interim Lead Class Counsel.[2] In the alternative, Sandys proposes that counsel for Plaintiffs Pappas, Marchewka, Evans, and Park ("Pappas Plaintiffs") simultaneously "represent the individuals in their individual capacity," a procedure that is not tenable as it would result in duplicative efforts and resources by all parties and the Court. *See* Plaintiff Sandys' Opposition to Pappas Plaintiffs' Motion to Appoint Interim Lead Class Counsel ("Sandys' Opp.") at 2.

Sandys' counsel continues to maintain this unmeritorious position despite the fact that another federal court rejected it. Ms. Golan advanced the same position in another consolidated class action entitled *Bates v. Kashi,* Case 3:11-cv-01967-H-BGS (S.D. Cal.) ("*Bates*") but the Honorable Marilyn Huff granted consolidation over Golan's objections based on a procedural history similar to the one here. *See* Declaration of Robert Ahdoot ("Ahdoot Decl."), ¶ 3, Exh. A.

---

[1] *See Sandys v. Naked Juice Company* [sic], No. 2:11-cv-08007 JAK (PLAx) ("*Sandys*"; filed September 27, 2011); *Pappas v. Naked Juice Co. of Glendora, Inc.*, No. 2:11-cv-08276 JAK PLA ("*Pappas*"; filed October 5, 2011); *Marchewka v. Naked Juice Co. of Glendora, Inc.*, No 2:11-cv-01701 JAK (PLAx) ("*Marchewka*"; filed November 7, 2011); *Evans v. Naked Juice Co. of Glendora, Inc.*, No. 2:11-cv-09412 JAK (PLAx) ("*Evans*"; filed November 10, 2011); *Park v. Naked Juice Co. of Glendora, Inc.*, No. 2:11-cv-09677 JAK (PLAx) ("*Park*"; filed November 21, 2011).

[2] Although the Texas based law firm of Berg & Androphy previously joined in Sandys' Motion for Interim Lead Class Counsel, (*Sandys* Dkt. No. 23), Ms. Golan recently alerted the Pappas Group that "Berg & Androphy will be withdrawing" because "[a]nother firm has requested to join as lead counsel." *See* accompanying Declaration of Robert Ahdoot, ¶ 4, Exh. B. As of the filing of this Reply, Ms. Golan has yet to disclose the identity of the new firm and such firm has not filed a notice of appearance. Nor has Ms. Golan filed a notice withdrawing or amending her motion for appointment of Interim Lead Class Counsel. Berg & Androphy has also failed to file a notice withdrawing from the case.

Sandys' opposition should be rejected here as well because it stems from a fundamental lack of understanding of consolidation and its goals of judicial economy and cost-savings for both parties and the Court. This fundamental lack of understanding of complex litigation is another reason that Sandys' counsel is not appropriate lead counsel pursuant to Fed. R. Civ. P. 23(g), which mandates that counsel best experienced in the prosecution of class actions play the lead role.

As the Pappas Plaintiffs showed in their Joint Motion to Consolidate Cases and Appoint the Pappas Group as Interim Co-Lead Class Counsel (the "Opening Brief"; *Pappas* Dkt. No. 18), and which Plaintiff Park joins in and supports,[3] the factors the Court considers under Fed. R. Civ. P. 42(a)(2) for the consolidation of related actions are present here. Further, the attorneys representing the Pappas Plaintiffs, Ahdoot & Wolfson PC, Finkelstein Thompson LLP, and Ridout & Lyon LLP (the "Pappas Group"), are the attorneys best qualified to represent Plaintiffs and the Proposed Class when considering the factors under Fed. R. Civ. P. 23(g). Contrary to Sandys' assertions, the "first on file" is not a factor under Fed. R. Civ. P. 23(g). Accordingly, the Pappas Plaintiffs respectfully request that the Court grant their motion for consolidation and appoint their attorneys as Interim Co-Lead Class Counsel.

