TINA WOLFSON, SBN 174806
twolfson@ahdootwolfson.com
ROBERT AHDOOT, SBN 172098
rahdoot@ahdootwolfson.com
**AHDOOT & WOLFSON, P.C.**
10850 Wilshire Boulevard, Suite 370
Los Angeles, California 90024
Tel: 310-474-9111; Fax: 310-474-8585

*Attorneys for Plaintiff, Natalie Pappas*

ROSEMARY RIVAS, SBN 209147
rrivas@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
100 Bush Street, Suite 1450
San Francisco, California 94104
Tel: 415-398-8700; Fax:  415-398-8704

*Attorneys for Plaintiff, Russell Marchewka*

CHRISTOPHER RIDOUT, SBN 143931
c.ridout@ridoutlyonlaw.com
DEVON LYON, SBN 218293
d.lyon@ridoutlyonlaw.com
**RIDOUT & LYON, LLP**
555 E. Ocean Blvd., Ste. 500
Long Beach, California  90802
Tel: 562-216-7380; Fax: 562-216-7385

*Attorneys for Plaintiff, Christopher Evans*

MARC GODINO, SBN 182689
mgodino@glancylaw.com
**GLANCY BINKOW & GOLDBERG LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Tel: 310-201-9150; Fax: 310-201-9160

*Attorneys for Plaintiff, Gina Park*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIE PAPPAS,<br><br>           Plaintiff,<br><br>     v.<br><br>NAKED JUICE CO. OF GLENDORA, INC., *et al.*<br><br>           Defendants. | CASE NO. LA CV-11-08276 JAK (PLAx)<br><br>CLASS ACTION<br><br>**OBJECTION TO PLAINTIFF SANDYS' AMENDED MOTION FOR ORDER APPOINTING INTERIM LEAD COUNSEL**<br><br>Date: February 6, 2012<br>Time: 8:30 a.m.<br>Courtroom: 750 (7th Floor)<br><br>The Honorable John A. Kronstadt<br>Action Filed:  October 5, 2011 |

| | |
|---|---|
| *This document also relates to the following related action:*<br><br>RUSSELL MARCHEWKA,<br><br>    Plaintiff,<br> v.<br><br>NAKED JUICE CO. OF GLENDORA, INC.,<br><br>    Defendants. | CASE NO. LA CV-11-01701 JAK (PLAx)<br><br>The Honorable John A. Kronstadt<br>Action Filed: November 7, 2011 |
| *This document also relates to the following related action:*<br><br>CHRISTOPHER EVANS,<br><br>    Plaintiff,<br> v.<br><br>NAKED JUICE CO. OF GLENDORA, INC., *et al.*<br><br>    Defendants. | CASE NO. LA CV-11-9412-JAK (PLAx)<br><br>The Honorable John A. Kronstadt<br>Action Filed: November 10, 2011 |
| *This document also relates to the following related action:*<br><br>GINA PARK,<br><br>    Plaintiff,<br> v.<br><br>NAKED JUICE CO. OF GLENDORA, INC., *et al.*<br><br>    Defendants. | CASE NO. LA CV-11-9677-JAK (PLAx)<br><br>The Honorable John A. Kronstadt<br>Action Filed: November 21, 2011 |

OBJECTION TO SANDYS' AMENDED MOTION TO APPOINT INTERIM LEAD COUNSEL

PLEASE TAKE NOTICE that, Plaintiffs Natalie Pappas, Russell Marchewka, Christopher Evans, and Gina Park (collectively, the "Pappas Plaintiffs") hereby submit, through their undersigned counsel of record, the following objection to Plaintiff Sandys' Amended Motion For Order Appointing Interim Lead Counsel, Supporting Memorandum of Points And Authorities; Supporting Declarations Filed Concurrently filed in the related captioned matter *Sandys v. Naked Juice Company [sic], et al.* Case No. LA CV 11-08007-JAK (PLAx) ("Amended Motion"):

## PREFATORY STATEMENT

As this Court is aware, there are currently five related actions pending against Defendants before this Court: (1) *Sandys v. Naked Juice Company [sic]*, *et al.*, No. LA CV-11-08007 JAK (PLAx) (filed September 27, 2011) ("*Sandys*"); (2) *Pappas v. Naked Juice Co. of Glendora*, *Inc.*, *et al.*, No. LA CV-11-08276-JAK (PLAx) (filed October 5, 2011) ("*Pappas*"); (3) *Marchewka v. Naked Juice Co. of Glendora*, *Inc.*, No. SA CV-11-01701 JAK (PLAx) (filed November 7, 2011) ("*Marchewka*"); (4) *Evans v. v. Naked Juice Co. of Glendora*, *Inc.*, *et al.*, No. LA CV-11-9412-JAK (PLAx) (filed November 10, 2011) ("*Evans*"); and (5) *Park v. Naked Juice Co. of Glendora*, *Inc.*, No. LA CV-09677 JAK (PLAx) (filed November 21, 2011) ("*Park*"). All of these cases have been related pursuant to Local Rule 83-1.3, have been transferred to this Court, and there are pending motions to consolidate.

