**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV11-08276 JAK (PLAx) **- LEAD CASE** | Date | May 14, 2012 |
|---|---|---|---|
| Title | Natalie Pappas v. Naked Juice Co of Glendora, Inc., et al. | | |

Present: The Honorable    JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Yvette Golan / David A. Searles<br>Tina Wolfson / Rosemary M. Rivas<br>Christopher P. Ridout / Marc L. Godino<br>Theodore Maya | Andrew S. Tulumello<br>Christopher Chorba |

**Proceedings:** **DEFENDANT NAKED JUICE CO. OF GLENDORA, INC.'S MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT (Dkt. 41)**

**STATUS CONFERENCE RE SETTLEMENT (SELECTION OF METHOD)**

**STATUS CONFERENCE RE COOPERATION OF COUNSEL/LEAD COUNSEL**

The status conference is held. Counsel for Plaintiffs address the Court regarding in camera discussions requested in a pleading filed with the Court and served on Defendant. Defendant objects to such discussions if they concern what claims Plaintiffs will bring or how they will structure their investigations, and Defendant states that if discussions will concern solely the structure of communications between the Plaintiffs, such discussions should be done on the record, and Defendant will not later assert that such discussions constituted a waiver of privilege. The Court cannot determine at present based on what is submitted what the parties seek to discuss in camera. Plaintiffs have presented no authority regarding whether the Court can conduct such in camera discussions. Accordingly, the Court defers a determination whether an in camera process is permitted at all, and , if so, whether it would be appropriate in this matter. Because there is no objection by the party requesting the in camera proceeding, the Court proceeds to the current motion and states that it will return to the in camera issue at the conclusion of the motion proceedings.

The motion hearing is held. The Court states its detailed, tentative views on the record, and is inclined to grant the motion to dismiss, in part with leave to amend and in part without. Plaintiffs' state law claims sound in fraud because they allege a unified course of fraudulent conduct and reliance on alleged misrepresentations, and thus must be pleaded with particularity under Rule 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *Bly-Magee v. California*, 236 F.3d 1014, 1018-19 (9th Cir. 2001). Plaintiffs have properly pleaded with particularity in all regards except reliance, in that Plaintiffs have not alleged which of the Named Plaintiffs relied on the four alleged misrepresentations on the Naked beverage labels. Thus, it has

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV11-08276 JAK (PLAx) **- LEAD CASE** | Date | May 14, 2012 |
|---|---|---|---|
| Title | Natalie Pappas v. Naked Juice Co of Glendora, Inc., et al. | | |

not adequately been established that Plaintiffs have standing to bring the state law claims based on the alleged misrepresentations. Otherwise, Plaintiffs have pleaded with particularity and Defendants have sufficient notice of the allegations to be able to respond. Thus, the Court is inclined to grant the motion to dismiss as to all the state law claims, with leave to amend, so that they may be pleaded with particularity, as to reliance.

To the extent that Plaintiffs based their state law claims on the "all natural" representations, the Court is inclined to deny the motion to dismiss. Determining whether the "all natural" language would deceive the reasonable consumer is a fact question that cannot be determined at the pleading stage, given the labels provided to the Court. *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938-39 (9th Cir. 2008); *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 951 (2002); *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003). This applies to the beverages which allegedly read "All Natural Fruit + Boosts," "All Natural," and "All Natural Fruit." The Complaint is stricken to this extent it brings the "all natural" claims based on the Tropical Mango beverage, which has no "all natural" label.

To the extent that Plaintiffs based their state law claims on the "100% juice" representations, the Court is inclined to grant the motion to dismiss with leave to amend. To the extent that Plaintiffs seek to impose labeling requirements beyond those of the Food, Drug, and Cosmetics Act, or those of the applicable Food and Drug Administration regulations, they are preempted. 21 C.F.R. § 101.30 regulates "100% juice" labeling. If Plaintiffs can allege with more specificity that the alleged added ingredients dilute the juice soluble solids or change the volume, this would state a claim based on the "100% juice" representations. To the extent that Plaintiffs seek to base their claims only on the "with other ingredients" representation, as opposed to the regulation-required "with added ingredients" representation, the Court can determine that, as a matter of law, this would not deceive the reasonable consumer, and thus would not state a claim under the relevant state laws. The Court does not determine whether the pages of the FDA website provided by Defendants are authoritative regulations or can be considered on a motion to dismiss. This is unnecessary in light of the foregoing determination as to "with added ingredients."

