UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NATALIE PAPPAS,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>NAKED JUICE CO. OF GLENDORA, INC., a California Corporation,<br><br>　　　　　　　Defendant. | CASE NO. LA CV-11-08276 JAK (PLAx), Lead Case<br>(Consolidated with LA CV 11-08007; SA CV 11-01701; LA CV 11-09412; LA CV 11-09677)<br><br>**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER** |

GOOD CAUSE STATEMENT:

WHEREAS, discovery in this action is likely to involve the exchange of confidential and commercially sensitive information, including information regarding proprietary manufacturing processes and product ingredients and formulas, economically sensitive information, personal identifying information of consumers, and other competitively sensitive information within the meaning of Federal Rule of Civil Procedure 26(c);

WHEREAS, discovery in this action may involve the exchange of sensitive personal information;

WHEREAS, the Parties have agreed that it is necessary to establish procedures to facilitate the exchange of documents and information in the litigation and to minimize the need for objections or subsequent motions seeking to limit discovery and/or the use of this information, and to facilitate the disposition by this Court of any disputes or problems that may arise in connection with discovery or other use of this information;

WHEREAS, the Parties believe that entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c) would best protect their interests while facilitating discovery in this action; and

WHEREAS, good cause therefore exists under Rule 26(c) of the Federal Rules of Civil Procedure for entry of this Protective Order;

IT IS HEREBY ORDERED as follows by this Court:

1. Definitions.

The following definitions shall apply to this Protective Order:

a. "Highly Confidential – Attorneys' Eyes Only" information shall mean: (i) information that relates to an individual that is of a purely personal nature; (ii) competitively sensitive trade secrets or proprietary product information, including product formulas and ingredients, manufacturing processes, and consumer research; (iii) product research and development information; and (iv) competitively sensitive

pricing, financial, marketing, and sales information.

      b.    "Confidential" information shall mean any information for which a party takes reasonable precautions to maintain confidentiality and which a party in good faith believes qualifies for protection under standards developed under Federal Rule of Civil Procedure 26(c), including: (i) confidential or proprietary technical or scientific information that does not qualify for designation as Highly Confidential—Attorneys' Eyes Only" information as described above; (ii) customer and supplier information; (iii) marketing strategies; (iv) strategic business information including without limitation business plans, manufacturing information, cost information, or logistical information; (v) confidential, proprietary, or sensitive financial information; (vi) personal privileges or other personal information; and (vii) any information that is not generally known and which the Producing Party would not normally reveal to third parties or would cause third parties to maintain in confidence; (vii) confidential information of a non-party that the Producing Party is bound by a separate confidentiality agreement or court order to maintain in confidence; or (ix) any other information that any Party to the Litigation or any Producing Party may reasonably characterize as confidential and that has not previously been made available to the public.

      c.    "Documents" shall mean all written records, electronically stored information, or any graphic material whatsoever, including, without limitation, any meaning reasonably given to such term in any written discovery request.

      d.    "Legend" as used herein shall mean a stamp or similar insignia stating Confidential, Highly Confidential—Attorneys' Eyes Only, or other appropriate term or terms connoting the confidentiality of the document.  When any document is designated Confidential or Highly Confidential—Attorneys' Eyes Only pursuant to this Protective Order, the Legend shall be affixed to the cover of such document and to each page therein.

      e.    "Litigation" shall refer to the related actions pending against

Gibson, Dunn & Crutcher LLP

2

Defendant before this Court—(1) *Pappas v. Naked Juice Co. of Glendora*, *Inc.*, *et al.*, No. LA CV-11-08276 JAK (PLAx) (filed October 5, 2011) ("*Pappas*"); (2) *Marchewka v. Naked Juice Co. of Glendora*, *Inc.*, No. SA CV-11-01701 JAK (PLAx) (filed November 7, 2011) ("*Marchewka*"); (3) *Evans v. v. Naked Juice Co. of Glendora*, *Inc.*, *et al.*, No. LA CV-11-09412 JAK (PLAx) (filed November 10, 2011) ("*Evans*"); and (4) *Park v. Naked Juice Co. of Glendora*, *Inc.*, No. LA CV-11-09677 JAK (PLAx) (filed November 21, 2011) ("*Park*")—and any action deemed by the Court to be related to the foregoing cases after the date of entry of this Protective Order, along with any appeal from these cases through final judgment.

   f.   "Permitted Purpose" means that all documents, material, and information produced in the Litigation can be used only in this Litigation, as set forth in paragraph 3 below.

   g.   "Party" or "Parties" shall mean any Plaintiff in the Litigation, including any Plaintiff added to the foregoing four cases after the date of entry of this Protective Order, and Defendant Naked Juice Co. of Glendora, Inc.

   h.   "Producing Party" shall mean any Party to the Litigation, or any other person or entity producing Documents, information or other materials in the Litigation.

