1    GIBSON, DUNN & CRUTCHER LLP
     DANIEL W. NELSON, *pro hac vice*
2    DNelson@gibsondunn.com
     ANDREW TULUMELLO, SBN 196484
3    ATulumello@gibsondunn.com
     1050 Connecticut Avenue, N.W.
4    Washington, DC  20036
     Telephone:  202.955.8500
5    Facsimile:   202.467.0539

6    CHRISTOPHER CHORBA, SBN 216692
     CChorba@gibsondunn.com
7    DHANANJAY S. MANTHRIPRAGADA, SBN 254433
     DManthripragada@gibsondunn.com
8    JENNA MUSSELMAN YOTT, SBN 251901
     JYott@gibsondunn.com
9    333 South Grand Avenue
     Los Angeles, CA  90071-3197
10   Telephone:  213.229.7000
     Facsimile:   213.229.7520
11
     Attorneys for Defendant Naked Juice Co. of Glendora, Inc.
12

13                  **UNITED STATES DISTRICT COURT**

14                  **CENTRAL DISTRICT OF CALIFORNIA**

15                        **WESTERN DIVISION**

16   NATALIE PAPPAS,                    CASE NO. LA CV 11-08276-JAK
                                        (PLAx), Lead Case (Consolidated with LA
17              Plaintiff,              CV 11-08007; SA CV 11-01701; LA CV
                                        11-09412; LA CV 11-09677)
18        vs.
                                        **NOTICE OF MOTION AND JOINT
19   NAKED JUICE CO. OF GLENDORA,       STIPULATION REGARDING
                                        DEFENDANT'S MOTION TO
20              Defendant.              COMPEL RESPONSES TO
                                        REQUESTS FOR PRODUCTION AND
21                                      INTERROGATORIES**

22                                      Discovery Cut-Off Date:    April 18, 2013
                                        Pretrial Conference:       July 22, 2013
23                                      Trial Date:                August 6, 2013

24                                      Hearing
                                        Date:           December 11, 2012
25                                      Time:           10:00 a.m.
                                        Place:          Courtroom G
26                                                      The Hon. Paul L. Abrams

27                                      Amended Consolidated Class Action
                                        Complaint Filed:  June 5, 2012
28

Gibson, Dunn &
Crutcher LLP

1   TO THE COURT AND ALL PARTIES AND COUNSEL OF RECORD:

2        PLEASE TAKE NOTICE that on December 11, 2012, at 10:00 a.m., or as soon

3   thereafter as it may be heard, in Courtroom G, 9th Floor, of this Court, located at 312

4   North Spring Street, Los Angeles, California, 90012, Defendant Naked Juice Co. of

5   Glendora, Inc. ("Defendant") will, and hereby does, move this Court for an order

6   pursuant to Fed. R. Civ. P. 37(a)(3)(B) compelling Plaintiffs Natalie Pappas, Russell

7   Marchewka, Christopher Evans, and Gina Park ("Plaintiffs") to respond to Defendant's

8   Requests for Production and Interrogatories.

9        This Motion is made following the conference of counsel pursuant to Local

10  Rule 37-1, which took place on September 19, 2012, and several other times via

11  conference call and through written correspondence (as described in greater detail in

12  the accompanying declaration of counsel).  Despite their good faith efforts, counsel

13  were unable to resolve the issues raised in this Motion.

14       This Motion is based on this Notice of Motion, the attached Joint Stipulation

15  Regarding Naked Juice Co. of Glendora, Inc.'s Motion to Compel, the attached

16  Declaration of Jenna Musselman Yott, the pleadings and papers on file herein, and

17  other such matters as may be presented to the Court at the time of the hearing.

18

19  DATED:  November 16, 2012          GIBSON, DUNN & CRUTCHER LLP

20                                     By:      /s/ Christopher Chorba
                                                CHRISTOPHER CHORBA
21
                                       Attorneys for Defendant,
22                                     NAKED JUICE CO. OF GLENDORA, INC.

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

1

## TABLE OF CONTENTS

2

Page

3

I. INTRODUCTION ...................................................................................1

4

   A. Defendant's Introductory Statement ....................................................1

5

   B. Plaintiffs' Introductory Statement ........................................................3

6

II. REQUESTS FOR PRODUCTION ...........................................................5

7

   A. Definitions ..........................................................................................5

8

   B. Requests for Production Nos. 1-4 (Evans, Marchewka, Pappas, Park) ........................................................................................................7

9

10

      1. Defendant's Position Regarding Requests for Production Nos. 1-4 (Evans, Marchewka, Pappas, Park) .........................15

11

      2. Plaintiffs' Position Regarding Requests for Production Nos. 1-4 (Evans, Marchewka, Pappas, Park) .........................20

12

13

   C. Request for Production No. 17 (Evans, Pappas, Park) .....................21

14

      1. Defendant's Position Regarding Requests for Production No. 17 (Evans, Pappas, Park) ...............................................22

15

      2. Plaintiffs' Position Regarding Requests for Production No. 17 (Evans, Pappas, Park) ...............................................24

16

17

   D. Request for Production No. 18 (Marchewka) ...................................25

18

      1. Defendant's Position Regarding Request No. 18. (Marchewka) ...............................................................................25

19

      2. Plaintiffs' Position Regarding Request No. 18 (Marchewka) ...............................................................................27

20

21

   E. Request for Production No. 18 (Pappas)...........................................27

22

      1. Defendant's Position Regarding Request No. 18 (Pappas).....28

23

      2. Plaintiffs' Position Regarding Request No. 18 (Pappas).........29

24

   F. Request for Production Nos. 19 (Park), 20 (Evans, Marchewka, Pappas) ............................................................................................30

25

26

      1. Defendant's Position Regarding Requests for Production No. 19 (Park); No. 20 (Evans, Marchewka, and Pappas)........32

27

      2. Plaintiffs' Position Regarding Requests for Production No. 19 (Park); No. 20 (Evans, Marchewka, and Pappas)........33

28

Gibson, Dunn &
Crutcher LLP

i

III. INTERROGATORIES ............................................................................. 36

    A.    Definitions ............................................................................. 36

    B.    Plaintiffs Must Provide Verifications For Their Interrogatory Responses ............................................................................. 38

    C.    Interrogatory No. 2 (All Plaintiffs) ...................................... 39

        1.    Defendant's Position Regarding Interrogatory No. 2 ............. 41

        1.    Plaintiffs' Position Regarding Interrogatory No. 2 ................. 42

    D.    Interrogatory Nos. 3 (All Plaintiffs) ...................................... 43

        1.    Defendant's Position Regarding Interrogatory No. 3 ............. 43

        2.    Plaintiffs' Position Regarding Interrogatory No. 3 ................. 44

    E.    Interrogatory No. 5 (All Plaintiffs) ...................................... 45

        1.    Defendant's Position Regarding Interrogatory No. 5 ............. 48

        2.    Plaintiffs' Position Regarding Interrogatory No. 5 ................. 49

    F.    Interrogatory Nos. 7-8; 13 (All Plaintiffs) .......................... 49

        1.    Defendant's Position Regarding Interrogatory Nos. 7-8, 13 ............................................................................. 52

        2.    Plaintiffs' Position Regarding Interrogatory Nos. 7-8, 13 ...... 53

    G.    Interrogatory Nos. 9-10 (All Plaintiffs) .............................. 54

        1.    Defendant's Position Regarding Interrogatory Nos. 9-10 ....... 54

        2.    Plaintiffs' Position Regarding Interrogatory Nos. 9-10 .......... 56

    H.    Interrogatory No. 12 (All Plaintiffs) .................................... 57

        1.    Defendant's Position Regarding Interrogatory No. 12 ............. 58

        2.    Plaintiffs' Position Regarding Interrogatory No. 12 ............... 60

    I.    Interrogatory No. 14 (All Plaintiffs) .................................... 61

        1.    Defendant's Position Regarding Interrogatory No. 14 ............. 62

        2.    Plaintiffs' Position Regarding Interrogatory No. 14 ............... 63

    J.    Interrogatory No. 15 (All Plaintiffs) .................................... 63

        1.    Defendant's Position Regarding Interrogatory No. 15 ............. 65

        2.    Plaintiffs' Position Regarding Interrogatory No. 15 ............... 66

# TABLE OF AUTHORITIES

Page

## Cases

*Baker v. Masco Builder Cabinet Group, Inc.*,
  No. 09-5085, 2010 WL 3862567 (D.S.D. Sept. 27, 2010) ..................................34

*Blankenship v. Hearst Corp.*,
  519 F.2d 418 (9th Cir. 1975) .................................................................................16

*Cappetta v. GC Services Ltd. Partnership*,
  No. 08-288, 2008 WL 5377934 (E.D. Va. Dec. 24, 2008)..............................17

*Carrea v. Dreyer's Grand Ice Cream*,
  No. 10-01044, 2011 WL 159380 (N.D. Cal. Jan. 10, 2011) ..........................16, 20

*Carrillo v. Schneider Logistics, Inc.*,
  No. 11-8557, 2012 WL 4791614 (C.D. Cal. Oct. 5, 2012) ..............................18

*Clarke v. American Commerce Nat'l Bank*,
  974 F.2d 127 (9th Cir. 1992) .................................................................................19

*Colonial Life & Accident Insur. Co. v. Superior Court*,
  31 Cal. 3d 785, 183 Cal. Rptr. 810 (1982) .........................................................17

*Comcast of Los Angeles, Inc. v. Top End Int'l, Inc.*,
  No. CV032213JFWRCX, 2003 WL 22251149 (C.D. Cal. July 2, 2003) ................16

*Culkin v. Pitney Bowes, Inc.*,
  225 F.R.D. 69 (D. Conn. 2004) ...........................................................................18

*D.L. v. District of Columbia*,
  251 F.R.D. 38 (D.D.C. 2008)................................................................................18

*Davidson v. Goord*,
  215 F.R.D. 73 (W.D.N.Y. 2003) ..........................................................................17

*Davis v. Fendler*,
  650 F.2d 1154 (9th Cir. 1981) ...............................................................................19

*Dubin v. E.F. Hutton Group Inc.*,
  125 F.R.D. 372 (S.D.N.Y. 1989) ..........................................................................19

*Duran v. Cisco Sys., Inc.*,
  258 F.R.D. 375 (C.D. Cal. 2009)..........................................................................20

*Eureka Financial Corp. v. Hartford Acc. & Indem. Co.*,
  136 F.R.D. 179 (E.D. Cal. 1991) ..........................................................................19

*Ferraro v. General Motors Corp.*,
  105 F.R.D. 429 (D.N.J. 1984).............................................................................33

*Gabe Staino Motors, Inc. v. Volkswagen of America*,
  No. 99-5034, 2003 WL 25666135 (E.D. Pa. Feb. 28, 2003)....................................18

*Haines v. Brand*,
  No. 11-cv-01335, 2012 WL 1670160
  (N.D. Cal. May 13, 2012) .........................22, 26, 28, 41, 42, 44, 45, 48, 52, 55, 59

*Hairston v. South Beach Beverage Co.*,
  No. 12-1429, 2012 WL 1893818 (C.D. Cal. May 18, 2012)..............................16, 20

*Hemphill v. San Diego Ass'n of Realtors,*
  225 F.R.D. 616 (S.D. Cal. 2004) ................................................................33

*Herring v. Clark,*
  No. 05-00079, 2011 WL 2433672 (E.D. Cal. June 14, 2011) ...................18

*Hill v. Eddie Bauer,*
  242 F.R.D. 556 (C.D. Cal. 2007) .......................................4, 24, 30, 44, 60

*In re Cheerios Mktg. & Sales Practices Litig.,*
  No. 09-2413, 2012 WL 3952069 (D.N.J. Sept. 10, 2012)........................56

*In re Front Loading Washing Mach. Class Action Litig.,*
  No. 08-51, 2010 WL 3025141 (D.N.J. July 29, 2010) ............................35

*In re Google AdWords Litig.,*
  No. 08-03369, 2010 WL 4942516 (N.D. Cal. Nov. 12, 2010) .................35

*In re Grand Jury Proceedings,*
  33 F.3d 1060 (9th Cir. 1994) ...................................................................32

*In re Oracle Sec. Litig.,*
  136 F.R.D. 639 (N.D. Cal. May 6, 1991) ......................................32, 35, 36

*In re Quintus Sec. Litig.,*
  201 F.R.D. 475 (N.D. Cal. 2001) ........................................................33, 36

*In re Supportsoft, Inc. Sec. Litig.,*
  No. 04-05222, 2006 WL 2403577
  (N.D. Cal. Aug. 18, 2006)............................26, 28, 41, 42, 44, 45, 48, 52, 55, 59

*Kaldenbach v. Mut. of Omaha Life Ins. Co.,*
  178 Cal. App. 4th 830, 100 Cal. Rptr. 3d 637 (2009) .............................48

*Kas v. Mercedes-Benz USA, LLC,*
  No. 11-1032, 2012 WL 473931 (C.D. Cal. Feb. 1, 2012) ........................38

*Laufman v. Oakley Building & Loan Co.,*
  72 F.R.D. 116 (S.D. Ohio 1976).................................................................17

*Mazza v. Am. Honda Mtr. Co.,*
  666 F.3d 581 (9th Cir. 2012) .....................................................................48

*Mitchell-Tracey v. United Gen. Title Ins. Co.,*
  No. 05-1428, 2006 WL 149105 (D. Md. Jan. 9, 2006) .............................34

*Oracle USA, Inc. v. SAP AC,*
  264 F.R.D. 541 (N.D. Cal. 2009)................................................................52

*Pacific Tel. & Tel. Co. v. Superior Court,*
  2 Cal. 3d 161, 84 Cal. Rptr. 718 (1970)....................................................17

*Peat, Marwick, Mitchell & Co. v. West,*
  748 F.2d 540 (10th Cir. 1984) ...................................................................19

*Pfizer v. Super. Ct.,*
  182 Cal. App. 4th 622, 105 Cal. Rptr. 3d 795 (2010) .............................48

*Sevidal v. Target Corp.,*
  189 Cal. App. 4th 905, 117 Cal. Rptr. 3d 66 (2010) ...............................48

*Sherman Park Community Ass'n v. Wauwatosa Realty,*
  486 F. Supp. 838 (E.D. Wis. 1980).............................................................17

*Simke, Chodos, Silberfeld & Anteau, Inc. v. Athans,*
  195 Cal. App. 4th 1275, 128 Cal. Rptr. 3d 95 (2011) ............23, 26, 29, 44, 55

*Smith v. B&O Railroad Co.,*
  473 F. Supp. 572 (D. Md. 1979) ................................................................17

*Stanich v. Travelers Indem. Co.,*
  259 F.R.D. 294 (N.D. Ohio 2009) ............................................................34

*Stanley v. Bayer Healthcare LLC,*
  No. 11-cv-862, 2011 WL 5569761
  (S.D. Cal. Nov. 16, 2011) ......................18, 20, 21, 41, 42, 44, 45, 49

*Thomas v. IEM, Inc.,*
  No. 06-866, 2008 WL 695230 (M.D. La. Mar. 12, 2008) .......................18

*Tornay v. United States,*
  840 F.2d 1424 (9th Cir. 1988) ..................................................................32

*Treppel v. Biovail Corp.,*
  233 F.R.D. 363 (S.D.N.Y. Feb. 6, 2006) ..................................................18

*United States ex rel. O'Connell v. Chapman Univ.,*
  245 F.R.D. 646 (C.D. Cal. 2007) ..............................................................65

## Statutes

Cal. Bus. & Prof. Code § 6149 ........................................................................33

## Other Authorities

7 A. Conte and H. Newberg,
  *Newberg on Class Actions,* § 22:79 (4th ed. 2005) ..........................34, 35

## Rules

Fed. R. Civ. P. 11(b)(3) ...................................................................................62

Fed. R. Civ. P. 26(b)(1) ............................16, 26, 30, 41, 44, 48, 52, 55, 59, 60

Fed. R. Civ. P. 26(b)(5) ...................................................................................19

Fed. R. Civ. P. 33(a)(1) ...................................................................................65

Fed. R. Civ. P. 33(b)(5) ...................................................................................38

Gibson, Dunn & Crutcher LLP

Pursuant to Central District of California Local Rule 37, Defendant Naked Juice Co. of Glendora, Inc. ("Defendant") and Plaintiffs Natalie Pappas, Russell Marchewka, Christopher Evans, and Gina Park (collectively, "Plaintiffs") by and between their respective undersigned counsel, hereby submit this Joint Stipulation Regarding Naked Juice Co. of Glendora, Inc.'s Motion to Compel.

## I. INTRODUCTION

### A.   Defendant's Introductory Statement

Despite having several months to provide documents and information in response to Defendant's written discovery requests (including several sets of Requests for Production of Documents and a set of Interrogatories), Plaintiffs continue to rely on boilerplate objections to evade their discovery obligations in this action.  Plaintiffs appear to be operating under the mistaken impression that discovery in this putative nationwide class action is a one-way street, and that they can continue to impose substantial discovery costs and burdens on Defendant while simultaneously ignoring their own obligations to produce even the most basic documents and information to support their claims.

