GIBSON, DUNN & CRUTCHER LLP
DANIEL W. NELSON, *pro hac vice*
DNelson@gibsondunn.com
ANDREW TULUMELLO, SBN 196484
ATulumello@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

CHRISTOPHER CHORBA, SBN 216692
CChorba@gibsondunn.com
DHANANJAY S. MANTHRIPRAGADA, SBN 254433
DManthripragada@gibsondunn.com
JENNA MUSSELMAN YOTT, SBN 251901
JYott@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Defendant Naked Juice Co. of Glendora, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| NATALIE PAPPAS,<br><br>Plaintiff,<br><br>v.<br><br>NAKED JUICE CO. OF GLENDORA, INC., a California Corporation,<br><br>Defendant. | CASE NO. LA CV 11-08276-JAK (PLAx), Lead Case<br>(Consolidated with LA CV 11-08007; SA CV 11-01701; LA CV 11-09412; LA CV 11-09677)<br><br>**DEFENDANT NAKED JUICE CO. OF GLENDORA, INC.'s SUPPLEMENTAL MEMORANDUM IN IN SUPPORT OF ITS MOTION TO COMPEL PLAINTIFFS TO PROVIDE RESPONSES TO REQUESTS FOR PRODUCTION AND INTERROGATORIES**<br><br>Hearing<br>Date: December 11, 2012<br>Time: 10:00 a.m.<br>Location: Courtroom G<br>Magistrate Judge Abrams |

Although Plaintiffs have produced some additional documents since forcing Defendant to prepare its Motion to Compel, their discovery efforts remain lacking for several critical reasons. Over 95% of the pages produced to date (1644 of 1723 pages), and *all* of the documents produced since Defendant initiated the meet and confer process that led to this Motion, are from Plaintiff Marchewka. But Plaintiffs' counsel recently announced that they would seek to dismiss Mr. Marchewka from this lawsuit. That leaves only 79 pages from the remaining Plaintiffs Pappas, Park, and Evans.

Plaintiffs' counsel represented two months ago that additional documents from all plaintiffs would be forthcoming. Yet Plaintiffs Pappas, Evans, and Park still have not produced any additional documents. Defendant requests that the Court order full and complete responses to the following requests:

1. <u>Proofs of Purchase and/or Basic Details for Product Purchases (Request Nos. 1-4 and Interrogatory No. 2)</u>. After over a year of litigation and nearly eight months since Defendant served its discovery requests, Plaintiffs *still* have not yet identified the Naked Juice beverages that each of them purchased during the class period. In particular, they have not provided basic purchase details for 6 of the 13 beverages allegedly at issue in this case (Jt. Stip. at 41). Plaintiffs' counsel represented to the District Court that at least one of the class representatives purchased all of the 13 Naked Juice beverages at issue in this case. (*See* Tr. of Hearing on Mot. to Dismiss, May 4, 2012, at 28:19-29:11.) Defendant is entitled to know which Plaintiff this is. Instead, Defendant is left with general responses such as the following: "Christopher Evans started purchasing the Naked Juice Products at issue on a regular basis sometime in 2011." This response is plainly insufficient. *See, e.g.*, *Era Helicopters, LLC v. Island Operating Co.*, No. 07-487, 2009 WL 455336, at *2 (S.D. Tex. Feb. 23, 2009) ("To demand proof-of purchase of the [product at issue] in a lawsuit where plaintiffs will seek from defendants damages amounting to the cost of those [products] is unquestionably within the scope of Rule 26(b) . . . . To object to these demands for information as 'overly broad' was an act of stonewalling.").

2. <u>Other Evidence of Proofs of Purchase (Interrogatory No. 3)</u>.  In defending their limited production of documents reflecting their purchases of the Naked Juice beverages at issue, Plaintiffs assert that "It is unrealistic to expect Plaintiffs to have maintained all receipts for their purchases of Defendant's juices throughout the class period, and no law requires that they have done so or that they somehow be compelled to produce such receipts or describe each and every purchase by way of an Interrogatory response."  (Jt. Stip. at 4:5-9.)  Defendant disagrees, but even if this is true, then Defendant must explore other avenues of determining Plaintiffs' purchases during the class period.  Interrogatory No. 3 attempts to obtain this information through "frequent shopper, rewards, savings, membership, or other club" programs.  This information is also necessary given Plaintiffs' stated inability to identify other foods or beverages containing the challenged statements and/or ingredients (Interrogatory Nos. 9-10, 12; *see also* Interrogatory No. 12; Request No. 17).

