TINA WOLFSON, SBN 174806
twolfson@ahdootwolfson.com
ROBERT AHDOOT, SBN 172098
rahdoot@ahdootwolfson.com
THEODORE MAYA, SBN 223242
tmaya@ahdootwolfson.com
**AHDOOT & WOLFSON, P.C.**
10850 Wilshire Boulevard, Suite 370
Los Angeles, California 90024
Tel: 310-474-9111; Fax: 310-474-8585

*Interim Co-Lead Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| NATALIE PAPPAS,<br><br>Plaintiff,<br><br>vs.<br><br>NAKED JUICE CO. OF GLENDORA,<br><br>Defendant. | CASE NO. LA CV 11-08276-JAK (PLAx), Lead Case (Consolidated with LA CV 11-08007; SA CV 11-01701; LA CV 11-09412; LA CV 11-09677)<br><br>**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION AND INTERROGATORIES**<br><br>Hearing<br>Date: December 11, 2012<br>Time: 10:00 a.m.<br>Place: Courtroom G<br>The Hon. Paul L. Abrams |

**Interrogatory No. 2 and Requests For Production 1-4.**

Interrogatory No. 2 asks Plaintiffs to identify each purchase of Naked Juice Products they ever made. As Plaintiffs repeatedly have stated, they are unable to identify each such purchase with precision, but they have provided supplemental responses that answer this Interrogatory with adequate specificity. In Defendant's Supplemental Memo, Defendant for the first time requests that Plaintiffs identify which specific flavors they purchased. (Defendant's Supp. Memo. at 1.)

The Interrogatory itself asks Plaintiffs "where YOU purchased the product, the date of purchase, the quantity purchased, and the purchase price," but does not ask for the flavor of the Products purchased. Nor was this issue raised during any meet-and-confer preceding Defendant's filing of the Motion. Plaintiffs are willing to provide fourth supplemental responses to this Interrogatory concerning the flavors of Products they purchased, but Defendant's raising of this issue for the first time in its Supplemental Memo highlights Defendant's failure to conduct any adequate meet-and-confer regarding these issues before filing its Motion. (*See* Wolfson Decl. ¶ 2 (describing only substantive meet-and-confer in which counsel discussed issues raised in the Motion prior to Defendant's filing of the Motion).)

With regarding to Requests for Production 1-4, which seek additional documents pertaining to Plaintiffs' purchases, such as receipts, Plaintiffs repeatedly have informed Defendant that all such documents have been produced. There is nothing to compel and the Motion should be denied.

**Requests for Production 17-18 and Interrogatory 12.**

Defendant suggests that Requests for Production 17-18 and Interrogatory 12 are somehow limited to "specific statements relevant to this litigation" made by Plaintiffs. (Defendant's Supp. Memo. at 3:22-23.) However, these requests would require Plaintiffs to produce and describe every online statement they ever made regarding "food" (Request for Production No. 17 and Interrogatory No. 12 to Evans, Park, and Pappas) and "healthy or unhealthy lifestyle choices" (Request No. 18 to Pappas).

1

These Requests and this Interrogatory are objectionable for the reasons set forth in Plaintiffs' contributions to the Joint Stipulation concerning the Motion, and Defendant has made no effort to curtail their scope during any meet-and-confer, or otherwise.

**Interrogatory No. 3.**

This Interrogatory seeks information regarding any and all "frequent shopper" or rewards club that Plaintiffs may use, without regard to purchases of the Naked Juice Products through such clubs. Because this Interrogatory is not tethered to purchases of the Products in any way, it is clearly overbroad. Moreover, it cannot be disputed that such information intrudes upon Plaintiffs' privacy. Defendant's Motion should be denied with respect to this Interrogatory, given Defendant's failure to tie this Interrogatory to the claims at issue in this action.

In *Koh v. SC Johnson & Son, Inc.*, No. C09-00927, 2011 U.S. Dist. LEXIS 33176, 2011 WL 940227 (N.D. Cal. Feb. 18, 2011), the court recognized privacy interests in similar information, and largely quashed subpoenas at issue in that action. There, the defendant in a false advertising action issued subpoenas to, *inter alia*, a grocery store where plaintiff testified he purchased the products at issue (Safeway), and to plaintiff's credit card companies. The court issued a protective order prohibiting defendant from using any information from the credit card companies in any way, reasoning that, under California law, plaintiff had protectable privacy interests in such information and that the subpoenas were "wildly overbroad and only marginally calculated, if at all, to lead to relevant and admissible evidence." 2011 U.S. Dist. LEXIS 33176 at *16-17.

With respect to the subpoena issued by the defendant in *Koh* to Safeway, because the plaintiff in that action "stated that he purchased the Windex at issue in this action at Safeway, the Court will allow [defendant] to use the documents and information it received from Safeway in response to the subpoena in this action." 2011 U.S. Dist. LEXIS 33176 at *14-15.

Defendant's request for any and all of Plaintiffs' frequent shopper club information is not tied to purchases of the Products at issue.  Accordingly, this Interrogatory is akin to the subpoenas issued to the credit card companies in *Koh*, and the Court should deny Defendant's motion to compel responses to this Interrogatory.

### Interrogatories 9-10.

In its Supplemental Memorandum, Defendant for the first time takes the position that it "never agreed to limit these Interrogatories to products 'currently' found in Plaintiffs' refrigerators." (Defendant's Supp. Memo. at 3:13.)  To the extent Defendant seeks to compel Plaintiffs to identify every food they ever consumed that contains any vitamin at issue in this action — even if naturally occurring and regardless of any such food's labeling — these interrogatories are overbroad and unreasonably infringe Plaintiffs' privacy interests.  To the extent Defendant is seeking some compromise beyond the results of Plaintiffs' review of the products in their refrigerators, Defendant should have met and conferred with Plaintiffs regarding such a response before filing its Motion.

