1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NATALIE PAPPAS,<br><br>              Plaintiff,<br><br>      v.<br><br>NAKED JUICE CO. OF GLENDORA,<br>INC., a California corporation,<br><br>              Defendant. | CASE NO. LA CV 11-08276-JAK<br>(PLAx)<br>**STIPULATION OF SETTLEMENT**<br>Hon. John A. Kronstadt, presiding<br>Consolidated Class Action Complaint<br>Filed:  June 5, 2012 |

# TABLE OF CONTENTS

<u>Page</u>

I.      RECITALS ................................................................................... 1

II.     DEFINITIONS ............................................................................ 6

III.    SUBMISSION OF THE SETTLEMENT TO THE COURT FOR
        REVIEW AND APPROVAL ..................................................... 14

IV.     THE SETTLEMENT CONSIDERATION ............................................. 17

V.      NOTICE TO THE CLASS ......................................................... 25

VI.     ATTORNEYS' FEES AND EXPENSES AND CLASS
        REPRESENTATIVE INCENTIVE AWARDS ................................... 28

VII.    RELEASES AND DISMISSAL OF ACTION .................................... 30

VIII.   ADMINISTRATION OF THE SETTLEMENT ................................. 32

IX.     OBJECTIONS AND OPT-OUTS BY CLASS MEMBERS ............... 39

X.      SCOPE AND EFFECT OF CONDITIONAL CERTIFICATION
        OF THE CLASS SOLELY FOR PURPOSES OF SETTLEMENT .... 43

XI.     MODIFICATION OR TERMINATION OF THE SETTLEMENT .... 44

XII.    SETTLEMENT NOT EVIDENCE AGAINST PARTIES ................... 45

XIII.   BEST EFFORTS ......................................................................... 46

XIV.    MISCELLANEOUS PROVISIONS ........................................... 47

i

1

**EXHIBIT LIST**

2

**Exhibit A**:          [Proposed] Final Order

3

**Exhibit B**:          [Proposed] Final Judgment

4

**Exhibit C**:          Claim Form

5

6          **Exhibit D**:          [Proposed] Preliminary Approval Order

7          **Exhibit E**:          Long Form Notice

8          **Exhibit F**:          Settlement Administration Protocol

9          **Exhibit G**:          Summary Notice

10         **Exhibit H**:          Declaration of Andrea Theodore (Naked Juice)

11         **Exhibit I**:          Declaration of the Settlement Administrator

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs Natalie Pappas, Russell Marchewka, Christopher Evans, and Gina Park, and Defendant Naked Juice Co. of Glendora, Inc. ("Naked Juice"), by and through their respective counsel, in consideration for and subject to the promises, terms, and conditions contained in this Stipulation of Settlement, hereby stipulate and agree, subject to Court approval pursuant to Rule 23 of the Federal Rules of Civil Procedure, as follows:

## I.    **RECITALS**

WHEREAS, on or about October 5, 2011, Plaintiff Natalie Pappas filed a putative class action lawsuit against Naked Juice in the United States District Court for the Central District of California, Case No. LA CV11-08276 JAK (PLAx) ("*Pappas*"), which asserted alleged violations of California's False Advertising Law (Cal. Bus. & Prof. Code § 17500 *et seq.*) (the "FAL"), California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*) (the "UCL"), breach of express warranty, and unjust enrichment that related to, *inter alia*, the advertising, labeling, or marketing of Naked Juice products identified by name in her complaint and arising out of or relating to the "100% Juice," "All Natural," "All Natural Fruit," and/or "All Natural Fruit + Boosts" statements, through any medium (on-label, internet, or otherwise), on behalf of a putative nationwide class of consumers (*Pappas* ECF No. 1);

WHEREAS, on or about November 7, 2011, Plaintiff Russell Marchewka filed a putative class action lawsuit against Naked Juice in the United States District Court for the Central District of California, Case No. SA CV11-01701 JAK (PLAx) ("*Marchewka*"), which asserted similar allegations for the alleged violations of California's Consumers Legal Remedies Act (Cal. Civ. Code § 1750 *et seq.*) (the "CLRA"), FAL, and UCL that related to, *inter alia*, the advertising, labeling, or marketing of Naked Juice products identified by name in his complaint and arising out of or relating to the "100% Juice," "All Natural," "All Natural Fruit," and/or "All Natural Fruit + Boosts" statements, through any medium (on-label, internet, or

1

1  otherwise), on behalf of a putative nationwide class of consumers (*Marchewka* ECF

2  No. 1);

3      WHEREAS, on or about November 10, 2011, Plaintiff Christopher Evans filed

4  a putative class action lawsuit against Naked Juice in the United States District Court

5  for the Central District of California, Case No. LA CV11-09414 JAK (PLAx)

6  ("*Evans*"),which asserted similar allegations for the alleged violations of the CLRA,

7  FAL, and UCL, breach of express warranty, and unjust enrichment that related to,

8  *inter alia*, the advertising, labeling, or marketing of Naked Juice products identified

9  by name in his complaint and arising out of or relating to the "100% Juice," "From

10  Concentrate," "All Natural," "All Natural Fruit," and/or "All Natural Fruit + Boosts"

11  statements, through any medium (on-label, internet, or otherwise), on behalf of a

12  putative nationwide class of consumers (*Evans* ECF No. 1);

13      WHEREAS, on or about November 21, 2011, Plaintiff Gina Park filed a

14  putative class action lawsuit against Naked Juice in the United States District Court

15  for the Central District of California, Case No. LA CV11-09677 JAK (PLAx)

16  ("*Park*"), which asserted similar allegations for the alleged violations of the CLRA

17  and UCL that related to, *inter alia*, the advertising, labeling, or marketing of Naked

18  Juice products identified by name in her complaint and arising out of or relating to

19  the "All Natural," "All Natural Fruit," and/or "All Natural Fruit + Boosts" statements,

20  through any medium (on-label, internet, or otherwise), on behalf of a putative

21  nationwide class of consumers (*Park* ECF No. 1);

22      WHEREAS, on or about September 27, 2011, Plaintiff Sara Sandys filed a

23  putative class action lawsuit against Naked Juice in the United States District Court

24  for the Central District of California, Case No. LA CV11-08007 JAK (PLAx)

25  ("*Sandys*"), which asserted allegations for the alleged violations of the CLRA, the

26  FAL, the UCL, Cal. Penal Code § 383, Cal. Health & Safety Code §§ 110390 *et seq.*,

27  N.Y. Gen. Bus. Law § 392-b, N.Y. Gen. Bus. Law §§ 349-350, breach of express

28  warranty, breach of implied warranty of merchantability, restitution based on quasi-

contract/unjust enrichment, common law fraud, negligence, strict liability for defective product, conspiracy, and assault and battery that related to, *inter alia*, the advertising, labeling, or marketing of Naked Juice products identified by name in her complaint and arising out of or relating to the "100% Juice," "100% Fruit," "All Natural," "All Natural Fruit," "All Natural Fruit + Boosts," or "Non-GMO" (or Non-Genetically Modified Organism) statements, through any medium (on-label, internet, or otherwise), on behalf of a putative nationwide class of consumers (*Sandys* ECF No. 1);

WHEREAS, the *Pappas*, *Marchewka*, *Evans*, *Park*, and *Sandys* actions were all deemed related pursuant to the Local Rules of the Central District of California and transferred and assigned to Judge John A. Kronstadt (the "Court");

WHEREAS on March 5, 2012, the Court closed the *Evans, Marchewka, Park* and *Sandys* actions*, consolidated them with the *Pappas* action, designated the *Pappas* action as the "Lead Case," and appointed interim Class Counsel (*Pappas* ECF Nos. 38 and 39);

WHEREAS, on or about March 19, 2012, Plaintiffs filed a Consolidated Class Action Complaint, which alleged violations of California's CLRA, FAL, and UCL, and breach of express warranty under the Magnuson-Moss Warranty Act, and asserted these claims based on the advertising, labeling, or marketing of Naked Juice products as "100% Juice," "All Natural," "All Natural Fruit," "All Natural Fruit + Boosts," and/or "Non-GMO," on behalf of a putative nationwide class of consumers (*Pappas* ECF No. 40);

WHEREAS, Naked Juice filed a Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint, which the Court granted in part (as to the "100% Juice," "From Concentrate," and Magnuson-Moss Warranty Act claims) and denied in part (as to the "All Natural"/"All Natural Fruit"/"All Natural Fruit + Boosts," "Non-GMO," and CLRA, FAL, and UCL claims) on May 16, 2012;

WHEREAS, on or about June 5, 2012, Plaintiffs filed the Amended Consolidated Class Action Complaint, which is the operative pleading in the Action and which alleges violations of California's CLRA, FAL, and UCL generally based on the advertising, labeling, or marketing of Naked Juice products as "All Natural," "All Natural Fruit," "All Natural Fruit + Boosts," or "Non-GMO," through any medium (on-label, internet, or otherwise), on behalf of a putative nationwide class of consumers (*Pappas* ECF No. 63);

WHEREAS, before entering into this Stipulation of Settlement, Plaintiffs, by and through their respective counsel, conducted a thorough examination, investigation, and evaluation of the relevant law, facts, and allegations to assess the merits of the claims and potential claims to determine the strength of liability, potential remedies, and all defenses thereto;

WHEREAS, Plaintiffs, by and through their respective counsel, conducted an extensive investigation into the facts and law relating to the matters alleged in their respective Complaints, including (i) label design and product formulation; (ii) the marketing and advertising of the products; (iii) sales, pricing, and financial data; and (iv) e-mail correspondence by key Naked Juice custodians.  This investigation included extensive pretrial discovery (including the production of more than 75,000 pages of documents, approximately one (1) Terabyte (TB) of data, third party subpoenas and documents produced in response thereto, and written responses to more than 100 written discovery requests), several litigated discovery motions, an inspection of the Naked Juice products, consultations with industry personnel, extensive work with experts, testing of Naked Juice products, numerous interviews of witnesses and putative class members, the evaluation of documents and information provided by third parties and Naked Juice (including documents from current and former Naked Juice employees with primary responsibility for the advertising, labeling, or marketing at issue in the Action, and matters related thereto), as well as

1  legal research as to the sufficiency of the claims and appropriateness of class

2  certification;

3     WHEREAS, this Stipulation of Settlement was reached as a result of extensive

4  arm's-length negotiations between the Parties and their counsel, occurring over the

5  course of several months and four separate, in-person mediation sessions with a

6  respected mediator, the Honorable Carl J. West (ret.) of JAMS.  Before and during

7  these settlement discussions and mediations, the Parties had an arms'-length

8  exchange of sufficient information to permit Plaintiffs Pappas, Marchewka, Evans,

9  and Park and their counsel to evaluate the claims and potential defenses and to

10  meaningfully conduct informed settlement discussions;

11     WHEREAS, Plaintiffs, as class representatives, believe that the claims settled

12  herein have merit, but they and their counsel recognize and acknowledge the expense

13  and length of continued proceedings necessary to prosecute the claims through trial,

14  appeal, and ancillary actions.  Plaintiffs, and their counsel, have also taken into

15  account the uncertain outcome and risk of any litigation, as well as the difficulties

16  and delay inherent in such litigation, and they believe that the settlement set forth in

17  this Stipulation of Settlement confers substantial benefits upon the Class Members.

18  Based upon their evaluation, they have determined that the settlement set forth in this

19  Stipulation of Settlement is in the best interest of the Class;

20     WHEREAS, based upon their review, investigation, and evaluation of the facts

21  and law relating to the matters alleged in the pleadings, Plaintiffs, and Class Counsel,

22  on behalf of Plaintiffs and the other members of the proposed Class, have agreed to

23  settle the Action pursuant to the provisions of this Stipulation of Settlement, after

24  considering, among other things:  (i) the substantial benefits to the Class Members

25  under the terms of this Stipulation of Settlement; (ii) the risks, costs, and uncertainty

26  of protracted litigation, especially in complex actions such as this, as well as the

27  difficulties and delays inherent in such litigation; and (iii) the desirability of

28

1  consummating this Stipulation of Settlement promptly in order to provide effective

2  relief to the Class Members;

3         WHEREAS, Naked Juice has vigorously denied and continues to dispute all of

4  the claims and contentions alleged in the *Pappas*, *Marchewka*, *Evans*, *Park*, and

5  *Sandys* actions, and it denies any and all allegations of wrongdoing, fault, liability or

6  damage of any kind to Plaintiffs and the putative class.  Naked Juice further denies

7  that it acted improperly or wrongfully in any way, and believes that these actions

8  have no merit.  Naked Juice has also considered the risks and potential costs of

9  continued litigation of the lawsuit, on the one hand, and the benefits of the proposed

10  settlement, on the other hand, and desires to settle the Action upon the terms and

11  conditions set forth in this Stipulation of Settlement; and

12         WHEREAS, Naked Juice has agreed to class action treatment of the claims

13  alleged in this Action solely for the purpose of compromising and settling those

14  claims on a class basis as set forth herein.

