SCOTT A. KRON, ESQ. [State Bar No. 237769]
scott@kronandcard.com
ANNE L. CARD, ESQ.   [State Bar No. 273435]
anne@kronandcard.com
KRON & CARD LLP
A Limited Liability Partnership
23421 S. POINTE DR., STE. 280
LAGUNA HILLS, CA 92653-1556
Telephone:   (949) 367-0520
Facsimile:    (949) 613-8472

Attorney for Objector,
Adam Andersen

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIE PAPPAS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NAKED JUICE CO. OF GLENDORA, INC., a California Corporation,<br><br>Defendant. | Case No.: LA CV11-08276-JAK (PLAx)<br><br>**OBJECTIONS TO FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

-1-

**OBJECTIONS TO FINAL APPROVAL OF CLASS ACTION SETTLEMENT**
**Case No. LA CV11-08276-JAK (PLAx)**

November 8, 2013

**Class Counsel:**

Robert R. Ahdoot
AHDOOT & WOLFSON, PC
2355 Westwood Boulevard, Suite 337
Los Angeles, California 90064-2109
E-mail: info@ahdootwolfson.com

Christopher P. Ridout
RIDOUT, LYON + OTTOSON, LLP
555 East Ocean Boulevard, Suite 500
Long Beach, California 90802
E-mail: c.ridout@rlollp.com

Rosemary M. Rivas
FINKELSTEIN THOMPSON, LLP
505 Montgomery Street, Suite 300
San Francisco, California 94111
E-mail: RRivas@finkelsteinthompson.com

**Settlement Administrator:**

Gilardi & Co. LLC
P.O. Box 8090
San Rafael, CA 94912-8090
info@nakedjuiceclass.com

**Defense Counsel:**

Christopher Chorba
Dhananjay S. Manthripragada
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071
E-mail: DManthripragada@gibsondunn.com

**Re:   Objections to Class Settlement in Pappas v. Naked Juice Co. of Glendora, Inc., Case No. LA, CV 11-08276-JAK (PLAx)**

Dear Court, Counsel and Settlement Administrator:

I am a member of the settlement class in this case, and I have submitted a timely claim. I have several objections to the class settlement proposed here.  My class member information is as follows:

> Full name: Adam Andersen
> Address: 24941 Via Larga, Laguna Niguel, CA 92677
> Objections: See below.
> Fairness hearing: I do not intend to appear.
> Signature: See below.

I object to the settlement for the following reasons:

1. We as class members are entitled to know what the potential recovery at trial might have been, i.e., full restitution.  Naked Juice clearly knows its own revenue, and there thus must be some way to make at least a rough estimate the retail value based on mark-up.  Nonetheless, the notice does not say what the potential recovery at trial is.  The motion for final approval states that "a proposed

settlement may be acceptable even though it amounts to only a fraction of the potential recovery that might be available to class members at trial." However, since the notice does not disclose the potential recovery at trial (on the high end), how can class members cannot determine how large or small that "fraction" is or whether that "fraction" is fair. They can't.

2. The notice fails to disclose the estimated number of subject bottles sold or the estimated number of class members. Since the proposed settlement offers to provide pro rata shares of net settlement proceeds, how can class members assess whether the relief is fair without any estimates as to the number of bottles sold and the number of class members. They can't.

3. Although it is not fair to require class members to read beyond a 16-page long form class notice to obtain the vital information described above, I followed the advice at the end of the notice and my lawyer sent an email to info@nakedjuiceclass.com requesting these answers. As of the filing date of this objection, we have not yet received the answers.

4. The final approval hearing is set for December 2, 2013 – which is 15 days before the deadline to submit claims. While I do not know whether this is accidental or at least coincidental (or whether the hearing was scheduled this way to prevent the court from having full information regarding the claims rate and the likely class member recovery), I request that the court continue the final approval hearing until after all timely claims have been received (including any grace period for minimally late claims).

5. The need for complete claims information is particularly critical where, as here, the claims rate is much higher than the parties anticipated. The parties apparently spent considerable time discussing (and attempting to justify) the varied *cy pres* recipients who would split up the money left over after payment of the maximum payments set forth in the notice ($90 for those with proof and $45 for those without proof). However, based on the partial claims data, the administrator already has received more than 575,000 claims. Depending on the amount awarded for attorneys' fees and costs and the notice and administration costs, the average class member payment now appears to be less than $10. While class counsel will presumably have up to date claims information at the final approval hearing (and the court can determine how far below $10 the average benefit is falling), the court will not have any way on December 2 to predict how many claims will be mailed as of December 17 (or predict the average recovery for individual claimants).

6. The higher than expected claims rate also raises the prospect of claim fraud, particularly because the notice states that people can get up to $45 even if they do not have any proof of purchase. The notice also states "All usual and customary steps to prevent fraud and abuse in the claim process will be taken." No explanation or details are provided. Thus, we as class members cannot determine whether sufficient steps are being taken to prevent fraudulent claims

which dilute the benefits to actual class members.  The notice does state that counsel and Naked Juice will be provided a report on the denial of any claim due to insufficient documentation and may recommend additional action including payment.  This appears to be window dressing because there is also a claims category that requires *no* documentation.  Bottom line: class members have no real protection against claims dilution by people who are not true class members.  If the true class members were getting $45 and $90 (depending on whether proof is provided), the only victims of fraud would be the *cy pres* recipients.  However, the higher than anticipated claims rate has pushed the average payment down below $10, which means that the victims are the true class members.

7. The notice is required to use plain language.   It certainly does not.  E.g., it is unclear whether *other* advertising claims are being released or just those that were at issue in the case.

8. The requested attorneys' fees are unreasonably high.  Class counsel seeks to justify their requested fees based on the inclusion of monetary and non-monetary benefits, but it is unclear whether the non-monetary benefits actually benefit past purchasers as opposed to future purchasers.  It is unclear whether class counsel is basing its request on the portion of its lodestar that relates to the apparent extensive battles over lead class counsel.  It is also unclear whether class counsel is basing its request on the portion of its lodestar that relates to the apparent extensive battles over its discovery of information relating to gross revenues.  Since that information was not disclosed to the class members, it is not clear that that this portion of the lodestar provided full benefit to the class members.  It is also unclear whether class counsel is basing its request on the portion of its lodestar that relates to the apparent extensive discussions (and preparation of documents) relating to the *cy pres* provisions.  These provisions are generally problematic under federal law today and, arguably, should not be permitted at all in a case like this.  Given the higher than expected claims rate, the parties assume that no money will go to *cy pres*.  That is yet another reason why the class members did not benefit from the *cy pres* work.  When all of the foregoing exclusions are made, class counsel should get no more than 25% of the actual class benefit.

9. The notice states that "Members of the Class who fail to file and serve timely written objections as described here and in the Stipulation of Settlement shall be deemed to have waived all objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement."  This seems overly harsh.  Another part of the notice states that Objections that are mailed to the Court (and not filed pursuant to the Court's CM/ECF system, or any other method in which the Court will accept filings, if any), or objections that are served on the Parties but not filed with the Court, shall not be received or considered by the Court at the Fairness Hearing."  This seems burdensome for class members, particularly since class members are required to also mail their objections to the claims administrator and no less than four separate law firms.

I object to the settlement on these grounds. Please add my lawyer, Scott A. Kron, Esq., Kron & Card LLP, 2342 S. Pointe Dr., Ste. 280, Laguna Hills, CA 92653-1556, Telephone: (949) 367-0520, E-Mail: scott@kronandcard.com to the service list and provide my lawyer with all future filings in this case.

Sincerely,

*[signature]*
Adam Andersen