1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA
10         WESTERN DIVISION
11

| | |
|---|---|
| 12  NATALIE PAPPAS, | CASE NO. LA CV11-08276-JAK (PLAx) |
| 13          Plaintiff, | **FINAL JUDGMENT** |
| 14          v. | **JS-6** |
| 15  NAKED JUICE CO. OF GLENDORA, INC., a California corporation, | Honorable John A. Kronstadt, presiding |
| 16 | |
| 17          Defendant. | Amended Consolidated Class Action Complaint Filed:  June 5, 2012 |
| 18 | |
| 19 | |

20
21
22
23
24
25
26
27
28

1    IT IS on this 17th day of January, 2014, HEREBY ADJUDGED AND

2    DECREED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 58 THAT:

3         1.    The settlement of *Pappas v. Naked Juice Co. of Glendora, Inc.*, No. LA

4    CV 11-08276 JAK (PLAx), pending in the United States District Court, Central District

5    of California, which was related to and consolidated with *Marchewka v. Naked Juice*

6    *Co. of Glendora, Inc.*, No. SA CV 11-01701 JAK (PLAx) ("*Marchewka*"), *Evans v.*

7    *Naked Juice Co. of Glendora, Inc.*, No. LA CV 11-09414 JAK (PLAx) ("*Evans*"), *Park*

8    *v. Naked Juice Co. of Glendora, Inc.*, No. LA CV 11-09677 JAK (PLAx) ("*Park*"), and

9    *Sandys v. Naked Juice Co.*, No. LA CV 11-08007 JAK (PLAx) ("*Sandys*")

10   (collectively, the "Action"),[1] on the terms set forth in the parties' Stipulation of

11   Settlement, with exhibits (collectively, the "Stipulation of Settlement"), and definitions

12   included therein, signed and filed with this Court on July 2, 2013, is finally approved.

13        2.    The following class is granted final certification for settlement purposes

14   only under Fed. R. Civ. P. 23(a) and (b)(3):  all persons or entities in the United States

15   who purchased one or more of the Eligible Products from September 27, 2007, up to

16   and including the Notice Date.  Excluded from the Class are:  (a) all persons who are

17   employees, directors, officers, and agents of Naked Juice or PepsiCo or their

18   subsidiaries and affiliated companies; (b) persons or entities who purchased the Eligible

19   Products primarily for the purpose of resale; (c) governmental entities; (d) persons who

20   timely and properly exclude themselves from the Class as provided in the Stipulation of

21   Settlement; (e) persons who purchased the Eligible Products via the Internet or other

22   remote means while not residing in the United States; and (f) the Court, the Court's

23   immediate family, and Court staff.

24        3.    "Eligible Products" shall mean and include the following Naked Juice

25   products:  AÇAÍ MACHINE (formerly known as PURPLE MACHINE and RAIN FOREST AÇAÍ),

---

[1]    The Court designated the *Pappas* action as the "Lead Case," and closed the
*Marchewka*, *Evans*, *Park*, and *Sandys* actions, by order dated March 12, 2012.  (*Pappas*
ECF Nos. 38 and 39; *see also Marchewka* ECF No. 23; *Evans* ECF No. 19; *Park* ECF
No. 16; *Sandys* ECF No. 73).

APPLE, APPLE CRANBERRY, BERRY BLAST (formerly known as BERRY BLAST WELL BEING), BERRY PROBIOTIC, BERRY VEGGIE (formerly known as BERRY VEGGIE MACHINE), BLACK AND BLUEBERRY (formerly known as BLACK AND BLUEBERRY RUSH), BLUE MACHINE, CARROT, CHAI SPICED CIDER, CHERRY POMEGRANATE (formerly known as CHERRY POMEGRANATE POWER), CITRUS LEMONGRASS (REDUCED CALORIE) (formerly known as CITRUS LEMONGRASS), GOLD MACHINE, GREEN MACHINE, LYCHEE (REDUCED CALORIE), MANGO VEGGIE, MIGHTY MANGO (formerly known as MIGHTY MANGO WELL BEING), O-J, ORANGE CARROT, ORANGE MANGO (formerly known as ORANGE MANGO MOTION), ORGANIC CARROT, PEACH GUAVA (REDUCED CALORIE), PEACH MANGOSTEEN (formerly known as PEACH MANGOSTEEN BLISS), POMEGRANATE (formerly known as PLENTIFUL POMEGRANATE), POMEGRANATE AÇAÍ, POMEGRANATE BLUEBERRY, POWER-C MACHINE (formerly known as POWER-C), PROBIOTIC TROPICAL MANGO, PROTEIN ZONE, PROTEIN ZONE BANANA CHOCOLATE, PROTEIN ZONE DOUBLE BERRY, PROTEIN ZONE MANGO, RAZALICIOUS, RED MACHINE, STRAWBERRY BANANA (formerly known as STRAWBERRY BANANA C and STRAWBERRY BANANA WELL BEING), STRAWBERRY KIWI (formerly known as STRAWBERRY KIWI KICK), TANGERINE SCREAM, TROPICAL (REDUCED CALORIE) (formerly known as TROPICAL C and TROPICAL), and WATERMELON CHILL.  The Eligible Products are those juice and smoothie products at issue in the Complaints and subject to Plaintiffs' claims arising out of or relating to the "100% Juice," "100% Fruit," "From Concentrate," "All Natural," "All Natural Fruit," "All Natural Fruit + Boosts," or "Non-GMO" statements, through any medium (on-label, internet, or otherwise).

