Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Robert Ahdoot (SBN 172098)
rahdoot@ahdootwolfson.com
**AHDOOT & WOLFSON, P.C.**
1016 Palm Avenue
West Hollywood, California 90069
Tel: 310-474-9111; Fax: 310-474-8585

*Class Counsel*

Rosemary M. Rivas (SBN 209147)
rrivas@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
505 Montgomery Street, Suite 300
San Francisco, California 94111
Tel: 415-398-8700; Fax:  415-398-8704

*Class Counsel*

Christopher Ridout (SBN 143931)
c.ridout@ridoutlyonlaw.com
**RIDOUT LYON + OTTOSON, LLP**
555 E. Ocean Blvd., Suite 500
Long Beach, California 90802
Tel: 562-216-7380; Fax: 562-216-7385

*Class Counsel*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| NATALIE PAPPAS,<br><br>          Plaintiff,<br><br>          v.<br><br>NAKED JUICE CO. OF GLENDORA, INC., a California corporation,<br><br>          Defendant. | CASE NO. LA CV 11-08276-JAK (PLAx), Lead Case<br>(Consolidated with LA CV 11-08007; SA CV 11-01701; LA CV 11-09412; LA CV 11-09677)<br><br>**NOTICE OF MOTION AND MOTION FOR APPEAL BOND**<br><br>Hearing Date:  May 12, 2014<br>Time:  8:30 AM<br>Place:  Courtroom 750, 7th Floor<br><br>Declarations of Ryann Cozzi and Robert Ahdoot filed concurrently herewith<br><br>Hon. John A. Kronstadt, presiding |

TO THE COURT AND ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on May 12, 2014, at 8:30 AM, or as soon thereafter as they may be heard, in Courtroom 750, 7th Floor, of this Court, located at 255 East Temple Street, Los Angeles, California, 90012, Representative Plaintiffs Natalie Pappas, Russell Marchewka, Christopher Evans, and Gina Park, on behalf of themselves and the plaintiff class ("Plaintiffs"), will and hereby do move this Court for an order pursuant to Federal Rule of Appellate Procedure 7 for an Order compelling Appellants and Objectors Dawn Weaver, Joanne Rossignol, Bradley Henry, Sarah Henry, and Adam Anderson to jointly post an appeal bond in the amount of $145,950 to secure payment for costs on appeal.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declarations of Ryann Cozzi (Settlement Administrator) and Robert Ahdoot (Class Counsel) filed concurrently herewith, all papers and records on file in this case, and such other matters as may be presented to the Court at the time of the hearing.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on February 27, 2014, March 3, 2014, and March 11, 2014.

Respectfully submitted,

DATED: April 9, 2014

/s/ Robert Ahdoot
**AHDOOT & WOLFSON, P.C.**
Tina Wolfson
Robert Ahdoot
2355 Westwood Boulevard
Los Angeles, California 90064
Phone: (310) 474-9111/Fax: (310) 474-8585

/s/ Christopher Ridout
**RIDOUT, LYON & OTTOSON, LLP**
Christopher Ridout
555 E. Ocean Blvd., Suite 500
Long Beach, California  90802
Phone: (562) 216-7380/Fax: (562) 216-7385

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FINKELSTEIN THOMPSON LLP**
/s/ Rosemary M. Rivas
Rosemary M. Rivas
505 Montgomery Street, Suite 300
San Francisco, California 94111
Phone: (415) 398-8700/Fax: (415) 398-8704

*Class Counsel*

# TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................ 1

II. ARGUMENT ................................................................................. 3

    A.   The Objectors Are Financially Able to Post a Bond ................................ 3

    B.   Some Objectors Reside Out-of-State, Increasing the Risk They Will Not Pay Appellees' Costs ............................................................ 4

    C.   The Appeals Have No Merit ....................................................... 5

    D.   Objectors' Counsel's History of Frivolous Objections and Appeals Further Warrants Imposing a Bond ............................... 6

    E.   The Appeal Bond Should Be Set At $145,950. ............................ 12

III. CONCLUSION .......................................................................... 13

# **TABLE OF AUTHORITIES**

### **Cases**

*Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950 (9th Cir. 2007)..........................3

*Barnes v. FleetBoston*, No. 01-10395, 2006 WL 6916834 (D. Mass Aug. 22, 2006)..............................................................................................................6

*City of Greenville v. Syngenta Crop Prot., Inc.* No. 10-cv-188, 2012 U.S. Dist. LEXIS 130383 (S.D. Ill. Sept. 13, 2012) ..........................................8

*Dennis v. Kellogg Co.*, No. 09-cv-1786, 2013 WL 6055326 (S.D. Cal. Nov. 14, 2013) ......................................................................................................2

*Embry v. Acer Am. Corp.*, C 09-01808 JW, 2012 WL 2055030 (N.D. Cal. June 15, 2012) ..................................................................................................3

*Fleury v. Richemont N. Am., Inc.*, No. C-05-4525 EMC, 2008 WL 4680033 (N.D. Cal. Oct. 21, 2008) ...........................................................3, 4, 5

*Gemelas v. Dannon Co.* No. 08-cv-236, 2010 U.S. Dist. LEXIS 99503, 2010 WL 3703811 (N.D. Ohio Aug. 31, 2010) ...........................................7

