Joseph Darrell Palmer (SBN 125147)
Email: darrell.palmer@palmerlegalteam.com
Law Offices of Darrell Palmer PC
2244 Faraday Avenue, Suite 121
Carlsbad, CA 92008
Telephone: (858) 215-4064
Facsimile: (866) 583-8115

Attorney for Objector Dawn Weaver

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

| | |
|---|---|
| NATALIE PAPPAS,<br>Plaintiff,<br><br>v.<br><br>NAKED JUICE CO. OF GLENDORA, INC., a California corporation,<br>Defendant. | Case No. 11-CV-08276-JAK (PLAx)<br>Lead Case<br>(Consolidated with LA CV 11-08007; SA CV 11-01701; LA CV 11-09412; LA CV 11-09677)<br><br>**OPPOSITION TO MOTION FOR BOND BY PLAINTIFFS**<br><br>Date: May 12, 2014<br>Time: 8:30 AM<br>Place: Courtroom 750, 7th Floor<br>Hon. John A. Kronstadt |

## INTRODUCTION

Objectors' have the right to appeal. *Devlin v. Scardelletti*, 536 US 1 (2002). Class Counsel's interests are now adverse to their clients' interests; only the objectors stand in defense of the class. The motion provides no legal justification to impose a bond. Incomplete and misleading anecdotal arguments about objection lawyers are irrelevant.

### A. The Legal Standard For Imposing an Appellate Bond

Rule 7 of the Federal Rules of Appellate Procedure provides for posting a bond, "to ensure that the appellee will be paid any costs that are awarded to him if the appellant

is unsuccessful on appeal." The purpose of the rule is to "protect ... an appellee against the risk of nonpayment by an unsuccessful appellant." *In re AOL Time Warner, Inc.*, 2007 WL 2741033, *4 (S.D.N.Y. Sept. 20, 2007). The Advisory Committee Notes to Rule 7 indicate that the question of the need for a bond, and its amount, are left to the discretion of the trial court.

The bond amount may not exceed what is necessary to insure adequate security if doing so would preclude pursuit of an appeal. *Lindsey v. Normet*, 405 U.S. 56, 77-79 (1972) (holding that statute conditioning appeal on posting of double bond was unconstitutional under Fourteenth Amendment equal protection clause). A bond may not be imposed to discourage exercise of the right to appeal. *See Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974)(stating that "any attempt by a court at preventing an appeal is unwarranted and cannot be tolerated"). Rule 7 was not intended to be a means of discouraging appeals, even if perceived to be frivolous. *See In re American President Lines, Inc*, 779 F.2d 714, 717 (1985) (denying bond request because it failed as legitimate means of protecting Appellee against possibility that appeal might be frivolous).

A cost bond should not be imposed where the bond will encumber the Appellants' right to maintain their appeal. A cost bond is meant "to insure that whatever assets a party *does* possess will not have been dissipated or otherwise have become unreachable by the time such costs actually are awarded." *Selletti v. Carey,* 173 F.3d 104, 112 (2d Cir.1999) (emphasis in original); see also *In re Merrill Lynch Relocation Mgmt., Inc.,* 812 F.2d 1116, 1123 (9th Cir.1987). A cost bond should not work as a sanction against the appellant.

## I.  ARGUMENT

### A.  Analysis of Relevant Factors Suggest no Bond should be Required

The Motion cites three factors as being relevant to whether the court should require an appeal bond: (1) appellant's financial ability to post the bond; (2) the risk that the appellant would not pay costs if she loses; and (3) the likelihood that the appellant will

lose the appeal and be subject to costs. Motion, Page 3, lines 11-19, *citing Fleury v. Richemont N. Am., Inc.*, C–05–4525 EMC, 2008 WL 4680033, at *7 (N.D.Cal. Oct.21, 2008), *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950 (9th Cir. 2007); In re Netflix Privacy Litig., 2013 WL 6173772 at *3; *Schulken v. Wash. Mut. Bank*, No. 09-CV-02708, 2013 WL 1345716, at *4 (N.D. Cal. Apr. 2, 2013). Class Counsel has not established the necessity of the bond.

### (1) Appellant's financial ability to post the bond.

An appellant's financial ability to post the bond is the first factor cited by Plaintiffs. District courts have found this factor weighs in favor of a bond, absent an indication that a plaintiff cannot post bond. *Fleury*, 2008 WL 4680033, at *7; *Embry v. ACER Am. Corp.*, No. C 09–01808 JW, 2012 WL 2055030, at *1 (N.D.Cal. June 5, 2012). However here the size of the bond requested is so great it raises due process concerns. Weaver has offered to deposit $1500 with the clerk as security for appellees' costs to cover printing briefs and other costs taxable under FRAP 7. Weaver states in her declaration that she cannot post a larger bond. Where imposition of a bond would chill the right to appeal, a court should not impose an appellate bond. See, e.g., Azizian, 499 F.3d at 961 (noting constitutional concern regarding unduly burdening the right to appeal).

### (2) The risk that the appellant would not pay costs if she loses.

Plaintiffs acknowledge this factor weighs in favor of a bond if appellant resides out of state, noting that "Courts have recognized that 'collecting costs from out of state appellants may be difficult.'" Motion for Appeal Bond, *citing Schulken*, 2013 WL 1345716, at *5 (imposing bond on resident of Washington where case was pending in Northern District of California). Weaver lives in southern California.