## ARGUMENT

### I. CONSOLIDATION OF THE FIVE NAKED JUICE CASES AND THE FILING OF A CONSOLIDATED COMPLAINT WILL RESULT IN EFFICIENCY AND AVOID UNNECESSARY DUPLICATION

All parties to the *Pappas*, *Marchewka*, *Evans*, and *Park* actions, including four experienced, California-based, consumer class action law firms as well as Defendants

---

[3] *Park v. Naked Juice Co. of Glendora, Inc.*, No. 2:11-cv-09677 JAK (PLAx) was filed on November 21, 2011. The case is currently pending in front of this Court, and Plaintiff Park supports consolidation and the Pappas Group's proposed leadership structure.

and their counsel,[4] support consolidation of the five related cases pending before this Court. Only Sandys opposes the motion, asking the Court to instead issue a stay under Fed. R. Civ. P. 42(a)(3), but she does not explain how a stay will "avoid unnecessary cost or delay," as required under Fed. R. Civ. P. 42(a)(3).

The weight of the authority supports consolidation under these circumstances, which may be granted in the Court's discretion, notwithstanding a party's objection to consolidation. *Investors Research Co. v. United States District Court for the Central District of California*, 877 F.2d 777, 777 (9th Cir. 1989) (court has broad discretion to consolidate cases); *In re Consolidated Salmon Cases*, 688 F. Supp. 2d 1001, 1010 (E.D. Cal. 2011) (granting consolidation over defendant's objection).[5] The Pappas Group incorporates by reference Defendants' thorough discussion of consolidation under Fed. R. Civ. P. 42(a)(2) and arguments that the first-to-file rule addresses federal comity issues and is inapplicable to this case because all of the actions are pending in the same district and in front of the same judge. *See* Defendants' Reply In Support of Its Motion to Consolidate Related Class Actions (*Sandys* Dkt. No. 48 at p. 1-8) ("Def. Reply"). As Judge Huff did in *Bates,* this Court should reject Sandys' "stay, enjoin or dismiss" argument. *See* Ahdoot Decl., ¶ 3, Exh A.

Consolidation provides a method for courts to adequately manage their docket in cases involving "common question(s) of law or fact," such as the five pending Naked

---

[4] Defendants filed a Motion to Consolidate Cases in the Sandys' case on November 21, 2011 (*Sandys* Dkt. No. 20) and filed a Reply In Support of their Motion to Consolidate the Cases on January 23, 2012 (*Sandys* Dkt. No. 48). Similarly, the Pappas Plaintiffs filed a Joint Motion To Consolidate the Cases on November 21, 2011 (*Pappas* Dkt. No. 18). Proposed Interim Co-Lead Class Counsel support Glancy Binkow & Goldberg LLP as a member of the Executive Committee.

[5] *Compare* with Sandys' unsupported position that "there is very little case law regarding consolidation of class actions" and "[w]hen consolidation is permitted, it is because all counsel have agreed to consolidation." Sandys' Opp. at p. 6:7-8.

Juice cases.[6] Typically, related litigation is assigned to the same judge, at which time "[p]retrial proceedings . . . [are] coordinated or consolidated under Federal Rule of Civil Procedure 42(a)." MANUAL FOR COMPLEX LITIGATION ("*MANUAL*"), § 10.123, at p. 20 (4th ed. 2004).