On November 28, 2011, Plaintiff Sandys ("Sandys") filed her Notice of Motion and Motion for Order Appointing Interim Lead Class Counsel.[1] (*Sandys* Dkt. 23.) This motion sought appointment of the Texas law firms of Berg & Androphy and the Golan Law Firm as interim lead class counsel pursuant to Federal Rule of Civil Procedure 23(g). (*Id.*)

On November 29, 2011, this Court ruled that Sandys' Notice of Motion and Motion For Order Appointing Interim Lead Counsel was not timely filed pursuant to

---

[1] The hearing on this Motion was set for December 19, 2011.

1
OBJECTION TO SANDYS' AMENDED MOTION TO APPOINT INTERIM LEAD COUNSEL

Local Rule 6.1 and, on its own motion, continued the hearing to February 6, 2012.[2] (*Sandys* Dkt. 24.)

Pursuant to leave of Court, on January 19, 2012, the Pappas Plaintiffs jointly filed their Opposition to Sandys' Motion For Order Appointing Interim Lead Counsel.[3] (*Sandys* Dkt. 50; *see also* Dkt. 42.)

On January 19, 2012, Sandys' Counsel, for the first time, advised that there had "been a change in the leadership structure," although counsel did not provide further explanation. It was not until February 1, 2012 at 11:05 p.m. PST, that Sandys filed her so-called Amended Motion for Order Appointing Interim Lead Class Counsel. (*Sandys* Case Dkt. 57.) Despite being labeled as an "Amended Motion," Sandys, ***for the first time***, identified her intention to seek an Order from this Court appointing Pennsylvania-based Francis & Mailman P.C., the Texas-based Center for Science in the Public Interest, and the Golan Firm as interim lead counsel in the *Sandys* Case pursuant to Federal Rule of Civil Procedure 23(g). This motion also introduced new evidence and arguments in support. (*Id.*)

**OBJECTION**

The Pappas Plaintiffs submit their objection to Sandys' Amended Motion for Order Appointing Interim Lead Counsel for the following specific reasons:

---

[2] As a result of Sandys' violation of Local Rule 6-1, the hearing on the Pappas Plaintiffs' Joint Motion for an Order (1) Consolidating Cases, and (2) Appointing Interim Co-Lead Counsel was continued from December 19, 2011 to February 6, 2012. (*Pappas* Case Dkt. 23.)

[3] On January 19, 2012, Sandys thereafter filed a Motion to Strike the Pappas Plaintiffs' Opposition on the untenable basis that the Pappas Plaintiffs' counsel had not complied with Local Rule 7-3 by failing to meet and confer prior to filing their *opposition* (no such requirement exists in Local Rule 7-3). (*Sandys* Dkt. 41.) This filing contained the cryptic comment regarding leadership change. (*Id.*) The Pappas Plaintiffs filed an Opposition to Sandys' Motion to Strike on January 25, 2012. (*Sandys* Dkt. 53.) On January 27, 2012, Sandys filed her Reply. (*Sandys* Dkt. 55.) Once again, notably missing from this Reply is any explanation as to the specifics of any "change in the leadership structure." (*Id.*)

### 1. Violation of Local Rule 6-1.

Local Rule 6-1 provides that "[t]he notice of motion shall be filed with the Clerk not later that twenty-eight (28) days before the date set for the hearing . . . ."

On February 1, 2012, just five (5) days to the noticed hearing date of February 6, 2012, Sandys filed her "Amended Motion." Despite being labeled as an "Amended Motion," Sandys, *for the first time*, seeks an Order from this Court *substituting two (2) entirely different law firms* in place of the Berg & Androphy law firm whose appointment was sought in Sandys' original Motion to Appoint Interim Counsel. Closer scrutiny reveals that this late filing is not an "amendment" but, rather, an entirely new request pursuant to Federal Rule of Civil Procedure 23(g) which is based upon newly proffered evidence and argument. Sandys' labeling of this filing as an "Amended Motion" is nothing more than a thinly veiled attempt to avoid the express notice requirements set forth in Local Rule 6-1. Needless to say, this is not the first occasion that Sandys has apparently chosen to ignore the notice requirements set forth in Local Rule 6-1.