To the extent that Plaintiffs base their state law claims on the "non-GMO" representations, the Court is inclined to grant the motion to dismiss with leave to amend, because Plaintiffs must plead with more particularity some facts supporting their information and belief that the alleged ingredients are genetically modified and that, as a result, the "non-GMO" representation is allegedly false.

To the extent that Plaintiffs based their state law claims on the "from concentrate" representations, the Court is inclined to grant the motion to dismiss without leave to amend. 21 C.F.R. § 102.33 governs "from concentrate" labeling. The dispute here is a technical one regarding the size and position of the "from concentrate" language. It is arguable that the "from concentrate" language complies with FDA regulations, given the proximity of the language to the named juices. To the extent that the language is not in strict compliance with FDA regulations, the Court can determine as a matter of law that the language is not deceptive to a reasonable consumer.

The Court is inclined to grant the motion to dismiss the Magnuson-Moss Warranty Act claim without leave to amend, as the claims alleged here are not warranty or defect claims, and thus are not cognizable under that statute.

Counsel for both parties address the Court regarding (i) the basis for Plaintiffs' GMO claims; (ii) which

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV11-08276 JAK (PLAx) **- LEAD CASE** | Date | May 14, 2012 |
|---|---|---|---|
| Title | Natalie Pappas v. Naked Juice Co of Glendora, Inc., et al. | | |

Plaintiffs purchased which beverages; and (iii) Plaintiffs' 100% juice claims. Upon repleading, Plaintiffs shall plead which of the Named Plaintiffs purchased which beverage. Plaintiffs must plead a sufficient factual basis for Defendant to conduct discovery on the GMO claims, although Plaintiffs need not plead the entirety of their experts' conclusions, nor reveal any work product. They must satisfy their Rule 9(b) obligations, which are lowered in a context such as this where the matters are within Defendant's knowledge. They must plead sufficiently to give Defendant notice of the alleged misrepresentations. Although Defendant has the right to bring a motion to dismiss upon an amended complaint, the Court expects that a motion to dismiss based on any subsequent complaint will address why Defendant cannot proceed with discovery on the objected-to pleadings, and why a motion to dismiss is necessary and material.

The Court adheres to its tentative views and GRANTS the motion to dismiss, in part with leave to amend and in part without leave to amend.

The status conference is held. Counsel for both parties address the Court regarding (i) the timing of the motion for summary judgment; (ii) expert disclosures; and (iii) the timeline of discovery, in light of class certification.

Plaintiffs shall exchange their initial expert disclosures on January 25, 2013. Defendant shall respond by February 8, 2013. The Court finds that staggering these dates by two weeks will not prejudice any party, given the length of discovery and the date of trial. Moreover, it will make the expert selection process more efficient.

If Defendant moves for summary judgment, it shall not schedule the hearing for the same day as the motion for class certification. It shall file it either for a date in advance of, or after, the class certification motion. In either case, to the extent that Plaintiffs' response to such a motion would be due prior to the determination of the class certification motion, Plaintiffs may ask the Court to continue the hearing date on the summary judgment motion, provided sufficient facts and context are provided for the Court to determine whether a continuance is justified.

Counsel for Plaintiffs address the Court regarding scheduling of the amended complaint. The amended complaint shall be filed on or before June 4, 2012. Lead counsel shall provide the *Sandys* group counsel a copy of the complaint on or before May 28, 2012. Non-lead counsel for Plaintiffs withdraws its request for an in camera proceeding in light of the Court's rulings on the motion to dismiss and related matters. The Court makes no determination regarding the merits of the positions of counsel for various plaintiffs as to the actions of lead counsel and other counsel in this matter in connection with their communications about the case.

**IT IS SO ORDERED.**

|  | 1 | : | 21 |
|---|---|---|---|
| Initials of Preparer | ak | | |