2.   <u>Scope Of Application</u>.

This Protective Order shall apply, without limitation, to any Party or third person to whom Documents, material, or information produced in this Litigation have been disclosed, including but not limited to:

   a.   parties to the Litigation and the employees, officers, agents and directors of such Parties;

   b.   counsel for the Parties and their paralegals, litigation support staff and outside litigation support services, or other secretarial and clerical employees;

   c.   experts, consultants, or advisors who are employed or retained by any of the Parties or counsel for the Parties hereto;

      d.      deponents and their counsel; and

      e.      stenographic reporters who are involved in depositions, the trial or any hearing or proceeding before the Court in the Litigation.

Further, this Protective Order shall govern all Documents, deposition testimony, and other information and materials generated or produced in response to any discovery conducted by any Party to the Litigation.  This Protective Order shall also govern all Documents and materials containing Confidential information or Highly Confidential—Attorneys' Eyes Only information that are submitted in connection with a pleading, brief, or other Document filed with this Court.  This Protective Order shall not govern the use or admissibility of any evidence at any hearing, trial, or other proceeding, or the procedures for using such Documents or information at such proceeding.  The Parties shall confer and attempt to agree before any hearing, trial, or other proceeding on the procedures to be included in a protective order pursuant to which material containing Confidential information or Highly Confidential—Attorneys' Eyes Only information may be introduced into evidence or otherwise used at such hearing, trial, or other proceeding.  Absent agreement, the Court shall be asked to issue an order governing the use of information in the context of such proceedings.  This Protective Order shall not prevent any Party from seeking to amend, modify, or revise this Protective Order; nor shall this Protective Order prevent any Party from entering into additional confidentiality stipulations or seeking additional protective orders.

3.    <u>Limitations On Use Of Documents.</u>  Documents, material, or information produced in this Litigation by any Producing Party may be used only in and for this Litigation (the "Permitted Purpose") and for no other purpose.  This means that Documents, materials, and information produced in this litigation can be used only for discovery, motions, briefs, preparation for trial, trial, and appeal in this this Litigation.  Documents, materials, and information produced in this Litigation cannot be used for any other purpose, including any use in any other lawsuit or proceeding.  Documents,

material, or information produced in this Litigation by any Producing Party may not be made available by any Party to any other person, for any purpose other than for purposes of this Litigation. By way of illustration and without limiting the foregoing, documents, material, or information produced in this Litigation by any Producing Party may not be released to the media, or to counsel other than class Counsel appointed by the Court in this Litigation.

4. <u>Designation And Limitations On Use Of Confidential Information</u>.

a. <u>Designation As Confidential or Highly Confidential—Attorneys' Eyes Only information</u>. A Producing Party may designate any Document or portion thereof that contains confidential information as Confidential or Highly Confidential—Attorneys' Eyes Only pursuant to this Protective Order by affixing the Legend as provided under subparagraph 1(c) to any Document containing, or that the Producing Party believes contains, confidential information. In the event that Confidential or Highly Confidential-Attorneys' Eyes Only information is produced in an electronic medium, such as a CD or DVD, the Legend shall be affixed on the face of the CD, DVD, or other electronic medium. In the event that a Party produces voluminous Documents for inspection only, no stamping need be made by the Producing Party in advance of the initial inspection and the following procedures shall apply: The Producing Party shall not be considered to have waived the confidential status of Documents made available during such an initial inspection but not chosen by the inspecting Party for copying. Thereafter, upon selection of specified Documents for copying by the inspecting Party, the Producing Party shall, within ten (10) business days, stamp each page of such Documents as may contain confidential information with the Confidential or Highly Confidential—Attorneys' Eyes Only Legend. This 10-day period may be extended upon agreement of the Parties or order of the Court for good cause shown.

b. <u>Limitations On Use Of Confidential and Highly Confidential—Attorneys' Eyes Only Information</u>. All Documents, material, or information

designated as Confidential or Highly Confidential—Attorneys' Eyes Only may be used only for a Permitted Purpose. This information—and any summaries, charts or notes made therefrom, and any facts or information contained therein or derived therefrom and from no other source—shall be disclosed only to the Court (as provided for in paragraph 8 below) and to:

 (1) parties to the Litigation and the employees, officers, agents and directors of such Parties only to the extent necessary for the Permitted Purpose;

 (2) counsel for the Parties with direct responsibility for the Litigation and their paralegals, litigation support staff and outside litigation support services, or other secretarial and clerical employees only to the extent necessary for the Permitted Purpose;

 (3) experts, consultants, or advisors who are employed or retained by any of the Parties or counsel for the Parties hereto only to the extent necessary for the Permitted Purpose;

 (4) deponents and their counsel who have a reasonable need to review this material during the course of, or in connection with, depositions taken in or for the Litigation; and

 (5) stenographic reporters who are involved in depositions, the trial or any hearing or proceeding before the Court in the Litigation.

Unless the Producing Party agrees otherwise, Confidential or Highly Confidential—Attorneys' Eyes Only information may be disclosed to persons referred to in this subparagraph only after such persons have been advised of the terms and operation of this Protective Order and have agreed to be bound by its terms. Persons listed in (1), (3), or (4) of this subparagraph shall be required to sign a Written Assurance in the format attached hereto as Exhibit A before disclosure to them of Confidential or Highly Confidential—Attorneys' Eyes Only information. A copy of each executed Written Assurance shall be retained by counsel of record for the Party obtaining the

1  Written Assurance.  A Party may make an application to the Court for disclosure of a
2  copy of the executed Written Assurance(s) and the Court will grant such an application
3  upon good cause shown.  This subparagraph shall not prevent a Producing Party from
4  disclosing its own Confidential or Highly Confidential—Attorneys' Eyes Only
5  information to any person.

6       5.    <u>Designation Of Documents Produced By Third Parties</u>.

7  Any Party may designate as Confidential or Highly Confidential—Attorneys'
8  Eyes Only any document that is produced or disclosed without such designation by any
9  third party within thirty (30) days of receipt of production of such document (or such
10 other time as may be agreed), provided that such document contains Confidential or
11 Highly Confidential—Attorneys' Eyes Only information of a designating Party, in the
12 following manner:

13      a.    Parties to the Litigation may designate such document by sending
14 written notice of such designation, accompanied by copies of the designated document
15 bearing the Legend, to all other Parties in possession or custody of such previously
16 undesignated document or by reference to a Bates number of the document.  Any Party
17 receiving such notice and copy of the designated document pursuant to this
18 subparagraph shall, within ten (10) business days of receipt of such notice (or such
19 other time as may be agreed upon), return to the designating Party all undesignated
20 copies of such document in their custody or possession, or alternately shall affix the
21 Legend to all copies of such designated document in their custody or possession or
22 destroy undesignated duplicate copies.

23      b.    Upon notice of designation pursuant to this paragraph, the Parties
24 shall also:  (i) make no further disclosure of such designated document or information
25 contained therein except as allowed under this Protective Order; (ii) take reasonable
26 steps to notify any persons who were provided copies of such designated document of
27 the terms of this Protective Order; and (iii) take reasonable steps to reclaim any such
28 designated document in the possession of any person not permitted access to such

information under the terms of this Protective Order.

6. <u>Designation Of Transcripts.</u>

a. In the case of Confidential or Highly Confidential—Attorneys' Eyes Only information revealed during a deposition or hearing, if designation of a portion of a transcript, including exhibits, is made by a statement by counsel on the record, or is otherwise made before the stenographer transcribing such deposition or hearing has disseminated to counsel for the Parties the transcript thereof, the stenographer shall affix the appropriate Legend to the cover page and all appropriate pages of the transcript, and to each copy thereof.

b. If a deposition or hearing transcript has not previously been designated as Confidential or Highly Confidential—Attorneys' Eyes Only before its preparation by the stenographer, counsel for a Party may alternatively designate a deposition or hearing transcript or a portion thereof, disclosing, containing or referring to any confidential information hereunder as Confidential or Highly Confidential—Attorneys' Eyes Only by informing counsel for all other Parties to this action in writing within thirty (30) calendar days after receipt of the transcript (or such other time as may be agreed), as to the specific pages deemed Confidential or Highly Confidential—Attorneys' Eyes Only, and thereafter such pages shall constitute Confidential or Highly Confidential—Attorneys' Eyes Only information pursuant to this Protective Order.  Upon receipt of such notice, any Party in possession of copies of such designated transcript shall affix the appropriate Legend thereto.  Until the receipt of such designation, the transcript shall be presumed not to contain Confidential or Highly Confidential—Attorneys' Eyes Only information, unless a Party requests that the transcript be treated as containing Confidential or Highly Confidential—Attorneys' Eyes Only information pending such designation.