For example, Plaintiffs still have not produced the following core documents and information:

- proofs of purchase and/or basic purchase details for 6 of the 13 beverages allegedly at issue in this case:  BERRY VEGGIE, MANGO VEGGIE, MIGHTY MANGO, POMEGRANATE AÇAÍ, PROTEIN ZONE DOUBLE BERRY, or RED MACHINE (Request for Production Nos. 1-4 and Interrogatory Nos. 2-3);

- *when*, *how*, or *where* Plaintiffs viewed the allegedly deceptive advertising upon which they base this putative nationwide class action (Interrogatory No. 5);

- basic factual details regarding Plaintiffs' allegations of injury and damages (Interrogatory Nos. 7-8, 13);

- factual support for Plaintiffs' allegations, including their assertions that the "non-GMO" and "Natural" labeling is false, and factual support for their

class certification contentions (beyond conclusory averments that simply parrot the allegations of the complaint) (Interrogatory Nos. 14-15);

- the identity of other natural and non-GMO products consumed by Plaintiffs (Interrogatory Nos. 3, 9-10);

- Plaintiffs' online statements concerning health and foods, including natural foods, the challenged products, and bioengineering (Request for Production Nos. 17 (Pappas, Evans, Park), 18 (Pappas); Interrogatory No. 12);

- Plaintiff Marchewka's professional sponsorship and endorsement of other food, beverage, and/or vitamin supplement products (Request for Production No. 18 (Marchewka)); and

- Plaintiffs' retention agreements, which are discoverable under Ninth Circuit precedent (Request for Production Nos. 19 (Park), 20 (Evans, Pappas, Marchewka)).

Defendant has engaged in several months' worth of meet-and-confer discussions in an attempt to obtain this basic information.  (*See* Declaration of Jenna Yott ("Yott Decl.") ¶¶ 3-9; Exs. E-K.)  Although Plaintiffs have agreed to provide most of these documents and information, they have failed to do so and have forced Defendant to move to compel the production of these materials.  (*See id.*, Ex. K.)

As discussed below, all of Plaintiffs' objections offered to resist production of the requested documents and information are without merit.  In fact, many of these objections are identical to the objections that Plaintiffs themselves challenged—and that this Court overruled—in granting their Motion to Compel.  For instance, Plaintiffs assert several boilerplate objections on the basis that certain requests are "vague, ambiguous, overbroad, and unduly burdensome."  These include objections to basic, commonly understood terms such as "statements," "websites," or "internet."  These objections fail to provide any reasonable basis to resist the requested discovery.

Likewise, Plaintiffs do not substantiate their refusal to produce documents and/or respond to Interrogatories on the basis of the attorney-client privilege or the work product protection.  As this Court held in connection with Plaintiffs' Motion to

Compel, the burden is on the *responding party* to show that discovery should not be allowed, and it is not up to Plaintiffs to decide what type of information the propounding party needs to prosecute or defend this action.  (Order re Pls.' Mot. to Compel, Oct. 18, 2012 [ECF No. 91], at 3.)  Here, Plaintiffs have not produced a privilege log or made any attempt to substantiate their privilege objections.

Nor do Plaintiffs provide any justification for their privacy objection.  Notably, they assert this objection in response to requests that seek publicly available information.  And, in any event, there is a confidentiality order governing discovery in this action that would protect any sensitive information from further public disclosure.

Defendant respectfully urges that the Court order Plaintiffs to provide full and complete responses to Requests for Production Nos. 1-4 (all Plaintiffs), 17 (Evans, Pappas, Park), 18 (Marchewka), 18 (Pappas), 19 (Park), and 20 (Evans, Marchewka, Pappas); and Interrogatory Nos. 2-3, 5, 7-10, and 12-15 (each as to all Plaintiffs).

**B.**     **Plaintiffs' Introductory Statement**

Defendant seeks to compel documents that, to a large extent, and as Plaintiffs have repeatedly stated, Plaintiffs do not have.

Plaintiffs have supplemented their interrogatory responses three times, have searched their refrigerators for products containing synthetic ingredients included in Defendant's Juices, and have produced over 1600 pages of additional documents consisting in large part of website printouts evidencing every online statement made by Plaintiff Marchewka concerning health, food, and many other issues beyond the purview of this false advertising case.  Other named Plaintiffs have no similar documents to produce.  (Declaration of Tina Wolfson ("Wolfson Decl.") ¶¶ 3-4 & Exhs. B-C.)

Plaintiffs have produced all receipts they have concerning their purchases of Defendant's beverages, photographs of bottles still in their possession, and even bank records.  The receipts produced show when and where Plaintiffs made some of their purchases, and the prices paid.  Plaintiffs do not have any additional documents

1    evidencing their additional purchases of the products at issue, though they will testify

2    regarding their purchases at their depositions.

3         Moreover, Plaintiffs have provided reasonably detailed descriptions of their

4    purchasing habits concerning Defendant's Products in their supplemental responses to

5    Defendant's Interrogatories.  (Wolfson Decl. Exh. C at Interrogatory 2.)  It is

6    unrealistic to expect Plaintiffs to have maintained all receipts for their purchases of

7    Defendant's juices throughout the class period, and no law requires that they have

8    done so or that they somehow be compelled to produce such receipts or describe each

9    and every purchase by way of an Interrogatory response.

10        Defendant's requests that Plaintiffs produce and describe every online statement

11   they ever made regarding "food" (*e.g.*, Request for Production No. 17 to Evans, Park,

12   and Pappas) or "healthy or unhealthy lifestyle choices" (Request No. 18 to Ms.

13   Pappas) are vague and overbroad, go well beyond the permissible scope of discovery,

14   and would impermissibly trample Plaintiffs' privacy rights, including those protected

15   by the California Constitution.  Plaintiffs allege that Defendant falsely advertises its

16   juices as "all natural" and, in support of such advertising, falsely claims it "does not

17   use ingredients that were produced using biotechnology as a matter of principle."

18   There is no basis for requiring discovery of any and all food-related comments

19   Plaintiffs may have made in the online world — much less for requiring discovery

20   concerning "lifestyle choices."

21        Likewise, Defendant's request that Plaintiffs provide identification numbers for

22   any "frequent shopper" or "club" memberships they may use (Interrogatory No. 3)

23   similarly exceeds the scope of permissible discovery and impermissibly infringes

24   Plaintiffs' privacy rights. *See Hill v. Eddie Bauer*, 242 F.R.D. 556, 562-63 (C.D. Cal.

25   2007) (applying the privacy privilege created by California's Constitution in District

26   Court discovery dispute).  Such information would make Defendant privy to the details

27   of every supermarket purchase Plaintiffs made using any such membership.

28

1    Nor is Defendant entitled to Plaintiffs' retention agreements with their counsel.

2    These agreements are privileged under California law, and they are not relevant or

3    likely to lead to the discovery of admissible evidence in this litigation.

4    Finally, Defendant's meet-and-confer efforts preceding this Motion failed to

5    comply with the spirit, if not the letter, of Local Rule 37.  Defendant engaged in one

6    telephonic (not in-person) meet-and-confer before serving Plaintiffs with this Joint

7    Stipulation, which seeks to compel documents Plaintiffs agreed to produce in that

8    single telephonic conference.  Instead of following up with Plaintiffs' counsel, and

9    without even clearing the date for the hearing on this motion with Plaintiffs, Defendant

10   summarily served Plaintiffs with this Joint Stipulation via email after close of business

11   on a Friday evening.  (Wolfson Decl. ¶ 2 & Exh. A.)

## II.  REQUESTS FOR PRODUCTION

### A.    Definitions

14    1.    "ACTION" means and refers to the consolidated lawsuit comprised of the

15   lawsuits entitled *Pappas v. Naked Juice Co. of Glendora, Inc., et al.*, No. LA CV11-

16   08276 JAK (PLAx) Lead Case (consolidated with *Sandys v. Naked Juice Company, et

17   al.*, No. LA CV11-08007 JAK (PLAx), *Marchewka v. Naked Juice Co. of Glendora,

18   Inc.*, No. SA CV11-01701 JAK (PLAx), *Evans v. v. Naked Juice Co. of Glendora, Inc.*,

19   *et al.*, No. LA CV11-09412 JAK (PLAx), and *Park v. Naked Juice Co. of Glendora,

20   Inc.*, No. LA CV11-09677 JAK (PLAx)), in the United States District Court for the

21   Central District of California, and assigned to the Honorable John A. Kronstadt.

22    2.    "YOU," "YOUR," and/or "YOURSELF" refers to, as appropriate, Natalie

23   Pappas, Russell Marchewka, Christopher Evans, Gina Park, the Plaintiffs in the

24   ACTION, and anyone acting on YOUR behalf.  The DOCUMENTS requested herein

25   shall include those in YOUR possession, custody, or control.

26    3.    "COMPLAINT" means and refers to YOUR Class Action Complaint and

27   Demand for Jury Trial, filed on or about November 21, 2011, in *Park v. Naked Juice

28   Co. of Glendora, Inc.*, No. LA CV11-09677 JAK (PLAx).

Gibson, Dunn &
Crutcher LLP

5

4.     "CONSOLIDATED AMENDED COMPLAINT" refers to YOUR Consolidated Amended Complaint filed on March 19, 2012, in the ACTION.

5.     "COMMUNICATION" and "COMMUNICATIONS" include, without limitation, any transmission or transfer of information of any kind, whether orally, electronically, in writing, or in any other manner, at any time or place, and under any circumstances whatsoever.

6.     "DOCUMENT" and "DOCUMENTS" have the full meaning ascribed to those terms under Rule 34 of the Federal Rules of Civil Procedure and include, without limitation, any and all drafts; COMMUNICATIONS; correspondence; memoranda; records; reports; books; records, reports and/or summaries of personal conversations or interviews; diaries; graphs; charts; diagrams; tables; photographs; recordings; tapes; microfilms; minutes; records, reports and/or summaries of meetings or conferences; records and reports of consultants; press releases; stenographic handwritten or any other notes; work papers; checks, front and back; check vouchers, check stubs or receipts; tape data sheets or data processing cards or discs or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced; and any paper or writing of whatever description, including any computer database or information contained in any computer although not yet printed out.

7.     "DEFENDANT" or "NAKED JUICE" refers to Naked Juice Co. of Glendora, Inc., the Defendant in this ACTION, and anyone acting on DEFENDANT'S or NAKED JUICE'S behalf.

8.     "NAKED JUICE PRODUCTS" refers to the products that YOU allege in the COMPLAINT and/or CONSOLIDATED AMENDED COMPLAINT that YOU purchased, and all other products manufactured, produced, or marketed by DEFENDANT that YOU contend are at issue in this ACTION.

9.     "CONCERNING," as used herein, is meant to be construed broadly and include within its scope the terms supports, evidences, describes, relates to, relating to, summarizes, mentions, refers to, contradicts, comprises, referring to, alluding to,

1  responding to, regarding, pertaining to, connect with, commenting on, in respect to,

2  discussing, showing, reflecting, analyzing, projecting, and constituting.

3  **B.      Requests for Production Nos. 1-4 (Evans, Marchewka, Pappas, Park)**

4  **REQUEST NO. 1 (EVANS, MARCHEWKA, PAPPAS, PARK)**

5          All DOCUMENTS evidencing, supporting, and/or otherwise relating to each of

6  YOUR purchase(s) of the NAKED JUICE PRODUCTS at issue in this ACTION,

7  including but not limited to the sales receipts, product packaging, purchase

8  confirmations, credit card statements, and/or check registers.

9          **RESPONSE TO REQUEST NO. 1 (EVANS)**

10         Plaintiff objects to this document request on the ground that it is vague,

11  ambiguous, overbroad, and is unduly burdensome and oppressive. Plaintiff further

12  objects to this request on the ground that the requested Documents are already in

13  Defendant's possession, custody, or control. Plaintiff further objects to the request on

14  the ground that it is premature as it seeks documents prepared by expert witnesses.

15  Plaintiff further objects to the request on the ground that it seeks documents protected

16  by the attorney-client privilege and subject to the attorney work product doctrine.

17         Without waiving and subject to these objections, and subject to each of the

18  foregoing General Objections, and subject to the Protective Order governing this case,

19  and subject to Plaintiff's counsel's understanding of the request, Plaintiff responds as

20  follows:

21         Plaintiff will produce true and correct copies of all responsive, non-privileged

22  documents in his possession, custody, or control.

23         **RESPONSE TO REQUEST NO. 1 (MARCHEWKA)**

24         Plaintiff objects to this document request on the ground that it is vague,

25  ambiguous, overbroad, and is unduly burdensome and oppressive. Plaintiff further

26  objects to this request on the ground that the requested Documents are already in

27  Defendant's possession, custody, or control. Plaintiff further objects to the request on

28  the ground that it is premature as it seeks documents prepared by expert witnesses.

Gibson, Dunn &
Crutcher LLP

7

1  Plaintiff further objects to the request on the ground that it seeks documents protected
2  by the attorney-client privilege and subject to the attorney work product doctrine.

3       Without waiving and subject to these objections, and subject to each of the
4  foregoing General Objections, and subject to the Protective Order governing this case,
5  and subject to Plaintiff's counsel's understanding of the request, Plaintiff responds as
6  follows:

7       Plaintiff will produce true and correct copies of all responsive, non-privileged
8  documents in his possession, custody, or control.

9       **RESPONSE TO REQUEST NO. 1 (PAPPAS)**

10      Plaintiff objects to this document request on the ground that it is vague,
11 ambiguous, overbroad, and is unduly burdensome and oppressive. Plaintiff further
12 objects to this request on the ground that the requested Documents are already in
13 Defendant's possession, custody, or control. Plaintiff further objects to the request on
14 the ground that it is premature as it seeks documents prepared by expert witnesses.
15 Plaintiff further objects to the request on the ground that it seeks documents protected
16 by the attorney-client privilege and subject to the attorney work product doctrine.

17      Without waiving and subject to these objections, and subject to each of the
18 foregoing General Objections, and subject to the Protective Order governing this case,
19 and subject to Plaintiff's counsel's understanding of the request, Plaintiff responds as
20 follows:

21      Plaintiff will produce true and correct copies of all responsive, non-privileged
22 documents in her possession, custody, or control.

23      **RESPONSE TO REQUEST NO. 1 (PARK)**

24      Plaintiff objects to this document request on the ground that it is vague,
25 ambiguous, overbroad, and is unduly burdensome and oppressive. Plaintiff further
26 objects to this request on the ground that the requested Documents are already in
27 Defendant's possession, custody, or control. Plaintiff further objects to the request on
28 the ground that it is premature as it seeks documents prepared by expert witnesses.

1  Plaintiff further objects to the request on the ground that it seeks documents protected

2  by the attorney-client privilege and subject to the attorney work product doctrine.

3       Without waiving and subject to these objections, and subject to each of the

4  foregoing General Objections, and subject to the Protective Order governing this case,

5  and subject to Plaintiff's counsel's understanding of the request, Plaintiff responds as

6  follows:

7       Plaintiff will produce true and correct copies, if any, of all responsive, non-

8  privileged documents in her possession, custody, or control.

9       **REQUEST NO. 2 (EVANS, MARCHEWKA, PAPPAS, PARK)**

10      All DOCUMENTS evidencing, supporting, and/or otherwise relating to the

11  location(s) of each of YOUR purchase(s) of the NAKED JUICE PRODUCTS at issue

12  in this ACTION.

13      **RESPONSE TO REQUEST NO. 2 (EVANS)**

14      Plaintiff objects to this document request on the ground that it is vague,

15  ambiguous, overbroad, and is unduly burdensome and oppressive. Plaintiff further

16  objects to this request on the ground that the requested Documents are already in

17  Defendant's possession, custody, or control. Plaintiff further objects to the request on

18  the ground that it is premature as it seeks documents prepared by expert witnesses.

19  Plaintiff further objects to the request on the ground that it seeks documents protected

20  by the attorney-client privilege and subject to the attorney work product doctrine.

21      Without waiving and subject to these objections, and subject to each of the

22  foregoing General Objections, and subject to the Protective Order governing this case,

23  and subject to Plaintiff's counsel's understanding of the request, Plaintiff responds as

24  follows:

25      Plaintiff will produce true and correct copies of all responsive, non-privileged

26  documents in his possession, custody, or control.

27

28

Gibson, Dunn &
Crutcher LLP

9

**RESPONSE TO REQUEST NO. 2 (MARCHEWKA)**

Plaintiff objects to this document request on the ground that it is vague, ambiguous, overbroad, and is unduly burdensome and oppressive. Plaintiff further objects to this request on the ground that the requested Documents are already in Defendant's possession, custody, or control. Plaintiff further objects to the request on the ground that it is premature as it seeks documents prepared by expert witnesses. Plaintiff further objects to the request on the ground that it seeks documents protected by the attorney-client privilege and subject to the attorney work product doctrine.

Without waiving and subject to these objections, and subject to each of the foregoing General Objections, and subject to the Protective Order governing this case, and subject to Plaintiff's counsel's understanding of the request, Plaintiff responds as follows:

Plaintiff will produce true and correct copies of all responsive, non-privileged documents in his possession, custody, or control.

**RESPONSE TO REQUEST NO. 2 (PAPPAS)**

Plaintiff objects to this document request on the ground that it is vague, ambiguous, overbroad, and is unduly burdensome and oppressive. Plaintiff further objects to this request on the ground that the requested Documents are already in Defendant's possession, custody, or control. Plaintiff further objects to the request on the ground that it is premature as it seeks documents prepared by expert witnesses. Plaintiff further objects to the request on the ground that it seeks documents protected by the attorney-client privilege and subject to the attorney work product doctrine.

Without waiving and subject to these objections, and subject to each of the foregoing General Objections, and subject to the Protective Order governing this case, and subject to Plaintiff's counsel's understanding of the request, Plaintiff responds as follows:

Plaintiff will produce true and correct copies of all responsive, non-privileged documents in her possession, custody, or control.