Plaintiffs' general privacy objection also does not provide a basis for refusing this discovery or related requests.  As an initial matter, Plaintiffs have not explained why this objection overrides Defendant's right to discovery.  In particular, Plaintiffs' repeated reliance on *Hill v. Eddie Bauer*, 242 F.R.D. 556, 563 (C.D. Cal. 2007), to support their general privacy objection is misplaced, as that court overruled the privacy objection and allowed the requested discovery necessary for class certification.  *Hill* also rejected the same blanket objection asserted here, and ordered a sampling as a compromise.  *Id.*; *see also Marti v. Baires*, No. 08-00653, 2012 WL 2029720, at *7 (E.D. Cal. June 5, 2012) (explaining that reliance on "boilerplate [privacy] objections is an abuse of the discovery process").  Further, the Confidentiality Order (ECF No. 72) protects Plaintiffs against the public disclosure of this information.

3. <u>Other Products Containing Challenged Ingredients (Interrogatory Nos. 9-10)</u>.  Defendant asked Plaintiffs to identify other food and beverage products Plaintiffs have consumed that contained any of the 15 ingredients challenged in the Consolidated Amended Complaint.  As noted in the Joint Stipulation, Plaintiffs' boilerplate

relevance and "vague and ambiguous" objections are without merit (Jt. Stip. at 55-56). Plaintiffs have put their consumption of similar products at issue when they sued for damages and claimed that they purchased Naked Juice's products "in reliance on Defendant's representations and omissions that the Products contained only: 'All Natural' ingredients and 'non-GMO' ingredients" and absent these representations, Plaintiffs "would not have purchased, would not have paid as much for the Products, ***or would have purchased alternative products***." (Consol. Am. Compl. ¶¶ 74, 76, 78, 80 (emphasis added).)  In defending against Plaintiffs' claims, Defendant is entitled to information regarding their purchase and consumption of other products containing the same ingredients and/or labels challenged here.  *See, e.g.*, *In re Cheerios Mktg. & Sales Practices Litig.*, No. 09-2413, 2012 WL 3952069, at *3 (D.N.J. Sept. 10, 2012) (discussing plaintiffs' consumption of other products in food labeling action).

Further, Defendant never agreed to limit these Interrogatories to products "currently" found in Plaintiffs' refrigerators, as it is entitled to information about products Plaintiffs consumed that contain the challenged ingredients for the entire class period.  Moreover, none of the Plaintiffs except Mr. Marchewka (whom Plaintiffs are seeking to dismiss) even provided this basic information.

4. <u>Plaintiffs' Statements Regarding Naked Juice, Other Food Products and Choices, and Relationships with Other Food Companies (Interrogatory No. 12; Request Nos. 17-18)</u>.  Plaintiffs' burden and privacy objections are not well-taken. Defendant seeks only Plaintiffs' published statements, which are not protected by privacy.  And asking Plaintiffs to review their own documents and online presence for specific statements relevant to this litigation is not a burden that outweighs Defendant's right to this discovery.  *See, e.g.*, *Culkin v. Pitney Bowes, Inc.*, 225 F.R.D. 69, 71 (D. Conn. 2004) (explaining burden on objecting party to demonstrate how requests are overly broad or burdensome).  Further, Plaintiff Marchewka's professional relationships with other manufacturers of products containing the ingredients he challenges here, is plainly relevant to the claims and defenses in this lawsuit.   There

can scarcely be a claim for damages by a plaintiff who actively promotes and sponsors beverages with ingredients that are being attacked in this lawsuit.

5. <u>Labeling and Advertising (Interrogatory No. 5)</u>.  Defendant also seeks information concerning the labels, advertising, marketing, and promotional statements that Plaintiffs viewed, the *date* on which they viewed each statement, and the *media* through which they viewed the material.  Although Plaintiffs have identified the *statements* that they allegedly viewed, they have failed to provide *dates* or the *medium*.  And contrary to Plaintiffs' claim in their portions of the Joint Stipulation (at 49:11-15), they have *not* supplemented their responses to this Interrogatory.

6. <u>Factual Support for Plaintiffs' Claims (Interrogatory Nos. 7-8, 13, 14, 15)</u>. Plaintiffs also provided no supplemental response to Interrogatory Nos. 7-8 regarding their claim to damages, and their "supplemental" response to Interrogatory No. 13 merely repeats the previously inadequate responses and cites forthcoming expert testimony.  This information was required in their Rule 26 Initial Disclosures, and Plaintiffs offer no legitimate basis for failing to provide full and complete responses. Notably, Plaintiffs do not even attempt to defend their failure to supplement their responses to Interrogatory No. 14, which seeks the factual support for their claims. Plaintiffs' diatribe against Defendant's production (Jt. Stip. at 63)[1] merely seeks to distract the Court from Plaintiffs' own duty to have a factual basis for their claims prior to filing a lawsuit.  Plaintiffs have failed to address this argument.  Finally, Plaintiffs have failed to supplement their responses regarding their class certification contentions (Interrogatory No. 15), despite successfully pressing Defendant for more detailed responses to Plaintiffs' similar requests.