### Interrogatory No. 14.

In its Supplemental Memo regarding this Interrogatory, Defendant inaccurately and deceptively attacks the Declaration of Tina Wolfson. (Defendant's Supp. Memo. at n.1). Plaintiffs' counsel stands by that Declaration and the assertion that "Defendant failed to produce a single email concerning the content of its labels until after this Court ordered further production." (Wolfson Decl. ¶ 5.)

The "hundreds of emails" produced prior to the Court's order, which Defendant cites, do not concern the substance of the labels' content.  None of these emails concerned issues such as whether to include, or how to phrase, the "All Natural" and/or "non-GMO" advertising claims at issue, the veracity of such claims, or related consumer research.  It was only after the Court issued its order that such emails were produced and, indeed, after that order Defendant produced nearly ten times the amount

3

of data it previously had produced. This data contains much information supporting Plaintiffs' claims, and Plaintiffs continue to review it now.

Defendant also states that defense counsel and Plaintiffs' counsel "discussed these issues *in person*" on October 15, following the post-mediation status conference before the District Court. (Defendant's Supp. Memo. at 5 n.3.) Plaintiffs' counsel recalls this conversation, but does not recall that any of the issues raised in this Motion were discussed substantively in any way during this conversation. Rather, Plaintiffs' counsel recalls defense counsel hurriedly chiding Plaintiffs' counsel for filing Plaintiffs' Motion to Compel — by no means did that conversation constitute a substantive meeting concerning the issues before the Court on this Motion.

Putting aside the disputes between counsel concerning Defendant's production and pre-filing conferences, the factual basis for Plaintiffs' claims is clear: Defendant labeled its Products as "All Natural" when in fact they include the synthetic, non-natural ingredients identified in the complaint, and Defendant makes the related representations that its Products are "non-GMO" and that it "does not use ingredients that were produced using biotechnology as a matter of principle," when in fact the Products include ingredients made from genetically engineered corn and soy.

**Request for Production No. 18 (Marchewka)**

The additional production Defendant seeks from Plaintiff Marchewka by way of this Motion — documents concerning his endorsements, sponsorships, public statements of support, including contracts and compensation — is improper and courts have repeatedly issued protective orders in these circumstances. *See, e.g.*, *Koh*, 2011 WL 940227 at *4 (purchasing and financial information protected); *Groce v. Claudat*, No. 09cv01630, 2012 WL 1831574, at * 3 (S.D. Cal. May 18, 2012) (personal financial information little probative value); *Brady v. Conesco, Inc.*, No. C 08-05746 SI, 2009 WL 5218046, at *2 (N.D. Cal. Dec. 29, 2009) (same); *Davis v. Leal*, 43 F.Supp.2d 1102, 1111 (E.D. Cal. 1999) (The court utilizes the term "financial privacy" broadly and encompasses within that term not only bank records, but also documents

4

generated in one's business affairs, *e.g.*, contracts, business records and the like that have not received widespread dissemination, or have not been publicly filed.").

For instance, in *Koh*, the court issued a protective order in favor of the plaintiff in a false advertising case alleging that Windex was not environmentally friendly. The defendant learned that the plaintiff purchased office supplies on behalf of his employer, and sought such purchasing records, as well as the plaintiff's credit card statements and purchasing records at Safeway and Costco. 2011 WL 940227 at *3-4. As to the employer purchasing records, the court said "this entire line of inquiry into all of Koh's purchases on behalf of his employer over a three year period strikes the Court as more harassing of Koh and his employer than it is beneficial to any legitimate defense interest in this case." *Id.* at *4. As to the other information, the court said it was "wildly overbroad" and only "marginally calculated, if at all, to lead to relevant and admissible evidence[.]" *Id.* at *6.

Similarly here, documents relating to Marchewka's endorsements, his contracts with sponsors, and his business activities going back to 2007 are "harassing" in nature as they have nothing to do with any legitimate defense NJ may have to the false advertising claims or class certification. And Marchewka's finances, such as compensation he has received, is similarly overbroad and not reasonably calculated to lead to the discovery of admissible evidence. *See also Groce v. Claudat*, 2012 WL 1831574, at * 3 (personal financial information little probative value); *Brady v. Conesco, Inc.*, 2009 WL 5218046, at *2 (same); *Davis v. Leal*, 43 F. Supp. 2d at 1111 ("The court utilizes the term 'financial privacy' broadly and encompasses within that term not only bank records, but also documents generated in one's business affairs, *e.g.*, contracts, business records and the like that have not received widespread dissemination, or have not been publicly filed."). In a false advertising cases such as this one involving the Unfair Competition Law and the False Advertising Law, "[t]he focus of the statute is on the defendant's conduct." *Chavez v. Blue Sky Natural Beverage Co.,* 268 F.R.D. 365, 378 (N.D. Cal. 2010).

**Conclusion.**

For the reasons set forth above, in addition to those set forth in Plaintiffs' contributions to the Joint Stipulation regarding Defendant's Motion, Plaintiffs respectfully request that the Motion be denied.

Respectfully submitted,


DATED: November 27, 2012        AHDOOT & WOLFSON, APC

                                By:  /s/ Tina Wolfson
                                     TINA WOLFSON

                                Interim Co-Lead Counsel for Plaintiffs