15         NOW, THEREFORE, it is hereby STIPULATED AND AGREED, by and

16  between the Parties, through their respective counsel, that: (a) the Action be fully and

17  finally compromised, settled, and released upon final settlement approval by the

18  Court after the hearings as provided for in this Stipulation of Settlement; and (b) upon

19  such approval by the Court, a Final Order and Final Judgment, substantially in the

20  form attached hereto as Exhibits "A" and "B," respectively, be entered dismissing the

21  Action with prejudice upon the following terms and conditions.

## II.    DEFINITIONS

23         As used in this Stipulation of Settlement and the attached exhibits, the

24  following terms have the following meanings, unless this Stipulation of Settlement

25  specifically provides otherwise:

26         1.      "Action" shall mean the class action lawsuit entitled *Natalie Pappas vs.*

27  *Naked Juice Co. of Glendora, Inc.*, Case No. LA CV 11-08276 JAK (PLAx), pending

28  in the United States District Court, Central District of California, which was related

to and consolidated with the *Marchewka*, *Evans*, *Park*, and *Sandys* actions.  The Court designated the *Pappas* action as the "Lead Case", and closed the *Marchewka*, *Evans*, *Park*, and *Sandys* actions, by order dated March 12, 2012.  (*Pappas* ECF Nos. 38 and 39; *see also Marchewka* ECF No. 23; *Evans* ECF No. 19; *Park* ECF No. 16; *Sandys* ECF No. 73).

2.     "Attorneys' Fees and Expenses" means such funds as may be awarded by the Court to Plaintiffs' Counsel to compensate Plaintiffs' Counsel for their fees and expenses in connection with the Action and the Settlement, as described in Paragraphs 60 to 63 of this Stipulation of Settlement.

3.     "Bar Date" means the final time and date by which a Claim Form must be received by the Settlement Administrator in order for a Class Member to be entitled to any of the settlement consideration contemplated in this Stipulation of Settlement.

4.     "Claim Form" means the proof of claim and release form(s) substantially in the form attached hereto as Exhibit "C," which may be modified to meet the requirements of the Settlement Administrator, pursuant to which Class Members can recover one of the benefits described in Paragraphs 39 to 49.

5.     "Claim Period" means the time period from the Notice Date through the Bar Date, which is the time period that Class Members will have to claim the benefits contemplated by Paragraphs 39 to 49 of this Stipulation of Settlement.  The Claim Period shall run for a period of time ordered by the Court, and last at least one-hundred and twenty (120) days from the date of the Notice Date.

6.     "Class" means all persons and entities in the United States who purchased one or more of the Eligible Products from September 27, 2007 up to and including the Notice Date.  Excluded from the Class are (a) all persons who are employees, directors, officers, and agents of Naked Juice or PepsiCo, Inc. ("PepsiCo") or their subsidiaries and affiliated companies; (b) persons or entities who purchased the Eligible Products primarily for the purposes of resale; (c) governmental

entities; (d) persons who timely and properly exclude themselves from the Class as provided in this Stipulation of Settlement; (e) persons who purchased the Eligible Products via the Internet or other remote means while not residing in the United States; and (f) the Court, the Court's immediate family, and Court staff.

7.     "Class Counsel" means the law firms of Ahdoot & Wolfson, PC; Finkelstein Thompson, LLP; and Ridout, Lyon + Ottoson, LLP.

8.     "Class Member(s)" means any member of the Class who does not elect exclusion or opt out from the Class pursuant to the terms and conditions for exclusion set out in this Stipulation of Settlement and the Class Notice.

9.     "Class Notice" shall mean the Long Form Notice and Summary Notice provided to the Class as provided herein and directed by the Court.

10.     "Complaints" shall mean, collectively, the (i) Complaint filed by Natalie Pappas on October 5, 2011 (*Pappas* ECF No. 1); (ii) Complaint filed by Russell Marchewka on November 7, 2011 (*Marchewka* ECF No. 1); (iii) Complaint filed by Christopher Evans on November 10, 2011 (*Evans* ECF No. 1); (iv) Complaint filed by Gina Park on November 21, 2011 (*Park* ECF No. 1); (v) Consolidated Class Action Complaint filed by Plaintiffs on March 19, 2012 (*Pappas* ECF No. 40); and (vi) the Amended Consolidated Class Action Complaint filed by Plaintiffs on June 5, 2012 (*Pappas* ECF No. 63).

11.     "Court" means the United States District Court for the Central District of California and the Judge assigned to the Action (the Honorable John A. Kronstadt).

12.     "Defense Counsel" means the law firm of Gibson, Dunn & Crutcher LLP.

13.     "Effective Date" means the date on which the Final Order and Final Judgment (defined below) in the Action become "Final."  As used in this Stipulation of Settlement, "Final" means three (3) business days after all of the following conditions have been satisfied:

(a)     the Final Order and Final Judgment have been entered; and

8

(b)(i)  if reconsideration and/or appellate review is not sought from the Final Order and Final Judgment, the expiration of the time for the filing or noticing of any motion for reconsideration, appeal, petition, and/or writ; or

(b)(ii) if reconsideration and/or appellate review is sought from the Final Order and Final Judgment:  (A) the date on which the Final Order and Final Judgment are affirmed and are no longer subject to judicial review, or (B) the date on which the motion for reconsideration, appeal, petition, or writ is dismissed or denied and the Final Order and Final Judgment are no longer subject to judicial review.

14.    "Eligible Products" shall mean and are the following Naked Juice products:  AÇAÍ MACHINE (formerly known as PURPLE MACHINE and RAIN FOREST AÇAÍ), APPLE, APPLE CRANBERRY, BERRY BLAST (formerly known as BERRY BLAST WELL BEING), BERRY PROBIOTIC, BERRY VEGGIE (formerly known as BERRY VEGGIE MACHINE), BLACK AND BLUEBERRY (formerly known as BLACK AND BLUEBERRY RUSH), BLUE MACHINE, CARROT, CHAI SPICED CIDER, CHERRY POMEGRANATE (formerly known as CHERRY POMEGRANATE POWER), CITRUS LEMONGRASS (REDUCED CALORIE) (formerly known as CITRUS LEMONGRASS), GOLD MACHINE, GREEN MACHINE, LYCHEE (REDUCED CALORIE), MANGO VEGGIE, MIGHTY MANGO (formerly known as MIGHTY MANGO WELL BEING), O-J, ORANGE CARROT, ORANGE MANGO (formerly known as ORANGE MANGO MOTION), ORGANIC CARROT, PEACH GUAVA (REDUCED CALORIE), PEACH MANGOSTEEN (formerly known as PEACH MANGOSTEEN BLISS), POMEGRANATE (formerly known as PLENTIFUL POMEGRANATE), POMEGRANATE AÇAÍ, POMEGRANATE BLUEBERRY, POWER-C MACHINE (formerly known as POWER-C), PROBIOTIC TROPICAL MANGO, PROTEIN ZONE, PROTEIN ZONE BANANA CHOCOLATE, PROTEIN ZONE DOUBLE BERRY, PROTEIN ZONE MANGO, RAZALICIOUS, RED MACHINE, STRAWBERRY BANANA (formerly known as STRAWBERRY BANANA C and STRAWBERRY BANANA WELL BEING),

STRAWBERRY KIWI (formerly known as STRAWBERRY KIWI KICK), TANGERINE SCREAM, TROPICAL (REDUCED CALORIE) (formerly known as TROPICAL C and TROPICAL), and WATERMELON CHILL.  The Eligible Products are those juice and smoothie products at issue in the Complaints and subject to Plaintiffs' claims arising out of or relating to the "100% Juice," "100% Fruit," "From Concentrate," "All Natural," "All Natural Fruit," "All Natural Fruit + Boosts," or "Non-GMO" statements, through any medium (on-label, internet, or otherwise).

15. "Fairness Hearing" means the hearing that is to take place after the entry of the Preliminary Approval Order and after the Notice Date for purposes of: (a) entering the Final Order and Final Judgment and dismissing the Action with prejudice; (b) determining whether the Settlement should be approved as fair, reasonable, and adequate; (c) ruling upon an application for Incentive Awards by the Plaintiffs; (d) ruling upon an application by Class Counsel for Attorneys' Fees and Expenses; and (e) entering any final order awarding Attorneys' Fees and Expenses and Incentive Awards.  The Parties shall request that the Court schedule the Fairness Hearing for a date that is in compliance with the provisions of 28 U.S.C. § 1715(d).

16. "Final Order and Final Judgment" means the Court's order and judgment fully and finally approving the Settlement and dismissing the Action with prejudice, substantially in the form attached hereto as Exhibits "A" and "B."

17. "Long Form Notice" means the long form notice of settlement, substantially in the form attached hereto as Exhibit "E."

18. "Naked Juice" means Naked Juice Co. of Glendora, Inc., the defendant in the Action.

19. "Notice Date" means the first date upon which the Class Notice is disseminated.

20. "Parties" means Plaintiffs and Naked Juice, collectively, as each of those terms is defined in this Stipulation of Settlement.

21.     "Plaintiffs" means Natalie Pappas, Russell Marchewka, Christopher Evans, and Gina Park.

22.     "Plaintiffs' Counsel" means the law firms of Ahdoot & Wolfson, PC; Finkelstein Thompson, LLP; Ridout, Lyon + Ottoson, LLP; and Glancy Binkow & Goldberg, LLP.

23.     "Preliminary Approval Order" means the order preliminarily approving the Settlement and proposed Class Notice and notice plan, substantially in the form attached hereto as Exhibit "D."

24.     "Release" means the release and waiver set forth in Paragraphs 64 to 69 of this Stipulation of Settlement and in the Final Order and Final Judgment (Exhibits "A" and "B").

25.     "Released Claims"

(a)     "Released Claims" means and includes any and all claims, demands, rights, damages, obligations, suits, debts, liens, and causes of action under common law or statutory law (federal, state, or local) of every nature and description whatsoever, ascertained or unascertained, suspected or unsuspected, existing or claimed to exist, including unknown claims (as described in Paragraph 66 below) as of the Notice Date by all of the Plaintiffs and all Class Members (and Plaintiffs' and Class Members' respective heirs, guardians, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns) that:

(i)     were asserted or that could have been reasonably asserted in the *Pappas*, *Evans*, *Marchewka*, *Park*, and *Sandys* actions against the Released Parties (as hereinafter defined), or any of them, and that arise out of or are related in any way to any or all of the acts, omissions, facts, matters, transactions, or occurrences that were or could have been directly or indirectly alleged or referred to in the *Pappas*, *Evans*, *Marchewka*, *Park*, and *Sandys* actions (including, but not limited to, alleged violations of state consumer protection, unfair competition, and/or

11

false or deceptive advertising statutes (including, but not limited to, Cal. Bus. & Prof. Code § 17200 *et seq.*, Cal. Bus. & Prof. Code § 17500 *et seq.*, Cal. Civ. Code § 1750 *et seq.*, N.Y. Gen. Bus. Law §§ 349-350, and N.Y. Gen. Bus. Law § 392-b)); breach of express or implied warranty (including, but not limited to, claims arising under state law and/or the Magnuson-Moss Warranty Act); fraud; negligence; product liability; conspiracy; assault and battery; unjust enrichment, restitution, declaratory or injunctive relief, and other equitable claims or claims sounding in contract and tort); and

(ii)    relate in any way to the advertising, labeling, or marketing of the Eligible Products and arising out of or relating to the "100% Juice," "100% Fruit," "From Concentrate," "All Natural," "All Natural Fruit," "All Natural Fruit + Boosts," or "Non-GMO" statements, through any medium (on-label, internet, or otherwise).

(b)    Notwithstanding any other provision of this Stipulation of Settlement, "Released Claims" do not include claims for personal injuries.  Plaintiffs and Class Members are not releasing any claims, demands, rights, damages, obligations, suits, debts, liens, and causes of action relating to personal injuries.