4.     The dissemination of the Class Notice in accordance with the terms of the Stipulation of Settlement and this Court's Preliminary Approval Order, as described in the Settlement Administrator's Declaration filed before the Fairness Hearing: (a) constituted the best practicable notice to Class Members under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, the terms of the Settlement and their rights under the Settlement, including, but not limited to, their right to object to

any aspect of the proposed Settlement or exclude themselves from the proposed Settlement and to appear at the Fairness Hearing, and the binding effect of the Final Orders and this Final Judgment on all persons and entities who did not request exclusion from the Class; (c) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to be provided with notice; and (d) met all applicable requirements of law, including, but not limited to, the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, the United States Constitution (including the Due Process Clause), and the Rules of this Court, as well as complied with the Federal Judicial Center's illustrative class action notices.

5.      Only those persons and entities listed in the Final Order Approving Class Action Settlement and issued concurrently herewith, a copy of which is attached hereto as Exhibit "A," have submitted timely and valid requests for exclusion from the Class and are therefore not bound by this Final Judgment and the accompanying Final Order Approving Class Action Settlement.

6.      The claims in this Action are dismissed on the merits and with prejudice pursuant to the terms (including the Release) set forth in the Parties' Stipulation of Settlement and in the Court's Final Order Approving Class Action Settlement and Final Order Approving Attorneys' Fees and Expenses and Incentive Awards, without costs to any party except as provided in these Final Orders.

7.      All Plaintiffs and Class Members and/or their representatives, and all persons acting on behalf of, or in concert or participation with such Plaintiffs or Class Members (including but not limited to the Releasing Parties), who have not been timely excluded from the Class are hereby permanently barred and enjoined from:  (a) filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, or participating in, or receiving any benefits from, any lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based upon or asserting any of the Released Claims; and (b) bringing an individual action or class action on behalf of Plaintiffs or Class Members, seeking to certify a class that includes

3

Plaintiffs or Class Members, or continuing to prosecute or participate in any previously filed and/or certified class action, in any lawsuit based upon or asserting any of the Released Claims.  Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action.

8.     Class Counsel shall take all steps necessary and appropriate to provide Class Members with the benefits to which they are entitled under the terms of the Stipulation of Settlement and pursuant to the Orders of the Court.

9.     Class Counsel shall be awarded $2,526,091.50 in Attorneys' Fees and $81,524.41in Expenses and Sandys' Counsel shall be awarded $52,800.00 in Attorneys' Fees and $5,665.00 in costs, which amounts are approved as fair and reasonable, in accordance with this Court's Order dated January 2, 2014. .

10.     Plaintiff Natalie Pappas, Plaintiff Russell Marchewka, Plaintiff Christopher Evans, and Plaintiff Gina Park are awarded a total of $6,676.00 in incentive awards— $1,740 for Plaintiff Pappas, $2,500 for Plaintiff Marchewka, $1,160 for Plaintiff Evans, and $1,276 for Plaintiff Park—in their capacity as representative Plaintiffs in the Action.

11.     The Court will retain continuing jurisdiction over the parties and the Action for the reasons and purposes set forth in this Final Judgment, the Final Order Approving Class Action Settlement, and the Final Order Approving Attorneys' Fees and Expenses and Incentive Awards.  Without in any way affecting the finality of these Final Orders and/or this Final Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Stipulation of Settlement and of these Final Orders and this Final Judgment, and for any other necessary purpose.  *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381-82 (1994).

DATED:  January 22, 2014

_____
The Honorable John A. Kronstadt
UNITED STATES DISTRICT JUDGE

4

**Exhibit A** – List of Persons Who Requested Exclusion

1.  Krystina Alexander
2.  Gina Burnett
3.  Jana Michelle Craft
4.  La Conda J Everett
5.  Timothy Falloni
6.  Kimberley Francis
7.  Jim Haack
8.  Christopher Konieczny
9.  Matt Lahr
10. Michelle Lowe
11. Beverly B Mardis
12. Amy C Mardis
13. Nikos Markellos
14. Erica Anne McDowell
15. Joy McPherson
16. Lee Momient
17. Carly Nichols
18. Kimberly Peters
19. Jeremy Smith
20. Simone Michelle Smith
21. Emma Umbarger
22. Michael Todd Young