*Hartless v. Clorox Co.*, No. 06-cv-02705-CAB (S.D. Cal.)........................................8

*Heekin v. Anthem, Inc.* No. 05-cv-1908, 2013 U.S. Dist. LEXIS 26700, 2013 WL 752637 (S.D. Ind. Feb. 27, 2013) ..........................................7

*Herfert v. Crayola, LLC*, No. C11-1301-JCC (W.D. Wash.)...................................9, 10

*Hibnick v. Zimmerman*, No. 11-16642 (9th Cir.) ......................................................11

*In re Broadcom Corp. Class Action Litig.*, No. 06-cv-5036-R (C.D. Cal.) ..............8, 10

*In re Broadcom Corp. Secs. Litig.*, 2005 U.S. Dist. LEXIS 45656 (C.D. Cal. Dec. 5, 2005) .................................................................................12

*In re Cathode Ray Tube (CRT) Antitrust Litigation*, 281 F.R.D. 531 (N.D. Cal. 2012) ..........................................................................................1

*In re Compact Disc Minimum Advertised Price Antitrust Litig.*, No. MDL 1361, 2003 WL 22417252 (D. Me. Oct. 7, 2003)..................................13

*In re Diet Drugs Prods. Liability Litig.*, No. 99-20593 (E.D. Pa.)............................12

*In re Google Buzz Privacy Litig.*, No. 10-cv-00672 (N.D. Cal.)...............................11

*In re Herley Indus., Inc. Sec. Litig.*, No. 06-CV-2596 (JRS) (E.D. Pa., Sept. 13, 2010) ................................................................................8, 10

*In re Hydroxycut Mktg. & Sales Practices Litig.*, No. 09-md-2087, 2013 WL 5275618 (S.D. Cal. Sept. 17, 2013) ............................................1, 9

*In re Initial Public Offering Sec. Litig.*, 728 F. Supp. 2d 289 (S.D.N.Y. 2010) ..........................................................................................4, 6

*In re MagSafe Apple Power Adapter Litig.* No. 09-1911, 2012 U.S. Dist. LEXIS 88549 (N.D. Cal. July 6, 2012) ..............................................8, 10

*In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454 (9th Cir. 2000) ................................5

*In re Mercury Interactive Sec. Litig.*, No. 05-cv-03395-JF (N.D. Cal.).......................8

*In re MoneyGram Int'l, Inc. Sec. Litig.*, No. 08-CV-883 (D. Minn. 2010)....................8

*In re Netflix Privacy Litig.*, 5:11-CV-00379-EJD, 2013 WL 6173772
(N.D. Cal. Nov. 25, 2013).................................................................passim

*In re Oil Spill*  295 F.R.D. 112 (E.D. La. 2013) ...........................................7

*In re Online DVD Rental Antitrust Litig.*, No. 4:09-md-2029 PJH (N.D.
Cal.).....................................................................................................11

*In re Payment Card Interchange Fee & Merchant Discount Antitrust
Litig.*, 1:05-md-01720-JG-JO (E.D.N.Y.) .........................................11

*In re Pharm. Indus. Avg. Wholesale Price Litig.*, 520 F. Supp. 2d 274
(D. Mass. 2007)..................................................................................3, 6

*In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-
md-01819-CW (N.D. Cal. 2011) ...........................................................9

*In re TFT-LCD Antitrust Litig.*, 289 F.R.D. 548 (N.D. Cal. 2013) ...................7, 11, 12

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales
Practices, & Prods. Liab. Litig.*, No. 10-ml-02151 (C.D. Cal.) ........12

*In re UnitedHealth Group, Inc. PSLRA Litig.*, 643 F. Supp. 2d 1107 (D.
Minn. 2009).............................................................................................5

*In re Uponor, Inc.* No. 11-MD-2247, 2012 U.S. Dist. LEXIS 130140,
2012 WL 3984542 (D. Minn. Sept. 11, 2012) .................................7, 10

*In re Wal-Mart Wage & Hour Employment Practices Litig.*, No. 06-
00225, 2010 WL 786513 (D. Nev. Mar. 8, 2012)..................................5

*In the Matter of Joseph Darrell Palmer*, Cal. State Bar Ct. Case No. 12-
O-16924 (filed 12/6/13) .......................................................................10

*Miletak v. Allstate Ins. Co.*, No. 06-03778, 2012 WL 3686785 (N.D. Cal.
Aug. 27, 2012) ...............................................................................3, 4, 12

*O'Keefe v. Mercedes-Benz United States, LLC*, 214 F.R.D. 266 (E.D. Pa.
2003) .......................................................................................................6

*Rodriguez v. Schneider*, No. 09-56278, 480 F. App'x 876 (9th Cir. 2012) .................11

*Rodriguez v. West Publ'g Corp.*, No. 05-CV-3222 R (MCx), 2007 WL
2827379 (C.D. Cal. Sept. 10, 2007).................................................8, 11

*Schmidt v. AT&T*, No. CV-09-688788 (Ohio, Cuyahoga Cty. Ct. Com.
Pleas)....................................................................................................12