### (3) The likelihood that the appellant will lose the appeal and be subject to costs.

Having already twice approved the settlement, the district court is conflicted on this question. The issues raised in the objection are well founded. The *cy pres* nominees

were completely unrelated to the allegations raised in the complaint. *Dennis v. Kellogg,* 697 F.3d 858, 865 (9th Cir. 2012) (reversing where *cy pres* beneficiary had "little or nothing to do with the purposes of the underlying lawsuit or the class of plaintiffs involved"2). Class counsel failed to substantiate their lodestar. The court arrives at the lodestar figure by multiplying the number of hours reasonably spent on the litigation by a reasonable rate. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). These issues are ripe for determination by the appellate court, not the district court. *Vaughn v. American Honda Motor Co., Inc.,* 507 F.3d 295, 299 (5th Cir. 2007).

Describing the appeal as frivolous is only an invitation for the district court to impose sanctions, but only the appellate court can do that. *Azizian v. Federated Dept. Stores, Inc.*, 499 F.3d 950 (9th Cir. 2007). An appeal is frivolous only if "the result is obvious or if the claims of error are wholly without merit." *DeWitt v. Western Pacific Railroad Co.*, 719 F.2d 1448, 1451 (9th Cir. 1983). See also *Newhouse v. McCormick & Co., Inc.*, 130 F.3d 302 (8th Cir. 1996.)

In *Azizian* the court concluded that "the question of whether, or how, to deter frivolous appeals is best left to the courts of appeals, which may dispose of the appeal at the outset through a screening process, grant an appellee's motion to dismiss, or impose sanctions including attorney's fees under Rule 38." *Azizian*, 499 F.3d at 961.

**B.    The Bond Amount Requested is Excessive**

If the court determines a bond is appropriate, then what amount? Administrative costs incurred during the pendency of an appeal do not fall under Rule 7. This demand is not supported by existing case law. Appealing class members are not required to cover administrative expenses or delay costs. Finding "delay damages" may not be included as "costs" for Rule 7, another district court, the court determined a bond was appropriate, but limited it to $5,000, which covered reasonable costs, including printing and transcript costs but rejected efforts to include administrative delay costs. *See Schulken v. Washington Mut. Bank*, 09-CV-02708-LHK, 2013 WL 1345716 (N.D. Cal. Apr. 2, 2013),

*citing Fleury*, 2008 WL 4680033 at *8) and *In re IPO Sec. Litig.*, 721 F.Supp.2d 210 (2010) (excluding delay expenses from the an appeal bond, absent authorization by an applicable fee-shifting statute).

*Every* appellate court to consider whether "costs of delay" can be in a Rule 7 appeal bond has said *no*.  "Costs of delay" are only covered in a *supersedeas* bond available under Fed. R. App. Proc. 8 or Fed. R. Civ. Proc. 62(d). *Vaughn v. Am. Honda Motor Co.*, 507 F.3d 295, 298-99 (5th Cir. 2007); *In re American President Lines, Inc.*, 779 F.2d 714, 717-18 (D.C. Cir. 1985). Yet the word "supersedeas" and the applicable rules are absent in the motion.  The non-binding, legally erroneous, and unpersuasive district court opinions cited violate Rule 11.  When plaintiffs sought to include identical administrative costs in an appeal bond in *Cobell v. Salazar*, 816 F. Supp. 2d 10 (D.D.C. 2011), the district court issued an order to show cause why plaintiffs should not be sanctioned for the request.

A district court has no "inherent or rule-based power" to impose an appeal bond beyond "security for payment of costs on appeal." *American President Lines,* 779 F.2d at 716, 718-19.  The "costs referred to [in Rule 7] are those that may be taxed against an unsuccessful litigant under Federal Appellate Rule 39, and do not include attorneys' fees that assessed on appeal." *American President Lines,* 779 F.2d at 716. The only exception the Ninth Circuit has ever recognized is in the rare case of a bilateral fee-shifting statute that defines fees as costs. *Azizian v. Federated Dept. Stores Inc.*, 499 F.3d 950, 958-60 (9th Cir. 2007).

This bad faith, anti-appeal tactic is routinely used by class counsel and taught in seminars.  They claim to be concerned about the cost of delay but if granted, this frivolous appeal bond request will cause *more* delay, by the additional appeal of the reversible error the court is being asked to commit.  This tactic is being recognized by other district courts and Weaver submits the bond motion orders from *In re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation*. 8:10-ml-02151-JVW-FMO (Central Dist., Cal. Oct. 21, 2013) and *In re:*

5

*Navistar Diesel Engine Products Liability Litigation*, 11-cv-2496, MDL No. 2223, 2013 U.S. Dist. LEXIS 113111 (N.D. IL. Aug. 12, 2013) for consideration.

## II.  CONCLUSION

Weaver requests bond motion be denied or set at $1,500.

Dated: April 21, 2014                    LAW OFFICES OF DARRELL PALMER PC

                                         By: /s/ Joseph Darrell Palmer
                                            Joseph Darrell Palmer
                                            Attorney for Objector Dawn Weaver

## **CERTIFICATE OF SERVICE**

I certify on April 21, 2014, I electronically filed the foregoing with the Clerk of the Court of the United States District Court for the Central District of California by using the USDC CM/ECF system and all participants who are registered CM/ECF users, will be served by the CM/ECF system.

/s/ Joseph Darrell Palmer