The Pappas Group understands that complex litigation, including consumer class actions, routinely involves "numerous parties with common or similar interest but separate counsel." *MANUAL*, § 10.22 p. 37. In these instances, counsel are encouraged to work together to "coordinate their activities without the court's assistance," to help avoid duplicative complaints, motions, and arguments. *Id.* The parties and the Court will benefit from the Pappas Group's coordinated efforts which include proposing a workable leadership structure that ensures the cases are adequately staffed but eliminates duplicative efforts; jointly meeting and conferring with Defendants pursuant to Rule 26(f) as opposed to holding separate meetings; developing a joint discovery plan and drafting joint document requests and interrogatories; drafting a proposed consolidated complaint; preparing Joint Initial Disclosures; and filing a Joint Status Report with Defendants for filing with the Court. *See Pappas* Dkt. No. 31. Despite Ms. Golan's lack of class action experience and resources, the Pappas Group invited her to participate on the Executive Committee and coordinate efforts with the Pappas Group, but Ms. Golan declined, insisting that she alone should be Interim Lead Class Counsel. *See* Rivas Decl., ¶ 20 (*Pappas* Dkt. No. 18-3.).

Sandys' reliance on Fed. R. Civ. P. 42(a)(3) in support of staying, enjoining, or dismissing the related cases is misplaced. Rule 42(a)(3) permits a Court to "issue any other orders to avoid unnecessary cost or delay," but staying or enjoining the related cases would duplicate discovery and pretrial practice because at some point the cases

---

[6] Sandys, the Pappas Plaintiffs, and Defendants all agree that the cases involve common questions of law and fact. *See* Sandys' Opp. at pp.1-2, 5:4-9, 6:16-17 (recognizing that the five cases are based on the same set of facts and contain many of the same material allegations).

will proceed.[7] Similarly, Sandys' reliance on the MANUAL to support a stay is taken out of context. The MANUAL encourages a stay when related cases are pending in different districts and cannot be transferred to a single district. *See* MANUAL, § 20.14, p. 274, entitled "Coordination Between Courts." All of the cases are currently before this Court and are in their infancy, which is quite different from the situation where there are a number of cases pending in different districts or state courts as described in the MANUAL.

### B. Intervention Is Not Required Under Rule 23(g)

Sandys confuses intervention and the appointment of class counsel. Relying on citations taken out of context, Sandys suggests that the Court should consider only the attorney who filed the first complaint for Interim Class Counsel. Sandys' Opp. at p. 3. According to Sandys, only if the attorney who filed the first case is inadequate may other attorneys move to intervene. *Id.* However, according to Sandys, if the first attorney to file is adequate, additional counsel may not intervene and their only remedy is to call the attorney who first filed to negotiate a leadership position. *Id.* Not surprisingly, there is no support for this under Rule 23(g).

Fed. R. Civ. P. 23(g)(2) states that "[i]f more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interest of the class." Noticeably absent from Rule 23(g) is any language requiring intervention in the first filed case. Moreover, Sandys only cites cases denying intervention when the case is in advanced stages of litigation, *i.e.*, has been certified as a class action, is in the remedial stage, or on remand from an appeal.[8] Here, the cases are in their infancy as

---

[7] Defendants agree. *See* Def. Reply at p. 7:2-3.

[8] *See* Rule 24 Advisory Committee Notes to the 1966 Amendment (assuming class already certified); *Morgan v. McDonough*, 726 F.2d 11 (1st Cir. 1983) (motion to intervene filed at the remedial phase of litigation); *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987) (motion to intervene filed at the advanced remedial stage); *Hawaii-Pacific Venture Capital Corp. v. Rothbard*, 564 F.2d 1343, 1346 (9th Cir. 1977) (motion to intervene filed after class certified, judgment entered and case appealed and remanded); *Wade v. Goldschmidt*, 673 F.2d 182, 186 n.7 (7th Cir. 1982) (motion to intervene filed in eminent domain case after amended complaint filed and trial date set).

Defendants have not yet filed an answer to any of the complaints and it would be duplicative and burdensome for them to do so.  Finally, Sandys' belief that intervention and permitting counsel to represent the plaintiffs in their individual capacity is preferred to consolidation is indicative of her inability to efficiently manage class action litigation on behalf of a Class of consumers nationwide.  *See* Sandys' Opp. at 3.