### 2. Violation of Local Rule 7-3.

Local Rule 7-3 specifically provides that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, *preferably in person*, the substance of the contemplated motion and any potential resolution." (Emphasis is original.) This rule further specifies that ". . . the conference shall take place at least ten (10) days prior to the filing of the motion."

Sandys has simply failed to comply with Local Rule 7-3. First, the alleged conferences that were purportedly conducted on November 11, 2011 and November 14, 2011 related to discussions regarding *the appointment of Berg & Androphy* as interim counsel, *not* the law firms now sought to be appointed.[4] (*See Sandys* Dkt. 23

---

[4] Sandys filed her Notice of Motion and Motion For Order Appointing Interim Lead Class Counsel on November 28, 2011. (*Sandys* Dkt. 23.)

3
OBJECTION TO SANDYS' AMENDED MOTION TO APPOINT INTERIM LEAD COUNSEL

at p.2.)

Second, by her own admission, the alleged "conference" that was purportedly conducted on January 31, 2012 did not take place at least ten (10) days prior to the filing of the "Amended Motion." (*See Sandys* Dkt. 57 at p.2.)

Third, despite making prior overtures that Sandys had made a "change in the leadership structure" (*Sandys* Dkt. 41), it was not until February 1, 2012 at 7:30 p.m., just three and a half (3 1/2) hours before Sandys filed her "Amended Motion," that Sandys' counsel sent an email to opposing counsel advising of the specific basis of her Motion.

### 3. Violation of Local Rule 23-3.

Local Rule 23-3 specifically provides that "[w]ithin 90 days after service of a pleading purporting to commence a class action . . ., the proponent of the class shall file a motion for certification that the action is maintainable as a class action . . . ."

Sandys' Amended Motion for Order appointing interim lead class counsel pursuant to Federal Rule of Civil Procedure 23(g) is moot. Sandys served her Complaint on both Defendants, Naked Juice Company [sic] and PepsiCo Inc., on September 29, 2011. (Dkt. 6 and 7.) Pursuant to Local Rule 23-3, Sandys was required to file a motion for class certification on or before December 28, 2011. Sandys failed to do so. Consequently, any motion in the *Sandys* action for an order appointing interim lead class counsel pursuant to Federal Rule of Civil Procedure 23(g) is moot.

### 4. Plaintiff Sandys' Delays Conflict with the Interests of the Class.

Sandys' continued and repeated violations of the Local Rules have been, and continue to be, in direct conflict with the best interests of the putative Class. (*See generally Sandys* Dkt. 50; *see also* Dkt. 42.) The Court should reject the "Amended Motion" and proceed with those motions properly filed with the Court and noticed for February 6, 2012.

| | | |
|---|---|---|
| Dated: | February 2, 2012 | **AHDOOT & WOLFSON, APC** |
| | | /s/ Tina Wolfson |
| | | Tina Wolfson, Esq. |
| | | 10850 Wilshire Blvd., Suite 370 |
| | | Los Angeles, California 90024 |
| | | Tel: 310-474-9111; Fax: 310-474-8585 |
| | | *Attorneys for Plaintiff, Natalie Pappas* |
| Dated: | February 2 , 2012 | **RIDOUT & LYON, LLP** |
| | | /s/ Christopher P. Ridout |
| | | Christopher P. Ridout, Esq. |
| | | 555 E. Ocean Blvd., Ste. 500 |
| | | Long Beach, California  90802 |
| | | Tel: 562-216-7380; Fax: 562-216-7385 |
| | | *Attorneys for Plaintiff, Christopher Evans* |
| Dated: | February 2, 2012 | **FINKELSTEIN THOMPSON LLP** |
| | | /s/ Rosemary M. Rivas |
| | | Rosemary M. Rivas, Esq. |
| | | 100 Bush Street, Suite 1450 |
| | | San Francisco, CA 94104 |
| | | Tel: 415-398-8700; Fax:  415-398-8704 |
| | | *Attorneys for Plaintiff, Russell Marchewka* |
| Dated: | February 2, 2012 | **GLANCY BINKOW & GOLDBERG LLP** |
| | | /s/ Marc Godino |
| | | Marc Godino, Esq. |
| | | 1925 Century Park East, Suite 2100 |
| | | Los Angeles, California 90067 |
| | | Tel: 310-201-9150; Fax: 310-201-9160 |
| | | *Attorneys for Plaintiff, Gina Park* |