7. <u>Copies.</u>

All copies of any Documents containing Confidential or Highly Confidential—Attorneys' Eyes Only information shall also constitute and be treated as confidential

information as provided in this Protective Order.  Any person making, or causing to be made, copies of any Confidential or Highly Confidential—Attorneys' Eyes Only information shall make certain that each such copy bears the Legend pursuant to the requirements of this Protective Order.  Nothing herein shall preclude any arrangement among the Parties by which documents or other materials may be copied by the Producing Party.

8. <u>Filing Confidential Information With Redactions And Under Seal.</u>

Confidential or Highly Confidential—Attorneys' Eyes Only information may be referred to in written discovery requests and responses and in motions, briefs, or other papers filed with the Court, and may be used in depositions, either as exhibits or as the basis for questions.  The Party filing a motion, brief, or other paper with the Court shall redact or otherwise exclude from the filing any Confidential or Highly Confidential—Attorneys' Eyes Only information.  Any motion, brief, or other paper filed with the Court referring to Confidential or Highly Confidential—Attorneys' Eyes Only information, or any document or paper that contains "Confidential" or "Highly Confidential—Attorneys' Eyes Only" Information, which has not been redacted, shall be filed in the manner prescribed by this Court's Local Rules, as follows:

> "[A] written application and a proposed order shall be presented to the judge along with the document submitted for filing under seal [].  The proposed order shall address both the sealing of the application and order itself, if appropriate.  The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope. Conformed copies need not be placed in sealed envelopes … Applications and Orders, along with the material to be sealed [], shall not be electronically filed but shall be filed manually ... A Notice of Manual Filing shall first be electronically filed identifying the materials being manually filed."

C.D. Cal. Local Rule 79-5.1.

9. <u>Objections To Designation.</u>

Any Party (the "Requesting Party") may request in writing that any information or document designated as Confidential or Highly Confidential—Attorneys' Eyes Only be released from the requirements of this Protective Order. The Parties shall attempt to meet and confer and resolve the dispute informally within ten (10) calendar days of a written request. The written request shall specifically identify the information or document challenged by the Requesting Party (by Bates numbers) and include a statement of the legal or factual basis for each objection. If an agreement cannot be reached by negotiation within the ten (10) calendar day period, any party wishing to challenge the designation shall comply with the Court's Local Rule 37. If the parties want to file the Joint Stipulation required by Local Rule 37 under seal, the parties may file a stipulation to that effect or the moving party may file an ex parte application making the appropriate request. The parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal. Failure to file a stipulation or application within ten (10) calendar days after expiration of the initial ten (10) calendar day notice period shall be deemed a waiver of any dispute with respect to the propriety or correctness of designation of information at issue. The information shall be treated as designated until the issue is resolved or waived. The terms of this Protective Order shall continue to apply to such information or document unless the Court grants an order revoking any designation.

10. <u>Objections Not Waived.</u>

Notwithstanding anything to the contrary contained herein, all objections, including any discovery or evidentiary objections, are reserved and are not waived by any terms of this Protective Order.

11. <u>Subpoena Of Confidential Documents.</u>

If at any time any document or information protected by this Protective Order is subpoenaed by any court, administrative or legislative body, or is requested by any

other person or entity purporting to have authority to require the production of such information, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to any Producing Party that has designated such information Confidential or Highly Confidential—Attorneys' Eyes Only, so as to advise such person of the need to promptly obtain a protective order or a notice to quash the subpoena if the Producing Party believes such is necessary.  The burden shall be on the Producing Party to timely file a motion for protective order or to quash. During the pendency of any such motion, the Parties in possession of Confidential or Highly Confidential—Attorneys' Eyes Only information shall not produce the Confidential or Highly Confidential—Attorneys' Eyes Only information.