**RESPONSE TO REQUEST NO. 2 (PARK)**

Plaintiff objects to this document request on the ground that it is vague, ambiguous, overbroad, and is unduly burdensome and oppressive. Plaintiff further objects to this request on the ground that the requested Documents are already in Defendant's possession, custody, or control. Plaintiff further objects to the request on the ground that it is premature as it seeks documents prepared by expert witnesses. Plaintiff further objects to the request on the ground that it seeks documents protected by the attorney-client privilege and subject to the attorney work product doctrine.

Without waiving and subject to these objections, and subject to each of the foregoing General Objections, and subject to the Protective Order governing this case, and subject to Plaintiff's counsel's understanding of the request, Plaintiff responds as follows:

Plaintiff will produce true and correct copies, if any, of all responsive, non-privileged documents in her possession, custody, or control.

**REQUEST NO. 3 (EVANS, MARCHEWKA, PAPPAS, PARK)**

All DOCUMENTS evidencing, supporting, and/or otherwise relating to the date(s) of each of YOUR purchase(s) of the NAKED JUICE PRODUCTS at issue in this ACTION.

**RESPONSE TO REQUEST NO. 3 (EVANS)**

Plaintiff objects to this document request on the ground that it is vague, ambiguous, overbroad, and is unduly burdensome and oppressive. Plaintiff further objects to this request on the ground that the requested Documents are already in Defendant's possession, custody, or control. Plaintiff further objects to the request on the ground that it is premature as it seeks documents prepared by expert witnesses. Plaintiff further objects to the request on the ground that it seeks documents protected by the attorney-client privilege and subject to the attorney work product doctrine.

Without waiving and subject to these objections, and subject to each of the foregoing General Objections, and subject to the Protective Order governing this case,

and subject to Plaintiff's counsel's understanding of the request, Plaintiff responds as follows:

Plaintiff will produce true and correct copies of all responsive, non-privileged documents in his possession, custody, or control.

**RESPONSE TO REQUEST NO. 3 (MARCHEWKA)**

Plaintiff objects to this document request on the ground that it is vague, ambiguous, overbroad, and is unduly burdensome and oppressive. Plaintiff further objects to this request on the ground that the requested Documents are already in Defendant's possession, custody, or control. Plaintiff further objects to the request on the ground that it is premature as it seeks documents prepared by expert witnesses. Plaintiff further objects to the request on the ground that it seeks documents protected by the attorney-client privilege and subject to the attorney work product doctrine.

**RESPONSE TO REQUEST NO. 3 (PAPPAS)**

Plaintiff objects to this document request on the ground that it is vague, ambiguous, overbroad, and is unduly burdensome and oppressive. Plaintiff further objects to this request on the ground that the requested Documents are already in Defendant's possession, custody, or control. Plaintiff further objects to the request on the ground that it is premature as it seeks documents prepared by expert witnesses. Plaintiff further objects to the request on the ground that it seeks documents protected by the attorney-client privilege and subject to the attorney work product doctrine.

Without waiving and subject to these objections, and subject to each of the foregoing General Objections, and subject to the Protective Order governing this case, and subject to Plaintiff's counsel's understanding of the request, Plaintiff responds as follows:

Plaintiff will produce true and correct copies of all responsive, non-privileged documents in her possession, custody, or control.

**RESPONSE TO REQUEST NO. 3 (PARK)**

Plaintiff objects to this document request on the ground that it is vague, ambiguous, overbroad, and is unduly burdensome and oppressive. Plaintiff further objects to this request on the ground that the requested Documents are already in Defendant's possession, custody, or control. Plaintiff further objects to the request on the ground that it is premature as it seeks documents prepared by expert witnesses. Plaintiff further objects to the request on the ground that it seeks documents protected by the attorney-client privilege and subject to the attorney work product doctrine.

Without waiving and subject to these objections, and subject to each of the foregoing General Objections, and subject to the Protective Order governing this case, and subject to Plaintiff's counsel's understanding of the request, Plaintiff responds as follows:

Plaintiff will produce true and correct copies, if any, of all responsive, non-privileged documents in her possession, custody, or control.

**REQUEST NO. 4 (EVANS, MARCHEWKA, PAPPAS, PARK)**

All DOCUMENTS evidencing, supporting, and/or otherwise relating to the price paid for each of YOUR purchase(s) of the NAKED JUICE PRODUCTS at issue in this ACTION.

**RESPONSE TO REQUEST NO. 4 (EVANS)**

Plaintiff objects to this document request on the ground that it is vague, ambiguous, overbroad, and is unduly burdensome and oppressive. Plaintiff further objects to this request on the ground that the requested Documents are already in Defendant's possession, custody, or control. Plaintiff further objects to the request on the ground that it is premature as it seeks documents prepared by expert witnesses. Plaintiff further objects to the request on the ground that it seeks documents protected by the attorney-client privilege and subject to the attorney work product doctrine.

Without waiving and subject to these objections, and subject to each of the foregoing General Objections, and subject to the Protective Order governing this case,

1   and subject to Plaintiff's counsel's understanding of the request, Plaintiff responds as

2   follows:

3        Plaintiff will produce true and correct copies of all responsive, non-privileged

4   documents in his possession, custody, or control.

5   **RESPONSE TO REQUEST NO. 4 (MARCHEWKA)**

6        Plaintiff objects to this document request on the ground that it is vague,

7   ambiguous, overbroad, and is unduly burdensome and oppressive. Plaintiff further

8   objects to this request on the ground that the requested Documents are already in

9   Defendant's possession, custody, or control. Plaintiff further objects to the request on

10  the ground that it is premature as it seeks documents prepared by expert witnesses.

11  Plaintiff further objects to the request on the ground that it seeks documents protected

12  by the attorney-client privilege and subject to the attorney work product doctrine.

13       Without waiving and subject to these objections, and subject to each of the

14  foregoing General Objections, and subject to the Protective Order governing this case,

15  and subject to Plaintiff's counsel's understanding of the request, Plaintiff responds as

16  follows:

17       Plaintiff will produce true and correct copies of all responsive, non-privileged

18  documents in his possession, custody, or control.

19  **RESPONSE TO REQUEST NO. 4 (PAPPAS)**

20       Plaintiff objects to this document request on the ground that it is vague,

21  ambiguous, overbroad, and is unduly burdensome and oppressive. Plaintiff further

22  objects to this request on the ground that the requested Documents are already in

23  Defendant's possession, custody, or control. Plaintiff further objects to the request on

24  the ground that it is premature as it seeks documents prepared by expert witnesses.

25  Plaintiff further objects to the request on the ground that it seeks documents protected

26  by the attorney-client privilege and subject to the attorney work product doctrine.

27       Without waiving and subject to these objections, and subject to each of the

28  foregoing General Objections, and subject to the Protective Order governing this case,

1   and subject to Plaintiff's counsel's understanding of the request, Plaintiff responds as

2   follows:

3        Plaintiff will produce true and correct copies of all responsive, non-privileged

4   documents in her possession, custody, or control.

5   **RESPONSE TO REQUEST NO. 4 (PARK)**

6        Plaintiff objects to this document request on the ground that it is vague,

7   ambiguous, overbroad, and is unduly burdensome and oppressive. Plaintiff further

8   objects to this request on the ground that the requested Documents are already in

9   Defendant's possession, custody, or control. Plaintiff further objects to the request on

10  the ground that it is premature as it seeks documents prepared by expert witnesses.

11  Plaintiff further objects to the request on the ground that it seeks documents protected

12  by the attorney-client privilege and subject to the attorney work product doctrine.

13       Without waiving and subject to these objections, and subject to each of the

14  foregoing General Objections, and subject to the Protective Order governing this case,

15  and subject to Plaintiff's counsel's understanding of the request, Plaintiff responds as

16  follows:

17       Plaintiff will produce true and correct copies, if any, of all responsive, non-

18  privileged documents in her possession, custody, or control.

19       **1.**     **Defendant's Position Regarding Requests for Production**

20       **Nos. 1-4 (Evans, Marchewka, Pappas, Park)**

21       These Requests seek basic information concerning Plaintiffs' purchases of the

22  products that they challenge in this putative nationwide class action.  Plaintiffs initially

23  represented in their written responses that they would produce documents responsive

24  to these Requests.  To date, however, Plaintiff Evans has produced exactly one page (a

25  receipt dated three weeks before he filed his complaint), and Plaintiff Pappas has

26  produced pictures of ten bottles (three of which are not even challenged products) and

27  one receipt (dated two days before she filed her complaint).  Plaintiff Marchewka has

28  produced 25 pages of receipts and bank statements, almost none of which indicate

which specific Naked Juice products that he purchased.  Plaintiff Park has produced *no* documents responsive to these requests, and counsel later represented that Ms. Park has no responsive documents at all.  Plaintiffs have failed to produce *any* evidence of their purchases of BERRY VEGGIE, MANGO VEGGIE, MIGHTY MANGO, PROTEIN ZONE DOUBLE BERRY, and RED MACHINE.  Plaintiffs should be compelled to produce the evidence that supports their standing to challenge these products, or at a minimum confirm in sworn declarations that they have produced everything in their possession.  *See, e.g., Hairston v. South Beach Beverage Co.*, No. 12-1429, 2012 WL 1893818, at *5, n.5 (C.D. Cal. May 18, 2012) (dismissing UCL, FAL, and CLRA claims regarding products that plaintiff never purchased); *Carrea v. Dreyer's Grand Ice Cream*, No. 10-01044, 2011 WL 159380, at *3 (N.D. Cal. Jan. 10, 2011) (same).

The boilerplate objections offered by Plaintiffs to resist a full and complete production are without merit.  First, the information sought by these Requests is obviously relevant.  Plaintiffs have sued Naked Juice based on certain representations on the products' labels.  Basic information regarding Plaintiffs' purchases is plainly relevant to the claims and defenses in this action under Rule 26.  As a general matter, under Fed. R. Civ. P. 26(b)(1), discovery is permitted of "any nonprivileged matter that is relevant to any party's claim or defense."  Rule 26(b) is to be "liberally interpreted to permit wide-ranging discovery of information," even if that information is not ultimately admitted at trial.  *See Comcast of Los Angeles, Inc. v. Top End Int'l, Inc.*, No. CV032213JFWRCX, 2003 WL 22251149, at *2 (C.D. Cal. July 2, 2003); *see also* Fed. R. Civ. P. 26(b)(1) ("Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.").  As this Court determined in connection with Plaintiffs' motion to compel, "what is relevant for discovery purposes will be liberally considered."  (Order re Pls.' Mot. to Compel, Oct. 18, 2012 [ECF No. 91], at 3.)

The burden is on the responding party to show that discovery should not be allowed (*Comcast*, 2003 WL 22251149, at *2, citing *Blankenship v. Hearst Corp.*, 519

1   F.2d 418, 429 (9th Cir. 1975)); it is not up to Plaintiffs to decide what the propounding

2   party needs to prosecute or defend this action.  As this Court held in connection with

3   Plaintiffs' Motion to Compel, it is also not "the role of the Court in this Motion to

4   determine what evidence the District Judge will actually allow in at a trial in this case."

5   (Order re Pls.' Mot. to Compel, Oct. 18, 2012 [ECF No. 91], at 3 (citing *Colonial Life*

6   *& Accident Insur. Co. v. Superior Court*, 31 Cal. 3d 785, 791, n.8, 183 Cal. Rptr. 810

7   (1982) (quoting *Pacific Tel. & Tel. Co. v. Superior Court*, 2 Cal. 3d 161, 172-73, 84

8   Cal. Rptr. 718 (1970) ("[Courts] may appropriately give the applicant [for discovery]

9   substantial leeway, especially when the precise issues of the litigation of the governing

10  legal standards are not clearly established [citation]; a decision of relevance for

11  purposes of discovery is in no sense a determination of relevance for purposes of

12  trial.") (brackets in original))).)

13          Second, Plaintiffs object that the requests are "vague, ambiguous, overbroad,

14  and [are] unduly burdensome and oppressive."  It is well-established that the burden is

15  on the objecting party to show grounds for failing to provide the requested discovery.

16  *See, e.g., Smith v. B&O Railroad Co.*, 473 F. Supp. 572, 585 (D. Md. 1979); *Sherman*

17  *Park Community Ass'n v. Wauwatosa Realty*, 486 F. Supp. 838, 845 (E.D. Wis. 1980);

18  *Laufman v. Oakley Building & Loan Co.*, 72 F.R.D. 116, 121 (S.D. Ohio 1976); *see*

19  *also* Order re Pls.' Mot. to Compel, Oct. 18, 2012 [ECF No. 91], at 3-5.  "Generalized

20  objections that a discovery request is burdensome without resort to specific reasons

21  is . . . insufficient to justify a refusal to respond."  *Davidson v. Goord*, 215 F.R.D. 73,

22  77 (W.D.N.Y. 2003) (internal citations omitted).  Moreover, "[t]he mere fact that

23  responding to a discovery request will require the objecting party to expend

24  considerable time, effort and expense consulting, reviewing and analyzing huge

25  volumes of documents and information is an insufficient basis to object to a relevant

26  discovery request."  *Cappetta v. GC Services Ltd. Partnership*, No. 08-288, 2008 WL

27  5377934, at *3 (E.D. Va. Dec. 24, 2008) (internal citations and quotations omitted).

28  "The objecting party bears the burden of demonstrating specifically how, despite the

broad and liberal construction afforded the federal discovery rules, each request is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Culkin v. Pitney Bowes, Inc*., 225 F.R.D. 69, 71 (D. Conn. 2004) (internal citations, quotations, and brackets omitted); *see also Herring v. Clark*, No. 05-00079, 2011 WL 2433672, at *9 (E.D. Cal. June 14, 2011) (rejecting third-party large institution's general burdensomeness objection to plaintiff's discovery requests and requiring specific objections to each request).  "[A]ssertions of a burden without specific estimates of staff hours needed to comply are typically rejected." *Thomas v. IEM, Inc*., No. 06-866, 2008 WL 695230, at *3 (M.D. La. Mar. 12, 2008); *see also D.L. v. District of Columbia*, 251 F.R.D. 38, 46 (D.D.C. 2008); *Gabe Staino Motors, Inc. v. Volkswagen of America*, No. 99-5034, 2003 WL 25666135, at *2 (E.D. Pa. Feb. 28, 2003).  Plaintiffs have an obligation to undertake an affirmative search for all available documents responsive to discovery requests.  *See, e.g.*, *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 374 (S.D.N.Y. Feb. 6, 2006) (explaining search requirements); *Carrillo v. Schneider Logistics, Inc.*, No. 11-8557, 2012 WL 4791614, at *3-4 (C.D. Cal. Oct. 5, 2012) (imposing sanctions for failure to perform adequate search).

This case concerns Plaintiffs' purchases of Defendant's products.  At a minimum, Defendant is entitled to basic information regarding Plaintiffs' purchases of the products at issue.  *See, e.g.*, *Stanley v. Bayer Healthcare LLC*, No. 11-cv-862, 2011 WL 5569761, at *4-5 (S.D. Cal. Nov. 16, 2011) (ordering production of proof of purchase of challenged product).  Plaintiffs' generalized objections of burdensomeness, unsupported by any detailed information whatsoever regarding the estimated time and expense required to respond to specific discovery requests, are insufficient.

Third, Plaintiffs' boilerplate objections based on "vagueness" should be overruled.  As this Court concluded in connection with Plaintiffs' Motion to Compel, "[w]hile . . . in some instances a discovery request may be so vague or ambiguous as to

1    not allow a response (*see, e.g., Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 376

2    (S.D.N.Y. 1989)), such is not the case here."  (Order re Pls.' Mot. to Compel, Oct. 18,

3    2012 [ECF No. 91], at 4.)  In responding to these Requests, Plaintiffs do not even

4    specify what, if any, terms or phrases are considered "vague."  Rather, the terms in

5    these requests "are not presented in a vague or ambiguous manner, and can readily be

6    responded to using the common and ordinary meanings of those terms.  They do not

7    involve matters of opinion, are not dependent on subjective standards of measurement,

8    and provide a reasonably clear indication of the information being sought.  In order to

9    aid the quest for relevant information, a party should not seek to evade disclosure by

10    quibbling and objection."  (*Id.* at 4-5.)

11         Fourth, Plaintiffs further object that the Requests seek privileged information,

12    but they have failed to produce any privilege log to enable Defendant to evaluate the

13    applicability of the privilege or other protection.  *See* Fed. R. Civ. P. 26(b)(5); *Clarke*

14    *v. American Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992); Order re Pls.'

15    Mot. to Compel, Oct. 18, 2012 [ECF No. 91], at 5.  Failure to provide sufficient

16    information may constitute a waiver of the privilege.  *See Eureka Financial Corp. v.*

17    *Hartford Acc. & Indem. Co.*, 136 F.R.D. 179, 182-83 (E.D. Cal. 1991) (a "blanket

18    objection" to each document on the ground of attorney-client privilege with no further

19    description is clearly insufficient); *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d

20    540, 542 (10th Cir. 1984) (attorney-client privilege waived when defendant did not

21    make a timely and sufficient showing that the documents were protected by privilege).

22    Asserting a "blanket objection" to document requests is insufficient and improper.  *See*

23    *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) (blanket privilege objection is

24    improper); *Clarke*, 974 F.2d at 129 (blanket assertions of privilege are "extremely

25    disfavored"); Order re Pls.' Mot. to Compel, Oct. 18, 2012 [ECF No. 91], at 5-6.

26    Plaintiffs have not produced any privilege log or otherwise substantiated these

27    objections.

28

Gibson, Dunn &
Crutcher LLP

19

Fifth, it is inconceivable how the basic information concerning Plaintiffs' purchases could somehow require the production of "documents prepared by expert witnesses." This generalized and unsubstantiated objection cannot support Plaintiffs' withholding of responsive documents. *See, e.g.*, *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 380 (C.D. Cal. 2009) ("[U]nexplained and unsupported boilerplate objections are improper."). Plaintiffs' similar boilerplate objection that the requested documents are already within Defendant's possession must fail for the same reason.