7. <u>Retention Agreements (Request Nos. 19-20)</u>.  As Defendant established in the Motion, Plaintiffs' retention agreements are relevant, not privileged, and

---

[1] Ms. Wolfson's assertion that "Defendant failed to produce a single email concerning the content of its labels until after this Court ordered further production" (Wolfson Decl. ¶ 5) is false.  Defendant's earlier productions contained hundreds of emails (*see, e.g.*, NJ005968-71, NJ005983-85, NJ005990-91, and NJ006014-16).

Gibson, Dunn & Crutcher LLP

4

discoverable. (Jt. Stip. at 32 (citing *In re Oracle Sec. Litig.,* 136 F.R.D. 639 (N.D. Cal. May 6, 1991); *In re Grand Jury Proceedings*, 33 F.3d 1060, 1063-64 (9th Cir. 1994); *Tornay v. United States*, 840 F.2d 1424, 1426 (9th Cir. 1988)).)

In response, Plaintiffs rely on out-of-circuit and distinguishable case law. As Defendant established, retention agreements are not privileged. *In re Google AdWords Litig.*, No. 08-03369, 2010 WL 4942516, at *3 n.4 (N.D. Cal. Nov. 12, 2010) (cited in Pls.' Jt. Stip. at 35) (rejecting privilege claim for fee agreements).[2] Even if they were, Plaintiffs have failed to provide a privilege log or do anything other than assert improper, "blanket [privilege] objections." *See, e.g.*, *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). Further, the cases they cite recognize that these agreements often yield relevant information. *Armour v. Network Assoc., Inc.,* 171 F. Supp. 2d 1044, 1048-49 (N.D. Cal. 2001); *Porter v. Nationscredit Consumer Discount Co.*, No. 03-3768, 2004 WL 1753255, at *2-3 (E.D. Pa. July 8, 2004). At a minimum, in camera review is appropriate. *See Baker v. Masco Builder Cabinet Group, Inc.*, No. 09-5085, 2010 WL 3862567, at *4 (D.S.D. Sept. 27, 2010) (cited in Pls.' Jt. Stip at 34).

Defendant respectfully requests that the Court order full responses to the Requests and Interrogatories. Where Plaintiffs are unable to provide complete responses (particularly with Request Nos. 1-4, 17-19), they should describe their efforts to locate and produce responsive documents in sworn declarations.[3]

DATED: November 27, 2012        GIBSON, DUNN & CRUTCHER LLP

By: /s/ Christopher Chorba
CHRISTOPHER CHORBA

---

[2] Plaintiffs' reliance on Cal. Bus. & Prof. Code § 6149 is misplaced. California courts recognize exceptions where the retention agreement is at issue. *See, e.g.*, *Dietz v. Meisenheimer & Herron*, 177 Cal. App. 4th 771, 786, 99 Cal. Rptr. 3d 464 (2009) (exception in malpractice and fee dispute actions).

[3] Ms. Wolfson's declaration misstates the meet and confer process to insinuate that Defendant did not comply with Local Rule 37-1. But in addition to the parties' conference on September 19 that she references, the parties exchanged lengthy email messages on these issues (*see* Yott Declaration [ECF No. 95-1], Exs. J-K), and Ms. Wolfson and Mr. Chorba (counsel for Defendant) discussed these issues *in person* on October 15, following the post-mediation status conference before the District Court. Finally, Defendant did not provide its portions of the Joint Stipulation until 8 weeks later, giving counsel plenty of time to resolve these issues.

# CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2012, I served via electronic mail the foregoing document to Plaintiffs' Interim Co-Lead Counsel at the below-listed address:

**Plaintiffs' Interim Co-Lead Counsel**

Tina Wolfson
twolfson@ahdootwolfson.com
Robert Ahdoot
rahdoot@ahdootwolfson.com
Bradley King
bking@ahdootwolfson.com
10850 Wilshire Blvd., Suite 370
Los Angeles, California 90024
Tel: 310-474-9111
Facsimile: 310-474-8585

Rosemary M. Rivas
rrivas@finkelsteinthompson.com
Danielle A. Stoumbos
dstoumbos@finkelsteinthompson.com
505 Montgomery Street, Suite 300
San Francisco, California 94111
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

Christopher P. Ridout, Esq.
c.ridout@rideoutlyonlaw.com
555 E. Ocean Blvd., Ste. 500
Long Beach, California 90802
Tel: 562-216-7380
Facsimile: 562-216-7385

Marc L. Godino
mgodino@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Tel: 310-201-9150
Facsimile: 310-201-9160

                                                       s/ Jenna Musselman Yott
                                                        Jenna Musselman Yott