(c)    "Released Claims" shall be construed as broadly as possible to effect complete finality over this litigation involving Naked Juice advertising, labeling, and/or marketing of the Eligible Products as set forth herein.

26.    "Released Parties" shall be defined and construed broadly to effectuate a complete and comprehensive release, and means:

(a)    Naked Juice and PepsiCo, and each of their past, present, and future employees, assigns, attorneys, agents, advertising agencies, consultants, officers, and directors;

(b)    All of Naked Juice's and PepsiCo's past, present and future parents, subsidiaries, divisions, affiliates, predecessors, and successors, and each of

12

their respective employees, assigns, attorneys, agents, resellers, officers, and directors; and

        (c)    Any and all persons, entities, or corporations involved in any way in the development, creation, sale, advertising, labeling, or marketing of the Eligible Products or their ingredients, and any other vendor or any company that supplied any ingredients to Naked Juice or PepsiCo.

27.    "Releasing Parties" means Plaintiffs and all Class Members, and each of their heirs, guardians, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns.

28.    "Settlement" means the settlement embodied in this Stipulation of Settlement, including all attached Exhibits (which are an integral part of this Stipulation of Settlement and are incorporated in their entirety by reference).

29.    "Settlement Administrator" means the qualified third party administrator and agent agreed to by the Parties and approved and appointed by the Court in the Preliminary Approval Order to administer the Settlement, including providing the Class Notice.  The Parties agree to recommend that the Court appoint Gilardi & Co. LLC as Settlement Administrator to:  (a) design, consult on, and implement the notice and related requirements of this Stipulation of Settlement; and (b) implement the notice, the settlement website (www.NakedJuiceClass.com), claim review, and related requirements of this Stipulation of Settlement, subject to the Court's approval.

30.    "Settlement Administration Protocol" means the protocol attached hereto as Exhibit "F."

31.    "Settlement Fund" means the Nine Million Dollars ($9,000,000.00) that Naked Juice will pay, pursuant to Paragraphs 39 to 42 of this Stipulation of Settlement, as part of the consideration for the release of all claims as provided in this Stipulation of Settlement.

32.    "Settlement Fund Balance" means the balance remaining in the Settlement Fund after payment of (a) all costs of notice and administration, (b) the

incentive awards to the Plaintiffs as approved by the Court ("Incentive Awards"), and (c) the Attorneys' Fees and Expenses.

33.   "Stipulation of Settlement" means this Stipulation of Settlement and its Exhibits, attached hereto and incorporated herein, including all subsequent amendments agreed to in writing by the Parties and any exhibits to such amendments.

34.   "Summary Notice" means the summary notice of the proposed class action settlement, substantially in the form attached hereto as Exhibit "G."

## III.   SUBMISSION OF THE SETTLEMENT TO THE COURT FOR REVIEW AND APPROVAL

35.   As soon as is practicable but no later than twenty-one (21) days following the signing of this Stipulation of Settlement, Class Counsel shall apply to the Court for entry of the Preliminary Approval Order (substantially in the form attached as Exhibit "D"), for the purpose of, among other things:

(a)   Approving the Class Notice, substantially in the form set forth at Exhibits "E" and "G";

(b)   Finding that the requirements for provisional certification of the Class have been satisfied, appointing Plaintiffs as the representatives of the Class and Class Counsel as counsel for the Class, and preliminarily approving the Settlement as being within the range of reasonableness such that the Class Notice should be provided pursuant to this Stipulation of Settlement;

(c)   Scheduling the Fairness Hearing on a date ordered by the Court, provided in the Preliminary Approval Order, and in compliance with applicable law, to determine whether the Settlement should be approved as fair, reasonable, and adequate, and to determine whether a Final Order and Final Judgment should be entered dismissing the Action with prejudice;

(d)   Determining that the notice of the Settlement and of the Fairness Hearing, as set forth in this Stipulation of Settlement, complies with all legal

14

requirements, including but not limited to the Due Process Clause of the United States Constitution;

(e)     Preliminarily approving the form of the Final Order and Final Judgment;

(f)     Appointing the Settlement Administrator;

(g)     Directing that Class Notice shall be given to the Class as provided in Paragraphs 53 to 58 of this Stipulation of Settlement;

(h)     Providing that Class Members will have until the Bar Date to submit Claim Forms;

(i)     Providing that any objections by any Class Member to the certification of the Class and the proposed Settlement contained in this Stipulation of Settlement, and/or the entry of the Final Order and Final Judgment, shall be heard and any papers submitted in support of said objections shall be considered by the Court at the Fairness Hearing only if, on or before the date(s) specified in the Class Notice and Preliminary Approval Order, such objector files with the Court a written objection and notice of the objector's intention to appear, and otherwise complies with the requirements in Paragraphs 90 to 93 of this Stipulation of Settlement;

(j)     Establishing dates by which the Parties shall file and serve all papers in support of the application for final approval of the Settlement and/or in response to any valid and timely objections;

(k)     Providing that all Class Members will be bound by the Final Order and Final Judgment dismissing the Action with prejudice unless such Class Members timely file valid written requests for exclusion or opt out in accordance with this Stipulation of Settlement and the Class Notice;

(l)     Providing that Class Members wishing to exclude themselves from the Settlement will have until the date specified in the Class Notice and the Preliminary Approval Order to submit a valid written request for exclusion or opt out to the Settlement Administrator;

15

(m)     Providing a procedure for Class Members to request exclusion or opt out from the Settlement;

(n)     Directing the Parties, pursuant to the terms and conditions of this Stipulation of Settlement, to take all necessary and appropriate steps to establish the means necessary to implement the Settlement;

(o)     Pending the Fairness Hearing, staying all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of this Stipulation of Settlement and the Preliminary Approval Order; and

(p)     Pending the Fairness Hearing, enjoining Plaintiffs and Class Members, or any of them, from commencing or prosecuting, either directly or indirectly, any action in any forum (state or federal) asserting any of the Released Claims.

36.     Following the entry of the Preliminary Approval Order, the Class Notice shall be given and published in the manner directed and approved by the Court.

37.     At the Fairness Hearing, the Parties shall seek to obtain from the Court a Final Order and Final Judgment in the form substantially similar to Exhibits "A" and "B," respectively.  The Final Order and Final Judgment shall, among other things:

(a)     Find that the Court has personal jurisdiction over all Class Members, the Court has subject matter jurisdiction over the claims asserted in the Action, and that venue is proper;

(b)     Finally approve this Stipulation of Settlement and the Settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(c)     Certify the Class for purposes of settlement;

(d)     Find that the notice to the Class complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution;

(e)     Incorporate the Release set forth in this Stipulation of Settlement and make the Release effective as of the date of the Final Order and Final Judgment;

16

(f)   Issue the injunctive relief described in Paragraphs 50 to 52 of this Stipulation of Settlement;

(g)   Authorize the Parties to implement the terms of the Settlement;

(h)   Dismiss the Action with prejudice; and

(i)   Retain jurisdiction relating to the administration, consummation, enforcement, and interpretation of this Stipulation of Settlement, the Final Order, Final Judgment, any final order approving Attorneys' Fees and Expenses and Incentive Awards, and for any other necessary purpose.

38.   Based upon the Declaration of the Settlement Administrator, attached hereto as Exhibit "I," the Parties agree that the notice plan contemplated by this Stipulation of Settlement is valid and effective, that if effectuated, it would provide reasonable notice to the Class, and that it represents the best practicable notice under the circumstances.

## IV.   THE SETTLEMENT CONSIDERATION

### A.   Settlement Fund and Cash Benefits to Class Members

39.   Naked Juice will pay the sum of Nine Million Dollars ($9,000,000.00) to create the Settlement Fund for the benefit of eligible Class Members pursuant to the terms of this Stipulation of Settlement.  Naked Juice's payment obligations of the Settlement Fund shall proceed as follows:

(a)   Initial Deposit:  Within seven (7) calendar days after the entry of the Preliminary Approval Order as contemplated by Paragraph 35(a) to (p), Naked Juice shall pay the sum of Seven Hundred and Ten Thousand Dollars and No Cents ($710,000.00) (the "Initial Deposit") to the Settlement Administrator for the initial notice and administration expenses that will be incurred to provide notice to the Class Members.  This deadline may be extended by mutual consent of the Parties.

(b)   Periodic Payment(s):  Following the entry of the Preliminary Approval Order as contemplated by Paragraph 35(a) to (p), and after the payment of the Initial Deposit, Naked Juice shall pay subsequent amounts invoiced by the

1   Settlement Administrator and approved by Class Counsel (the "Periodic Payment(s)")

2   within thirty (30) calendar days after the submission of an invoice by the Settlement

3   Administrator.  This deadline may be extended by mutual consent of the Parties.

4   Notwithstanding the foregoing Paragraph 39(b):  (i) in no event shall Naked Juice be

5   obligated to pay more to the Settlement Administrator than the total amount specified

6   in the Settlement Administration Protocol; and (ii) in no event shall the Settlement

7   Administrator disseminate notice in any manner except as set forth in the Declaration

8   of the Settlement Administrator, attached hereto as Exhibit "I," unless the Parties

9   agree in writing to authorize such forms of notice.

10          (c)    Balance Payment:  No later than fourteen (14) calendar days after

11   the Effective Date, Naked Juice shall pay an amount equal to the Settlement Fund

12   less the sum of the Initial Deposit and Periodic Payment(s) (the "Balance Payment";

13   Balance Payment = Settlement Fund – (Initial Deposit + Periodic Payment(s)) into an

14   escrow account (the "Escrow Account") to be administered by the Settlement

15   Administrator pursuant to the terms of this Stipulation of Settlement.  For example,

16   and by way of illustration only, if the Initial Payment is Seven Hundred and Ten

17   Thousand Dollars and No Cents ($710,000.00) and the Periodic Payment(s) are Two

18   Hundred and Ninety Thousand Dollars and No Cents ($290,000.00), then Naked

19   Juice will pay Eight Million Dollars and No Cents ($8,000,000.00) into the Escrow

20   Account ($8,000,000 = $9,000,000 – ($710,000 + $290,000)).

21          40.    All valid claims paid to Class Members, *cy pres* benefits (if applicable),

22   costs of notice and administration, Incentive Awards to the Plaintiffs approved by the

23   Court, and the Attorneys' Fees and Expenses, shall be paid from the Settlement Fund.

24   The Parties agree that the Settlement Fund and Naked Juice's payment of Nine

25   Million Dollars ($9,000,000.00) is the full extent of Naked Juice's cash payment

26   obligation under this Stipulation of Settlement.  In no event shall Naked Juice be

27   liable for payment of any costs, expenses, or claims beyond its deposit or payment of

28   the Settlement Fund into the Escrow Account.

41.     The Settlement Fund shall be used for the payment of:  (a) the costs and expenses that are associated with disseminating the notice to the Class, including, but not limited to, the Class Notice; (b) the costs and expenses associated with claims administration or other costs of administration agreed to by the Parties; (c) timely, valid, and approved Claims submitted by Class Members pursuant to the Claim Process; (d) the distribution of the Residual Funds, if any, pursuant to this Stipulation of Settlement; (e) payment of any Incentive Award to the Plaintiffs as approved by the Court; and (f) payment of the Attorneys' Fees and Expenses pursuant to this Stipulation of Settlement.  The Parties must approve any payment of costs or expenses under subsections (a) and (b) of this paragraph, and such approval shall not be unreasonably withheld.  Approval and payment of claims under subsection (c) of this paragraph shall be in accordance with the terms of the Settlement Administration Protocol attached hereto as Exhibit "F."

42.     Naked Juice shall not be liable for payment of any costs, expenses, or Claims authorized under Paragraph 41 of this Stipulation of Settlement beyond its deposit or payment of the Settlement Fund into the Escrow Account.  The Parties agree that payment and deposit of the Settlement Fund into the Escrow Account by Naked Juice is the full extent of Naked Juice's cash payment obligation under this Stipulation of Settlement.

43.     Class Members shall be eligible for relief from the Settlement Fund Balance as provided in this Stipulation of Settlement, provided Class Members complete and timely submit the Claim Form, which shall be included with the Class Notice and available on the Internet website described in this Stipulation of Settlement (www.NakedJuiceClass.com), to the Settlement Administrator prior to the Bar Date, subject to the terms and conditions of this Stipulation of Settlement and the Settlement Administration Protocol attached hereto as Exhibit "F."