*Schulken v. Wash. Mut. Bank*, No. 09-CV-02708, 2013 WL 1345716
(N.D. Cal. Apr. 2, 2013) ..................................................................3, 4, 5

*Sullivan v. Kelly Servs., Inc.*, No. 08-cv-03893-CW (N.D. Cal.)........................8

*The Authors Guild, Inc. v. Google, Inc.*, No. 05-CV-8136 (S.D.N.Y.
2010) .......................................................................................................8

*Yingling v. eBay, Inc.*, No. 09-01733, 2011 WL 2790181 (N.D. Cal.
July 5, 2011)...........................................................................................6

*Zimmerman v. Netflix, Inc.*, No. 12-15889 (9th Cir.) ....................................11

**Other Authorities**

Manual for Complex Litigation § 21.643 (4th ed.) .............................................1

iii

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Rules**

Fed. R. App. P. 7, 1979 advisory committee's note ........................................................... 3

Fed. R. Civ. P. 23(e) ............................................................................................................ 5

Federal Rule of Appellate Procedure 7 ............................................................................... 3

iv

# I.  **INTRODUCTION**

On January 3, 2014, following more than two years of hard-fought litigation and extensive settlement negotiations, this Court granted final approval of the settlement in this case (the "Settlement").  (Docket No. ("Dkt.") 184, Civil Minutes Granting Final Approval, Jan. 2, 2014; Dkt. 188, Final Judgment.)[1]

Hundreds of thousands of Class Members filed claims (the Settlement Administrator received over 750,000 claims), while only 22 Class Members opted-out. Despite this overwhelming support from the class, four Class Members interposed objections (the "Objectors") that were overruled.  Despite the fact that the objections are either boilerplate, frivolous, a copy of previous objections filed by non-lead counsel and rejected by the Court at the preliminary approval stage, or simply do not comport with the law, all four objectors appealed this Courts approval of the Settlement.  (Dkts. 185, 193, 199, 204.)

Objectors' Counsel include well known "serial objectors" who have lost, dismissed, abandoned, or withdrawn numerous objections and appeals thereof, instead of allowing the courts to determine the merits of their objections.[2]  Most glaringly,

---

[1]      In short, the Settlement requires Naked Juice to redesign its labels, establish programs to verify label accuracy and product ingredients, and institute a $9 million settlement fund to provide cash payments to class members, administer the Settlement, compensate class counsel's fees and costs, and pay incentive awards to named plaintiffs.

[2]      " '[P]rofessional objectors can levy what is effectively a tax on class action settlements, a tax that has no benefit to anyone other than to the objectors. Literally nothing is gained from the cost: Settlements are not restructured and the class, on whose behalf the appeal is purportedly raised, gains nothing.' "  *In re Cathode Ray Tube (CRT) Antitrust Litigation*, 281 F.R.D. 531, 533 n.3 (N.D. Cal. 2012).  " 'Some objections, however, are made for improper purposes, and benefit only the objectors and their attorneys (*e.g.*, by seeking additional compensation to withdraw even ill-founded objections). An objection even of little merit, can be costly and significantly delay implementation of a class settlement.' "  *In re Hydroxycut Mktg. & Sales Practices Litig.*, No. 09-md-2087, 2013 WL 5275618, at *5 n.3 (S.D. Cal. Sept. 17, 2013) (quoting Manual for Complex Litigation § 21.643 (4th ed.)); *see also Dennis v.*

[Footnote continued on next page]

1

attorney Joseph Darrell Palmer (who purportedly represents Objector, Dawn Weaver (Dkt. 193)), who has filed over 100 often-if-not-always frivolous objections, at a minimum, earning the rebuke of many courts and the California State Bar, all the while boasting that he dismisses appeals for payoffs, has already been subject to a number of bond orders from other District Courts.

The other Objectors are pursuing appeals just as frivolous as Mr. Palmer's, with the same unfortunate goal of delaying implementation of the settlement in the hopes of extracting a "payoff" from the Class and their counsel.  None but one of these so-called Objectors bothered to appear before this Court to present their position.

While it is Objectors' right to invoke the appellate process, the Class should not be made to bear the costs associated with this process.  As a result of the appeal, the administrative costs associated with the delay in providing hundreds of thousands of Class Members with their court-approved settlement funds will be substantial. The Settlement Administrator estimates that the delay caused by Objectors' meritless appeal will cause it to incur costs of at least $145,950, which it would not have otherwise incurred during the pendency of the appeal, given the large number of claims in this matter.  (Declaration of Ryanne Cozzi filed concurrently herewith ("Cozzi Decl.") at ¶ 5.)  This figure includes: the costs of continued correspondence with Class Members who submit inquiries; costs related to the maintenance of the Settlement website, toll free number, and interactive voice control systems; and additional costs resulting from possible change of addresses from hundreds of thousands of Class Members.  (*Id.* at ¶¶ 6-12.)

As several other courts have held under similar circumstances, Objectors should be ordered to post a bond to cover these costs.

---

[Footnote continued from previous page]

*Kellogg Co.*, No. 09-cv-1786, 2013 WL 6055326, at *4 n.2 (S.D. Cal. Nov. 14, 2013) (discussing attorney Joseph Darrell Palmer's unsavory reputation as a professional objector).