### C. A Consolidated Complaint Will Avoid Unnecessary Costs and Delay

Setting aside Sandys' improper inclusion of a claim for assault and battery,[9] all actions, at their core, are false advertising cases seeking redress in the form of damages, restitution, and injunctive relief on a class wide basis.

Collectively, the Pappas Group coordinated their efforts and prepared a proposed consolidated complaint alleging proper causes of action.  They are prepared to file it if the Court orders consolidation.  If a consolidated complaint is filed, Defendants will need to respond to only one complaint, and this Court will only need to rule on one motion to dismiss, which will prevent unnecessary cost or delay as dictated in Fed. R. Civ. P. 42(a)(3).  *See In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp 161, 176 (C.D. Cal. 1976) ("argument and consideration of class action issues has been made considerably easier by the consolidated complaint, because the court has not had to go through varying and conflicting class allegations that may have been stated in each separate complaint. . . ."); *see also* MANUAL, § 20.11 (discussing related civil cases in the same court and stating, "When cases are coordinated or consolidated, the court should enter an order establishing a master file for the litigation . . . relieving the parties from

---

[9] The inclusion of the assault and battery claim requires that Sandys "reasonably believe that . . . she was about to be touched in a harmful manner." *See* Council on California Civil Jury Instructions, § 1301 (Assault).  However, inclusion of an assault claim prejudices her ability to credibly allege that she was deceived when she purchased the Naked Juice Products, and puts her standing under the UCL and FAL in jeopardy.  Moreover, personally injury claims are less likely to be certified in light of the inherent individual inquiry required.  Contrary to her argument that inclusion of additional claims puts her complaint on stronger footing, the inclusion of claims that present such a conflict between Sandys' other claims, and a conflict between Sandys and other class members, further proves the fact that Sandys' counsel lacks experience in the area of consumer class actions and is not appropriate for lead.

multiple filings of the same pleadings, motions, notices orders and discovery materials."). As the record makes clear, the Pappas Group only seeks consolidation of pending cases, not future cases. In fact, no new cases have been filed and, in the experience of the Pappas Group, the filing of a consolidated complaint and appointment of Interim Class Counsel pursuant to Fed. R. Civ. P. 23(g) reduces the probability that additional cases will be filed. If other cases are filed after consolidation, the Pappas Group has experience in dealing with such situations.

## II.   FED. R. CIV. P. 23(g) FACTORS WEIGH IN FAVOR OF APPOINTING THE PAPPAS GROUP AS INTERIM COUNSEL

To avoid repetitive argument, the Pappas Group refers and incorporates by reference their arguments in Opposition to Sandys' Motion For Order Appointing Interim Lead Class Counsel, which the Court had granted leave to file in *Sandys* on January 18, 2012 (*Sandys* Dkt. No. 50). Further, as discussed *supra*, footnote 2, the recent departure of Berg & Androphy is another significant reason to appoint the Pappas Group as Interim Co-Lead Class Counsel. In denying Ms. Golan and Berg & Androphy's motion for appointment of Interim Class Counsel in *Bates*, Judge Huff found that they did not have the resources when compared to other candidates. This finding rings even more true here now that Ms. Golan is the only lawyer representing Sandys. Plaintiffs and the Class deserve experienced and resourceful counsel, criteria that the Pappas Group satisfies. The relevant factors under Rule 23(g) weigh in favor of appointing the Pappas Group as Interim Co-Lead Class Counsel.