      12.    <u>Continuation Of Protection After Disposition.</u>

          a.    The termination of proceedings in the Litigation shall not relieve the Parties from the obligation of maintaining the confidentiality of all Confidential or Highly Confidential—Attorneys' Eyes Only information produced and designated pursuant to this Protective Order.

          b.    Upon the final disposition of the Litigation, and a written notice from the Producing Party, the attorneys for the other Parties shall return to the Producing Party from whom it was obtained any document that has been designated Confidential or Highly Confidential—Attorneys' Eyes Only and copies thereof, including any such copies disclosed to persons identified in subparagraph 4(b), within fifteen (15) business days.

      13.    <u>Notices.</u>

All notices that this Protective Order requires to be sent to a particular Party shall be sent via electronic mail and overnight mail to counsel for that Party at the address listed on Exhibit B.

      14.    <u>Inadvertent Production.</u>

An inadvertent failure to designate Confidential or Highly Confidential—Attorneys' Eyes Only Information in accordance with this Protective Order within the

timelines provided above shall not constitute a waiver of trade secret protection or other applicable protections. In addition, an inadvertent production of privileged or protected material shall not waive any attorney-client privilege or work product protection.

If a Producing Party inadvertently produces any Confidential or Highly Confidential—Attorneys' Eyes Only information material without the appropriate designation, or if a Producing Party inadvertently produces privileged or protected material, then that Party should provide a Notice of Inadvertently Produced Material—identifying the information subject to the claim of confidentiality or privilege—to the other Parties to the Litigation. Upon receipt of a Notice of Inadvertently Produced Material, the other Parties must promptly return such Documents or information, as requested in the Notice.

15. <u>Alternative Procedure And Other Orders.</u>

This Protective Order shall not preclude the Parties to the Litigation from agreeing in writing to an alternative procedure for any particular Documents or information.

16. <u>Jurisdiction.</u>

This Court shall retain jurisdiction to resolve all disputes relating to this Protective Order. This Court shall retain continuing jurisdiction beyond the conclusion of this Litigation, including without limitation during any appeal, to enforce the provisions of this Protective Order, pursuant to its contempt powers and with all other powers provided for in this Protective Order.

17. Exhibits.

The Court also incorporates and attaches the exhibits referenced in the protective order.

Done and Ordered this 12th day of July, 2012.

*Paul L. Abrams*
_____
The Honorable Paul L. Abrams
United States Magistrate Judge

Accepted and agreed:

| | |
|---|---|
| Dated: July 11, 2012 | **AHDOOT & WOLFSON, APC** |
| | /s/ Tina Wolfson |
| | Tina Wolfson |
| | Robert Ahdoot |
| | Theodore Maya |
| | 10850 Wilshire Blvd., Suite 370 |
| | Los Angeles, California 90024 |
| | Tel: 310-474-9111 |
| | Facsimile: 310-474-8585 |
| | |
| | *Interim Co-Lead Counsel for Plaintiffs* |
| | |
| Dated: July 11, 2012 | **FINKELSTEIN THOMPSON LLP** |
| | By: /s/ Rosemary M. Rivas |
| | Rosemary M. Rivas |
| | Danielle A. Stoumbos |
| | 100 Bush Street, Suite 1450 |
| | San Francisco, California 94104 |
| | Telephone: (415) 398-8700 |
| | Facsimile: (415) 398-8704 |
| | |
| | *Interim Co-Lead Counsel for Plaintiffs* |

Gibson, Dunn & Crutcher LLP

13

| | | |
|---|---|---|
| Dated: July 11, 2012 | | **RIDOUT & LYON, LLP** |

/s/ Christopher P. Ridout
Christopher P. Ridout, Esq.
555 E. Ocean Blvd., Ste. 500
Long Beach, California 90802
Tel: 562-216-7380
Facsimile: 562-216-7385

*Interim Co-Lead Counsel for Plaintiffs*

Dated: July _11, 2012           **GLANCY BINKOW & GOLDBERG LLP**

/s/ Marc L. Godino
Marc L. Godino
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Tel: 310-201-9150
Facsimile: 310-201-9160

*Executive Committee Counsel for Plaintiffs*

DATED: July 11, 2012           GIBSON, DUNN & CRUTCHER LLP


By:   /s/ Andrew Tulumello
         Andrew Tulumello

DANIEL W. NELSON, *pro hac vice*
ANDREW TULUMELLO, SBN 196484
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

CHRISTOPHER CHORBA, SBN 216692
CChorba@gibsondunn.com
DHANANJAY S. MANTHRIPRAGADA, SBN 254433
DManthripragada@gibsondunn.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JENNA MUSSELMAN YOTT, SBN 251901
JYott@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