Defendant respectfully urges the Court to order all Plaintiffs to provide a full and complete response to these Requests. Alternatively, Plaintiffs should be ordered to describe their efforts to preserve relevant materials after initiating these lawsuits, as well as describe their efforts to search for and obtain all responsive documents, in the form of a sworn declaration.

## 2. Plaintiffs' Position Regarding Requests for Production Nos. 1-4 (Evans, Marchewka, Pappas, Park)

There are no additional documents to compel.

Plaintiffs have produced all receipts they have concerning their purchases of Defendant's beverages, photographs of bottles still in their possession, and even bank records. The receipts produced show when and where Plaintiffs made some of their purchases, and the prices paid. Plaintiffs do not have any additional documents evidencing their additional purchases of the products at issue, though they will testify regarding their purchases at their depositions. It is unrealistic to expect Plaintiffs to have maintained all receipts for their purchases of Defendant's juices throughout the class period.

Defendant cites cases in which courts granted motions to dismiss where plaintiffs failed to allege that they bought a product at issue in the litigation (*Hairston* and *Carrea*. Nor does Defendant's citation to *Stanley v. Bayer Healthcare LLC*, No. 11-cv-862-IEG, 2011 U.S. Dist. LEXIS 132363 (S.D. Cal. Nov. 16, 2011), support Defendant's position — the court in that case ordered production of an unredacted

1  version of a previously produced receipt where, "given Plaintiff's deposition

2  testimony, the Court finds that the receipt does contain relevant information." *Id.* at *

3  14.  None of these cases suggest the Court should compel Plaintiffs somehow to

4  produce documents they do not have.  Defendant's motion should be denied.

5  **C.  Request for Production No. 17 (Evans, Pappas, Park)**

6  **REQUEST NO. 17 (EVANS, PAPPAS, PARK)**

7  All DOCUMENTS evidencing any statements made by YOU CONCERNING

8  food or beverages on the internet, including on blogs or social media websites

9  (including but not limited to Facebook, Twitter, and MySpace) from October 5, 2007

10  to the present.  Statements made by YOU CONCERNING food or beverages include

11  (but are not limited to) statements about vitamins and supplements, natural foods or

12  beverages, NAKED JUICE, and genetically modified organisms.

13  **RESPONSE TO REQUEST NO. 17 (EVANS)**

14  Plaintiff objects to this document request on the ground that it is vague,

15  ambiguous, overbroad, and is unduly burdensome and oppressive. Plaintiff further

16  object on the ground that this request invades Plaintiffs' right to privacy, including

17  rights protected by Article 1, Section 1 of the California Constitution. Plaintiffs further

18  object on the ground that this request exceeds the permissible scope of discovery

19  because it seeks information that is not relevant to any claim or defense in this action.

20  Plaintiff further objects to the extent the request calls for the production of material

21  protected by the attorney client privilege and the attorney work product doctrine.

22  Without waiving and subject to these objections, and subject to each of the

23  foregoing General Objections, and subject to Plaintiff's counsel's understanding of the

24  request, Plaintiff responds as follows: Plaintiff has no responsive, non-privileged

25  documents in his possession, custody, or control pertaining to NAKED JUICE.

26  **RESPONSE TO REQUEST NO. 17 (PAPPAS)**

27  Plaintiff objects to this document request on the ground that it is vague,

28  ambiguous, overbroad, and is unduly burdensome and oppressive. Plaintiff further

object on the ground that this request invades Plaintiffs' right to privacy, including rights protected by Article 1, Section 1 of the California Constitution. Plaintiffs further object on the ground that this request exceeds the permissible scope of discovery because it seeks information that is not relevant to any claim or defense in this action. Plaintiff further objects on the ground that documents that may be responsive are protected by the attorney client privilege and the attorney work product doctrine.

Without waiving and subject to these objections, and subject to each of the foregoing General Objections, and subject to Plaintiff's counsel's understanding of the request, Plaintiff responds as follows:  Plaintiff has no responsive, non-privileged documents in her possession, custody, or control pertaining to NAKED JUICE.

**1.     Defendant's Position Regarding Requests for Production No. 17 (Evans, Pappas, Park)**

These Requests ask Plaintiffs Evans, Pappas, and Park to produce documents concerning their public statements made about the challenged products, related foods and beverages, and genetically modified organisms ("GMOs") during the class period (from October 2007 to the present).  Plaintiffs limited their responses to statements concerning statements about "Naked Juice Products," but not other natural foods or beverages, vitamins and supplements, and/or GMOs.  Plaintiffs' response is insufficient and does not respond to the Request.  Any statements made by Plaintiffs that concern the topics at issue in this case are relevant and discoverable, and Plaintiffs have not provided any justification to withhold a full response.  *See, e.g., Haines v. Brand*, No. 11-cv-01335, 2012 WL 1670160, at *3 (N.D. Cal. May 13, 2012) (compelling production of records relevant to plaintiff's claims against defendants).

All of Plaintiffs' objections are without merit.  First, these Requests seek information that is relevant to the claims and defenses in this action, as these Requests seek information that Plaintiffs have made public regarding Naked Juice beverages, genetically modified organisms, and related products.  This information is plainly relevant to assessing Plaintiffs' suitability to serve as class representatives under

Rule 23.  (*See supra* p. 14-15; Order re Pls.' Mot. to Compel, Oct. 18, 2012 [ECF No. 91], at 3.)

Second, for the reasons noted above, Plaintiffs' objection that these Requests are "vague, ambiguous, overbroad, and [are] unduly burdensome and oppressive" is insufficiently substantiated and should be overruled in its entirety.  (*See supra* pp. 15-17; Order re Pls.' Mot. to Compel, Oct. 18, 2012 [ECF No. 91], at 3-5.)

Third, for the same reasons, Plaintiffs' objections on the basis of the attorney-client privilege and work product protections also should be overruled because they have failed to provide sufficient information to allow Defendant to evaluate the claim of privilege.  (*See supra* p. 17; Order re Pls.' Mot. to Compel, Oct. 18, 2012 [ECF No. 91], at 5-6.)

Fourth, their privacy objection is meritless, as the Request plainly seeks *public information* regarding their online statements.  There is no justifiable basis for withholding this public information, and Plaintiffs' boilerplate privacy objection is insufficient.  *See, e.g.*, *Simke, Chodos, Silberfeld & Anteau, Inc. v. Athans*, 195 Cal. App. 4th 1275, 1281-83, 128 Cal. Rptr. 3d 95 (2011) (terminating sanctions were imposed where party stood on boilerplate objections, including privacy objection, and refused to produce any responsive documents).  Further, there is a Protective Order that will limit the use of this information for purposes of the present litigation.

Because these three Plaintiffs Evans, Pappas, and Park have produced **no** documents responsive to this Request, Defendant respectfully urges the Court to order Plaintiffs to provide full and complete responses.  Alternatively, these Plaintiffs should be ordered to describe their efforts to preserve relevant materials after initiating these lawsuits, as well as their efforts to search for and obtain all responsive documents, in the form of a sworn declaration.

**2.      Plaintiffs' Position Regarding Requests for Production No. 17 (Evans, Pappas, Park)**

Plaintiffs Evans, Pappas, and Park have made no significant online statements regarding vitamins, supplements, or more to the point regarding Defendant's false advertising.  Again, Defendant cannot compel production of documents that do not exist.

To the extent Defendant seeks to require Plaintiffs to pour over their emails and facebook activity for any food-related posting or reference, there is no justification for such an intrusion into their privacy.  *See Hill v. Eddie Bauer*, 242 F.R.D. 556, 562-63 (C.D. Cal. 2007) (applying the privacy privilege created by California's Constitution in District Court discovery dispute).

Plaintiffs allege that Defendant falsely advertises its juices as "all natural" and, in support of such advertising, falsely claims it "does not use ingredients that were produced using biotechnology as a matter of principle."  There is no basis for requiring discovery of any and all food-related comments Plaintiffs may have made in the online world.

Plaintiffs have produced over 1600 pages from Mr. Marchewka that consist primarily of printouts from his websites and a book he authored, in which he discusses health or markets health-related products.  The remaining named Plaintiffs have no similar materials to produce.

There is no basis for ordering production of documents Plaintiffs do not have, which are beyond the scope of permissible discovery, and which — were Plaintiffs required to produce every food-related comment ever made in the online world — would constitute a gross and unwarranted intrusion into Plaintiffs' private affairs.  Defendant's motion should be denied.

Gibson, Dunn &
Crutcher LLP

24

**D.     Request for Production No. 18 (Marchewka)**

**REQUEST NO. 18 (MARCHEWKA)**

All DOCUMENTS CONCERNING YOUR endorsement, sponsorship, or public support of any manufacturer, producer, supplier, or distributor of any food or beverage product, including vitamins or nutritional supplements, from October 5, 2007 to the present.  Responsive documents include, but are not limited to, documents evidencing any compensation you received and all products you have endorsed, sponsored, or publicly supported.

**RESPONSE TO REQUEST NO. 18 (MARCHEWKA)**

Plaintiff objects to this document request on the ground that it is vague, ambiguous, overbroad, and is unduly burdensome and oppressive. Plaintiff further objects on the ground that this request invades Plaintiffs right to privacy, including rights protected by Article 1, Section 1 of the California Constitution, and seeks confidential documents. Plaintiffs further objects on the ground that this request exceeds the permissible scope of discovery because it seeks information that is not relevant to any claim or defense in this action. Plaintiff further objects to the request on the ground that it seeks documents protected by the attorney-client privilege and subject to the attorney work product doctrine.

**1.     Defendant's Position Regarding Request No. 18. (Marchewka)**

This Request asks Plaintiff Marchewka to provide documents concerning his endorsement of or sponsorship by any food or beverage (including vitamin and nutritional supplement) manufacturers, producers, suppliers, distributors, or products. Plaintiff Marchewka's blanket objections to providing any documents and information in response to this Request should be overruled.

First, this Request seeks relevant information.  Plaintiff Marchewka has sued Naked Juice based on his claim that the representations that the challenged products "contained only: 'All Natural' ingredients and "non-GMO' ingredients" were "material" to his "decision to purchase."  (Consol. Am. Compl. ¶ 76.)  His relationship

with, and sponsorship of, other food, beverage, and vitamin supplement products is thus relevant to the claims and defenses in the litigation.  *See* Fed. R. Civ. P. 26(b)(1); *In re Supportsoft, Inc. Sec. Litig.*, No. 04-05222, 2006 WL 2403577, at *1 (N.D. Cal. Aug. 18, 2006) (ordering production of documents related to statements made in complaint); *Haines*, 2012 WL 1670160, at *3; Order re Pls.' Mot. to Compel, Oct. 18, 2012 [ECF No. 91], at 5-6; *supra* pp. 14-15.

Second, for the reasons noted above, Plaintiff Marchewka's objection that the Request is "vague, ambiguous, overbroad, and is unduly burdensome and oppressive" is insufficiently substantiated and should be overruled in its entirety.  (*See supra* pp. 15-17; Order re Pls.' Mot. to Compel, Oct. 18, 2012 [ECF No. 91], at 3-5.)

Third, for the same reasons, Plaintiff's objections on the basis of the attorney-client privilege and work product protections also should be overruled because he has failed to provide sufficient information to allow Defendant to evaluate the claim of privilege.  (*See supra* p. 17; Order re Pls.' Mot. to Compel, Oct. 18, 2012 [ECF No. 91], at 5-6.)

Fourth, Plaintiff Marchewka next objects that the Request seeks information protected by his right to privacy.  This objection is meritless, as the Request plainly seeks *public information* regarding Plaintiff Marchewka's endorsements.  There is no justifiable basis for withholding this public information, and Plaintiff's boilerplate privacy objection is insufficient.  *See, e.g.*, *Simke, Chodos, Silberfeld & Anteau*, 195 Cal. App. 4th at 1281-83.  Further, there is a Protective Order that will limit the use of this information for purposes of the present litigation.

Because Plaintiff Marchewka has produced ***no*** documents responsive to this Request, Defendant respectfully requests that the Court orders Plaintiffs to provide a full and complete response.  Alternatively, if no documents exist, Plaintiff Marchewka should be ordered to describe his efforts to preserve relevant materials after initiating this lawsuit, as well as his efforts to search for and obtain all responsive documents, in the form of a sworn declaration.

2. **Plaintiffs' Position Regarding Request No. 18 (Marchewka)**

Marchewka has produced over 1600 pages of documents including printouts of all his websites and facebook accounts, and a book that he authored. (Wolfson Decl. ¶ 3 & Exh. B.)

Mr. Marchewka is a professional volleyball player who sometimes is sponsored by food or vitamin manufacturers. Mr. Marchewka relies on sponsoring manufacturers' representations about the ingredients contained in their products and is not involved with how they are manufactured or processed. The sponsoring manufacturers' representations are publicly available and thus equally available to Defendant.

Any personal contracts with, or information evidencing, Mr. Marchewka's relationship with food, beverage, and vitamin supplement product manufacturers is irrelevant to the claims and defenses in the litigation. Mr. Marchewka does not manufacture or sell any products or juices that compete with Naked Juice and Defendant has proffered no evidence that products sold through Mr. Marchewka are similar or that the ingredients in those products are identical to the product ingredients at issue in this case. These documents are further irrelevant because, for personal reasons, Mr. Marchewka has made the decision to withdraw as a plaintiff/class representative and will seek to dismiss his claims with prejudice.

E. **Request for Production No. 18 (Pappas)**

**REQUEST NO. 18 (PAPPAS)**

All DOCUMENTS evidencing any statements made by YOU CONCERNING YOUR health, including healthy and unhealthy lifestyle choices, on the internet, including on blogs or social media websites (including but not limited to Facebook, Twitter and MySpace) from October 5, 2007 to the present.

**RESPONSE TO REQUEST NO. 18 (PAPPAS)**

Plaintiff objects to this document request on the ground that it is vague, ambiguous, overbroad, and is unduly burdensome and oppressive. Plaintiff further

1   object on the ground that this request invades Plaintiffs' right to privacy, including

2   rights protected by Article 1, Section 1 of the California Constitution. Plaintiffs further

3   object on the ground that this request exceeds the permissible scope of discovery

4   because it seeks information that is not relevant to any claim or defense in this action.

### 1.   Defendant's Position Regarding Request No. 18 (Pappas)

6   This Request asks Plaintiff Pappas to provide documents evidencing any online

7   statements she made concerning her health or lifestyle choices.  Plaintiff Pappas's

8   blanket objections to providing any documents and information in response to this

9   Request should be overruled.

10   First, the information sought by this Request is relevant to the claims and

11   defenses in this action under Rule 26.  Plaintiff Pappas has sued Naked Juice based on

12   her claim that "consumers have become more willing to pay a premium for food and

13   beverages that they perceive to be ***healthy***, organic, natural, and/or non-genetically

14   modified" (Consol. Am. Compl. ¶ 1 (emphasis added)), and that the representations

15   that the Naked Juice products "contained only: 'All Natural' ingredients and "non-

16   GMO' ingredients" were "material" to her "decision to purchase" (*id.* ¶ 74).  Thus,

17   information regarding Ms. Pappas's health and/or lifestyle choices are relevant to the

18   claims and defenses in the litigation.  *See* Fed. R. Civ. P. 26(b)(1); *In re Supportsoft,*

19   *Inc.*, 2006 WL 2403577, at *1; *Haines* 2012 WL 1670160, at *3 (compelling

20   production of records relevant to plaintiff's claims against defendants).  Ms. Pappas

21   has produced ***no*** documents responsive to this request.

22   Second, for the reasons noted above, Plaintiff's objection that the Request is

23   "vague, ambiguous, overbroad, and is unduly burdensome and oppressive" is

24   insufficiently substantiated and should be overruled in its entirety.  (*See supra* pp. 15-

25   17; Order re Pls.' Mot. to Compel, Oct. 18, 2012 [ECF No. 91], at 3-5.)

26   Third, for the same reasons, Plaintiff's objections on the basis of the attorney-

27   client privilege and work product protections also should be overruled because she has

28   failed to provide sufficient information to allow Defendant to evaluate the claim of

1   privilege.  (*See supra* p. 17; Order re Pls.' Mot. to Compel, Oct. 18, 2012 [ECF

2   No. 91], at 5-6.)

3        Fourth, Plaintiff Pappas next objects that the Request seeks information

4   protected by her right to privacy.  This objection is without merit, as the Request

5   plainly seeks information that Ms. Pappas has made public through internet blog and

6   social media postings.  Plaintiff offers no justifiable basis for withholding this public

7   information.  *See, e.g.*, *Athans*, 195 Cal. App. 4th at 1281-83.  Further, there is a

8   Protective Order that will limit the use of this information for purposes of the present

9   litigation.

10       Because Plaintiff Pappas has produced ***no*** documents responsive to this Request,

11  Defendant respectfully urges that the Court to order Plaintiff to provide a full and

12  complete response.  Alternatively, if Plaintiff Pappas claims that no documents exist,

13  she should be ordered to describe her efforts to preserve relevant materials after

14  initiating these lawsuits, as well as her efforts to search for and obtain all responsive

15  documents, in the form of a sworn declaration.