44.     <u>Class Members Without Proof of Purchase</u>.  The relief to be provided to each eligible Class Member, who does not have proof of purchase for the Eligible

Products, and submits a Claim Form prior to the Bar Date pursuant to the terms and conditions of this Stipulation of Settlement, shall be determined as follows:

(a)     Class Members whose total purchases of any of the Eligible Products during the Class Period amount to more than Forty-Five Dollars ($45.00) (not including sales taxes and / or shipping charges paid by the Class Member) are entitled to a maximum payment of Forty-Five Dollars ($45.00), subject to the terms of Paragraphs 46 to 49.

(b)     Class Members whose total purchases of any of the Eligible Products during the Class Period amount to more than Thirty-Five Dollars ($35.00), up to and including Forty-Five Dollars ($45.00) (not including sales taxes and / or shipping charges paid by the Class Member), are entitled to a maximum payment of Thirty-Five Dollars ($35.00), subject to the terms of Paragraphs 46 to 49.

(c)     Class Members whose total purchases of any of the Eligible Products during the Class Period amount to more than Twenty-Five Dollars ($25.00), up to and including Thirty-Five Dollars ($35.00) (not including sales taxes and / or shipping charges paid by the Class Member), are entitled to a maximum payment of Twenty-Five Dollars ($25.00), subject to the terms of Paragraphs 46 to 49.

(d)     Class Members whose total purchases of any of the Eligible Products during the Class Period amount to more than Fifteen Dollars ($15.00), up to and including Twenty-Five Dollars ($25.00) (not including sales taxes and / or shipping charges paid by the Class Member), are entitled to a maximum payment of Fifteen Dollars ($15.00), subject to the terms of Paragraphs 46 to 49.

(e)     Class Members whose total purchases of any of the Eligible Products during the Class Period amount to more than Ten Dollars ($10.00), up to and including Fifteen Dollars ($15.00) (not including sales taxes and / or shipping charges paid by the Class Member), are entitled to a maximum payment of Ten Dollars ($10.00), subject to the terms of Paragraphs 46 to 49.

(f)     Class Members whose total purchases of any of the Eligible Products during the Class Period amount to Ten Dollars ($10.00) or less, but to more than Zero Dollars ($0.00) (not including sales taxes and / or shipping charges paid by the Class Member), are entitled to a maximum payment of Five Dollars ($5.00), subject to the terms of Paragraphs 46 to 49.

45.     <u>Class Members With Proof of Purchase</u>.  The relief to be provided to each eligible Class Member who submits verification of purchase of any of the Eligible Products (including, but not limited to, receipt(s) or other documentation demonstrating purchase of any and all of the Eligible Products during the Class Period) with a Claim Form pursuant to the terms and conditions of this Stipulation of Settlement shall be full reimbursement of amounts paid for purchases of the Eligible Product(s) up to a maximum payment of Seventy-Five Dollars ($75.00), subject to the terms of Paragraphs 46 to 49.

46.     In the event the entire amount of the Settlement Fund Balance is not paid to Class Members who have submitted a timely and valid Claim Form, including, but not limited to, any funds remaining of the Settlement Fund Balance after all claims have been paid (the "Residual Funds"), the Settlement Administrator shall distribute the Residual Funds as follows:

(a)     Subject to the Court's approval, the Residual Funds shall be distributed to the following non-profit organizations as follows:  (i) Fifty Percent (50%) of the Residual Funds shall be paid to the Mayo Clinic; (ii) Twenty-Five Percent (25%) of the Residual Funds shall be paid to the National Association of IOLTA Programs, which shall administer a grant process for the distribution of such funds to legal aid organizations in the fifty (50) United States of America that are active in providing consumer advocacy in false advertising cases and protecting consumers, except those organizations expressly awarded any portion of the Residual Funds as set forth herein; and (iii) Twenty-Five Percent (25%) of the Residual Funds shall be paid in equal shares to:  (A) the Legal Aid Foundation of Los Angeles;

(B) Bay Area Legal Aid; (C) the Legal Aid Society of the District of Columbia; (D) Greater Boston Legal Services; (E) the Legal Aid Society of Metropolitan Family Services (Chicago); (F) Legal Services of Greater Miami, Inc.; and (G) Texas RioGrande Legal Services, Inc.

        (b)     The Residual Funds will not be returned to Naked Juice.

     47.    If the aggregate value of the cash benefits claimed by Class Members pursuant to valid Claim Forms exceeds the Settlement Fund Balance (*i.e.*, the balance remaining in the Settlement Fund after payment of (a) all costs of notice and administration, (b) the Incentive Awards to the Plaintiffs as approved by the Court, and (c) the Attorneys' Fees and Expenses), then the value of the individual cash payment to be provided to each Class Member shall be reduced on a *pro rata* basis, such that the aggregate value of the cash payments does not exceed the Settlement Fund Balance.  For example, and by way of illustration only, assuming that the Settlement Fund Balance is Five Million Dollars ($5,000,000.00), and the aggregate value of the cash payments claimed by Class Members is Ten Million Dollars ($10,000,000.00), then the value of each individual cash payment shall be reduced by fifty per cent (50%) to ensure that the aggregate value of awards to Class Members does not exceed the Settlement Fund Balance.  By way of further illustration, a Class Member claiming Ten Dollars ($10.00) would receive Five Dollars ($5.00) under this scenario.  The Settlement Administrator shall determine each authorized Class Member's *pro rata* share based upon each Class Member's Claim Form and the aggregate value of the cash benefits claimed by Class Members.

     48.    Accordingly, pursuant to Paragraph 47, the actual amount recovered by each Class Member may not be determined until after the Claim Period has ended and all Claim Forms have been received, and in fact may not be determined until after the Effective Date.

     49.    No Class Member shall receive any benefits described in Paragraphs 44 and 45 prior to the Effective Date.

**B.      Injunctive Relief**

50.      In consideration for the Release contained in this Stipulation of Settlement, and as a result of the efforts of the Plaintiffs and their counsel, Naked Juice will implement the following changes in connection with the Eligible Products:

(a)      Not later than three (3) months after the Effective Date, Naked Juice shall establish a product verification program through the independent testing organization Eurofins GeneScan to substantiate the Non-GMO statement on Naked Juice product labels.  The product verification program will apply a standard at least as strict as that set forth in Regulation (EC) No 1829/2003 of the European Parliament and of the Council of 22 September 2003, and amendments thereto, on genetically modified food and feed, which permits no more than 0.9% GMO content in each ingredient and only when such presence is adventitious.  This program will be implemented for a minimum of three (3) years, and will include the following: (i) testing of lots of raw material for which a GMO variety exists; (ii) periodic testing of finished product; (iii) auditing of production sites; (iv) validation of test laboratories; and (v) auditing of ingredient suppliers' supply chain.  According to Naked Juice, as set forth in the Declaration of Andrea Theodore (attached hereto as Exhibit "H"), this program will cost approximately One Hundred Thousand Dollars ($100,000.00) per year for a total of approximately Three Hundred Thousand Dollars ($300,000.00); and

(b)      Not later than three (3) months after the Effective Date, Naked Juice shall hire or assign a quality control manager to oversee the independent testing process for the Naked Juice product line.  In the event that the quality control manager is transferred or assigned from within Naked Juice, the expense incurred by Naked Juice with respect to the quality control manager will be in addition to existing Naked Juice personnel costs or other expenses.  This person/position will be retained for a minimum of five (5) years.  According to Naked Juice, as set forth in the Declaration of Andrea Theodore (attached hereto as Exhibit "H"), this

1   person/position will cost approximately One Hundred Thousand Dollars
2   ($100,000.00) per year for a total of approximately Five Hundred Thousand Dollars
3   ($500,000.00); and

4            (c)    Not later than three (3) months after the Effective Date, Naked
5   Juice shall establish and maintain a database that will permit the electronic tracking
6   and verification of product ingredients for the Naked Juice line.  This electronic
7   database will serve as a repository of all information contained in Naked Juice's raw
8   material dossiers, and it will allow Naked Juice personnel to quickly retrieve and
9   track information regarding product ingredients, suppliers, and other information.
10  According to Naked Juice, it has engaged an external consultant to create this
11  database.  Also according to Naked Juice, as set forth in the Declaration of Andrea
12  Theodore (attached hereto as Exhibit "H"), this database will cost Naked Juice
13  approximately One Hundred and Fifty Thousand Dollars ($150,000.00); and

14           (d)    Not later than six (6) months after the Effective Date, Naked Juice
15  shall modify future labeling, advertising, and marketing of the Eligible Products so
16  that, on a going forward basis, Naked Juice does not use labeling, advertising, and
17  marketing claiming that the Eligible Products are "All Natural" (including the "All
18  Natural," "All Natural Fruit," and "All Natural Fruit + Boosts" statements).
19  According to Naked Juice, this process includes engaging an outside firm to design
20  the new labels, developing the new images for the labels, and constructing the plates
21  used to print the actual labels.  Also according to Naked Juice, as set forth in the
22  Declaration of Andrea Theodore (attached hereto as Exhibit "H"), the cost of these
23  labeling changes to Naked Juice is approximately Four Hundred and Fifty Thousand
24  Dollars ($450,000.00).

25           51.    Nothing in this Stipulation of Settlement shall prevent Naked Juice from
26  implementing the changes referenced in Paragraph 50 (or other product changes)
27  prior to the Effective Date.  The terms and requirements of the injunctive relief
28  described in Paragraph 50 shall expire the earliest of the following dates:  (a) three

(3) years after the Effective Date; or (b) the date upon which there are such changes in the formulation or manufacture of Naked Juice products and/or the product ingredients that would render the relabeling, marketing, and advertising described in Paragraph 50 inaccurate; or (c) the date upon which there are changes to any applicable statute, regulation, or other law that Naked Juice reasonably believes would require a modification to the labeling, advertising, and/or marketing described in Paragraph 50 in order to comply with the applicable statute, regulation, or law.

52.     Plaintiffs and Class Counsel agree, on behalf of themselves and all Class Members, that this Stipulation of Settlement does not preclude Naked Juice from making further changes to its product labels:  (a) that Naked Juice reasonably believes are necessary to comply with any statute, regulation, or other law of any kind; (b) that are necessitated by product and/or ingredient changes, and/or that are necessary to ensure that Naked Juice provides accurate descriptions of its products; or (c) that are more detailed than those required by this Stipulation of Settlement.

### V.     <u>NOTICE TO THE CLASS</u>

53.     The Parties shall jointly recommend and retain Gilardi & Co. LLC to be the Settlement Administrator.  Following the Court's preliminary approval of this Stipulation of Settlement and the Court's appointment of the proposed Settlement Administrator, the Settlement Administrator shall disseminate the Class Notice as provided for in the Declaration of the Settlement Administrator, attached hereto as Exhibit "I," as specified in the Preliminary Approval Order and in this Stipulation of Settlement, and in order to comply with all applicable laws, including, but not limited to, the Due Process Clause of the United States Constitution.

54.     <u>The Long Form Notice</u>:  The Long Form Notice shall be in a form substantially similar to the document attached to this Stipulation of Settlement as Exhibit "E" and shall comport to the following:

(a)     <u>General Terms</u>:  The Long Form Notice shall contain a plain and concise description of the nature of the Action and the proposed Settlement, including

information on the definition of the Class, the identity of Class Members, how the proposed Settlement would provide relief to Class Members, what claims are released under the proposed Settlement, and other relevant information.

(b)   Opt-Out Rights:  The Long Form Notice shall inform Class Members that they have the right to opt out of the Settlement.  The Long Form Notice shall provide the deadlines and procedures for exercising this right.

(c)   Objection to Settlement:  The Long Form Notice shall inform Class Members of their right to object to the proposed Settlement and appear at the Fairness Hearing.  The Class Notice shall provide the deadlines and procedures for exercising these rights.

(d)   Fees and Expenses:  The Long Form Notice shall inform Class Members about the fees and expenses related to the Settlement Administrator, the amounts being sought by Class Counsel as Attorneys' Fees and Expenses and individual Incentive Awards to Plaintiffs, and shall explain that the fees and expenses awarded to Class Counsel, fees and expenses to be paid to the Settlement Administrator, and Incentive Awards to Plaintiffs, in addition to amounts being made available for relief to Class Members, will be deducted from the Settlement Fund and be paid out of the Settlement Fund.

(e)   Claim Form:  The Long Form Notice shall include the Claim Form, which shall inform the Class Member that he or she must fully complete and timely return the Claim Form prior to the Bar Date to be eligible to obtain relief pursuant to this Stipulation of Settlement.