2

## II. ARGUMENT

Federal Rule of Appellate Procedure 7 states:

> In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal.

A bond "protect[s] an appellee against the risk of nonpayment by an unsuccessful appellant." *Fleury v. Richemont N. Am., Inc.*, No. C-05-4525 EMC, 2008 WL 4680033, at *6 (N.D. Cal. Oct. 21, 2008). It is wholly within the district court's discretion whether, and in what amount, to impose a bond. *Embry v. Acer Am. Corp.*, C 09-01808 JW, 2012 WL 2055030, at *1 (N.D. Cal. June 15, 2012); *see also In re Netflix Privacy Litig.*, 5:11-CV-00379-EJD, 2013 WL 6173772 (N.D. Cal. Nov. 25, 2013); Fed. R. App. P. 7, 1979 advisory committee's note.

There are three factors relevant to whether or not the court should require an appeal bond: (1) appellant's financial ability to post the bond; (2) the risk that the appellant would not pay costs if she loses; and (3) the likelihood that the appellant will lose the appeal and be subject to costs. *See Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950 (9th Cir. 2007); *In re Netflix Privacy Litig.*, 2013 WL 6173772 at *3; *Schulken v. Wash. Mut. Bank*, No. 09-CV-02708, 2013 WL 1345716, at *4 (N.D. Cal. Apr. 2, 2013); *Fleury*, 2008 WL 468033, at *7. All of these factors support the imposition of a bond in this case.

### A. The Objectors Are Financially Able to Post a Bond

If there is "no indication that [a] plaintiff is financially unable to post bond . . . this factor weighs in favor of a bond." *Fleury*, 2008 WL 468033, at *7. The appellant bears the burden of proving financial difficulty. *See Miletak v. Allstate Ins. Co.*, No. 06-03778, 2012 WL 3686785 at *2 & n.4 (N.D. Cal. Aug. 27, 2012) (discussing failure of appellant to provide any evidence of inability to pay). "In the absence of evidence that posting a bond will pose a substantial hardship," the first factor weighs in favor of imposing the bond. *Embry*, 2012 WL 2055030, at *1; *In re Pharm. Indus. Avg. Wholesale Price Litig.*, 520 F. Supp. 2d 274, 279 (D. Mass. 2007) (imposing bond

1    where "[t]here is no evidence that a bond would pose an undue hardship on the

2    objector.").  An appellant's bare assertion of hardship, without "financial information

3    to indicate that she is financially unable to post a bond," is not enough to overcome

4    this factor.  *Miletak*, 2012 WL 3686785, at *2.

5            Plaintiffs are unaware of any inability by Objectors or their attorneys to post the

6    requested bond.  Moreover, the presence of multiple objectors militates any such

7    purported burden in this case.  Without specific, detailed information regarding

8    Appellant's finances indicating that the bond would pose a significant burden, this

9    factor favors the bond.  *See In re Netflix*, 2013 WL 6173772, at *3; *Schulken*, 2013

10   WL 1345716, at *4. In any event, as Objectors have the wherewithal to hire Counsel to

11   pursue their appeals, they must also have the financial ability to post a bond.

12   **B.     Some Objectors Reside Out-of-State, Increasing the Risk They Will Not**

13           **Pay Appellees' Costs**

14           Courts have recognized that "collecting costs from out of state appellants may

15   be difficult."  *Schulken*, 2013 WL 1345716, at *5 (imposing bond on resident of

16   Washington where case was pending in Northern District of California).

17           Objector Rossignol lives in Seattle, within the District of Washington.  (Dkt.

18   159-1.)  Objectors Bradley and Sarah Henry reside in West Chicago, Illinois.  (Dkt.

19   157.)

20           Should these Objectors prove unwilling to pay appellate costs if the Ninth

21   Circuit affirms this Court's Final Approval Order, class counsel would need to institute

22   collection proceedings in multiple, different jurisdictions, as well as incur travel costs.

23   The court should impose a Rule 7 bond in these circumstances.  *See In re Initial Public*

24   *Offering Sec. Litig.*, 728 F. Supp. 2d 289, 293 (S.D.N.Y. 2010); *Fleury*, 2008 WL

25   4680033, at *7.

26           The risk of non-payment only increases because, as discussed below (*infra* pp.

27   6-10), Objectors' counsel appear to be professional objectors who have filed these

28   frivolous appeals with the potential aim of extorting payment from class counsel.  The

4

Court should be wary of these objectors.  *See In re UnitedHealth Group, Inc. PSLRA Litig.*, 643 F. Supp. 2d 1107, 1109 (D. Minn. 2009) (noting objectors' counsel's "goal . . . to hijack as many dollars for themselves as they can wrest from a negotiated settlement"); *In re Wal-Mart Wage & Hour Employment Practices Litig.*, No. 06-00225, 2010 WL 786513, at *1 (D. Nev. Mar. 8, 2012) ("Objectors' counsel have a documented history of filing notices of appeal from orders approving other class action settlements, and thereafter dismissing said appeals when they and their clients were compensated by the settling class or counsel for the settling class . . . persuades the Court that collecting costs from the four Objectors would be extremely difficult if not unlikely.").