### A.   The Pappas Group Conducted an In Depth Investigation.

Instead of focusing on the Rule 23(g) factors, Sandys critiques the class action device, claiming that class actions are "lawyer-driven" and then accuses the Pappas Group of being "opportunistic in will and intent." Sandys' Opp. at 4:14-24. The Pappas Group will not address these baseless accusations except to say that they tried to discuss consolidation and a proposed leadership structure that included Ms. Golan on several occasions, beginning in October, 2010, and as recently as January 19, 2012 (after Judge

Huff issued her order in *Bates*), but she rejected the overture out of hand. Rivas Decl., ¶ 20 (*Pappas* Dkt. No. 18-3). Since the lawyers in the Pappas Group are experienced and knowledgeable in class litigation, they took it upon themselves to coordinate their efforts. There was simply no conspiracy or bad motive on their part, contrary to Ms. Golan's baseless accusations. Moreover, the appointment of three or more firms to act as Interim Co-Lead Class Counsel is not unheard of, especially where the firms will take steps to avoid duplicative efforts, as the Pappas Group has done in this case. *See, e.g., In re Sony Gaming Networks and Customer Data Security Breach Litigation*, No. 3:11-md-02258-AJB-MDD (S.D. Cal. November 30, 2011) (Dkt. No. 60) (appointing three firms to the Plaintiffs' Steering Committee and one firm as liason counsel); *Whitaker v. Health Net of California* (E.D. Cal. July 22, 2011) (Dkt. No. 33) (appointing three firms as co-lead interim counsel, one firm as liason counsel and seven firms to the Executive Committee); *In re Sony PS3 "Other OS" Litig.*, No. 10-01811 RS (N.D. Cal. June 30, 2010) (Dkt. No. 12) (appointing three attorneys as interim co-lead counsel); *In re: Chase Bank USA, N.A., "Check Loan" Contract Litig.*, MDL No. 2032, No. 09-2032 MMC (N.D. Cal.) (Dkt. No. 22) (appointing attorneys from six firms to executive committee, one firm as liaison counsel, and a member of each firm to the steering committee); *In re Hydrogen Peroxide Antitrust Litig.*, 240 F.R.D. 163, 177 (E.D. Pa. 2007) (appointing four-firm structure as co-lead counsel).

What Sandys does not address are the declarations each member of the Pappas Group submitted explaining the thorough and extensive investigation they conducted of the Naked Juice ingredients, their chemical composition, and the representations made on Naked Juice labels. *See* Wolfson Decl., ¶ 15 (*Pappas* Dkt. No. 18-1); Rivas Decl., ¶¶ 2-4 (*Pappas* Dkt. No. 18-3; and Ridout Decl., ¶14 (*Pappas* Dkt. No. 18-2). Instead, in conclusory fashion, Sandys accuses the Pappas Group of filing copycat complaints, despite the fact that a review of the *Pappas*, *Marchewka*, *Evans*, and *Park* complaints shows otherwise. The Pappas Group alleges important claims for violations of the California Consumers Remedies Act ("CLRA"), which provide robust remedies. These

claims are simply absent from the Sandys' complaint and undercut her arguments. Additionally, as discussed above, Sandys raises dubious claims, such as a claim for assault and battery. See, *supra*, footnote 10. Sandys critiques the complaints filed by the Pappas Plaintiffs as somehow missing important allegations, such as "what defendants intended by their labels" (Sandys' Opp. at 8:21-23). The claims asserted by the Pappas Plaintiffs, however, do not require these types of allegations.

### B. The Pappas Group Has In Depth Experience and Knowledge of Litigating Consumer Class Actions.

The Pappas Group has substantial experience litigating class actions under the CLRA, UCL, and FAL to successful conclusion, and have obtained millions of dollars on behalf of consumers, as explained in their declarations. *See* Wolfson Decl. ¶ 7; Rivas Decl. ¶¶ 5-7; Ridout Decl. ¶¶ 10-12. In contrast, Ms. Golan has never represented consumers, much less in class actions, and lacks the substantive and procedural knowledge required to litigate a class action. As discussed *supra*, the Sandys' complaint alleges causes of action which are inappropriate for class treatment and omits a critical CLRA claim.[10] Further, Sandys has violated rule after rule in her case, failing to follow local rules and court orders. Most recently, for example, Sandys violated the Court's Order of January 18, 2012 (*Sandys* Dkt. No. 40) requiring her to meet and confer with the Pappas Plaintiffs.