*Attorneys for Defendant Naked Juice Co. of Glendora, Inc.*

**EXHIBIT A**

I, _____, hereby certify that I have read and understand the provisions of the Confidentiality Stipulation and Protective Order (the "Protective Order"), entered in the United States District Court for the Central District of California in the actions entitled :  (1) *Pappas v. Naked Juice Co. of Glendora*, *Inc.*, *et al.*, No. LA CV-11-08276 JAK (PLAx); (2) *Marchewka v. Naked Juice Co. of Glendora*, *Inc.*, No. SA CV-11-01701 JAK (PLAx); (3) *Evans v. v. Naked Juice Co. of Glendora*, *Inc.*, *et al.*, No. LA CV-11-09412 JAK (PLAx); and (4) *Park v. Naked Juice Co. of Glendora*, *Inc.*, No. LA CV-11-09677 JAK (PLAx).

I understand that my use of any and all documents, information and materials in the "Litigation," as defined under the terms of the Protective Order, are governed by all terms and conditions of the Protective Order and that such information shall be used only for a Permitted Purpose.   I hereby certify that I will comply fully with those terms and conditions.  I understand that my failure to do so may be punishable as contempt of Court.  I agree to submit to the jurisdiction of the United States District Court for the Central District of California for the limited purpose of enforcement of the terms of this Protective Order.

Name:  _____

Address:  _____

    Signed at _____ this _____ day of _____, 201\_\_.

# EXHIBIT B

*Counsel for Plaintiffs*

### Attorneys for Plaintiff Natalie Pappas

Robert Ahdoot
Tina Wolfson
Bradley K. King
Theodore W. Maya
Ahdoot & Wolfson PC
10850 Wilshire Boulevard, Suite 370
Los Angeles, CA  90024
Tel.: (310) 474-9111
Fax:  (310) 474-8585
rahdoot@ahdootwolfson.com
twolfson@ahdootwolfson.com
bking@ahdootwolfson.com
tmaya@ahdootwolfson.com

### Attorneys for Plaintiff Russell Marchewka

| | |
|---|---|
| Rosemary M. Rivas | Tracy D. Rezvani |
| Danielle A. Stoumbos | Robert O. Wilson |
| FINKELSTEIN THOMPSON LLP | FINKELSTEIN THOMPSON LLP |
| 100 Bush Street, Suite 1450 | 1070 30th Street NW, Suite 150 |
| San Francisco, CA  94104 | Washington, DC  20007 |
| Tel.: (415) 398-8700 | Tel.: (202) 337-8000 |
| Fax:  (415) 398-8704 | Fax:  (202) 337-8090 |
| rrivas@finkelsteinthompson.com | trezvani@finkelsteinthompson.com |
| dstoumbos@finkelsteinthompson.com | rwilson@finkelsteinthompson.com |

### Attorneys for Plaintiff Christopher Evans

Christopher P. Ridout
Devon M. Lyon
Caleb Marker
Ridout & Lyon, LLP
555 E. Ocean Blvd. Suite 500
Long Beach, CA  90802
Tel.: (562) 216-7380
Fax:  (562) 216-7385
c.ridout@ridoutlyonlaw.com
d.lyon@ridoutlyonlaw.com
c.marker@ridoutlyonlaw.com

**Attorneys for Plaintiff Gina Park**

Lionel Z. Glancy
Marc L. Godino
Glancy Binkow & Goldberg LLP
1925 Avenue of the Stars, Suite 2100
Los Angeles, CA  90067
Tel.:  310-201-9150
info@glancylalw.com

**Counsel for Defendant**

| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP<br>Daniel W. Nelson (*Pro Hac Vice*)<br>DNelson@gibsondunn.com<br>Andrew S. Tulumello (SBN 196484)<br>ATulumello@gibsondunn.com<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C. 20036<br>Telephone:  202-955-8500<br>Fax:  202-530-4238 | GIBSON, DUNN & CRUTCHER LLP<br>Christopher Chorba (SBN 216692)<br>CChorba@gibsondunn.com<br>Dhananjay S. Manthripragada (SBN 254433)<br>DManthripragada@gibsondunn.com<br>Jenna Musselman Yott (SBN 251901)<br>JYott@gibsondunn.com<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone:  213-229-7000<br>Fax:  213-229-7520 |

Gibson, Dunn &
Crutcher LLP