16              **2.      Plaintiffs' Position Regarding Request No. 18 (Pappas)**

17       This request, for any online statements concerning Plaintiff Pappas' "health,"

18  generally, is undeniably vague and overbroad.  On its face, the request seeks, for

19  example, any facebook post — or email, for that matter — in which Ms. Pappas may

20  have complained about having the flu or an aching back.  Moreover, Defendant's

21  statement that the request covers anything discussing "healthy [or] unhealthy

22  lifestyles" only increases the uncertainty of the request.  Is Ms. Pappas supposedly

23  required to turn over any photograph she may have posted to facebook taken in a bar?

24  Would Defendant have her search for and produce any comments concerning dinners

25  she may have enjoyed with friends and loved ones?

26       The request goes well beyond the scope of permissible discovery.  Any

27  comments by Ms. Pappas in the online world concerning health are not relevant to this

28

1   false advertising case, nor is such discovery reasonably calculated to lead to the

2   discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1).

3        Defendant cannot enunciate how such a broad request falls within the scope of

4   permissible discovery, nor justify the burden of searching every email or facebook post

5   for anything possibly concerning "health" or "healthy [or] unhealthy lifestyle choices."

6   Plaintiffs have produced over 1600 pages from Mr. Marchewka that consist primarily

7   of printouts from his websites that discuss health or that market health-related

8   products.  Ms. Pappas has no similar websites, and should not be required to pour over

9   her emails and facebook postings for anything that might vaguely concern "health" or

10  "healthy [or] unhealthy lifestyle choices."

11       Moreover, the request amounts to an unreasonable intrusion into Ms. Pappas'

12  privacy.  *See Hill v. Eddie Bauer*, 242 F.R.D. 556, 562-63 (C.D. Cal. 2007) (applying

13  the privacy privilege created by California's Constitution in District Court discovery

14  dispute).  There is no need for such documents sufficient to overcome Ms. Pappas'

15  valid privacy objection.

16       The request is absurd and unreasonably obtrusive.  Again, Defendant's Motion

17  should be denied.

18  **F.  Request for Production Nos. 19 (Park), 20 (Evans, Marchewka, Pappas)**

19       **REQUEST NO. 19 (PARK)**

20       All DOCUMENTS CONCERNING any retention agreement between YOU and

21  YOUR counsel in this ACTION.

22       **RESPONSE TO REQUEST NO. 19 (PARK)**

23       Plaintiff objects to this document request on the ground that it is vague,

24  ambiguous, overbroad, and is unduly burdensome and oppressive. Plaintiff further

25  objects to the request on the ground that it seeks documents protected by the attorney-

26  client privilege and subject to the attorney work product doctrine.

27       Without waiving and subject to these objections, and subject to each of the

28  foregoing General Objections, and subject to Plaintiff's counsel's understanding of the

Gibson, Dunn &
Crutcher LLP

30

1    request, Plaintiff responds as follows:  Plaintiff has no responsive, non-privileged

2    documents in her possession, custody, or control.

3         **REQUEST NO. 20 (EVANS)**

4         All DOCUMENTS CONCERNING any retention agreement between YOU and

5    YOUR counsel in this ACTION.

6         **RESPONSE TO REQUEST NO. 20 (EVANS)**

7         Plaintiff objects to this document request on the ground that it is vague,

8    ambiguous, overbroad, and is unduly burdensome and oppressive. Plaintiff further

9    objects to the request on the ground that it seeks documents protected by the attorney

10   client privilege and subject to the attorney work product doctrine.

11        Without waiving and subject to these objections, and subject to each of the

12   foregoing General Objections, and subject to Plaintiff's counsel's understanding of the

13   request, Plaintiff responds as follows:

14        Plaintiff has no responsive, non-privileged documents in his possession,

15   custody, or control.

16        **REQUEST NO. 20 (MARCHEWKA)**

17        All DOCUMENTS CONCERNING any retention agreement between YOU and

18   YOUR counsel in this ACTION.

19        **RESPONSE TO REQUEST NO. 20 (MARCHEWKA)**

20        Plaintiff incorporates by reference his General Objections. Plaintiff objects to

21   this Request on the grounds that it is overly broad and seeks documents not relevant to

22   the claims or defenses of any party to this litigation. Plaintiff also objects to this

23   Request on the ground that it seeks information protected by the attorney-client

24   privilege and attorney work product doctrine.

25        **REQUEST NO. 20 (PAPPAS)**

26        All DOCUMENTS CONCERNING any retention agreement between YOU and

27   YOUR counsel in this ACTION.

28

Gibson, Dunn &
Crutcher LLP

31

**RESPONSE TO REQUEST NO. 20 (PAPPAS)**

Plaintiff objects to this document request on the ground that it is vague, ambiguous, overbroad, and is unduly burdensome and oppressive. Plaintiff further objects to the request on the ground that it seeks documents protected by the attorney-client privilege and subject to the attorney work product doctrine.

Without waiving and subject to these objections, and subject to each of the foregoing General Objections, and subject to Plaintiff's counsel's understanding of the request, Plaintiff responds as follows: Plaintiff has no responsive, non-privileged documents in her possession, custody, or control.

### 1. Defendant's Position Regarding Requests for Production No. 19 (Park); No. 20 (Evans, Marchewka, and Pappas)

These Requests seek copies of any retention agreement(s) between Plaintiffs and their counsel. This information is not a privileged attorney-client "communication," it is not shielded from disclosure by the work product protection, and these documents are relevant to Plaintiffs' claims and their intent to pursue those claims on behalf of putative nationwide class of consumers. *See, e.g.*, *In re Oracle Sec. Litig.*, 136 F.R.D. 639, 645-47 (N.D. Cal. May 6, 1991) (explaining that "long-established law of this Circuit that attorney fees and expense agreements are not privileged" and "[t]he terms for compensation of class counsel . . . are quite sensibly, discoverable under Fed. R. Civ. P. 26(b)"); *In re Grand Jury Proceedings*, 33 F.3d 1060, 1063-64 (9th Cir. 1994) ("Information regarding the fee arrangement is ordinarily not part of the subject matter of the professional consulting and therefore is not privileged communication."); *Tornay v. United States*, 840 F.2d 1424, 1426 (9th Cir. 1988) ("We have said repeatedly . . . that fee information generally is not privileged" and "[p]ayment of fees is incidental to the attorney-client relationship, and does not usually involve disclosure of confidential communications arising from the professional relationship").[1]

---

[1] For the same reasons discussed above, Plaintiffs' objections on the basis of the attorney-client privilege and work product protections also should be overruled

1    Moreover, retainers and fee agreements are particularly relevant to examining

2    the adequacy of a class representative under Rule 23(a).  *See In re Quintus Sec. Litig.*,

3    201 F.R.D. 475, 482 (N.D. Cal. 2001) ("Almost certainly, the best way for the court to

4    assess a potential lead plaintiff's adequacy is to consider the manner in which he has

5    . . . negotiated an attorney's fee for the class."); *Ferraro v. General Motors Corp.*, 105

6    F.R.D. 429, 433 (D.N.J. 1984) (directing plaintiff's counsel to furnish a copy of fee

7    agreement to defendant because the "fee agreement itself is discoverable . . . [and]

8    highly relevant to the issue of adequate representation," and "[f]ee agreements have

9    been typically voluntarily disclosed by counsel in class actions").

10    Further, for the reasons noted above, Plaintiffs Park's and Evans' boilerplate

11    objections that the Requests are "vague, ambiguous, overbroad, and [are] unduly

12    burdensome and oppressive" are insufficiently substantiated and should be overruled

13    in their entirety.  (*See supra* pp. 15-17; Order re Pls.' Mot. to Compel, Oct. 18, 2012

14    [ECF No. 91], at 3-5.)

15    Because Plaintiffs have produced ***no*** documents responsive to these Requests,

16    Defendant respectfully requests that the Court order Plaintiffs to provide full and

17    complete responses.  Alternatively, Plaintiffs should be ordered to describe their efforts

18    to preserve relevant materials after initiating these lawsuits, as well as their efforts to

19    search for and obtain all responsive documents, in the form of a sworn declaration.

20          **2.      Plaintiffs' Position Regarding Requests for Production No. 19**

21                    **(Park); No. 20 (Evans, Marchewka, and Pappas)**

22    Retention agreements are protected under the attorney-client privilege.  Cal.

23    Bus. & Prof. Code § 6149 ("A written fee contract shall be deemed to be a confidential

24    communication within the meaning of subdivision (e) of Section 6068 and of Section

25    952 of the Evidence Code."); *see also Hemphill v. San Diego Ass'n of Realtors*, 225

26    F.R.D. 616, 624 (S.D. Cal. 2004) ("Movants also seek Class Counsel's retainer

27

28    because they have failed to provide sufficient information to allow Defendant to
      evaluate the claim of privilege.  (*See supra* p. 17; Order re Pls.' Mot. to Compel,
      Oct. 18, 2012 [ECF No. 91], at 5-6.)

1   agreement in order to determine whether Class Counsel disclosed their fee sharing

2   agreement in compliance with their ethical duties. . . . However, as Class Counsel point

3   out, Cal. Business & Professions Code section 6149 provides that written fee

4   agreements are confidential and privileged.  Even if this were not the case, the Court

5   finds that this inquiry is not relevant to the District Judge's ultimate determination of

6   whether the settlement terms are fair, reasonable and adequate to the class").

7          The only basis for discoverability of the requested retainer agreement that

8   Defendant enunciates is that they are somehow relevant to the issue of adequacy of

9   Plaintiffs' ability to represent the putative class under Rule 23.  However, such

10  representation agreements are not relevant to class certification, and courts routinely

11  reject such requests where defendants merely assert that such documents may be

12  relevant to adequacy.  *See, e.g.*, *Stanich v. Travelers Indem. Co.,* 259 F.R.D. 294, 322

13  (N.D. Ohio 2009) ("Most courts, however, find such discovery irrelevant to the issue

14  of class certification, except perhaps to determine whether the named plaintiffs and

15  class counsel have the resources to pursue the class action. . . . Here, Travelers is not

16  challenging the ability of the named plaintiffs or class counsel to finance this litigation.

17  In fact, Travelers has not explained the specific relevance of fee and retainer

18  agreements, but merely seeks them because the agreements potentially contain

19  information supportive of Travelers' inadequacy arguments . . . Travelers has not

20  established that the requested agreements are relevant and discoverable.") (citations

21  omitted); *Baker v. Masco Builder Cabinet Group, Inc.,* No. 09-5085, 2010 WL

22  3862567, at *3 (D.S.D. Sept. 27, 2010) ("Plaintiffs are correct that information

23  regarding fee arrangements generally is irrelevant to the class certification issue.");

24  *Mitchell-Tracey v. United Gen. Title Ins. Co.*, No. 05-1428, 2006 WL 149105, at *1

25  (D. Md. Jan. 9, 2006) ("Several courts have held that fee arrangements are irrelevant to

26  class certification"); 7 A. Conte and H. Newberg, *Newberg on Class Actions,* § 22:79

27  (4th ed. 2005) ("Defendants often request discovery regarding fee arrangements

28

1   between the plaintiffs and their counsel, but courts usually find such discovery to be

2   irrelevant to the issue of certification.").

3        Naked Juice's asserted need for the retention agreements may or may not be

4   implying that the fee arrangements will reveal a conflict of interest between Plaintiffs

5   and the class or their counsel.  Such an implication is pure speculation, and cannot

6   serve as a basis for compelling disclosure.  *In re Google AdWords Litig.,* No. 08-

7   03369, 2010 WL 4942516, at *5 (N.D. Cal. Nov. 12, 2010) ("The Court does not agree

8   that Google's purely speculative inquiry serves to turn otherwise irrelevant documents

9   into relevant ones . . . Without more, this Court does not believe that the documents

10  requested by Google have any bearing on the certification of the class in this action.").

11       Plaintiffs' depositions will be an adequate opportunity for Defendant to explore

12  issues of adequacy related to certification, and to explore whether any potential

13  conflicts exist.  *See In re Front Loading Washing Mach. Class Action Litig.,* No. 08-

14  51, 2010 WL 3025141, at *4 (D.N.J. July 29, 2010) ("[W]hile discovery is broad at the

15  pretrial stage, this Court finds that Defendant failed to demonstrate how the

16  information is relevant or necessary.  Even assuming *arguendo* that the retainer

17  agreements are relevant and may lead to admissible evidence, this Court nonetheless

18  finds that disclosure is unwarranted, as Defendant can obtain the discovery by

19  alternative means, such as through the depositions of individual Plaintiffs."); *see also* 7

20  A. Conte and H. Newberg, *Newberg on Class Actions,* § 22:79 (4th ed. 2002)

21  ("Discovery on the question of adequate representation is rarely needed or permitted.

22  When plaintiffs are deposed, questions may explore knowledge of the plaintiff with

23  respect to the securities claims alleged, and the general circumstances about whether

24  the plaintiff will adequately represent the class.").

25       The cases Defendant cites do not support disclosure of the requested retention

26  agreements, or support the argument that these materials are not privileged.  *In re*

27  *Oracle* concerned disclosure of competing bids by firms vying for appointment as lead

28  counsel — not disclosure of those firms' retention agreements with their clients.

1    Indeed, Defendant's parenthetical quote from that case is misleading in that the Court

2    stated that the "terms for compensation of class counsel" contained in the bids at issue

3    in that case were "***analogous to parties' insurance coverage*** which is clearly, and

4    quite sensibly, discoverable under Fed.R.Civ.P. 26(b)." *Id.* at 647 (emphasized

5    language omitted in Defendant's quote, *supra*).

6         Similarly, *In re Quintus Sec. Litig.*, 201 F.R.D. 475 (N.D. Cal. 2001) did not

7    consider any privilege issues.  Rather, that case concerned selection of a lead plaintiff

8    in securities litigation, and the court considered various fee arrangements described in

9    declarations submitted to the court by various competing proposed lead plaintiffs.  The

10   justification for examining such arrangements in that case — assessment of the

11   adequacy and cost of competing putative lead plaintiffs' counsel — is not present here,

12   and Defendant has proffered no justification sufficient to compel disclosure of these

13   materials, which are privileged under California law.

14        None of Defendant's citations suggest that Plaintiffs should be required to turn

15   over their retainer agreements with their counsel.  At most, Defendant's cases show

16   that, under entirely different circumstances such as enforcement of an IRS subpoena

17   under federal law, a fee structure specified in such retainer agreements may be

18   discoverable.  Defendant seeks more than mere discovery of the fee structure between

19   Plaintiffs and their counsel, and seeks the entire retainer agreements, without any

20   sound need or legal support.  The Motion should be denied.

## III.  INTERROGATORIES

21

22   **A.    Definitions**

23        1.     "ACTION" means and refers to the lawsuit entitled *Pappas v. Naked*

24   *Juice Co. of Glendora, Inc.*, No. LA CV 11-08276-JAK (PLAx), in the United States

25   District Court for the Central District of California, and assigned to The Honorable

26   John Kronstadt.

27        2.     "YOU," "YOUR," and/or "YOURSELF" refers to each of Natalie Pappas,

28   Russell Marchewka, Christopher Evans, and Gina Park, the Plaintiffs in the ACTION,

Gibson, Dunn &
Crutcher LLP

36

1   and anyone acting on YOUR behalf.  Any DOCUMENTS referred to herein shall

2   include those in YOUR possession, custody, or control.

3        3.     "COMMUNICATION" and "COMMUNICATIONS" include, without

4   limitation, any transmission or transfer of information of any kind, whether orally,

5   electronically, in writing, or in any other manner, at any time or place, and under any

6   circumstances whatsoever.

7        4.     "COMPLAINT" means and refers to YOUR Amended Consolidated

8   Complaint, filed on or about June 5, 2011, in the ACTION.

9        5.     "DOCUMENT" and "DOCUMENTS" have the full meaning ascribed to

10  those terms under Federal Rule of Civil Procedure 34 and include, without limitation,

11  any and all drafts; COMMUNICATIONS; correspondence; memoranda; records;

12  reports; books; records, reports and/or summaries of personal conversations or

13  interviews; diaries; graphs; charts; diagrams; tables; photographs; recordings; tapes;

14  microfilms; minutes; records, reports and/or summaries of meetings or conferences;

15  records and reports of consultants; press releases; stenographic handwritten or any

16  other notes; work papers; checks, front and back; check vouchers, check stubs or

17  receipts; tape data sheets or data processing cards or discs or any other written,

18  recorded, transcribed, punched, taped, filmed or graphic matter, however produced or

19  reproduced; and any paper or writing of whatever description, including any computer

20  database or information contained in any computer although not yet printed out.

21       6.     "NAKED JUICE" refers to Naked Juice Co. of Glendora, Inc., the

22  Defendant in this ACTION, and anyone acting on NAKED JUICE's behalf.

23       7.     "NAKED JUICE PRODUCTS" refers to the thirteen NAKED JUICE

24  products with which YOU take issue in the COMPLAINT: AÇAÍ MACHINE, BERRY

25  VEGGIE, BLUE MACHINE, GOLD MACHINE, GREEN MACHINE, MANGO VEGGIE, MIGHTY

26  MANGO, POMEGRANATE AÇAÍ, POWER-C MACHINE, PROTEIN ZONE, PROTEIN ZONE DOUBLE

27  BERRY, PROTEIN ZONE MANGO, and RED MACHINE.

28

Gibson, Dunn &
Crutcher LLP

8.     "CHALLENGED STATEMENTS" refers to all of the statements YOU challenge through this ACTION, including statements quoted in paragraph 3 of the COMPLAINT:

     a.     "'All Natural'"

     b.     "'All Natural Fruit'"

     c.     "'All Natural Fruit + Boosts'"

     d.     "'Non-GMO'"

9.     "INGREDIENTS" refers to any and all of the ingredients with which YOU take issue in the COMPLAINT: ascorbic acid, beta carotene, biotin, choline bitartrate, cyanocobalamin, d-calcium pantothenate, Fibersol®-2, fructooligosaccharides, inulin, niacinamide, pyridoxine hydrochloride, soy lecithin, soy protein isolate, zinc methionine sulfate, and zinc oxide.