55.   The Summary Notice:  The Settlement Administrator shall have the publication of the Summary Notice substantially completed pursuant to and as described in the Declaration of the Settlement Administrator, attached hereto as Exhibit "I," and in such additional newspapers, magazines, and/or other media outlets as shall be agreed upon by the Parties.  The form of Summary Notice agreed upon by

the Parties is in the form substantially similar to the one attached hereto as Exhibit "G."

56.     Internet Website:  Before the dissemination of the Class Notice, the Settlement Administrator shall establish an Internet website, www.NakedJuiceClass.com, that will inform Class Members of the terms of this Stipulation of Settlement, their rights, dates and deadlines and related information. The website shall include, in .pdf format, materials agreed upon by the Parties and/or required by the Court.  Banner ads on the Internet shall direct Class Members to the website.

57.     Toll-Free Telephone Number:  Prior to the dissemination of the Class Notice, the Settlement Administrator shall establish a toll-free telephone number that will provide Settlement-related information to Class Members, pursuant to the terms and conditions of this Stipulation of Settlement.

58.     Within thirty (30) days after the entry of the Preliminary Approval Order, the Parties will coordinate with the Settlement Administrator to provide notice to the Class as follows:

(a)     Publishing, on or before the Notice Date as specified in the Preliminary Approval Order, the Long Form Notice on the settlement website (www.NakedJuiceClass.com) and the Summary Notice as set forth in the Declaration of the Settlement Administrator, attached hereto as Exhibit "I";

(b)     Providing a link in the Long Form Notice and the Summary Notice to a settlement website (www.NakedJuiceClass.com) to be designed and administered by the Settlement Administrator that will contain electronic copies of the settlement documents (including but not limited to the Long Form Notice, the Claim Form, the Preliminary Approval Order, this Stipulation of Settlement (including all of its Exhibits), and the Amended Consolidated Class Action Complaint filed on June 5, 2012), a list of important dates, and any other information or documents to which the Parties may agree;

27

(c)     Establishing a toll-free number through which Class Members may obtain information about the Action and the Settlement and request a mailed copy of the Long Form Notice and/or the Claim Form; and

(d)     In accordance with the notice plan set forth in the Declaration of the Settlement Administrator, attached hereto as Exhibit "I."

## VI.    ATTORNEYS' FEES AND EXPENSES AND CLASS REPRESENTATIVE INCENTIVE AWARDS

59.     In recognition of the time and effort the representative Plaintiffs expended in pursuing this action and in fulfilling their obligations and responsibilities as class representatives, and of the benefits conferred on all Class Members by the Settlement, Class Counsel may ask the Court for the payment of an Incentive Award from the Settlement Fund to each of the representative Plaintiffs.  Naked Juice will not take a position on the application for Incentive Awards by Class Counsel to the extent that each award does not exceed Two Thousand Five Hundred Dollars ($2,500.00) per Plaintiff.  Plaintiffs and Class Counsel agree that Naked Juice shall not pay, or be obligated to pay, in excess of any award of incentive payments by the Court, and that in no event shall Naked Juice be obligated to pay any amount in excess of the Settlement Fund.  Incentive payments as awarded by the Court shall be deducted from the Settlement Fund and paid by the Settlement Administrator from the Escrow Account within three (3) business days after the deposit of the Balance Payment pursuant to Paragraph 39.

60.     Class Counsel will make an application to the Court for an award of Attorneys' Fees and Expenses in the Action that will not exceed Three Million One Hundred Twenty Thousand Dollars and No Cents ($3,120,000.00) incurred up to the submission of the application to the Court prior to the Fairness Hearing, which shall be the sole aggregate compensation paid by Naked Juice for Plaintiffs' Counsel.  Naked Juice will not take a position on the application for Attorneys' Fees and Expenses by Class Counsel.  The amount of the Attorneys' Fees and Expenses will be

1    determined by the Court, and in no event shall Naked Juice be obligated to pay any

2    amount in excess of the Settlement Fund.

3           61.     Any Attorneys' Fees and Expenses awarded by the Court shall be

4    deducted from the Settlement Fund and paid by the Settlement Administrator from

5    the Escrow Account.  Such payment will be in lieu of statutory fees Plaintiffs and/or

6    their attorneys might otherwise have been entitled to recover from Naked Juice.  This

7    amount shall be inclusive of all fees and costs of Class Counsel to be paid by Naked

8    Juice and/or the Settlement Fund in the Action.  Plaintiffs and Class Counsel agree

9    that Naked Juice shall not pay, or be obligated to pay, in excess of any award of

10   Attorneys' Fees and Expenses by the Court, and that in no event shall Naked Juice be

11   obligated to pay any amount in excess of the Settlement Fund.

12          62.     Any Attorneys' Fees and Expenses awarded by the Court shall be paid

13   from the Settlement Fund within three (3) business days after deposit of the Balance

14   Payment pursuant to Paragraph 39.  Class Counsel shall have the sole and absolute

15   discretion to allocate the Attorneys' Fees and Expenses amongst Plaintiffs' Counsel

16   and any other attorneys for Plaintiffs.  Naked Juice shall have no liability or other

17   responsibility for allocation of any such Attorneys' Fees and Expenses awarded, and,

18   in the event that any dispute arises relating to the allocation of fees, Class Counsel

19   agree to hold Naked Juice harmless from any and all such liabilities, costs, and

20   expenses of such dispute.

21          63.     The procedure for and the allowance or disallowance by the Court of any

22   application for attorneys' fees, costs, expenses, or reimbursement to be paid to Class

23   Counsel are not part of the settlement of the Released Claims as set forth in this

24   Stipulation of Settlement, and are to be considered by the Court separately from the

25   Court's consideration of the fairness, reasonableness, and adequacy of the settlement

26   of the Released Claims as set forth in this Stipulation of Settlement.  Any such

27   separate order, finding, ruling, holding, or proceeding relating to any such

28   applications for attorneys' fees and expenses, or any separate appeal from any

1  separate order, finding, ruling, holding, or proceeding relating to them or reversal or

2  modification of them, shall not operate to terminate or cancel this Stipulation of

3  Settlement or otherwise affect or delay the finality of the Final Order and Final

4  Judgment or the Settlement.  The Parties negotiated the Attorneys' Fees and

5  Expenses to be sought by Class Counsel only after reaching an agreement upon the

6  relief provided to the Class.

7  ## VII.   RELEASES AND DISMISSAL OF ACTION

8  64.    Upon the Effective Date, the Releasing Parties shall be deemed to have,

9  and by operation of the Final Order and Final Judgment shall have, fully, finally and

10  forever released, relinquished, and discharged all Released Claims against the

11  Released Parties.  Further, Naked Juice will release, waive, and discharge, on the

12  Effective Date, all legal claims, causes of actions, cross-claims, or counter claims

13  against Plaintiffs, the Class Members, Plaintiffs' Counsel, the attorneys of record in

14  any of the actions consolidated in the Action, and Class Counsel (collectively,

15  "Plaintiff Released Parties") arising from or related to the products and claims at

16  issue or in the Action or in any of the actions consolidated into the Action (the

17  "Plaintiff Released Claims").  The Released Claims shall be construed as broadly as

18  possible to effect complete finality over this litigation involving Naked Juice

19  advertising, labeling, and/or marketing of the Eligible Products as set forth herein.

20  65.    Members of the Class who have opted out of the Settlement by the date

21  set by the Court do not release their claims and will not obtain any benefits of the

22  Settlement.

23  66.    The Released Claims and the Plaintiff Released Claims include known

24  and unknown claims relating to the Action, and this Stipulation of Settlement is

25  expressly intended to cover and include all such injuries or damages, including all

26  rights of action thereunder.  Plaintiffs, Class Members, and Naked Juice hereby

27  expressly, knowingly, and voluntarily waive the provisions of Section 1542 of the

28  California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
> TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
> EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
> OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
> HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs, Class Members, and Naked Juice expressly waive and relinquish any and

all rights and benefits that they may have under, or that may be conferred upon them

by, the provisions of Section 1542 of the California Civil Code, or any other law of

any state or territory that is similar, comparable, or equivalent to Section 1542, to the

fullest extent that they may lawfully waive such rights or benefits pertaining to the

Released Claims and the Plaintiff Released Claims.  In connection with such waiver

and relinquishment, Plaintiffs, the Class Members, and Naked Juice hereby

acknowledge that they are aware that they or their attorneys may hereafter discover

claims or facts in addition to or different from those that they now know or believe

exist with respect to the Released Claims and the Plaintiff Released Claims, but that it

is their intention to hereby fully, finally, and forever settle and release all of the

Released Claims and the Plaintiff Released Claims known or unknown, suspected or

unsuspected, that they have against the Released Parties.  In furtherance of such

intention, the Release herein given by Plaintiffs, the Class Members, and Naked Juice

to the Released Parties and the Plaintiff Released Parties shall be and remain in effect

as a full and complete general release notwithstanding the discovery or existence of

any such additional different claims or facts.  Each of the Parties expressly

acknowledges that he/she/it has been advised by his/her/its attorney of the contents

and effect of Section 1542, and with knowledge, each of the Parties hereby expressly

waives whatever benefits he/she/it may have had pursuant to such section.  Plaintiffs

and Class Members are not releasing any claims for personal injuries.  Plaintiffs

acknowledge, and the Class Members shall be deemed by operation of the Final

Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement of which this Release is a part.

67.    Upon the Effective Date, the Action shall be dismissed with prejudice. Plaintiffs and Class Counsel shall have the responsibility for ensuring that the Action is dismissed with prejudice in accordance with the terms of this Stipulation of Settlement.

68.    The Court shall enter an order retaining jurisdiction over the Parties to this Stipulation of Settlement with respect to the future performance of the terms of this Stipulation of Settlement.  In the event that any applications for relief are made, such applications shall be made to the Court.

69.    Upon the Effective Date:  (a) this Stipulation of Settlement shall be the exclusive remedy for any and all Released Claims of Plaintiffs and Class Members; and (b) Plaintiffs and the Class Members stipulate to be and shall be permanently barred and enjoined by Court order from initiating, asserting, or prosecuting against the Released Parties in any federal or state court or tribunal any and all Released Claims.

## VIII.  <u>ADMINISTRATION OF THE SETTLEMENT</u>

70.    Because the names of Class Members and other personal information about them will be provided to the Settlement Administrator for purposes of providing cash benefits and processing opt out requests, the Settlement Administrator will execute a confidentiality and non-disclosure agreement with Naked Juice and Class Counsel and will take all reasonable steps to ensure that any information provided to it by Class Members will be used solely for the purpose of effecting this Settlement.

71.    In fulfilling its responsibilities in providing Class Notice, the Settlement Administrator shall be responsible for, without limitation, consulting on and designing the notice to the Class via various forms of media, including implementing the notice program set forth in the Declaration of the Settlement Administrator

attached as Exhibit "I."  In particular, the Settlement Administrator shall be responsible for:  (a) arranging for the publication of the Summary Notice and dissemination of the Class Notice as set forth in the Declaration of the Settlement Administrator attached hereto as Exhibit "I" and pursuant to the requirements of this Stipulation of Settlement; (b) designing and implementing notice to the Class by various electronic media as set forth in the Declaration of the Settlement Administrator attached hereto as Exhibit "I" and pursuant to the requirements of this Stipulation of Settlement; (c) responding to requests from Class Counsel and/or Defense Counsel; and (d) otherwise implementing and/or assisting with the dissemination of the notice of the Settlement as set forth in the Declaration of the Settlement Administrator attached hereto as Exhibit "I" and pursuant to the requirements of this Stipulation of Settlement.

72.    The Settlement Administrator also shall be responsible for, without limitation, dissemination of Class Notice as set forth in the Declaration of the Settlement Administrator attached hereto as Exhibit "I" and implementing the terms of the claim process and related administrative activities that include communications with Class Members concerning the Settlement, the claim process, and their options thereunder.  In particular, the Settlement Administrator shall be responsible for: (a) printing, e-mailing, mailing or otherwise arranging for the mailing of the Class Notice in response to Class Members' requests; (b) making any mailings required under the terms of this Stipulation of Settlement; (c) establishing a website (www.NakedJuiceClass.com) that contains the Claim Form that can be completed and submitted online; (d) establishing a toll-free voice response unit with message and interactive voice response (IVR) capabilities to which Class Members may refer for information about the Action and the Settlement; (e) receiving and maintaining any Class Member correspondence regarding requests for exclusion and objections to the Settlement; (f) forwarding inquiries from Class Members to Class Counsel or their designee for a response, if warranted; (g) establishing a post office box for the

receipt of Claim Forms, exclusion requests, and any correspondence; (h) reviewing Claim Forms according to the review protocols agreed to by the Parties and set forth in this Stipulation of Settlement and the Settlement Administration Protocol, attached hereto as Exhibit "F"; and (i) otherwise implementing and/or assisting with the claim review process and payment of the claims.