## C.    The Appeals Have No Merit

The lack of merit to the appeal also weighs strongly in favor of a bond.  *See Schulken*, 2013 WL 1345716, at *5 (finding third factor favored a bond where court had previously addressed and rejected appellant's arguments); *Fleury*, 2008 WL 4680033, at *7.  This Court has broad discretion to determine if a class action settlement is fair, adequate, and reasonable.  Fed. R. Civ. P. 23(e).  The Court's order approving the settlement considers — and rejects — Appellant's objections in detail. (Dkt. 184, Final Approval Order at 11-12.)  Given the Court's careful attention to this litigation and the arguments made in the Objections, there is no basis for showing that this Court abused its discretion in approving the Settlement.  *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000) ("Review of the district court's decision to approve a class action settlement is extremely limited").  Moreover, as set forth in Plaintiffs' Supplemental Brief in Response to Objections (Dkt. 169 at pp. 4-25), all of the objections to the Settlement are without merit.

The Court thoroughly analyzed the arguments in the objections and rejected them all in issuing its Final Approval Order. (Dkt. 184.)  *See also In re Netflix*, 2013 WL 6173772, at *3 (noting that the Final Order approving the settlement "engaged in an extensive analysis"); *Yingling v. eBay, Inc.*, No. 09-01733, 2011 WL 2790181, at *2

1  (N.D. Cal. July 5, 2011) (imposing bond and noting that because "the Court has

2  already considered Objector[]'s objections and found them to be meritless, the Court

3  finds that Objector [] is unlikely to succeed on the merits of his appeal").

4  **D.    Objectors' Counsel's History of Frivolous Objections and Appeals Further**

5  **Warrants Imposing a Bond**

6       In this case, Objectors' counsel are repeat players who repeatedly object to and

7  appeal class action settlements in order to leverage the delay caused by their conduct

8  into payoffs by the litigants.  They often surface together, as they have in this case,

9  asserting objections to class settlements, often representing the same individuals or

10 each other as objectors in different cases.  A Rule 7 bond will ensure that their tactics

11 cause no harm to the class.

12      This Court may consider the conduct of Objectors and their counsel in

13 determining whether to impose a bond.  *See In re Pharm. Indus. Avg. Wholesale Price*

14 *Litig.*, 520 F. Supp. 2d at 277-78 ("[R]equiring objectors to post a bond will ensure that

15 a class litigating a frivolous appeal will not be injured or held up by spoilers.").

16      Many courts have warned about the ability of professional objectors to hold

17 settlements hostage by filing frivolous objections and appeals.  *See, e.g.*, *In re Initial*

18 *Pub. Offering Sec. Litig.*, 728 F. Supp. 2d at 295 (imposing Rule 7 bond because "I

19 concur with the numerous courts that have recognized that professional objectors

20 undermine the administration of justice by disrupting the settlement in hopes of

21 extorting a greater share of the settlement for themselves and their clients"); *Barnes v.*

22 *FleetBoston*, No. 01-10395, 2006 WL 6916834, at *1 (D. Mass Aug. 22, 2006)

23 ("Repeat objectors to class action settlements can make a living simply by filing

24 frivolous appeals and thereby slowing down the execution of settlements. The larger

25 the settlement, the more cost-effective it is to pay the objectors rather than suffer the

26 delay of waiting for an appeal to be resolved (even an expedited appeal)."); *O'Keefe v.*

27 *Mercedes-Benz United States, LLC*, 214 F.R.D. 266, 295 n.26 (E.D. Pa. 2003)

28 ("Federal courts are increasingly weary of professional objectors . . . who seek out

6

1   class actions to simply extract a fee by lodging generic, unhelpful protests.").

2   **1.     Joseph Darrell Palmer's History of Frivolous Objections**

3   Objector Dawn Weaver is represented by Joseph Darrell Palmer, who has filed

4   over 100 objections, at a minimum,[3] often drawing strong rebukes from courts in the

5   process. Courts have deemed Mr. Palmer a serial objector.  *See, e.g., In re Oil Spill*

6   295 F.R.D. 112, 159 n.40 (E.D. La. 2013) ("Mr. Palmer has 17 been deemed a 'serial

7   objector' by several courts."); *Heekin v. Anthem, Inc.* No. 05-cv-1908, 2013 U.S. Dist.

8   LEXIS 26700 at *9, 2013 WL 752637 at *2-3 (S.D. Ind. Feb. 27, 2013); *Gemelas v.*

9   *Dannon Co.* No. 08-cv-236, 2010 U.S. Dist. LEXIS 99503 at *5, 2010 WL 3703811

10  (N.D. Ohio Aug. 31, 2010); *In re Uponor, Inc.* No. 11-MD-2247, 2012 U.S. Dist.

11  LEXIS 130140 at *8-9, 2012 WL 3984542 at *3 (D. Minn. Sept. 11, 2012) ("[T]he

12  Palmer Objectors appear to be represented by an attorney who has not entered an

13  appearance in this case and who is believed to be a serial objector to other class-action

14  settlements.").  (*See also* Ahdoot Decl. Exh. C, Transcript from Appeal Bond Hearing

15  Tr., *Poss v. 21st Century*, Case No. BC297438 (LASC Apr. 25, 2011) at 18 (Court:

16  "There is a history here, and the history is not one that you [Mr. Palmer] should be

17  proud of.").)