### C. The Pappas Group Has the Resources Necessary to Litigate this Case.

As discussed in great detail in prior filings, the Pappas Group has the resources necessary to litigate this case. With a number of attorneys in offices in San Francisco and Los Angeles, the Pappas Group is well equipped to ensure the cases are adequately staffed and to ensure that costs associated with traveling to court hearings and

---

[10] If the Court is concerned with the Pappas Group's decision to exclude a Non-GMO claim, the Pappas Group asks this Court conduct an *in camera* hearing so as to not prejudice or waive any arguments Plaintiffs may have.

depositions are low. They also have a track record of funding significant class actions lasting over the course of several years to successful conclusion. In contrast, there is no evidence that Ms. Golan can adequately manage litigating a nationwide class action by herself against resourceful defendants, much less the resources to cover the costs of discovery, experts, and class notice should the case be certified, especially now that Berg & Androphy have departed. Accordingly, this factor weighs in favor of the Pappas Group.

Sandys' opposition relies primarily on Managing Class Action Litigation: A Pocket Guide for Judges ("Pocket Guide") and the *MANUAL*; however, much of the authority she relies on is taken out of context. First, she cites to the Pocket Guide for support that the lawyer who first filed the case should be appointed lead counsel, but the Pocket Guide says that typically, a class action requires substantial resources and that attorneys will discuss "private ordering" and suggest a leadership structure to the Court. Moreover, even if a "single-lawyer model," is applied, Sandys' counsel is not the best counsel available to the class here under Fed. R. Civ. P. 23(g).

## CONCLUSION

Based on the foregoing, the Pappas Plaintiffs respectfully request that the Court order consolidation and appoint their counsel, Ahdoot & Wolfson, PC, Finkelstein Thompson LLP, and Ridout & Lyon, LLP as Interim Co-Lead Class Counsel, and the law firm of Glancy Binko & Goldberg LLP to the Executive Committee, pursuant to Fed. R. Civ. P. 23(g).

Dated:       January 27, 2012            **AHDOOT & WOLFSON, PC**

/s/ Tina Wolfson
Tina Wolfson, Esq.
10850 Wilshire Blvd., Suite 370
Los Angeles, California 90024
Tel: 310-474-9111; Fax: 310-474-8585

*Attorneys for Plaintiff, Natalie Pappas*

| | | |
|---|---|---|
| Dated: | January 27, 2012 | **RIDOUT & LYON, LLP** |

/s/ Christopher P. Ridout
Christopher P. Ridout, Esq.
555 E. Ocean Blvd., Ste. 500
Long Beach, California 90802
Tel: 562-216-7380; Fax: 562-216-7385

*Attorneys for Plaintiff, Christopher Evans*

| | | |
|---|---|---|
| Dated: | January 27, 2012 | **FINKELSTEIN THOMPSON LLP** |

/s/ Rosemary M. Rivas
Rosemary M. Rivas, Esq.
100 Bush Street, Suite 1450
San Francisco, CA 94104
Tel: 415-398-8700; Fax: 415-398-8704

*Attorneys for Plaintiff, Russell Marchewka*

| | | |
|---|---|---|
| Dated: | January 27, 2012 | **GLANCY BINKOW & GOLDBERG LLP** |

/s/ Marc Godino
Marc Godino, Esq.
1925 Century Park East Suite 2100
Los Angeles, CA 90067
Tel: (310) 201-9150; Fax: (310) 201-9160

*Attorney Attorneys for Plaintiff, Gina Park*

---

11
**REPLY MEMO OF P&A ISO JOINT MOTION FOR AN ORDER (1) CONSOLIDATING ACTIONS, & (2) APPOINTING INTERIM CO-LEAD COUNSEL**

# DECLARATION OF ROBERT AHDOOT

I, Robert Ahdoot, declare as follows:

1. I am an attorney at law licensed to practice in the State of California, I am a member of the bar of this Court, and I am a partner at Ahdoot & Wolfson, P.C., counsel of record for Natalie Pappas ("Pappas") in *Pappas v. Naked Juice Co. of Glendora, Inc., et al.*, LA CV-11-08276-JAK-PLAx ("*Pappas*"; filed October 5, 2011). I have personal knowledge of and/or am informed and believe the facts set forth in this declaration and, if called as a witness, could and would competently testify thereto under oath.