10.    If YOU are asked to "IDENTIFY" information in response to an Interrogatory, YOUR response should be complete and include:

     a.     in the case of an individual, the identification should include the full name (including any maiden name, prior name, "nickname," or variation in spelling) and present or last known home or business address; and

     b.     in the case of an organization or entity, the identification should include the full name of the organization or entity and the present or last known address(es) of its place(s) of business.

**B.     Plaintiffs Must Provide Verifications For Their Interrogatory Responses**

Plaintiffs Evans and Park have failed to provide verifications for their Interrogatory responses as required by Rule 33.  *See* Fed. R. Civ. P. 33(b)(5); *Kas v. Mercedes-Benz USA, LLC*, No. 11-1032, 2012 WL 473931, at *3 (C.D. Cal. Feb. 1, 2012) (explaining verification requirement for interrogatories).

Gibson, Dunn & Crutcher LLP

**C.     Interrogatory No. 2 (All Plaintiffs)**

**INTERROGATORY NO. 2**

Separately for each NAKED JUICE PRODUCT that YOU purchased and/or consumed from October 5, 2007 to the present, please IDENTIFY each and every purchase of each such NAKED JUICE PRODUCT, including but not limited to where YOU purchased the product, the date of purchase, the quantity purchased, and the purchase price.

**RESPONSE TO INTERROGATORY NO. 2**

Plaintiffs object on the ground that they have requested an extension to accommodate their schedules (including previously scheduled vacations) as well as the schedules of their counsel; Defendant has requested Plaintiffs respond with all available information now, which Plaintiffs are doing, subject to their right to supplement and amend these Responses. Plaintiffs further object on the ground that this Interrogatory exceeds the permissible scope of discovery because it seeks information that is not relevant to any claim or defense in this action. Plaintiffs further object on the ground that this Interrogatory is overbroad and unduly burdensome and propounded solely to harass plaintiffs.

Without waiving and subject to these objections and the foregoing General Objections, Plaintiff Natalie Pappas responds as follows: Natalie Pappas purchased many Naked Juice Products at various grocery stores and markets over the years encompassed by this Interrogatory. Although Ms. Pappas is not able to remember every location where she made such a purchase (much less each particular purchase), responsive locations include but are not limited to Marina Liquor Mart in Marina del Rey, Ralphs in Marina del Rey, Whole Foods and various deli-type stores in Los Angeles and in New Jersey. Ms. Pappas has paid $3.99 and $4.99 per bottle for Naked Juice Products, as reflected by Plaintiffs Document No. 000041. To the best of her recollection, Ms. Pappas has paid over $3.00 per bottle for all her purchases of Naked Juice Products.

1   Without waiving and subject to these objections and the foregoing General

2   Objections, Plaintiff Christopher Evans responds as follows: Christopher Evans has

3   purchased Naked Juice Products at Von's and the 7-11 in Cathedral City, CA on East

4   Palm Canyon. There may have been other locations of purchase but Mr. Evans does

5   not recall at this time. To the best of his recollection, Mr. Evans has paid either $2.99

6   per bottle or over $3.00 per bottle for the purchases of Naked Juice Products.

7   Without waiving and subject to these objections and the foregoing General

8   Objections, Plaintiff Gina Park responds as follows: Ms. Park has occasionally

9   purchased Naked Juice Products from a 7-11 store located at 1075 S. Fairfax Avenue,

10   Los Angeles, CA 90019 and Walgreens located at 5467 Wilshire Blvd., Los Angeles,

11   CA 90036. The purchase price was more than $3.00 per bottle.

12   Without waiving and subject to these objections and the foregoing General

13   Objections, Plaintiff Russell Marchewka responds as follows: Russell Marchewka

14   purchased many Naked Juice Products at various grocery stores and markets over the

15   years encompassed by this Interrogatory. Although Mr. Marchewka is not able to

16   remember every location where he made such a purchase (much less each particular

17   purchase), responsive locations include, but are not limited to: Vons located at 3650

18   South Bristol Street, Santa Ana, CA 92704, Henry's / Sprouts located at 3030 Harbor

19   Blvd., Costa Mesa, CA 92626, Costco located at 17900 Newhope Street, Fountain

20   Valley, CA 92708, Vons located at 410 Manhattan Beach Blvd, Manhattan Beach, CA

21   90266 and Ralph's located at 1100 Pacific Coast Highway, Hermosa Beach, CA

22   90254, as well as various other stores and various locations in Florida, New Jersey,

23   Illinois, Texas and California while he was traveling for volleyball tournaments. He

24   does not recall the exact price he paid for each bottle, but believes he paid at least

25   $2.50 per bottle when he purchased Naked Juice Products on sale (2 bottles for

26   $5.00),and as much as $6.99 to $7.99 per bottle.

27

28

### 1.      Defendant's Position Regarding Interrogatory No. 2

This Interrogatory seeks information concerning Plaintiffs' purchases of the challenged products, including where they made purchases, when they made purchases, the quantity purchased, and the prices that they paid.  Plaintiffs continue to object that they need "more time" to respond to this Interrogatory, despite the fact that it was served nearly five months ago.  The responses provided to date are insufficient.  Plaintiffs fail to indicate even a rough idea of the ***quantity*** of purchases they made.  In addition, Plaintiffs Evans and Park do not provide any information regarding ***when*** they made their purchases.  Nor have Plaintiffs confirmed their purchases of all of the Naked Juice beverages at issue; to date, Plaintiffs have not produced any evidence that any of them have purchased any of the following products they challenge:  BERRY VEGGIE, MANGO VEGGIE, MIGHTY MANGO, PROTEIN ZONE DOUBLE BERRY, and RED MACHINE.

Plaintiffs' partial responses are insufficient and unacceptable.  The discovery burdens in this case are grossly disproportionate, as Plaintiffs have demanded extensive information from Defendant.  At a minimum, Defendant is entitled to basic information regarding Plaintiffs' purchases of the products at issue.  *See, e.g.*, *Stanley v. Bayer Healthcare LLC*, No. 11-cv-862, 2011 WL 5569761, at *4-5 (S.D. Cal. Nov. 16, 2011) (ordering production of proof of purchase of challenged product).

The boilerplate objections offered by Plaintiffs are without merit.  First, the information sought by this Interrogatory is obviously relevant.  Plaintiffs have sued Naked Juice based on certain representations on the products' labels.  Basic information regarding Plaintiffs' purchases is plainly relevant to the claims and defenses in this action under Rule 26.  *See* Fed. R. Civ. P. 26(b)(1); *In re Supportsoft*, 2006 WL 2403577, at *1; *Haines*, 2012 WL 1670160, at *3; Order re Pls.' Mot. to Compel, Oct. 18, 2012 [ECF No. 91], at 3.

Second, for the reasons noted above, Plaintiffs' boilerplate objections that the Interrogatories are "overbroad and unduly burdensome" are insufficiently substantiated

1   and should be overruled in their entirety.  (*See supra* pp. 15-17; Order re Pls.' Mot. to

2   Compel, Oct. 18, 2012 [ECF No. 91], at 3-5.)

3          Although Plaintiffs represented on September 29, 2012, that they would

4   supplement these responses, they have not yet done so. (Yott Decl., Ex. K.)  Defendant

5   respectfully requests that the Court order all Plaintiffs to provide a full and complete

6   response to this Interrogatory.

7                    **1.       Plaintiffs' Position Regarding Interrogatory No. 2**

8          Plaintiffs have supplemented their responses to this Interrogatory three times.

9   Plaintiffs have told Defendant where they recall making most of their purchases of

10  Defendant's beverages, the prices they recall paying during the class period, when they

11  recall making purchases, and with what frequency, to the best of their ability.

12  (Wolfson Decl. Exh. C.)  As currently framed, there is little more Plaintiffs possibly

13  could say regarding their purchases in response to this Interrogatory.

14         Again, Defendant's citations do not support the contention that Plaintiffs

15  somehow should be required to answer this Interrogatory with more specificity.

16  *Haines v. Brand*, No. 11-cv-01335 YGR, 2012 U.S. Dist. LEXIS 66454 (N.D. Cal.

17  May 13, 2012) (compelling disclosure of plaintiff's medical records where that

18  plaintiff placed them in issue by alleging defendants wrongfully detained him under a

19  California law allowing the detention of individuals who are a danger to themselves for

20  mental health reasons for 72 hours); *Stanley v. Bayer Healthcare LLC*, No. 11-cv-862-

21  IEG, 2011 U.S. Dist. LEXIS 132363 at *14 (S.D. Cal. Nov. 16, 2011) (compelling

22  production of unredacted version of receipt after *in camera* review where, "given

23  Plaintiff's deposition testimony, the Court finds the receipt does contain relevant

24  information"); *In re Supportsoft, Inc. Secs. Litig.*, No. C 04-05222 SI, 2006 U.S. Dist.

25  LEXIS 61695 (N.D. Cal. Aug. 18, 2006) (granting plaintiffs' motion to compel in

26  securities action, and compelling disclosure of customer complaints in defendant's

27  possession).

28         Plaintiffs' answers are adequate, and Defendant's Motion should be denied.

**D.     Interrogatory Nos. 3 (All Plaintiffs)**

**INTERROGATORY NO. 3**

If YOU are a member of a frequent shopper, rewards, savings, membership, or other club (including, without limitation, Vons Club, Ralphs Rewards, Food4Less Community Rewards, Safeway Rewards, and Albertsons Preferred Savings) for any store from October 5, 2007 to the present, then please IDENTIFY the full name and identification number for each such frequent shopper, rewards, savings, membership, or other club.

**RESPONSE TO INTERROGATORY NO. 3**

Plaintiffs object on the ground that this Interrogatory exceeds the permissible scope of discovery because it seeks information that is not relevant to any claim or defense in this action. Plaintiffs further object on the ground that this Interrogatory is overbroad and unduly burdensome. Plaintiffs further object on the ground that this Interrogatory invades Plaintiffs' right to privacy, including rights protected by Article 1, Section 1 of the California Constitution. Plaintiffs further object to this Interrogatory on the ground that it was propounded solely to harass Plaintiffs.

**1.     Defendant's Position Regarding Interrogatory No. 3**

These Interrogatories seek information concerning the frequent shopper or savings cards used by Plaintiffs to purchase the challenged products that Plaintiffs consumed.  Plaintiffs object on privacy, relevance, and burden grounds, and they accuse Defendant of attempting to "harass" them.  The boilerplate objections offered by Plaintiffs to resist the production of this information are without merit.

First, the information sought by this Interrogatory is plainly relevant to the claims and defenses in this action.  Information regarding Plaintiffs' purchases will help Defendant understand the locations *where* Plaintiffs claim to have made purchases of the challenged products, the *quantities* of those purchases, and the prices paid for the products (to the extent they can be determined).  Again, this is basic information to which Naked Juice is entitled, and it is particularly appropriate given

1   the meager proofs of purchase that Plaintiffs have produced to date in response to

2   Request for Production Nos. 1-4 (discussed above).  *See* Fed. R. Civ. P. 26(b)(1);

3   *Stanley*, 2011 WL 5569761, at *4-5; *In re Supportsoft*, 2006 WL 2403577, at *1;

4   *Haines*, 2012 WL 1670160, at *3; Order re Pls.' Mot. to Compel, Oct. 18, 2012 [ECF

5   No. 91], at 3.  In addition, this information is relevant to assessing Plaintiffs' purchases

6   of similar food and beverage products, including products containing the same labeling

7   statements and ingredients that are at issue here.

8       Second, for the reasons noted above, Plaintiffs' boilerplate objections that the

9   Interrogatories are "overbroad and unduly burdensome" are insufficiently substantiated

10  and should be overruled in their entirety.  (*See supra* pp. 15-17; Order re Pls.' Mot. to

11  Compel, Oct. 18, 2012 [ECF No. 91], at 3-5.)

12      Third, Plaintiffs' conclusory claim that information about their purchases is

13  somehow subject to privacy protections is without merit.  Plaintiffs' purchases of the

14  challenged products are central to their charges against Defendant, and they cannot

15  hide the details of those purchases behind an alleged veil of privacy.  (*See supra* p. 20;

16  *Simke, Chodos, Silberfeld & Anteau*, 195 Cal. App. 4th at 1281-83.)

17      Defendant respectfully requests that the Court order all Plaintiffs to provide a

18  full and complete response to this Interrogatory.

19                  **2.    Plaintiffs' Position Regarding Interrogatory No. 3**

20      The discovery Defendant requests would constitute a gross invasion of

21  Plaintiffs' privacy.  There is no reason Defendant should be privy to the details of

22  every purchase Plaintiffs ever made at a supermarket.  *Hill v. Eddie Bauer*, 242 F.R.D.

23  556, 562-63 (C.D. Cal. 2007) (applying the privacy privilege created by California's

24  Constitution in District Court discovery dispute).

25      Moreover, the request is overbroad, given that Plaintiffs are not required to

26  document every purchase they ever made of Defendant's juices (nor could they

27  provide such documentation under any circumstance).

28

Plaintiffs have produced the receipts in their possession, described their purchases in response to Interrogatory No. 2, and are prepared to testify to their purchasing habits regarding Defendant's products in the past.  Defendant's citations do not suggest that Plaintiffs can or should be compelled to produce additional documents (which do not exist) or to provide further detail by way of interrogatory responses. *Haines v. Brand*, No. 11-cv-01335 YGR, 2012 U.S. Dist. LEXIS 66454 (N.D. Cal. May 13, 2012) (compelling disclosure of plaintiff's medical records where that plaintiff placed them in issue by alleging defendants wrongfully detained him under a California law allowing the detention of individuals who are a danger to themselves for mental health reasons for 72 hours); *Stanley v. Bayer Healthcare LLC*, No. 11-cv-862-IEG, 2011 U.S. Dist. LEXIS 132363 at *14 (S.D. Cal. Nov. 16, 2011) (compelling production of unredacted version of receipt after *in camera* review where, "given Plaintiff's deposition testimony, the Court finds the receipt does contain relevant information"); *In re Supportsoft, Inc. Secs. Litig.*, No. C 04-05222 SI, 2006 U.S. Dist. LEXIS 61695 (N.D. Cal. Aug. 18, 2006) (granting plaintiffs' motion to compel in securities action, and compelling disclosure of customer complaints in defendant's possession).

**E.     Interrogatory No. 5 (All Plaintiffs)**

**INTERROGATORY NO. 5**

IDENTIFY all labels, advertisements, marketing, and promotional statements that YOU read, saw, or received, including the date(s) on which YOU read, saw, or received such statement, and the media through which YOU read, saw, or received such statement (such as television commercial, radio commercial, Web site, newspaper insert, mailed promotion, or in-store promotion).

**RESPONSE TO INTERROGATORY NO. 5**

Plaintiffs object on the ground that they have requested an extension to accommodate their schedules (including previously scheduled vacations) as well as the schedules of their counsel; Defendant has requested Plaintiffs respond with all

1   available information now, which Plaintiffs are doing, subject to their right to

2   supplement and amend these Responses. Plaintiffs further object on the ground that

3   this Interrogatory exceeds the permissible scope of discovery because it seeks

4   information that is not relevant to any claim or defense in this action.

5        Without waiving and subject to these objections and the foregoing General

6   Objections, Plaintiff Natalie Pappas responds as follows: Natalie Pappas viewed the

7   labels of each Naked Juice Product she consumed at or prior to the time she purchased

8   such Products, which included the following statements, without limitation:

9        • Naked;

10       • "all natural";

11       • "all natural fruit + boosts";

12       • "the Naked truth: We use only the freshest, purest stuff in the world and leave

13         out everything else"; and

14       • "non-GMO: While many ingredients do not exist in bioengineered varieties,

15         Naked Juice does not use ingredients that were produced using biotechnology

16         as a matter of principle."

17       Ms. Pappas has also observed banners on delivery trucks advertising Naked

18   Juice Products, including "natural" or "all natural" statements or words to that effect.

19   Ms. Pappas also recalls that through the years she was exposed to statements and

20   slogans such as "all natural," "bare naked," "nothing to hide," "bare Naked," "Mother

21   Nature," "ingredients found in nature and no other junk," "natural ingredients and just

22   that," or words to that effect, all of which lead her to believe that Naked Juice Products

23   do not contain artificial or synthetic ingredients.

24       Without waiving and subject to these objections and the foregoing General

25   Objections, Plaintiff Christopher Evans responds as follows: Christopher Evans

26   viewed the labels of each Naked Juice Product he consumed at or prior to the time he

27   purchased such Products, which included the following statements, without limitation:

28       • Naked;

1     • "all natural";

2     • "all natural fruit + boosts";

3     • "the Naked truth: We use only the freshest, purest stuff in the world and leave

4         out everything else"; and

5     • "non-GMO: While many ingredients do not exist in bioengineered varieties,

6         Naked Juice does not use ingredients that were produced using biotechnology

7         as a matter of principle."

8     Mr. Evans also recalls viewing in-store promotional print materials regarding

9     Naked Juice Products that contained "natural" or "all natural" claims.

10    Without waiving and subject to these objections and the foregoing General

11    Objections, Plaintiff Gina Park responds as follows: Gina Park recalls seeing the

12    following statements on the labels of Naked Juice Products prior to purchase:

13    • Naked;

14    • "all natural";

15    • "the Naked truth: We use only the freshest, purest stuff in the world and leave

16        out everything else."