73.     The Settlement Administrator shall administer the Settlement in accordance with the terms of this Stipulation of Settlement (including, but not limited to, the Settlement Administration Protocol attached as Exhibit "F") and, without limiting the foregoing, shall:

(a)     Treat any and all documents, communications and other information and materials received in connection with the administration of the Settlement as confidential and shall not disclose any or all such documents, communications or other information to any person or entity except as provided for in this Stipulation of Settlement or by court order;

(b)     Receive opt out and other requests and correspondence from Class Members to exclude themselves from the Settlement and provide to Class Counsel and Defense Counsel a copy thereof within three (3) days of receipt.  If the Settlement Administrator receives any exclusion forms or other requests from Class Members to exclude themselves from the Settlement after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide Class Counsel and Defense Counsel with copies thereof; and

(c)     Receive and maintain all correspondence from any Class Member regarding the Settlement.

74.     The Settlement Administrator shall be reimbursed from the Settlement Fund up to the amount specified in the Settlement Administration Protocol, attached hereto as Exhibit "F" toward reasonable costs, fees, and expenses of providing notice to the Class and administering the Settlement in accordance with this Stipulation of Settlement.

75.     Each Class Member shall submit a Claim Form pursuant to the instructions set forth in the Claim Form.  When requested in the Claim Form, the Claim Form shall include an attestation, substantially in the following form:  "I declare or affirm, under penalty of perjury, that the information in this claim form is true and correct to the best of my knowledge, and that I purchased the amount of the product(s) claimed above during the Claim Period.  I understand that my claim form may be subject to audit, verification, or Court review."  Claim Forms will be: (a) included on the settlement website (www.NakedJuiceClass.com) to be designed and administered by the Settlement Administrator; and (b) made readily available from the Settlement Administrator, as provided in the Preliminary Approval Order.

76.     Any Class Member who, in accordance with the terms and conditions of this Stipulation of Settlement, neither seeks exclusion from the Class nor files a Claim Form, will not be entitled to receive any cash payment or any other relief pursuant to this Stipulation of Settlement, but will be bound together with all Class Members by all of the terms of this Stipulation of Settlement, including the terms of the Final Order and Final Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action in any forum (state or federal) against any of the Released Parties concerning the Released Claims.

77.     Claim Forms that do not meet the requirements set forth in this Stipulation of Settlement and in the Claim Form instructions shall be rejected.  Where a good faith basis exists, the Settlement Administrator may reject a Class Member's Claim Form for, among other reasons, the following:

    (a)     The Class Member purchased products that are not covered by the terms of this Stipulation of Settlement;

    (b)     Failure to fully complete and/or sign the Claim Form;

    (c)     Illegible Claim Form;

    (d)     The product(s) purchased by the Class Member is (are) not reasonably identifiable as an Eligible Product from the proof of purchase submitted

by the Class Member (if proof of purchase is required pursuant to this Stipulation of Settlement or requested by the Settlement Administrator);

(e)     Failure to provide adequate proof of purchase if the same is required pursuant to this Stipulation of Settlement or requested by the Settlement Administrator;

(f)     The Claim Form is fraudulent;

(g)     The Claim Form is duplicative of another Claim Form;

(h)     The person submitting the Claim Form is not a Class Member;

(i)     The person submitting the Claim Form requests that payment be made to a person or entity other than the Class Member for whom the Claim Form is submitted;

(j)     Failure to submit a Claim Form by the Bar Date; and/or

(k)     The Claim Form otherwise does not meet the requirements of this Stipulation of Settlement.

78.     The Settlement Administrator shall determine whether a Claim Form meets the requirements set forth in this Stipulation of Settlement.  Each Claim Form shall be submitted to and reviewed by the Settlement Administrator, who shall determine (in accordance with this Stipulation of Settlement and the Settlement Administration Protocol, attached hereto as Exhibit "F") the extent, if any, to which each claim shall be allowed.  The Settlement Administrator shall use all reasonable efforts and means to identify and reject duplicate and/or fraudulent claims, including, without limitation, indexing all cash payments provided to Class Members.

79.     Claim Forms that do not meet the terms and conditions of this Stipulation of Settlement shall be promptly rejected by the Settlement Administrator. The Settlement Administrator shall have thirty (30) days from the end of the Claim Period to exercise the right of rejection.  The Settlement Administrator shall notify the Class Member using the contact information provided in the Claim Form of the rejection.  Class Counsel and Defense Counsel shall be provided with copies of all

36

1  such notifications to Class Members.  If any claimant whose Claim Form has been

2  rejected, in whole or in part, desires to contest such rejection, the claimant must,

3  within ten (10) business days from receipt of the rejection, transmit to the Settlement

4  Administrator by e-mail or U.S. mail a notice and statement of reasons indicating the

5  claimant's grounds for contesting the rejection, along with any supporting

6  documentation, and requesting further review by the Settlement Administrator, in

7  consultation with Class Counsel and Defense Counsel, of the denial of the claim.  If

8  Class Counsel and Defense Counsel cannot agree on a resolution of the claimant's

9  notice contesting the rejection, the disputed claim shall be presented to the Court or a

10  referee appointed by the Court for summary and non-appealable resolution.

11       80.  No person shall have any claim against Naked Juice, Defense Counsel,

12  Plaintiffs, Plaintiffs' Counsel, the Class, Class Counsel, and/or the Settlement

13  Administrator based on any eligibility determinations, distributions, or awards made

14  in accordance with this Stipulation of Settlement.  This provision does not affect or

15  limit in any way the right of review by the Court or referee of any disputed Claim

16  Forms as provided in this Stipulation of Settlement.

17       81.  Any Class Member who fails to submit a Claim Form by the Bar Date

18  shall be forever barred from receiving any benefit pursuant to this Stipulation of

19  Settlement, but shall in all other respects be bound by all of the terms of this

20  Stipulation of Settlement including the terms of the Final Order and Final Judgment

21  to be entered in the Action and the releases provided for herein, and will be barred

22  from bringing any action in any forum (state or federal) against any of the Released

23  Parties concerning any of the Released Claims.  A Claim Form shall be submitted

24  electronically at the settlement website (www.NakedJuiceClass.com) to be designed

25  and administered by the Settlement Administrator.  Where  proof of purchase is

26  required to be submitted as part of the Claim Form, the Claim Form will be deemed

27  to have been submitted when the proof of purchase is posted, if received with a

28  postmark, or equivalent mark by a courier company indicated on the envelope or

mailer and if mailed with pre-paid postage and addressed in accordance with the instructions set out in the Claim Form.  In all other cases, the Claim Form shall be deemed to have been submitted when it is actually received by the Settlement Administrator.

82.    Class Counsel and Defense Counsel shall have the right to inspect the Claim Forms and supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

83.    Not later than seven (7) calendar days before the date of the Fairness Hearing, the Settlement Administrator shall file with the Court:  (a) a list of those persons who have opted out or excluded themselves from the Settlement; and (b) the details regarding the number of valid Claim Forms received and processed by the Settlement Administrator.

84.    The Settlement Administrator may retain one or more persons to assist in the completion of its responsibilities.

85.    The Settlement Administrator shall distribute benefits to eligible Class Members on a date that occurs only after the Effective Date.

86.    If the Settlement is not approved or for any reason the Effective Date does not occur, no payments or distributions of any kind shall be made pursuant to this Stipulation of Settlement, except for the costs and expenses of the Settlement Administrator, which shall be paid out of the Escrow Account, and for which Plaintiffs and / or Plaintiffs' Counsel are not responsible.

87.    In the event the Settlement Administrator fails to perform its duties, and/or makes a material or fraudulent misrepresentation to, or conceals requested material information from, Class Counsel, Naked Juice, and/or Defense Counsel, then the party to whom the misrepresentation is made shall, in addition to any other appropriate relief, have the right to demand that the Settlement Administrator immediately be replaced.  No party shall unreasonably withhold consent to remove the Settlement Administrator.  The Parties will attempt to resolve any disputes

1   regarding the retention or dismissal of the Settlement Administrator in good faith,

2   and, if they are unable to do so, will refer the matter to the Court for resolution.

3        88.   The Settlement Administrator shall coordinate with Defense Counsel to

4   provide notice as required by 28 U.S.C. § 1715.

5        89.   Naked Juice and the Released Parties are not obligated to (and will not

6   be obligated to) compute, estimate, or pay any taxes on behalf of any Plaintiff, any

7   Class Member, Plaintiffs' Counsel, Class Counsel, and/or the Settlement

8   Administrator.

9              **IX.   OBJECTIONS AND OPT-OUTS BY CLASS MEMBERS**

10       90.   Members of the Class who fail to file with the Court, through the Court's

11  Case Management/Electronic Case Files ("CM/ECF") system, or through any other

12  method in which the Court will accept filings, if any, and serve upon the Settlement

13  Administrator, Class Counsel, and Defense Counsel timely written objections in the

14  manner specified in this Stipulation of Settlement and the Class Notice shall be

15  deemed to have waived all objections and shall be foreclosed from making any

16  objection (whether by appeal or otherwise) to the Settlement.

17       91.   Any Class Member who intends to object to the fairness, reasonableness,

18  and/or adequacy of the Settlement must, in addition to timely filing a written

19  objection with the Court through the Court's CM/ECF system (or any other method

20  in which the Court will accept filings, if any), send the written objection by U.S. mail

21  (to the following mailing address: Gilardi & Co., LLC, P.O. Box 8090, San Rafael,

22  CA 94912-8090) or e-mail (to the following e-mail address:

23  info@nakedjuiceclass.com) to the Settlement Administrator with a copy by U.S. mail

24  or e-mail to Class Counsel and Defense Counsel (at the addresses set forth below)

25  postmarked no later than the date specified in the Preliminary Approval Order.  Class

26  Members who object must set forth:  (a) their full name; (b) current address; (c) a

27  written statement of their objection(s) and the reasons for each objection; (d) a

28  statement of whether they intend to appear at the Fairness Hearing; (e) their

signature; and (f) the case name and case number (*Pappas v. Naked Juice Co. of Glendora, Inc.*, Case No. LA CV 11-08276-JAK (PLAx)).  Objections must be served on Class Counsel and Defense Counsel as follows:

Upon Class Counsel at:

        Robert R. Ahdoot
        AHDOOT & WOLFSON, PC
        2355 Westwood Boulevard, Suite 337
        Los Angeles, California  90064-2109
        E-mail: info@ahdootwolfson.com

        Christopher P. Ridout
        RIDOUT, LYON + OTTOSON, LLP
        555 East Ocean Boulevard, Suite 500
        Long Beach, California  90802
        E-mail:  c.ridout@rlollp.com

        Rosemary M. Rivas
        FINKELSTEIN THOMPSON, LLP
        505 Montgomery Street, Suite 300
        San Francisco, California  94111
        E-mail:  RRivas@finkelsteinthompson.com

Upon Defense Counsel at:

        Christopher Chorba
        Dhananjay S. Manthripragada
        GIBSON, DUNN & CRUTCHER LLP
        333 South Grand Avenue
        Los Angeles, California  90071
        E-mail:  DManthripragada@gibsondunn.com

92.    Objecting class members must state in writing all objections and the reasons for each objection, and state whether the objecting class member intends to appear at the Fairness Hearing either with or without separate counsel.  No member of the Class shall be entitled to object to the Settlement, and no written objections or briefs submitted by any member of the Class shall be received or considered by the Court at the Fairness Hearing, unless written notice of the objecting class member's

intention to appear at the Fairness Hearing and copies of any written objections and/or briefs shall have been filed with the Court pursuant to the Court's CM/ECF system (or any other method in which the Court will accept filings, if any) and served on the Settlement Administrator, Class Counsel, and Defense Counsel on or before the date specified in the Preliminary Approval Order.  Objections that are mailed to the Court (and not filed pursuant to the Court's CM/ECF system, or any other method in which the Court will accept filings, if any), or objections that are served on the Parties but not filed with the Court, shall not be received or considered by the Court at the Fairness Hearing.