18  Courts repeatedly have found that Mr. Palmer engaged in bad faith or vexatious

19  conduct.  *See In re TFT-LCD Antitrust Litig.*, 289 F.R.D. 548, 553-54 (N.D. Cal. 2013)

20  (holding Mr. Palmer and his objector clients (his wife and aunt) in civil contempt and

21  awarding monetary sanctions for violating order compelling objectors to appear for

22  deposition); *In re Uponor, Inc.*, 2012 WL 3984542 at *3 (imposing $170,000 appeal

23  bond upon finding "that the Palmer Objectors have evidenced bad faith and vexatious

24  conduct"); *Heekin,* 2013 WL 752637  at *3 (finding Mr. Palmer's "behavior in bad

25  faith and also potentially violative of local and ethical rules"); *see also In re MagSafe*

26  _____

27  [3]     Ahdoot Decl. Exh. A, *In Re Hydroxycut* Tr. 4/23/13 at 13-14; *see also* Ahdoot Decl. Exh. B, *In re Oil Spill* Tr. at 223 (Palmer: "I filed objections in many, many

28  cases, Your Honor.").

*Apple Power Adapter Litig.* No. 09-1911, 2012 U.S. Dist. LEXIS 88549 at *3 (N.D. Cal. July 6, 2012) (imposing appeal bond upon finding that Mr. Palmer's objections are "without merit"); *City of Greenville v. Syngenta Crop Prot., Inc.* No. 10-cv-188, 2012 U.S. Dist. LEXIS 130383 at *9 (S.D. Ill. Sept. 13, 2012) (finding Mr. Palmer's objection untimely, and that court would have "addressed any frivolous objections using Rule 11 sanctions.").)

A review of Mr. Palmer's objections via PACER shows that he regularly loses, dismisses, abandons, or withdraws objections and/or appeals he files, seemingly without attaining changes to the settlements or additional benefits to the classes at issue.  *See, e.g.*, *Sullivan v. Kelly Servs., Inc.*, No. 08-cv-03893-CW, Dkt. 117 (N.D. Cal.); *Hartless v. Clorox Co.*, No. 06-cv-02705-CAB (S.D. Cal.); *In re Mercury Interactive Sec. Litig.*, No. 05-cv-03395-JF (N.D. Cal.); *In re Broadcom Corp. Class Action Litig.*, No. 06-cv-5036-R (C.D. Cal.); *Rodriguez v. West Publ'g Corp.*, No. 05-CV-3222 R (MCx), 2007 WL 2827379 (C.D. Cal. Sept. 10, 2007) (overruling objections and finding objectors added nothing to settlement); *In re MoneyGram Int'l, Inc. Sec. Litig.*, No. 08-CV-883 (D. Minn. 2010); *The Authors Guild, Inc. v. Google, Inc.*, No. 05-CV-8136 (S.D.N.Y. 2010); *In re Herley Indus., Inc. Sec. Litig.*, No. 06-CV-2596 (JRS), Dkt. No. 291 (E.D. Pa., Sept. 13, 2010) (overruling objection and requiring appeal bond) (Ahdoot Decl. Exh. D).[4]

Mr. Palmer has also been found to fabricate facts about his so-called clients.  For example, recently in *In re Netflix Privacy Litig.*, No. 11-CV-00379-EJD, Dkt. 342

---

[4]     On October 14, 2011, in the American Bar Association's 15th Annual National Institute on Class Actions, Mr. Palmer, who served as a Panelist at the event, stated to the attendees that objecting is "just like a hobby for me" and admitted that he has accepted "a lot" of money in response to the question "how much each of you has accepted to 'sell' appeals of class action settlements over the last decade?"  (Ahdoot Decl. Exh. F.)  *See also* http://classactionblawg.com/2011/10/17/notes-from-the-15th-annual-national-institute-on-class-actions/ (discussing the ABA conference) (last visited April 7, 2014).)

(N.D. Cal. Mar. 7, 2014) (Ahdoot Decl. Exh. E), Mr. Palmer's supposed client filed a declaration "advising the Court of the fact that [her] name has been used without authorization by attorney Darrell Palmer to both lodge an objection to the class action settlement reached in this case and also appeal this Court decision granting approval of the settlement." *Id.* ¶ 2.  She declared that she knew nothing about the case or the settlement and had not retained Mr. Palmer.  *Id.* ¶¶ 4-5.  Her sister had previously worked for Mr. Palmer, but she herself had "never before in [her] life met Darrell Palmer, [] never retained Mr. Palmer or anyone else to act as [her] attorney in this case, [and] never authorized anyone to file any documents on [her] behalf either in this Court or in the Ninth Circuit Court of Appeals." *Id.* ¶ 10.