2. Along with *Pappas*, three other actions have been related to the *Sandys* action: *Marchewka v. Naked Juice Co. of Glendora, Inc.*, No. LA CV-11-01701-JAK (PLAx) ("*Marchewka*"; filed November 7, 2011); *Evans v. Naked Juice Co. of Glendora, Inc., et al.*, No. LA CV-11-09412-JAK (PLAx) ("*Evans*"; filed November 10, 2011); and *Park v. Naked Juice Co. of Glendora, Inc., et al.*, No. LA CV-11-09677-JAK (PLAx) ("*Park*"; filed November 21, 2011). Plaintiffs in these three related actions and Pappas have coordinated their efforts as the "Pappas Plaintiffs."

3. In *Bates v. Kashi,* Case 3:11-cv-01967-H-BGS (S.D. Cal.), the Honorable Marilyn Huff granted consolidation over the objections of Ms. Yvette Golan, counsel for Plaintiff Bates in that case and counsel for Plaintiff Sandys here, based on a procedural history similar to the one here. Attached and incorporated herein as **Exhibit A** is a true and correct copy of that Court's order dated January 18, 2012.

4. On January 19, 2012, Ms. Golan indicated to counsel for the Pappas Plaintiffs that the Berg & Androphy firm was withdrawing from the *Sandys* action. Attached and incorporated herein as **Exhibit B** is a true and correct copy of Ms. Golan's email dated January 19, 2012.

////
////
////
////

---

1
**REPLY MEMO OF P&A ISO JOINT MOTION FOR AN ORDER (1) CONSOLIDATING ACTIONS, & (2) APPOINTING INTERIM CO-LEAD COUNSEL**

1   I declare under penalty of perjury under the laws of the United States that the
2   foregoing is true and correct.  Executed on January 27, 2012, at Los Angeles, California.

_____
Robert Ahdoot

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to the within action; my business address is **10850 Wilshire Boulevard, Suite 370, Los Angeles, California 90024.**

On January 27, 2012, I served the foregoing document(s) described as:

**PAPPAS PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION FOR AN ORDER (1) CONSOLIDATING ACTIONS, AND (2) APPOINTING INTERIM CO-LEAD COUNSEL; DECLARATION OF ROBERT AHDOOT**

on the interested parties in this action by placing the true copy thereof enclosed in a sealed envelope addressed as follows:

| BERG & ANDROPHY | THE GOLAN LAW FIRM | FLASHPOINT LAW, INC. |
|---|---|---|
| David Berg | Yvette Golan | Shirish Gupta |
| Chris Gaudoury | 1919 Decatur St. | 1900 S. Norfolk St., Ste. 350 |
| 3704 Travis St. | Houston, TX 77007 | San Mateo, CA 94403 |
| Houston, TX 77002 | ygolan@tgfirm.com | sgupta@flashpointlaw.com |
| dberg@bafirm.com | | |
| cgaduory@bafirm.com | | |

[X] **(VIA U.S. MAIL)** In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth below.

[X] **(VIA ELECTRONIC MAIL)** By causing to be delivered the document(s) listed above to the person(s) at the electronic mail address(es) set forth above.

[X] (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 27, 2012, at Los Angeles, California.

/s/ Bradley King
―――――――――――――
BRADLEY KING

**REPLY MEMO OF P&A ISO JOINT MOTION FOR AN ORDER (1) CONSOLIDATING ACTIONS, & (2) APPOINTING INTERIM CO-LEAD COUNSEL**