17    Without waiving and subject to these objections and the foregoing General

18    Objections, Plaintiff Russell Marchewka responds as follows: Russell Marchewka

19    recalls viewing the labels of Naked Juice Products he consumed, which included the

20    following statements, without limitation:

21    • Naked;

22    • "all natural";

23    • "the Naked truth: We use only the freshest, purest stuff in the world and leave

24        out everything else"; and

25    • "non-GMO: While many ingredients do not exist in bioengineered varieties,

26        Naked Juice does not use ingredients that were produced using biotechnology

27        as a matter of principle."

28

### 1.    Defendant's Position Regarding Interrogatory No. 5

This Interrogatory seeks information concerning the labels, advertising, marketing, and promotional statements that Plaintiffs viewed, the ***date*** on which they viewed each statement, and the ***media*** through which they viewed the material. Although Plaintiffs have identified the statements that they allegedly viewed, they have failed to provide dates or the medium through which they were exposed to these statements.

First, Plaintiffs continue to object that they need "more time" to respond to this Interrogatory, despite the fact that it was served nearly five months ago.

Second, Plaintiffs' boilerplate "relevance" objection is without merit, as the information sought by this Interrogatory is obviously relevant to the claims and defenses in this lawsuit.  Plaintiffs have sued Naked Juice based on certain representations on the products' labels.  Basic information regarding Plaintiffs' purchases is plainly relevant to the claims and defenses in this action under Rule 26. *See* Fed. R. Civ. P. 26(b)(1); *In re Supportsoft*, 2006 WL 2403577, at *1; *Haines*, 2012 WL 1670160, at *3; Order re Pls.' Mot. to Compel, Oct. 18, 2012 [ECF No. 91], at 3.

Third, Plaintiffs' partial responses are unacceptable.  For example, Plaintiff Pappas responds that she viewed labels and delivery truck banners, and that she was "exposed to statements and slogans" "through the years," without explaining ***when***, ***how***, or ***where*** she was "exposed" to these statements.  Further, all of the Plaintiffs fail to provide the ***dates*** and ***media*** through which they viewed the statements that they challenge.  This information is plainly relevant to class certification.  *See, e.g., Mazza v. Am. Honda Mtr. Co.*, 666 F.3d 581, 595 (9th Cir. 2012); *Pfizer v. Super. Ct.*, 182 Cal. App. 4th 622, 631, 105 Cal. Rptr. 3d 795 (2010) (class members who are "not exposed to . . . alleged misrepresentations and therefore could not possibly have lost money or property as a result of the unfair competition [are] not entitled to restitution"); *Sevidal v. Target Corp.*, 189 Cal. App. 4th 905, 117 Cal. Rptr. 3d 66 (2010) (same); *Kaldenbach v. Mut. of Omaha Life Ins. Co.*, 178 Cal. App. 4th 830,

849-50, 100 Cal. Rptr. 3d 637 (2009) (same).  The discovery burdens in this case are grossly disproportionate and Plaintiffs have demanded extensive information from Defendant.  At a minimum, Defendant is entitled to basic information regarding Plaintiffs' purchases of the products at issue.  *See, e.g.*, *Stanley*, 2011 WL 5569761, at *4-5.

Although Plaintiffs represented on September 29, 2012, that they would supplement these responses, they have not yet done so. (Yott Decl., Ex. K.)  Defendant respectfully requests that the Court order all Plaintiffs to provide a full and complete response to this Interrogatory.

### 2.    Plaintiffs' Position Regarding Interrogatory No. 5

Plaintiffs have provided Supplemental Interrogatory Responses with further explanation regarding the timeframe during which they purchased Defendant's products (and, necessarily, viewed the labels on the bottles then purchased, which conveyed Defendant's false advertising).  (Wolfson Decl. Exh. C at Interrogatory No. 2.)

Defendants insist, without legal support, that Plaintiffs are required somehow to document and testify to every single instance in which they viewed a label or other advertisement for Defendant's mis-branded juices.  This is not the law, but more to the point such arguments are irrelevant to the present motion to compel.  Defendant cannot compel Plaintiffs to provide such documents or interrogatory responses, because Plaintiffs cannot describe or document every single such instance in which they viewed a label or other advertisement.  Defendant is free to depose Plaintiffs on these issues, but there is nothing meaningful to be gained through an order compelling a further interrogatory response to this Interrogatory.

### F.    Interrogatory Nos. 7-8; 13 (All Plaintiffs)

#### INTERROGATORY NO. 7

Describe how YOU were injured or damaged as a result of YOUR purchase and/or consumption of NAKED JUICE PRODUCTS.

**RESPONSE TO INTERROGATORY NO. 7**

Plaintiffs object on the ground that they have requested an extension to accommodate their schedules (including previously scheduled vacations) as well as the schedules of their counsel; Defendant has requested Plaintiffs respond with all available information now, which Plaintiffs are doing, subject to their right to supplement and amend these Responses. Plaintiffs further object on the ground that this interrogatory seeks the premature disclosure of expert testimony, which will more fully address Plaintiffs' damages. Plaintiffs further object on the ground that this Interrogatory exceeds the permissible scope of discovery because it seeks information that is not relevant to any claim or defense in this action, particularly to the extent it addresses physical or emotional injury.

Without waiving and subject to these objections and the foregoing General Objections, Plaintiffs respond as follows: Plaintiffs Natalie Pappas and Christopher Evans purchased Naked Juice Products in reliance on Defendant's false advertising to the effect that the Products were "all natural," not made with any genetically modified ingredients, and not made with ingredients produced using biotechnology. Plaintiff Gina Park purchased Naked Juice Products in reliance on Defendant's false advertising to the effect that the Products were "all natural." Plaintiff Russell Marchewka purchased Naked Juice Products in reliance on Defendant's false advertising to the effect that the Products were "all natural," and not made with any genetically modified ingredients.  But for this false advertising, Plaintiffs would not have purchased the Naked Juice Products. Plaintiffs were injured in the amount of the purchase price paid for the Naked Juice Products. Discovery is continuing and Plaintiffs reserve the right to supplement this response.

**INTERROGATORY NO. 8**

If different in any respect from YOUR claimed injury or damage, describe how class members were injured or damaged as a result of their purchase and/or consumption of NAKED JUICE PRODUCTS.

**RESPONSE TO INTERROGATORY NO. 8**

Plaintiffs object on the ground that they have requested an extension to accommodate their schedules (including previously scheduled vacations) as well as the schedules of their counsel; Defendant has requested Plaintiffs respond with all available information now, which Plaintiffs are doing, subject to their right to supplement and amend these Responses. Plaintiffs further object on the ground that this Interrogatory seeks the premature disclosure of expert testimony, which will more fully address Plaintiffs' damages. Plaintiffs further object on the ground that this Interrogatory exceeds the permissible scope of discovery because it seeks information that is not relevant to any claim or defense in this action, particularly to the extent it addresses physical or emotional injury.

Without waiving and subject to these objections and the foregoing General Objections, Plaintiffs respond as follows: Not applicable. Plaintiffs seek to represent a Class of similarly situated Plaintiffs with respect to similar injuries and damages.

**INTERROGATORY NO. 13**

Separately for YOURSELF and the putative class, IDENTIFY the amount of damages and/or monetary relief that YOU and the putative class suffered and seek to recover in this ACTION.

**RESPONSE TO INTERROGATORY NO. 13**

Plaintiffs object on the ground that they have requested an extension to accommodate their schedules (including previously scheduled vacations) as well as the schedules of their counsel; Defendant has requested Plaintiffs respond with all available information now, which Plaintiffs are doing, subject to their right to supplement and amend these Responses. Plaintiffs further object on the ground that this interrogatory seeks the premature disclosure of expert testimony, which will more fully address Plaintiffs' damages.

Gibson, Dunn &
Crutcher LLP

### 1.    Defendant's Position Regarding Interrogatory Nos. 7-8, 13

These Interrogatories seek a description of how Plaintiffs and putative class members were injured or damaged as a result of their purchases and/or consumption of the Naked Juice products, a description of any differences between Plaintiffs' claimed injury or damages and the injury or damage to class members, and the amount of damages and/or other monetary relief that Plaintiffs and the putative class seek to recover through this litigation.  Plaintiffs' summary responses are insufficient and their boilerplate objections are without merit.

First, Plaintiffs continue to object that they need "more time" to respond to this Interrogatory, despite the fact that it was served nearly five months ago.

Second, although Plaintiffs have stated in a conclusory fashion that "[b]ut for this false advertising, Plaintiffs would not have purchased the Naked Juice Products," they have failed to provide any other details regarding their claimed injury or damage. Although Plaintiffs represented on September 29, 2012, that they would supplement these responses, they have not yet done so. (Yott Decl., Ex. K.)

Third, Plaintiffs' boilerplate "relevance" objection is without merit, as the information sought by this Interrogatory is obviously relevant to the claims and defenses in this action.  Plaintiffs have sued Naked Juice based on certain representations on the products' labels.  Basic information regarding Plaintiffs' alleged damages and/or the relief that they seek is plainly relevant to the claims and defenses in this action under Rule 26.  *See* Fed. R. Civ. P. 26(b)(1); *In re Supportsoft*, 2006 WL 2403577, at *1; *Haines*, 2012 WL 1670160, at *3; Order re Pls.' Mot. to Compel, Oct. 18, 2012 [ECF No. 91], at 3.

Fourth, Plaintiffs object that the Interrogatories seek "expert testimony."  This is a misreading of the Interrogatory, which asks Plaintiffs to respond based on *facts* currently known to them.  A disclosure of supporting "facts" is materially distinct from disclosure of expert testimony, and Defendant is entitled to discover the *factual support* for Plaintiffs' claims for damages in this case.  *See, e.g.*, *Oracle USA, Inc. v.*

1   *SAP AC*, 264 F.R.D. 541, 543 (N.D. Cal. 2009) ("This lack of prompt disclosure to

2   Defendants about the scope and nature of Plaintiffs' damages case and the failure to

3   cooperate on defining the contours of appropriate discovery accordingly threatens the

4   fair and cost-effective exchange of relevant discovery."). In fact, Plaintiffs were

5   obligated to include this information in their Rule 26 Initial Disclosures, but they failed

6   to do so.

7        Although Plaintiffs represented on September 29, 2012, that they would

8   supplement these responses, they have not done so. (Yott Decl., Ex. K.) Defendant

9   respectfully requests that the Court order all Plaintiffs to provide a full and complete

10  response to this Interrogatory.

11             **2.      Plaintiffs' Position Regarding Interrogatory Nos. 7-8, 13**

12       Plaintiffs have provided Supplemental Interrogatory Responses providing

13  further description of Plaintiffs' damages theories. (Wolfson Decl. Exh. C at

14  Interrogatory 13.) There is no basis for ordering further responses to these

15  Interrogatories at this time. Defendant's motion should be denied.

16       Defendant cites no authority requiring Plaintiffs to quantify the amount of their

17  claimed damages at this time. As Plaintiffs have stated, this is an issue for expert

18  testimony, which will turn largely on revenues from and sales of the falsely advertised

19  products. Defendant's discovery responses concerning its sales have been late in

20  coming and misleading (indeed, Defendant's initial responses regarding its sales and

21  revenues were framed as "estimates," and after the Court order further responses in

22  response to Plaintiffs' motion to compel, the same responses were framed as hard

23  facts). Plaintiffs' experts continue to review Defendant's documents concerning these

24  sales and revenues, many of which were only recently produced in November 2012

25  after the Court ruled on Plaintiffs' motion to compel.

26

27

28

Gibson, Dunn &
Crutcher LLP

53

**G.     Interrogatory Nos. 9-10 (All Plaintiffs)**

**INTERROGATORY NO. 9**

IDENTIFY all other products YOU have consumed from October 5, 2007 to the present that contain any of the INGREDIENTS YOU challenge in the COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 9**

Plaintiffs object on the ground that this Interrogatory exceeds the permissible scope of discovery because it seeks information that is not relevant to any claim or defense in this action. Plaintiffs further object on the ground that this Interrogatory is overbroad and unduly burdensome and propounded solely to harass Plaintiffs.

Plaintiffs further object on the ground that this Interrogatory invades Plaintiffs' right to privacy, including rights protected by Article 1, Section 1 of the California Constitution.

**INTERROGATORY NO. 10**

IDENTIFY all vitamins or nutritional supplements of any kind that YOU have consumed from October 5, 2007 to the present.

**RESPONSE TO INTERROGATORY NO. 10**

Plaintiffs object to this Interrogatory on the ground that it is vague and ambiguous, particularly as to the terms "vitamins" and "nutritional supplements." Plaintiffs further object on the ground that this Interrogatory exceeds the permissible scope of discovery because it seeks information that is not relevant to any claim or defense in this action. Plaintiffs further object on the ground that this Interrogatory is overbroad and unduly burdensome and propounded solely to harass Plaintiffs. Plaintiffs further object on the ground that this Interrogatory invades Plaintiffs' right to privacy, including rights protected by Article 1, Section 1 of the California Constitution.

**1.     Defendant's Position Regarding Interrogatory Nos. 9-10**

These Interrogatories seek basic information regarding other products Plaintiffs have consumed from October 2007 to the present that contain any of the ingredients

1  that Plaintiffs have challenged in this putative class action lawsuit.  Plaintiffs'

2  objections are without merit.

3        First, Plaintiffs' boilerplate "relevance" objection is without merit.  The

4  information sought by these Interrogatories is obviously relevant.  Plaintiffs have

5  challenged a number of ingredients that were specifically disclosed on the products'

6  labels.  Basic information regarding Plaintiffs' purchases of similar products

7  containing these ingredients—including products labeled similarly as the Naked Juice

8  beverages—is plainly relevant to the claims and defenses in this action under Rule 26,

9  including the suitability of these claims for class treatment and Plaintiffs' claim that

10  they were injured and/or damaged by the labeling statements at issue.  *See* Fed. R. Civ.

11  P. 26(b)(1); *In re Supportsoft*, 2006 WL 2403577, at *1; *Haines*, 2012 WL 1670160,

12  at *3; Order re Pls.' Mot. to Compel, Oct. 18, 2012 [ECF No. 91], at 3.

13        Second, for the reasons noted above, Plaintiffs' boilerplate objections that the

14  Interrogatories are "vague and ambiguous" are insufficiently substantiated and should

15  be overruled in their entirety.  (*See supra* pp. 15-17; Order re Pls.' Mot. to Compel,

16  Oct. 18, 2012 [ECF No. 91], at 3-5.)  The terms "vitamins" and "nutritional

17  supplements" "are not presented in a vague or ambiguous manner, and can readily be

18  responded to using the common and ordinary meanings of those terms."  (*Id*. at 4.)

19  Plaintiffs also do not offer any support for their objection that the Interrogatories are

20  "overbroad and unduly burdensome."  (*Id*. at 3-5.)

21        Third, Plaintiffs next object that these Interrogatories seek information protected

22  by their right to privacy.  But Plaintiffs have put their consumption of similar products

23  at issue when they sued for damages and claimed that they purchased Naked Juice's

24  products "in reliance on Defendant's representations and omissions that the Products

25  contained only: 'All Natural' ingredients and 'non-GMO' ingredients" and absent

26  these representations, Plaintiffs "would not have purchased, would not have paid as

27  much for the Products, or would have purchased alternative products."  (Consol. Am.

28  Compl. ¶¶ 74, 76, 78, 80.)  *See Athans*, 195 Cal. App. 4th at 1281-83.  In defending

against Plaintiffs' claims of injury and damage, Defendant is entitled to discover information regarding Plaintiffs' purchase and consumption of other food and beverage products containing the same ingredients and/or labels challenged here.  *See, e.g.*, *In re Cheerios Mktg. & Sales Practices Litig.*, No. 09-2413, 2012 WL 3952069, at *3 (D.N.J. Sept. 10, 2012) (discussing plaintiffs' consumption of other products in ruling on summary judgment motion in food labeling action).  Further, there is a Protective Order that will limit the use of this information for purposes of the present litigation.

On September 29, 2012, Plaintiffs pledged to review their recent purchases and produce supplemental responses, but they have not yet done so.  (Yott Decl., Ex. K.) Defendant respectfully requests that the Court order all Plaintiffs to provide a full and complete response to this Interrogatory.

### 2.  Plaintiffs' Position Regarding Interrogatory Nos. 9-10

These questions intrude into Plaintiffs' personal lives in a wholly unwarranted manner.  Plaintiffs' privacy objections and other objections are valid, and the Court should not compel any further response.

The Interrogatory is unreasonably vague.  "Vitamins" are contained in a variety of foods — naturally occurring and added, sometimes as a preservative or (as in the case of Defendant's products) in order to "boost" the perceived health benefits of a food product.  Does Defendant really expect Plaintiffs to identify all products they have consumed over the last five years that contain vitamins?  To which vitamins were added?

And Defendant's request that Plaintiffs identify all "nutritional supplements" they might have taken over the past five years is similarly vague and overbroad.  It is by no means clear what constitutes a nutritional supplement, or how Plaintiffs are supposed to identify every one they have consumed over the last five years.

More to the point, no allegations in Plaintiffs' complaint bring their consumption of vitamins or nutritional supplements within the scope of permissible

1  discovery.  Plaintiffs allege that Defendant falsely labels its juices as "all natural"

2  when they in fact contain highly processed synthetic ingredients that include not only

3  vitamins, but emulsifiers such as soy lecithin.  Plaintiffs further allege Defendant

4  falsely markets its product as "non-GMO" and that "Naked Juice does not use

5  ingredients that were produced using biotechnology as a matter of principle," when in

6  fact Defendant's juices include not only genetically modified organisms themselves,

7  but highly processed synthetic ingredients that were produced using biotechnology

8  from genetically modified crops such as corn.