93.    The Parties shall request that the Court allow any interested party to file a reply to any objection, as described in Paragraphs 90 to 92, no later than seven (7) calendar days before the Fairness Hearing, or as the Court may otherwise direct.

94.    Members of the Class may elect to opt out of the Settlement, relinquishing their rights to benefits hereunder.  Members of the Class who opt out of the Settlement will not release their claims pursuant to this Stipulation of Settlement.  Putative class members wishing to opt out of the Settlement must send to the Settlement Administrator by U.S. mail (to the following address:  Gilardi & Co., LLC, P.O. Box 8090, San Rafael,  CA 94912-8090) a personally signed letter including (a) their full name; (b) current address; (c) a clear statement communicating that they elect to be excluded from the Class, do not wish to be a Class Member, and elect to be excluded from any judgment entered pursuant to the Settlement; (d) their signature; and (e) the case name and case number (*Pappas v. Naked Juice Co. of Glendora, Inc.*, Case No. LA CV 11-08276-JAK (PLAx)).  Any request for exclusion or opt out must be postmarked on or before the exclusion or opt out deadline provided in the Court's Preliminary Approval Order.  The date of the postmark on the return-mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted.  Members of the Class who fail to submit a valid and timely request for exclusion on or before the date specified in the

Court's Preliminary Approval Order shall be bound by all terms of this Stipulation of Settlement and the Final Order and Final Judgment, regardless of whether they have requested exclusion from the Settlement.

95. Any member of the Class who submits a timely request for exclusion or opt out may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under this Stipulation of Settlement.

96. The Settlement Administrator shall promptly provide copies of all requests for exclusion, objections, and/or related correspondence from Class Members to Class Counsel and Defense Counsel.  Not later than three (3) business days after the deadline for submission of requests for exclusion or opt out, the Settlement Administrator shall provide to Class Counsel and Defense Counsel a complete opt out list together with copies of the opt out requests.  Notwithstanding any other provision of this Stipulation of Settlement, if more than two-thousand five hundred (2,500) members of the Class opt out of the Settlement, Naked Juice, in its sole discretion, may rescind and revoke the entire Settlement and this Stipulation of Settlement, thereby rendering the Settlement null and void in its entirety, by sending written notice that Naked Juice revokes the settlement pursuant to this paragraph to Class Counsel within ten (10) business days following the date the Settlement Administrator informs Naked Juice of the number of Class members who have requested to opt out of the Settlement pursuant to the provisions set forth above.  If Naked Juice rescinds the Settlement pursuant to this paragraph, it shall have no further obligations to pay the Settlement Fund and shall be responsible for only the fees and expenses actually incurred by the Settlement Administrator, which will be paid out of the Escrow Account, and for which Plaintiffs and their Counsel are not liable.

97. On the date set forth in the Preliminary Approval Order, a Fairness Hearing shall be conducted to determine final approval of the Settlement.  A Motion in support of the Fairness Hearing shall be filed no later than fourteen (14) calendar

days before the deadline to object or opt-out of the Settlement.  Upon final approval of the Settlement by the Court at or after the Fairness Hearing, the Parties shall present the Final Order and Final Judgment, substantially in the form attached to this Stipulation of Settlement as Exhibits "A" and "B," and a final order approving the Attorneys' Fees and Expenses and the Incentive Awards, to the Court for approval and entry.  Class Members who wish to be heard at the Fairness Hearing (whether individually or through separate counsel) and are objecting to the Settlement shall comply with the provisions of this Stipulation of Settlement (including Paragraphs 90 to 93).  Class Members who wish to be heard at the Fairness Hearing (whether individually or through separate counsel) and are not objecting to the Settlement shall file a notice of appearance with the Court's CM/ECF system or through any other method in which the Court will accept filings, if any, and serve upon Class Counsel and Defense Counsel at the addresses indicated above at least fourteen (14) calendar days before the Fairness Hearing.

## X.     SCOPE AND EFFECT OF CONDITIONAL CERTIFICATION OF THE CLASS SOLELY FOR PURPOSES OF SETTLEMENT

98.     For purposes of settlement only, the Parties agree to seek provisional certification of the Class.  The Parties further agree that the Court should make preliminary findings and enter the Preliminary Approval Order (substantially in the form attached at Exhibit "D") granting provisional certification of the Class subject to final findings and ratification in the Final Order and Final Judgment, and appointing the representative Plaintiffs as the representatives of the Class and Class Counsel as counsel for the Class.

99.     Naked Juice does not consent to certification of the Class for any purpose other than to effectuate the Settlement of the Action.  Naked Juice's agreement to conditional certification does not constitute an admission of wrongdoing, fault, liability, or damage of any kind to Plaintiffs or any of the putative class members.

100.   If this Stipulation of Settlement is terminated pursuant to its terms, disapproved by any court (including any appellate court), and/or not consummated for any reason, or the Effective Date for any reason does not occur, the order certifying the Class for purposes of effectuating this Stipulation of Settlement, and all preliminary and/or final findings regarding that class certification order, shall be automatically vacated upon notice of the same to the Court, the Action shall proceed as though the Class had never been certified pursuant to this Stipulation of Settlement and such findings had never been made, and the Action shall return to the procedural status quo in accordance with this paragraph.  Class Counsel shall not refer to or invoke the vacated findings and/or order relating to class settlement in the event this Stipulation of Settlement is not consummated and the case is later litigated and contested by Naked Juice under Rule 23 of the Federal Rules of Civil Procedure.

## XI.   MODIFICATION OR TERMINATION OF THE SETTLEMENT

101.   The terms and provisions of this Stipulation of Settlement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however that, after entry of the Final Order and Final Judgment, the Parties may by written agreement effect such amendments, modifications, or expansions of this Stipulation of Settlement and its implementing documents (including all exhibits hereto) without further notice to the Class or approval by the Court if such changes are consistent with the Court's Final Order and Final Judgment and do not materially alter, reduce or limit the rights of Class Members under this Stipulation of Settlement.

102.   In the event the terms or conditions of this Stipulation of Settlement, other than terms pertaining to the Attorneys' Fees and Expenses and/or Incentive Awards, are materially modified by any court, either party in its sole discretion to be exercised within fourteen (14) days after such a material modification may declare this Stipulation of Settlement null and void.  For purposes of this paragraph, material modifications include but are not limited to any modifications to the definitions of the

Class, Class Members, or Released Claims, changes to the notice plan described in Paragraphs 53 to 58 or any Exhibit hereto, and/or any modifications to the terms of the settlement consideration described in Paragraphs 39 to 52.  In the event that a party exercises his/her/its option to withdraw from and terminate this Stipulation of Settlement, then the Settlement proposed herein shall become null and void and shall have no force or effect, the Parties shall not be bound by this Stipulation of Settlement, and the Parties will be returned to their respective positions existing immediately before the execution of this Stipulation of Settlement.  Notwithstanding the foregoing Paragraph 102, in the event this Stipulation of Settlement is not approved by any court, or the Settlement set forth in this Stipulation of Settlement is declared null and void, or in the event that the Effective Date does not occur, Class Members, Plaintiffs, Class Counsel, and Plaintiffs' Counsel shall not in any way be responsible or liable for any costs of notice and administration associated with this Settlement or this Stipulation of Settlement, except that each Party shall bear its own attorneys' fees and costs and Naked Juice's future payment obligations shall cease.

## XII.   SETTLEMENT NOT EVIDENCE AGAINST PARTIES

103.   The Parties expressly acknowledge and agree that this Stipulation of Settlement and its Exhibits, along with all related drafts, motions, pleadings, conversations, negotiations, and correspondence, constitute an offer of compromise and a compromise within the meaning of Federal Rule of Evidence 408 and any equivalent state law or rule.  In no event shall this Stipulation of Settlement, any of its provisions or any negotiations, statements or court proceedings relating to its provisions in any way be construed as, offered as, received as, used as, or deemed to be evidence of any kind in the Action, any other action, or in any judicial, administrative, regulatory or other proceeding, except in a proceeding to enforce this Stipulation of Settlement or the rights of the Parties or their counsel.  Without limiting the foregoing, neither this Stipulation of Settlement nor any related negotiations, statements, or court proceedings shall be construed as, offered as,

45

received as, used as or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including, but not limited to, Naked Juice, the Released Parties, Plaintiffs, or the Class, or as a waiver by Naked Juice, the Released Parties, Plaintiffs, or the Class of any applicable privileges, claims or defenses.

104.   The provisions contained in this Stipulation of Settlement are not and shall not be deemed a presumption, concession, or admission by Naked Juice of any default, liability or wrongdoing as to any facts or claims alleged or asserted in the Action, or in any actions or proceedings, nor shall they be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Action, or in any other action or proceeding, whether civil, criminal or administrative.  Naked Juice expressly denies the allegations in the Action.  Naked Juice does not admit that it or any of the Released Parties has engaged in any wrongful activity or that any person has sustained any damage by reason of any of the facts complained of in the Action.  Naked Juice does not consent to certification of the Class for any purpose other than to effectuate the Settlement of the Action.

## XIII.  **BEST EFFORTS**

105.   Class Counsel shall take all necessary actions to accomplish approval of the Settlement, the Class Notice, and dismissal of the Action.  The Parties (including their counsel, successors, and assigns) agree to cooperate fully and in good faith with one another and to use their best efforts to effectuate the Settlement, including without limitation in seeking preliminary and final Court approval of this Stipulation of Settlement and the Settlement embodied herein, carrying out the terms of this Stipulation of Settlement, and promptly agreeing upon and executing all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.  In the event that the Court fails to approve the Settlement or fails to issue the Final Order and Final Judgment, the Parties agree to use all reasonable

efforts, consistent with this Stipulation of Settlement and subject to Paragraph 106, to cure any defect identified by the Court.

106.   Each Party will cooperate with the other party in connection with effectuating the Settlement or the administration of claims thereunder.  Any requests for cooperation shall be narrowly tailored and reasonably necessary for the requesting Party to recommend the Settlement to the Court, and to carry out its terms.

## XIV.  MISCELLANEOUS PROVISIONS

107.   The Parties agree that the recitals are contractual in nature and form a material part of this Stipulation of Settlement.

108.   This Stipulation of Settlement and its accompanying Exhibits set forth the entire understanding of the Parties.  No change or termination of this Stipulation of Settlement shall be effective unless in writing and signed by Plaintiffs' Counsel and Defense Counsel.  No extrinsic evidence or parol evidence shall be used to interpret this Stipulation of Settlement.

109.   Any and all previous agreements and understandings between or among the Parties regarding the subject matter of this Stipulation of Settlement, whether written or oral, are superseded and hereby revoked by this Stipulation of Settlement. The Parties expressly agree that the terms and conditions of this Stipulation of Settlement will control over any other written or oral agreements.

110.   All of the Parties warrant and represent that they are agreeing to the terms of this Stipulation of Settlement based upon the legal advice of their respective attorneys, that they have been afforded the opportunity to discuss the contents of this Stipulation of Settlement with their attorneys and that the terms and conditions of this document are fully understood and voluntarily accepted.

111.   The waiver by any Party of a breach of any term of this Stipulation of Settlement shall not operate or be construed as a waiver of any subsequent breach by any party.  The failure of a Party to insist upon strict adherence to any provision of

this Stipulation of Settlement shall not constitute a waiver or thereafter deprive such Party of the right to insist upon strict adherence.

112. The headings in this Stipulation of Settlement are inserted merely for the purpose of convenience and shall not affect the meaning or interpretation of this document.

113. This Stipulation of Settlement may be executed in counterparts, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same instrument. The date of execution shall be the latest date on which any Party signs this Stipulation of Settlement.

114. This Stipulation of Settlement has been negotiated among and drafted by Class Counsel, Plaintiffs' Counsel, and Defense Counsel. Plaintiffs, Class Members, and Naked Juice shall not be deemed to be the drafter of this Stipulation of Settlement or of any particular provision, nor shall they argue that any particular provision should be construed against its drafter or otherwise resort to the *contra proferentem* canon of construction. Accordingly, this Stipulation of Settlement should not be construed in favor of or against one Party as to the drafter, and the Parties agree that the provisions of California Civil Code § 1654 and common law principles of construing ambiguities against the drafter shall have no application. All Parties agree that counsel for the Parties drafted this Stipulation of Settlement during extensive arms' length negotiations. No parol or other evidence may be offered to explain, construe, contradict, or clarify its terms, the intent of the Parties or their counsel, or the circumstances under which this Stipulation of Settlement was made or executed.