Moreover, in *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-md-01819-CW, Dkt. 1395 (N.D. Cal. 2011), Mr. Palmer represented Barbara Cochran (a serial objector Mr. Furman (who represents Objector Rossignol in this case) also has represented as mentioned *infra*, and who may or may not be related to George Cochran, representing the Henry Objectors in this case), who refused to appear for a court-ordered deposition.  (Ahdoot Decl. Exh. G.)  Similarly, in *In re Hydroxycut Mktg. & Sales Practices Litig.*, No. 09-md-02087-BTM-KSC, Dkt. 1681 (S.D. Cal. Sept. 17, 2013), the court held a hearing to ask basic questions of two of Mr. Palmer's clients, who had objected to the settlement in that case; one of Mr. Palmer's clients refused to attend, and the other's testimony effectively established she had not bought the product at issue, and the court concluded that her objection was not made in good faith.  (Ahdoot Decl. Exh. H.)

Mr. Palmer was previously suspended from the State Bar of California as the result of a Colorado felony conviction (Ahdoot Decl. Exh. I, *Herfert v. Crayola, LLC*, No. C11-1301-JCC (W.D. Wash.), Dkt. No. 74 (8/17/12 Order)), and has had his *pro hac vice* status revoked or denied in several courts because he submitted blatantly false affidavits in support of his application for that status, which he sought in order to assert objections to class action settlements in those courts (Ahdoot Decl. Exhs. J-K).

9

Mr. Palmer currently is facing a complaint filed by the State Bar of California

resulting from some of the above-cited conduct.  *In the Matter of Joseph Darrell*

*Palmer*, Cal. State Bar Ct. Case No. 12-O-16924 (filed 12/6/13) (Ahdoot Decl. Exh.

L).

Courts have previously granted motions for appeal bonds concerning objections

filed by Mr. Palmer.  *See In re Netflix*, 2013 WL 6173772; *Herfert v. Crayola*, 8/17/12

Order (Ahdoot Decl. Exh. I); *In re Uponor, Inc.*, 2012 WL 3984542; *In re MagSafe*

*Apple Power Adapter Litig.*, 2012 U.S. Dist. LEXIS 88549 at *3; *In re Herley Indus.,*

*Inc. Sec. Litig.*, No. 06-CV-2596 (JRS), Dkt. No. 291 (E.D. Pa. 2010) (Ahdoot Decl.

Exh. D); *In re Broadcom Corp. Class Action Litig.*, Case No. 06-cv-05036-R-CW,

Dkt. No. 356 (C.D. Cal. Aug. 11, 2010) (Ahdoot Decl. Exh. M).  This Court should

follow such precedent and grant the requested appeal bond.

**2.**     **The Remaining Objectors Are Represented by Counsel Who Also Are**
          **Professional, Serial Objectors, Pressing Meritless Objections on**
          **Appeal**

Objector Joanne Rossignol is represented by serial objectors Joshua Furman and

Jon Zimmerman. (Dkt No. 185.)  Mr. Zimmerman styles himself as a traffic ticket

defense attorney located in Seattle, Washington.  *See* www.seattleattorneys.com (last

visited April 7, 2014).  Mr. Furman, whose objections placed him in conflict with the

class,[5] has represented Mr. Zimmerman as the objector / client on at least three

---

[5]     Mr. Furman is perhaps the most cynical of the current crop of objectors before
the Court, even when considering Mr. Palmer's track record, because he essentially
argued that plaintiffs could not certify a class.  (Ahdoot Decl., Exh. N, Final Approval
Tr. at 6:17-7:18, 10:17-13:25.)  This kind of objection is "among the most cynical
objections" made by professional objectors because the settlement class members –
including the Objector – would recover nothing if the settlement was disapproved on
this basis. "Such objections occur when that class member has not filed his or her own
lawsuit, and when there is no competing class action, perhaps with a different class
definition, to afford potential relief.  As a result, if the settlement fails due to a
supposed impropriety in certifying a settlement class or otherwise, the class member

[Footnote continued on next page]

10

occasions, each time also filing an appeal:

- *In re Google Buzz Privacy Litig.*, No. 10-cv-00672 (N.D. Cal.); *Hibnick v. Zimmerman*, No. 11-16642 (9th Cir.).  Mr. Furman represented Zimmerman as objector and also filed an appeal, which was dismissed voluntarily less than five months after filing.

- *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*, 1:05-md-01720-JG-JO (E.D.N.Y.).  Mr. Furman represented Zimmerman as objector and filed an appeal.

- *In re Online DVD Rental Antitrust Litig.*, No. 4:09-md-2029 PJH (N.D. Cal.); *Zimmerman v. Netflix, Inc.*, No. 12-15889 (9th Cir.).  Mr. Furman represented Zimmerman as objector and filed an appeal.

- *Rodriguez v. West Publishing Corp.*, No. 2:05-cv-03222-R-Mc (C.D. Cal.). Messrs. Furman and Zimmerman represented objectors and also filed an appeal. Nonetheless, the Ninth Circuit affirmed the district court's fee order.  *Rodriguez v. Schneider*, No. 09-56278, 480 F. App'x 876, 877 (9th Cir. 2012).