9        Defendant has not enunciated how evidence concerning Plaintiffs' consumption

10  of vitamins or "nutritional supplements" is relevant or likely to lead to the discovery of

11  admissible evidence in this false advertising case, which turns on Defendant's false

12  labeling of its products as "all natural."

13        Despite the lack of relevance and the unwarranted intrusion into Plaintiffs'

14  privacy, in an effort to resolve this dispute Plaintiffs agreed to search the contents of

15  their refrigerators for items containing the ingredients at issue.  Only Plaintiff

16  Marchewka had any such items, and they have been described in Plaintiffs' Third

17  Supplemental Response to Interrogatory No. 9.  (Wolfson Decl. Exh. C.)

18  **H.    Interrogatory No. 12 (All Plaintiffs)**

19        **INTERROGATORY NO. 12**

20        IDENTIFY all statements YOU have made concerning food, including natural

21  foods, NAKED JUICE, and genetically modified organisms, on the internet, including

22  on blogs or social media websites (including Facebook, Twitter, and MySpace) from

23  October 5, 2007 to the present.

24        **RESPONSE TO INTERROGATORY NO. 12**

25        Plaintiffs object on the ground that they have requested an extension to

26  accommodate their schedules (including previously scheduled vacations) as well as the

27  schedules of their counsel; Defendant has requested Plaintiffs respond with all

28  available information now, which Plaintiffs are doing, subject to their right to

supplement and amend these Responses. Plaintiffs further object on the ground that this Interrogatory exceeds the permissible scope of discovery because it seeks information that is not relevant to any claim or defense in this action. Plaintiffs further object on the ground that this Interrogatory invades Plaintiffs' right to privacy, including rights protected by Article 1, Section 1 of the California Constitution. Plaintiffs further object on the ground that this Interrogatory is vague and ambiguous with respect to its use of the language "statements," and "internet." Plaintiffs further object on the ground that the Interrogatory seeks information protected by the attorney-client privilege.

Without waiving and subject to these objections and the foregoing General Objections, Plaintiff Natalie Pappas responds as follows: Natalie Pappas does not recall making any statements concerning Naked Juice Products on blogs or social media.

Without waiving and subject to these objections and the foregoing General Objections, Plaintiff Christopher Evans responds as follows: Christopher Evans does not recall making any statements concerning Naked Juice Products on blogs or social media.

Without waiving and subject to these objections and the foregoing General Objections, Plaintiff Gina Park responds as follows: Gina Park does not recall making any statements concerning Naked Juice Products on blogs or social media.

Without waiving and subject to these objections and the foregoing General Objections, Plaintiff Russell Marchewka responds as follows: Russell Marchewka does not recall making any statements concerning Naked Juice Products on blogs or social media.

### 1.    Defendant's Position Regarding Interrogatory No. 12

This Interrogatory ask Plaintiffs to identify and provide documents concerning their online statements about foods, including natural foods, the challenged Naked Juice products, and genetically modified organisms during the class period (October

1   2007 to the present).  Plaintiffs' summary responses are insufficient and their

2   boilerplate objections are without merit.

3       First, Plaintiffs continue to object that they need "more time" to respond to this

4   Interrogatory, despite the fact that it was served nearly five months ago.

5       Second, Plaintiffs' partial responses that are limited only to Naked Juice

6   products are unacceptable.  This Interrogatory seeks public statements by Plaintiffs

7   relating to *other* natural products and genetically modified organisms ("GMOs") as

8   well.  Plaintiffs have sued Naked Juice based on their allegation that the

9   representations that the challenged products "contained only: 'All Natural' ingredients

10  and "non-GMO' ingredients" were "material" to their "decision to purchase."  (Consol.

11  Am. Compl. ¶ 76.)  Defendant is entitled to discovery of information regarding

12  Plaintiffs' statements regarding similar foods and beverages and GMOs.  For this

13  additional reason, Plaintiffs' boilerplate "relevance" objection is without merit.  *See*

14  Fed. R. Civ. P. 26(b)(1); *In re Supportsoft*, 2006 WL 2403577, at *1; *Haines*, 2012

15  WL 1670160, at *3; Order re Pls.' Mot. to Compel, Oct. 18, 2012 [ECF No. 91], at 3.

16      Third, Plaintiffs next object that the Interrogatory seeks information protected

17  by their right to privacy.  This objection is meritless, as the Interrogatory plainly seeks

18  *public information* that Plaintiffs themselves have decided to publish.  Indeed, Plaintiff

19  Marchewka has already produced some of this information in document form.  There

20  is no justifiable basis for the remaining Plaintiffs to withhold this information, which is

21  relevant to determining their adequacy and typicality to represent a putative nationwide

22  class of purchasers of Naked Juice beverages.

23      Fourth, for the reasons noted above, Plaintiffs' boilerplate objections that the

24  Interrogatory is "vague and ambiguous" is insufficiently substantiated and should be

25  overruled in their entirety.  (*See supra* pp. 15-17; Order re Pls.' Mot. to Compel,

26  Oct. 18, 2012 [ECF No. 91], at 3-5.)  The terms "statements" and "internet" "are not

27  presented in a vague or ambiguous manner, and can readily be responded to using the

28  common and ordinary meanings of those terms." (*Id.* at 4.)

1    Fifth, for the same reasons, Plaintiffs' objections on the basis of the attorney-

2    client privilege and work product protections also should be overruled because they

3    have failed to provide sufficient information to allow Defendant to evaluate the claim

4    of privilege.  (*See supra* p. 17; Order re Pls.' Mot. to Compel, Oct. 18, 2012 [ECF

5    No. 91], at 5-6.)

6    Defendant respectfully requests that the Court order all Plaintiffs to provide a

7    full and complete response to this Interrogatory.

8    **2.    Plaintiffs' Position Regarding Interrogatory No. 12**

9    Plaintiffs have stated that they do not recall making any statements concerning

10   Naked Juice on the internet.  There is no basis for compelling further responses to this

11   Interrogatory in this case, which turns on the falsity of Defendant's advertising — not

12   Plaintiffs' statements concerning food.

13   The Interrogatory is grossly overbroad and goes well beyond the scope of

14   permissible discovery, asking Plaintiffs to describe any online comment related to food

15   in any way.  Plaintiffs' statements regarding are not relevant to the claims and defenses

16   in this action, nor reasonably calculated to lead to the discovery of admissible

17   evidence. Fed. R. Civ. P. 26(b)(1).  For instance, whether Plaintiffs consumed other

18   food items containing GMOs does not speak to the falsity or truth of Defendant's

19   advertising of its products as "non-GMO."

20   The only named Plaintiff with a significant online presence related in any way to

21   food is Mr. Marchewka, who has produced printouts of all such statements and, as set

22   forth above with regard to Request for Production 18, is seeking to withdraw from this

23   action.  (Wolfson Decl. ¶ 3.)

24   Not only would a requirement that Plaintiffs describe every online comment

25   they made over the last five years regarding food go well beyond the scope of

26   permissible discovery, but it also would constitute an unwarranted invasion of

27   Plaintiffs' privacy interests, which constitute a valid privilege and discovery objection.

28   *Hill v. Eddie Bauer*, 242 F.R.D. 556, 562-63 (C.D. Cal. 2007) (applying the privacy

1    privilege created by California's Constitution in District Court discovery dispute).

2    Defendant's motion should be denied.

3    **I.    Interrogatory No. 14 (All Plaintiffs)**

4    **INTERROGATORY NO. 14**

5    If YOU contend that any of the following statements on NAKED JUICE

6    PRODUCTS are false (in whole or in part), please IDENTIFY all facts and

7    DOCUMENTS that support YOUR response:

8        a.  "non-GMO"

9        b.  "All Natural"

10       c.  "All Natural Fruit"

11       d.  "All Natural Fruit + Boosts"

12       e.  "While many ingredients do not exist in bioengineered varieties, Naked Juice

13          does not use ingredients that were produced using biotechnology as a matter

14          of principle."

15   **RESPONSE TO INTERROGATORY NO. 14**

16   Plaintiffs object on the ground that they have requested an extension to

17   accommodate their schedules (including previously scheduled vacations) as well as the

18   schedules of their counsel; Defendant has requested Plaintiffs respond with all

19   available information now, which Plaintiffs are doing, subject to their right to

20   supplement and amend these Responses. Plaintiffs further object on the ground that

21   this interrogatory seeks the premature disclosure of expert testimony. Plaintiffs further

22   object to this Interrogatory's request that Plaintiffs identify all facts and documents

23   concerning this Interrogatory when most such facts and documents are in Defendant's

24   possession and have not yet been produced, and Plaintiffs' review of the documents

25   Defendant and third parties have produced to date is not yet complete.

26   Without waiving and subject to these objections and the foregoing General

27   Objections, Plaintiffs respond as follows: Plaintiffs contend that the statements are

28   false and/or misleading with respect to some or all of the Naked Juice Products, as

1    evidenced by facts and documents already produced or requested by the parties in this

2    action and/or in Defendant's possession, custody, or control.

3            **1.**      **Defendant's Position Regarding Interrogatory No. 14**

4          This Interrogatory asks Plaintiffs to identify the factual basis and supporting

5    documents for their claims that any of the following statements, as used on the

6    challenged products, are false (in whole or in part):  (a) "non-GMO"; (b) "All

7    Natural"; (c) "All Natural Fruit"; (d) "All Natural Fruit + Boosts"; and (e) "[w]hile

8    many ingredients do not exist in bioengineered varieties, Naked Juice does not use

9    ingredients that were produced using biotechnology as a matter of principle."

10   Plaintiffs' summary responses are insufficient and their boilerplate objections are

11   without merit.

12         First, Plaintiffs continue to object that they need "more time" to respond to this

13   Interrogatory, despite the fact that it was served nearly five months ago.

14         Second, Plaintiffs' summary response simply regurgitates the allegation in their

15   Complaint:  "Plaintiffs contend that the statements are false and/or misleading with

16   respect to some or all of the Naked Juice Products, as evidenced by facts and

17   documents already produced or requested by the parties in this action and/or in

18   Defendant's possession, custody, or control."  This response is plainly insufficient; the

19   Interrogatory sought all facts and the identification of all documents that support

20   Plaintiffs' allegations that the labeling statements at issue are false (in whole or in

21   part).  This Interrogatory also does not seek the premature disclosure of "expert"

22   testimony.  Defendant is entitled to discover the *factual* and *evidentiary* basis for

23   Plaintiffs' claims in this lawsuit.  The Federal Rules require that Plaintiffs have a

24   factual and evidentiary basis for making their claims prior to the filing of a complaint.

25   *See* Fed. R. Civ. P. 11(b)(3).  Plaintiffs' responses suggest that they had no facts to

26   support their claims when they initiated this action; if Plaintiffs are aware of such facts,

27   then they must supplement their responses to Interrogatory No. 14.

28

Gibson, Dunn &
Crutcher LLP

62

1   Defendant respectfully requests that the Court order all Plaintiffs to provide a

2   full and complete response to this Interrogatory.

3       **2.      Plaintiffs' Position Regarding Interrogatory No. 14**

4       Defendant failed to produce a single email concerning the content of its labels

5   until after this Court ordered further production in response to Plaintiffs' motion to

6   compel.  (Docket No. 91, Order 10/8/12.)  After the court issued that order, which

7   required further production by October 31, 2012, Defendant produced, on November 1,

8   2012, over 67,000 pages of previously un-produced responsive documents, finally

9   including some such emails.  This amounted to approximately ten times the data

10  previously produced by Defendant.  (Wolfson Decl. ¶ 5.)  Then, on November 5, 2012,

11  Defendant made a further, smaller production.  (*Id.*)

12      Many of these documents, only recently produced by Defendant and which

13  Plaintiffs' counsel is struggling to review in time to incorporate into Plaintiffs'

14  certification motion, support Plaintiffs' response to this Interrogatory.  Thus, Plaintiffs'

15  response that "more time" has been needed, despite that the Interrogatory was

16  propounded months ago, has remained valid.  It is Defendant's delay in producing the

17  necessary documents that has delayed Plaintiffs' ability to identify with any detail the

18  documents supporting Plaintiffs' contention that the referenced advertising statements

19  are false.

20  **J.    Interrogatory No. 15 (All Plaintiffs)**

21      **INTERROGATORY NO. 15**

22      If YOU contend that this action should be certified as a class action, IDENTIFY

23  all facts that support YOUR contention, including but not limited to those facts that

24  support YOUR contention that questions of law and fact common to the class

25  described in the COMPLAINT predominate over any questions affecting only

26  individual class members, that YOU will adequately represent the interest of absent

27  class members, and that YOUR claims are typical of the claims of absent class

28  members.

**RESPONSE TO INTERROGATORY NO. 15**

Plaintiffs object on the ground that they have requested an extension to accommodate their schedules (including previously scheduled vacations) as well as the schedules of their counsel; Defendant has requested Plaintiffs respond with all available information now, which Plaintiffs are doing, subject to their right to supplement and amend these Responses. Plaintiffs further object on the ground that this interrogatory seeks the premature disclosure of expert testimony, which will more fully address Plaintiffs' damages. Plaintiffs further object on the ground that this interrogatory seeks information protected by the attorney work product doctrine and the attorney-client privilege, particularly insofar as it seeks premature disclosure of Plaintiffs' certification briefing, which Plaintiffs intend to file in accordance with the Court-ordered schedule in this action. Plaintiff further objects to this Interrogatory on the ground that it is compound, covering numerous certification-related factors in one Interrogatory.

Without waiving and subject to these objections and the foregoing General Objections, Plaintiffs respond as follows: Defendant engaged in a uniform, common course of deceptive conduct *vis-a-vis* the putative Class. As such, all class members share a common interest in seeking adjudication of the same core questions of fact and law. Defendant made its non-disclosures and misrepresentations uniformly to all class members through its labeling and other advertisements for the Products at issue, such that Defendant was at all times presenting a single, consistent message to its customers. Plaintiffs' interests are aligned with those of the Class and neither Plaintiffs nor their counsel have any conflicts of interest with other Class members. Plaintiffs and their counsel will continue to prosecute the action vigorously on behalf of the Class. Plaintiffs' claims are typical because they are based on the same theories as the claims of each of the many Class members and because they arise out of Defendant's common scheme, to which there are no unique defenses specific to any one Class member.

Gibson, Dunn &
Crutcher LLP

64

### 1.     Defendant's Position Regarding Interrogatory No. 15

This Interrogatory asks Plaintiffs to identify the facts that support their contention that this action should be certified as a class action.  Plaintiffs' summary responses are insufficient and their boilerplate objections are without merit.

First, Plaintiffs continue to object that they need "more time" to respond to this Interrogatory, despite the fact that it was served nearly five months ago.

Second, Plaintiffs' conclusory and generalized statements that parrot the requirements of Rule 23 are insufficient.  Plaintiffs must provide the *factual* basis for their contentions.  As Plaintiffs themselves noted in their correspondence regarding Defendant's responses to similar Interrogatories, "[c]ontention interrogatories are legitimate, and [a responding party] must describe the facts known to it on which it intends to rely in support of the legal theories described in its current responses.  *See, e.g.*, *United States ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646 (C.D. Cal. 2007)."  (Yott Decl. ¶ 11.)  Plaintiffs then moved to compel supplemental responses to these Interrogatories on this basis.  There is no justification for their failure to provide full and complete responses to this Interrogatory.

Third, because this Interrogatory seeks the *factual* support for Plaintiffs' contentions, it does not require the "premature disclosure of expert testimony." Indeed, Plaintiffs have designated all of their experts and—not surprisingly—they have not identified any potential experts that would opine on Rule 23 standards.

Fourth, for the same reasons discussed above, Plaintiff's objections on the basis of the attorney-client privilege and work product protections also should be overruled. (*See supra* p. 17; Order re Pls.' Mot. to Compel, Oct. 18, 2012 [ECF No. 91], at 5-6.)

Fifth, Plaintiffs' boilerplate "compound" objection is without merit.  This Interrogatory properly seeks information in subparts, just as Plaintiffs have in their discovery requests.  *See* Fed. R. Civ. P. 33(a)(1); *see, e.g.*, Plaintiffs' Interrogatory No. 12 (seeking multiple types of information within the same Interrogatory).

1   Defendant respectfully requests that the Court order all Plaintiffs to provide a

2   full and complete response to this Interrogatory.

3        **2.**    **Plaintiffs' Position Regarding Interrogatory No. 15**

4   Plaintiffs' Motion for Class Certification is due soon, on December 21, 2012.

5   Defendant continues to produce documents relevant to that motion in response to the

6   Court's order dated October 18, 2012 (Docket No. 91), and Defendant continues to

7   produce documents well past the Court-ordered deadline of October 31, 2012,

8   producing documents as recently as November 5, 2012.

9   Plaintiffs are still working on that motion, but their response to this

10   Interrogatory fairly sums up the substance of the facts at issue in that motion.  There is

11   nothing to be accomplished through further supplementation of this Interrogatory

12   response.

13

14   DATED:  November 16, 2012       GIBSON, DUNN & CRUTCHER LLP

15

16               By:   /s/ Christopher Chorba

                   CHRISTOPHER CHORBA

17

18               Attorneys for Defendant,

            NAKED JUICE CO. OF GLENDORA, INC.

19

20   DATED:  November 16, 2012       AHDOOT & WOLFSON, APC

21

22               By:   /s/ Tina Wolfson

                 TINA WOLFSON

23               Interim Co-Lead Counsel for Plaintiffs

24

25

26

27

28