115. Except in connection with any proceeding or court filing, or the dissemination of notice to the Class, Plaintiffs, Plaintiffs' Counsel, and Class Counsel will not issue any press releases or communicate with the media regarding the Settlement or the Action without prior approval of Naked Juice. However, if Plaintiffs, Plaintiffs' Counsel, or Class Counsel receive an inquiry from any third

party, they may decline to comment, refer to the Class Notice, refer to the Complaints, make accurate statements regarding the Settlement (including the status of the approval process), or defer to the Court file.  Plaintiffs, Plaintiffs' Counsel, and Class Counsel agree not to make disparaging public statements about Naked Juice, Naked Juice products, and / or Defense Counsel out-of-court.  Plaintiffs and Class Counsel are free to (a) respond in a truthful and non-disparaging manner to Class Member inquiries regarding the Action and / or Settlement; and (b) state they served as legal counsel in this lawsuit and discuss the terms and amount of the Settlement on their firm websites, biographies, or similar marketing materials, and in connection with speaking engagements and future applications to serve as interim-class or lead counsel, or as otherwise required by law.  Naked Juice and Defense Counsel agree not to make disparaging public statements about Plaintiffs, Plaintiffs' Counsel, Class Counsel, or the Settlement.

116.   Naked Juice represents and warrants that the individual(s) executing this Stipulation of Settlement are authorized to enter into this Stipulation of Settlement on behalf of Naked Juice.

117.   Any disagreement and/or action to enforce this Stipulation of Settlement shall be commenced and maintained only in the Court in which this Action is pending.

118.   Whenever this Stipulation of Settlement requires or contemplates that one of the Parties shall or may give notice to the other, notice shall be provided by e-mail and/or next-day (excluding Saturdays, Sundays and Legal Holidays) express delivery service as follows:

Upon Class Counsel at:

Robert R. Ahdoot
AHDOOT & WOLFSON, PC
2355 Westwood Boulevard, Suite 337
Los Angeles, California  90064-2109
E-mail: info@ahdootwolfson.com

49

Christopher P. Ridout
RIDOUT, LYON + OTTOSON, LLP
555 East Ocean Boulevard, Suite 500
Long Beach, California  90802
E-mail:  c.ridout@rlollp.com

Rosemary M. Rivas
FINKELSTEIN THOMPSON, LLP
505 Montgomery Street, Suite 300
San Francisco, California  94111
E-mail:  RRivas@finkelsteinthompson.com

Upon Defense Counsel at:

Christopher Chorba
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California  90071
E-mail:  CChorba@gibsondunn.com

119.   The Parties reserve the right, subject to the Court's approval, to agree to any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation of Settlement.

120.   Plaintiffs Pappas, Marchewka, Evans, and Park expressly affirm that the allegations contained in the consolidated complaints filed in the Action were made in good faith and have a basis in fact, but consider it desirable for the Action to be settled and dismissed because of the substantial benefits that the proposed Settlement will provide to Class Members.

121.   This Stipulation of Settlement may be signed with a facsimile signature and in counterparts, each of which shall constitute a duplicate original.

122.   The Parties believe that this Stipulation of Settlement is a fair, adequate, and reasonable settlement of the Action, and they have arrived at this Settlement through arms'-length negotiations, taking into account all relevant factors, present and potential.

50

1       IN WITNESS WHEREOF, the Parties hereto, by and through their respective

2  attorneys, and intending to be legally bound hereby, have duly executed this

3  Stipulation of Settlement as of the date set forth below.

4

5                                        **PLAINTIFFS**

6

7  Dated: July 2, 2013                   _____

8                                        Natalie Pappas
                                         Plaintiff
9

10
   Dated: July __, 2013                  _____
11
                                         Russell Marchewka
12                                       Plaintiff

13

14 Dated: July __, 2013                  _____

15                                       Christopher Evans
                                         Plaintiff
16

17
   Dated: July __, 2013                  _____
18
                                         Gina Park
19                                       Plaintiff

20
                                         **NAKED JUICE**
21

22
   Dated: July __, 2013                  _____
23

24                                       Naked Juice Co. of Glendora, Inc.

25                                       By:  Patricia C. Lansing
26                                             VP / GM Naked Emerging Brands

27

28


                                         51

IN WITNESS WHEREOF, the Parties hereto, by and through their respective attorneys, and intending to be legally bound hereby, have duly executed this Stipulation of Settlement as of the date set forth below.

<u>PLAINTIFFS</u>

Dated: July ___, 2013

_____
Natalie Pappas
Plaintiff

Dated: July 3, 2013

_____
Russell Marchewka
Plaintiff

Dated: July ___, 2013

_____
Christopher Evans
Plaintiff

Dated: July ___, 2013

_____
Gina Park
Plaintiff

<u>NAKED JUICE</u>

Dated: July ___, 2013

_____
Naked Juice Co. of Glendora, Inc.

By:  Patricia C. Lansing
       VP / GM Naked Emerging Brands

IN WITNESS WHEREOF, the Parties hereto, by and through their respective attorneys, and intending to be legally bound hereby, have duly executed this Stipulation of Settlement as of the date set forth below.

**PLAINTIFFS**

Dated: July ___, 2013

_____
Natalie Pappas
Plaintiff

Dated: July ___, 2013

_____
Russell Marchewka
Plaintiff

Dated: July 2, 2013

_____
Christopher Evans
Plaintiff

Dated: July ___, 2013

_____
Gina Park
Plaintiff

**NAKED JUICE**

Dated: July ___, 2013

_____
Naked Juice Co. of Glendora, Inc.

By:  Patricia C. Lansing
       VP / GM Naked Emerging Brands

51

1   IN WITNESS WHEREOF, the Parties hereto, by and through their respective

2   attorneys, and intending to be legally bound hereby, have duly executed this

3   Stipulation of Settlement as of the date set forth below.

4

5                              **PLAINTIFFS**

6

7   Dated:  July __, 2013          _____

8                                  Natalie Pappas
                                   Plaintiff
9

10  Dated:  July __, 2013          _____

11                                 Russell Marchewka
12                                 Plaintiff

13

14  Dated:  July __, 2013          _____

15                                 Christopher Evans
                                   Plaintiff
16

17  Dated:  July 2, 2013           _____

18                                 Gina Park
19                                 Plaintiff

20                              **NAKED JUICE**

21

22

23  Dated:  July __, 2013          _____

24                                 Naked Juice Co. of Glendora, Inc.

25                                 By:  Patricia C. Lansing
26                                       VP / GM Naked Emerging Brands

27

28

51

IN WITNESS WHEREOF, the Parties hereto, by and through their respective attorneys, and intending to be legally bound hereby, have duly executed this Stipulation of Settlement as of the date set forth below.

**PLAINTIFFS**

Dated: July ___, 2013

_____
Natalie Pappas
Plaintiff

Dated: July ___, 2013

_____
Russell Marchewka
Plaintiff

Dated: July ___, 2013

_____
Christopher Evans
Plaintiff

Dated: July ___, 2013

_____
Gina Park
Plaintiff

**NAKED JUICE**

Dated: July ___, 2013

_____
Naked Juice Co. of Glendora, Inc.

By:  Patricia C. Lansing
       VP / GM Naked Emerging Brands

51

1

**PLAINTIFFS' COUNSEL**

2

3
Dated: July 2, 2013

4
By:  Robert Ahdoot

5
Ahdoot & Wolfson, PC

Attorneys for Plaintiff Pappas and the Class

6

7
Dated: July __, 2013

8
By:  Rosemary M. Rivas

9
Finkelstein Thompson LLP

Attorneys for Plaintiff Marchewka and the

10
Class

11

12
Dated: July __, 2013

13
By:  Christopher P. Ridout

14
Ridout, Lyon + Ottoson, LLP

Attorneys for Plaintiff Evans and the Class

15

16
Dated: July __, 2013

17
By:  Marc L. Godino

18
Glancy Binkow & Goldberg, LLP

Attorneys for Plaintiff Park

19

20
**DEFENSE COUNSEL**

21

22
Dated: July __, 2013

23
By:  Christopher Chorba

24
Gibson, Dunn & Crutcher LLP

Attorneys for Naked Juice Co. of Glendora,

25
Inc.

26

27

28

1

**PLAINTIFFS' COUNSEL**

2

3

Dated:  July ___, 2013

4

By:  Robert Ahdoot

5

Ahdoot & Wolfson, PC

Attorneys for Plaintiff Pappas and the Class

6

7

Dated:  July ___, 2013

8

By:  Rosemary M. Rivas

9

Finkelstein Thompson LLP

Attorneys for Plaintiff Marchewka and the

10

Class

11

12

Dated:  July ___, 2013

13

By:  Christopher P. Ridout

14

Ridout, Lyon + Ottoson, LLP

Attorneys for Plaintiff Evans and the Class

15

16

Dated:  July ___, 2013

17

By:  Marc L. Godino

18

Glancy Binkow & Goldberg, LLP

Attorneys for Plaintiff Park

19

20

**DEFENSE COUNSEL**

21

22

Dated:  July ___, 2013

23

By:  Christopher Chorba

24

Gibson, Dunn & Crutcher LLP

Attorneys for Naked Juice Co. of Glendora,

25

Inc.

26

27

28

52

**PLAINTIFFS' COUNSEL**

Dated: July __, 2013

_____

By:  Robert Ahdoot
Ahdoot & Wolfson, PC
Attorneys for Plaintiff Pappas and the Class

Dated: July __, 2013

_____

By:  Rosemary M. Rivas
Finkelstein Thompson LLP
Attorneys for Plaintiff Marchewka and the Class

Dated: July 2, 2013

_____

By:  Christopher P. Ridout
Ridout, Lyon + Ottoson, LLP
Attorneys for Plaintiff Evans and the Class

Dated: July __, 2013

_____

By:  Marc L. Godino
Glancy Binkow & Goldberg, LLP
Attorneys for Plaintiff Park

**DEFENSE COUNSEL**

Dated: July __, 2013

_____

By:  Christopher Chorba
Gibson, Dunn & Crutcher LLP
Attorneys for Naked Juice Co. of Glendora, Inc.

52

1

**PLAINTIFFS' COUNSEL**

2

3

Dated: July ___, 2013

4
                          _____
5                         By:  Robert Ahdoot
                          Ahdoot & Wolfson, PC
6                         Attorneys for Plaintiff Pappas and the Class

7

Dated: July ___, 2013

8
                          _____
9                         By:  Rosemary M. Rivas
                          Finkelstein Thompson LLP
10                        Attorneys for Plaintiff Marchewka and the
                          Class
11

12

Dated: July ___, 2013

13
                          _____
14                        By:  Christopher P. Ridout
                          Ridout, Lyon + Ottoson, LLP
15                        Attorneys for Plaintiff Evans and the Class

16

Dated: July ___, 2013

17
                          By:  Marc L. Godino
18                        Glancy Binkow & Goldberg, LLP
                          Attorneys for Plaintiff Park
19

20

**DEFENSE COUNSEL**

21

22

Dated: July ___, 2013

23
                          _____
24                        By:  Christopher Chorba
                          Gibson, Dunn & Crutcher LLP
25                        Attorneys for Naked Juice Co. of Glendora,
                          Inc.
26

27

28

52

1

2

**PLAINTIFFS' COUNSEL**

3

Dated: July ___, 2013

4

By:  Robert Ahdoot

5

Ahdoot & Wolfson, PC
Attorneys for Plaintiff Pappas and the Class

6

7

Dated: July ___, 2013

8

By:  Rosemary M. Rivas

9

Finkelstein Thompson LLP
Attorneys for Plaintiff Marchewka and the

10

Class

11

12

Dated: July ___, 2013

13

By:  Christopher P. Ridout

14

Ridout, Lyon + Ottoson, LLP
Attorneys for Plaintiff Evans and the Class

15

16

Dated: July ___, 2013

17

By:  Marc L. Godino

18

Glancy Binkow & Goldberg, LLP
Attorneys for Plaintiff Park

19

20

**DEFENSE COUNSEL**

21

22

Dated: July 2, 2013

23

By:  Christopher Chorba

24

Gibson, Dunn & Crutcher LLP
Attorneys for Naked Juice Co. of Glendora,

25

Inc.

26

27

28

52