Mr. Furman also appears on the docket of *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 07-md-01827-SI (N.D. Cal.), as counsel for serial objector Barbara Cochran, who may or may not be related to George Cochran (who represented another objector in that case), but who definitely filed a notice of appeal in that case, much like

---

[Footnote continued from previous page]

would have no chance of recovery at all.  Objections by class members that would not recover if settlement were not approved are a frequent stratagem of professional objectors, who often find it easier to attack abstract class certification criteria than to understand the details of the settlement or the particular underlying facts of the case. Counsel use these objections to try to obtain a fee for themselves, but the objections, if successful, are actually to the detriment of their clients, who will get nothing if the settlement fails."  Bruce D. Greenberg, *Keeping The Flies Out of the Ointment: Restricting Objectors To Class Action Settlements*, 84 St. John's L. Rev. 949 (2010). Thus, in attempting to line his pockets with an easy pay off, Mr. Furman is in direct conflict with his own client and the entire Settlement Class.

11

this one (*Id.* at Dkt 7799).

Objectors Bradley Lewis Henry and Sarah Marie Henry initially purported to be *pro se* in this action, though their objection was filed by George Cochran (Dkt. 157 (the "Henry Objection"), and Mr. Cochran finally filed a notice of appearance on behalf of the Henrys after their notice of appeal was filed (Dkt. 204). Mr. Cochran is a serial objector whose objections are routinely denied. Class actions in which Mr. Cochran has filed objections to settlements include: *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 07-md-01827-SI (N.D. Cal.); *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, No. 10-ml-02151 (C.D. Cal.); *In re Diet Drugs Prods. Liability Litig.*, No. 99-20593 (E.D. Pa.); and *Schmidt v. AT&T*, No. CV-09-688788 (Ohio, Cuyahoga Cty. Ct. Com. Pleas).

**E.      The Appeal Bond Should Be Set At $145,950.**

Class counsel request that Appellant be required to post a bond to cover the approximately $145,950 in additional costs that will be incurred as result of the appeal. (Cozzi Decl. ¶¶ 3-10.) As set forth in more detail in the Cozzi Declaration, this figure covers expected costs for continuing to serve and respond to class members' needs during the pendency of the appeal. Other courts have held that these are appropriate costs to consider in setting a bond. *See In re Netflix*, 2013 WL 6173772, at *4 (reasoning that "Plaintiffs do not seek a bond for delay damages or attorneys' fees, but rather for the administrative costs incurred during the delay of settlement" and "requiring appeal bond totaling $21,519 from each of the individual Objectors," including administrative costs consisting of costs for "maintaining and administering the settlement website and toll-free phone number, answering questions from class members, managing and filing taxes for the settlement and escrow account, and paying monthly storage costs"); *Miletak*, 2012 WL 3686785, at *2 (imposing $50,000 bond for administrative costs); *In re Broadcom Corp. Secs. Litig.*, 2005 U.S. Dist. LEXIS 45656, at *11 (C.D. Cal. Dec. 5, 2005) (noting that "Objector's appeal is tantamount to a stay of the judgment approving the class settlement."); *DeHoyos v. Allstate Corp.*,

240 F.R.D. 269, 316, 344 (W.D. Tex. 2007) ("appeal bond is not uncommon in these circumstances given the delay and costs which may be incurred by the class by an appeal); *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, No. MDL 1361, 2003 WL 22417252, at *2 (D. Me. Oct. 7, 2003) ("damages resulting from delay or disruption of settlement administration caused by a frivolous appeal may be included in a Rule 7 bond").

As detailed in the Cozzi Declaration, costs related to continued correspondence with Class Members are estimated to come to approximately $108,000; costs for maintaining the Settlement Website are estimated at $1,150; costs for maintaining the Toll-Free Telephone Number associated with the Settlement and its interactive voice response ("IVR") messaging system total approximately $1,100; costs for providing updated information to Class Members through the Settlement Website and the Toll-Free Telephone Number total approximately $1,700; and the increased costs of processing checks that are returned as a result of the delay attributable to the appeals, for instance due to Class Members moving during the pendency of the appeals, are expected to total approximately $34,000.

### III.  CONCLUSION

Plaintiffs respectfully request that the Court order Appellant and her counsel post a bond for $145,950 to cover appellee's costs in defending the frivolous appeal.


DATED: April 9, 2014                    Respectfully submitted,


                                        /s/ Robert Ahdoot
                                        **AHDOOT & WOLFSON, P.C.**
                                        Tina Wolfson, SBN 174806
                                        Robert Ahdoot, SBN 172098
                                        1016 Palm Avenue
                                        West Hollywood, California 90069


                                        *Class Counsel*

13

**FINKELSTEIN THOMPSON LLP**

/s/ Rosemary M. Rivas
FINKELSTEIN THOMPSON LLP
Rosemary M. Rivas
505 Montgomery Street, Suite 300
San Francisco, CA 94111

*Class Counsel*

/s/ Christopher Ridout
**RIDOUT, LYON + OTTOSSON, LLP**
Christopher Ridout
Devon Lyon
555 E. Ocean Blvd., Ste. 500
Long Beach, California  90802
Phone: (562) 216-7380
Fax: (562) 216-7385

*Class Counsel*

**Attestation of Filer**

Pursuant to Local Rule 5-4.3.4, the undersigned filer hereby attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: April 9, 2014                          /s/ Robert Ahdoot

14